Official Form 1 (4/07)

| United States Bankruptcy Court District of Nevada | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle): **GAYLER, WILLIAM A.** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years (include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years (include married, maiden, and trade names): |
| Last four digits of Soc. Sec./Complete EIN or other Tax ID No. (if more than one, state all) **xxx-xx-3015** | Last four digits of Soc. Sec./Complete EIN or other Tax ID No. (if more than one, state all) |
| Street Address of Debtor (No. and Street, City, and State): **9960 WEST CHEYENNE AVENUE SUITE 160 Las Vegas, NV**                     ZIP Code **89129** | Street Address of Joint Debtor (No. and Street, City, and State):                     ZIP Code |
| County of Residence or of the Principal Place of Business: **Clark** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):                     ZIP Code | Mailing Address of Joint Debtor (if different from street address):                     ZIP Code |
| Location of Principal Assets of Business Debtor (if different from street address above): | |

**Type of Debtor**
(Form of Organization)
(Check one box)

■ Individual (includes Joint Debtors)
*See Exhibit D on page 2 of this form.*
☐ Corporation (includes LLC and LLP)
☐ Partnership
☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business**
(Check one box)

☐ Health Care Business
☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)
☐ Railroad
☐ Stockbroker
☐ Commodity Broker
☐ Clearing Bank
■ Other

**Tax-Exempt Entity**
(Check box, if applicable)

☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box)

■ Chapter 7
☐ Chapter 9
☐ Chapter 11
☐ Chapter 12
☐ Chapter 13
☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts**
(Check one box)

☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
■ Debts are primarily business debts.

**Filing Fee** (Check one box)

■ Full Filing Fee attached

☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.

☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**
Check one box:
☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).
Check if:
☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,190,000.
Check all applicable boxes:
☐ A plan is being filed with this petition.
☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**

■ Debtor estimates that funds will be available for distribution to unsecured creditors.

☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| 1-49 | 50-99 | 100-199 | 200-999 | 1000-5,000 | 5001-10,000 | 10,001-25,000 | 25,001-50,000 | 100,001-100,000 | OVER 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

Estimated Assets

| ☐ $0 to $10,000 | ☐ $10,001 to $100,000 | ☐ $100,001 to $1 million | ■ $1,000,001 to $100 million | ☐ More than $100 million |
|---|---|---|---|---|

Estimated Liabilities

| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,001 to $1 million | ■ $1,000,001 to $100 million | ☐ More than $100 million |
|---|---|---|---|---|

Official Form 1 (4/07)                                                                                                                    **FORM B1**, Page 2

| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>**GAYLER, WILLIAM A.** |
|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet) | | |
|---|---|---|
| Location<br>Where Filed:  **- None -** | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor:<br>**WILLIAM A. GAYLER** | Case Number:<br>**BK-S-09-31603-MKN** | Date Filed:<br>**11/16/09** |
| District:<br>**NEVADA** | Relationship:<br>**SELF** | Judge:<br>**NAKAGAWA** |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐ Exhibit A is attached and made a part of this petition. | (To be completed if debtor is an individual whose debts are primarily consumer debts.)<br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b).<br><br>**X** _____<br>    Signature of Attorney for Debtor(s)         (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

■ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

■ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box)

■   Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐   There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐   Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Statement by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes)

☐   Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

        _____<br>
        (Name of landlord that obtained judgment)

        _____<br>
        (Address of landlord)

☐   Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐   Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

Official Form 1 (4/07)                                                                                                    **FORM B1**, Page 3

# Voluntary Petition

*(This page must be completed and filed in every case)*

| | Name of Debtor(s): |
|---|---|
| | **GAYLER, WILLIAM A.** |

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

**X  /s/ WILLIAM A. GAYLER**
_____
Signature of Debtor **WILLIAM A. GAYLER**

**X** _____
Signature of Joint Debtor

_____
Telephone Number (If not represented by attorney)

**June 25, 2010**
_____
Date

### Signature of Attorney

**X  /s/ JEFFREY R. SYLVESTER Bar No.**
_____
Signature of Attorney for Debtor(s)

**JEFFREY R. SYLVESTER Bar No. 4396**
_____
Printed Name of Attorney for Debtor(s)

**SYLVESTER & POLEDNAK, LTD.**
_____
Firm Name

**7371 PRAIRIE FALCON, SUITE 120
LAS VEGAS, NV 89128**
_____

_____
Address

**Email: jeff@sylvesterpolednak.com**
**702-952-5200  Fax: 702-952-5205**
_____
Telephone Number

**June 25, 2010**
_____
Date

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

**X** _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11. United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

**X** _____
Signature of Foreign Representative

_____
Printed Name of Foreign Representative

_____
Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19B is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social Security number (If the bankrutpcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

_____

_____
Address

**X** _____

_____
Date

Signature of Bankruptcy Petition Preparer or officer, principal, responsible person,or partner whose Social Security number is provided above.

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156.*

Official Form 1, Exhibit D (10/06)

# United States Bankruptcy Court
## District of Nevada

In re    **WILLIAM A. GAYLER**                                                    Case No.    **BK-S-09-31603-MKN**

                                           Debtor(s)               Chapter    **7**

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH
## CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☐ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 15 days after your bankruptcy case is filed.*

■ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the five days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Must be accompanied by a motion for determination by the court.][Summarize exigent circumstances here.]* <u>Involuntary case; credit counseling completed on June 24, 2010.</u>

**If the court is satisfied with the reasons stated in your motion, it will send you an order approving your request. You must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy case and promptly file a certificate from the agency that provided the briefing, together with a copy of any debt management plan developed through the agency. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. A motion for extension must be filed within the 30-day period. Failure to fulfill these requirements may result in dismissal of your case. If the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing, your case may be dismissed.**

Software Copyright (c) 1996-2006 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                                                    Best Case Bankruptcy

**Official Form 1, Exh. D (10/06) - Cont.**

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:    **/s/ WILLIAM A. GAYLER**
                        **WILLIAM A. GAYLER**

Date:    **June 25, 2010**

B 201 (04/09/06)

UNITED STATES BANKRUPTCY COURT
**DISTRICT OF NEVADA**

## NOTICE TO INDIVIDUAL CONSUMER DEBTOR UNDER § 342(b)
## OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case. You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

## 1. Services Available from Credit Counseling Agencies

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.** The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.** The clerk also has a list of approved financial management instructional courses.

## 2. The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

### Chapter 7: Liquidation ($245 filing fee, $39 administrative fee, $15 trustee surcharge: Total Fee $299)

1.  Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.

2.  Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

3.  The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

4.  Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

### Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $39 administrative fee: Total fee $274)

1.  Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

2.  Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

3.  After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

B 201 (04/09/06)

## Chapter 11: Reorganization ($1000 filing fee, $39 administrative fee: Total fee $1039)

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

## Chapter 12: Family Farmer or Fisherman ($200 filing fee, $39 administrative fee: Total fee $239)

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

## 3. Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.

### Certificate of Attorney
I hereby certify that I delivered to the debtor this notice required by § 342(b) of the Bankruptcy Code.

JEFFREY R. SYLVESTER Bar No. 4396

Printed Name of Attorney
Address:
7371 PRAIRIE FALCON, SUITE 120
LAS VEGAS, NV 89128
702-952-5200

X /s/ JEFFREY R. SYLVESTER Bar No.    June 25, 2010

Signature of Attorney          Date

### Certificate of Debtor
I (We), the debtor(s), affirm that I (we) have received and read this notice.

WILLIAM A. GAYLER

Printed Name(s) of Debtor(s)

Case No. (if known)  BK-S-09-31603-MKN

X /s/ WILLIAM A. GAYLER       June 25, 2010

Signature of Debtor          Date

X
Signature of Joint Debtor (if any)     Date

Form 6-Summary (10/06)

.

# United States Bankruptcy Court
## District of Nevada

In re   **WILLIAM A. GAYLER** _____ ,    Case No.  **BK-S-09-31603-MKN**

                                        Debtor

Chapter                    **7**

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 650,000.00 | | |
| B - Personal Property | Yes | 12 | 404,200.00 | | |
| C - Property Claimed as Exempt | Yes | 8 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | 806,000.00 | |
| E - Creditors Holding Unsecured Priority Claims  (Total of Claims on Schedule E) | Yes | 3 | | 3,438,000.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 17 | | 21,792,183.86 | |
| G - Executory Contracts and Unexpired Leases | Yes | 5 | | | |
| H - Codebtors | Yes | 5 | | | |
| I -  Current Income of Individual Debtor(s) | Yes | 1 | | | 8,000.00 |
| J -  Current Expenditures of Individual Debtor(s) | Yes | 2 | | | 16,768.00 |
| Total Number of Sheets of ALL Schedules | | 55 | | | |
| Total Assets | | | 1,054,200.00 | | |
| Total Liabilities | | | | 26,036,183.86 | |

Official Form 6 - Statistical Summary (10/06)

.

# United States Bankruptcy Court
## District of Nevada

In re **WILLIAM A. GAYLER**
,
Debtor

Case No.  **BK-S-09-31603-MKN**

Chapter                                 **7**

# STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C.§ 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

■ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) (whether disputed or undisputed) | |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) | |
| Student Loan Obligations (from Schedule F) | |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | |
| TOTAL | |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | |
| Average Expenses (from Schedule J, Line 18) | |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20 ) | |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | |
| 4. Total from Schedule F | | |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | |

Form B6A
(10/05)

.

In re    **WILLIAM A. GAYLER**                                          ,    Case No.   **BK-S-09-31603-MKN**
                                    Debtor

# SCHEDULE A. REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **Residential Home**<br>**9829 Ridge Rock Court**<br>**Las Vegas, NV 89134** | **100% WG Separate Prop Trust** | - | **650,000.00** | **700,000.00** |

|  |  |
|---|---|
| Sub-Total > | **650,000.00** | (Total of this page) |
| Total > | **650,000.00** | |

__0__   continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037                                                    Best Case Bankruptcy

Form B6B
(10/05)

.

In re    **WILLIAM A. GAYLER**                                              ,    Case No.   **BK-S-09-31603-MKN**

_____
Debtor

# SCHEDULE B. PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."
In providing the information requested in this schedule, do not include the name or address of a minor child.  Simply state "a minor child."

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1.   Cash on hand | | **Cash** | - | 500.00 |
| 2.   Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Nevada State Bank - Checking Acct # 600042346** | - | 0.00 |
| | | **Nevada State Bank - Checking Acct # 71002618** | - | 0.00 |
| | | **Wells Fargo Bank - Checking Acct # 3330506** | - | 0.00 |
| | | **Nevada State Bank - Checking Acct # 600065114** | - | 0.00 |
| | | **WG Sep. Prop. Trust - Checking Acct # 600074975** | - | 0.00 |
| 3.   Security deposits with public utilities, telephone companies, landlords, and others. | | **Canyon Gate Country Club (forfeited membership deposit of $20,000)** | - | 0.00 |
| | | **Jeremy Ranch Golf Club (forfeited membership deposit of $9,000.00)** | - | 0.00 |
| 4.   Household goods and furnishings, including audio, video, and computer equipment. | | **Misc. household furniture and paintings** | - | 12,000.00 |
| 5.   Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | | **12 gauge shotgun** | - | 200.00 |
| 6.   Wearing apparel. | | **Misc. clothes** | - | 5,000.00 |
| 7.   Furs and jewelry. | | **2 Rado watches and white gold necklace** | - | 3,500.00 |
| 8.   Firearms and sports, photographic, and other hobby equipment. | | **9mm Glock, golf clubs, snowboard, tennis racquet, mountain bike** | - | 2,000.00 |
| 9.   Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | **State Farm Life Insurance (Term Insurance only)** | - | 0.00 |
| | | **Phoenix Life Insurance (Whole)** | - | 0.00 |

|  | Sub-Total >  | 23,200.00 |
|---|---|---|
|  | (Total of this page) |  |

  **11**   continuation sheets attached to the Schedule of Personal Property

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037                                        Best Case Bankruptcy

Form B6B
(10/05)

In re   __WILLIAM A. GAYLER_____ ,     Case No.  __BK-S-09-31603-MKN_____
                                                          Debtor

# SCHEDULE B. PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 10.  Annuities. Itemize and name each issuer. | X | | | |
| 11.  Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars.  (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c); Rule 1007(b)). | X | | | |
| 12.  Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | **Partnership:  IPS 3 LLC**<br>**Date Acquired:  05/02**<br>**Percentage Owned: 50%**<br>**Ownership Name: TGF Holding LP**<br>**Original Investment: $** | - | **0.00** |
| | | **Partnership:  IPS 2 LLC**<br>**Date Acquired:  05/02**<br>**Percentage Owned: 60%**<br>**Ownership Name: TGF Holding LP**<br>**Original Investment: $** | - | **0.00** |
| | | **Partnership:  IPS 4 LLC**<br>**Date Acquired:  04/06**<br>**Percentage Owned: 50%**<br>**Ownership Name: TGF Holding LP**<br>**Original Investment: $** | - | **0.00** |
| 13.  Stock and interests in incorporated and unincorporated businesses. Itemize. | | **100% stock in ICON Real Estate Co** | - | **Unknown** |
| 14.  Interests in partnerships or joint ventures. Itemize. | | **Partnership:  Ch Pichon LLC**<br>**Date Acquired: 05/98**<br>**Percentage Owned: 22.5%**<br>**Ownership Name: TGF Holding LP**<br>**Original Investment: 25,000.00** | - | **Unknown** |
| | | **Partnership:  GCS INC (Jackpotters Bar)**<br>**Date Acquired:**<br>**Percentage Owned: 10%**<br>**Ownership Name: TGF Holding LP**<br>**Original Investment: $0.00** | - | **Unknown** |
| | | **Partnership:  GCS LLC**<br>**Date Acquired:**<br>**Percentage Owned: 10%**<br>**Ownership Name: TGF Holding LP**<br>**Original Investment: $0.00** | - | **Unknown** |

Sub-Total >            **0.00**
(Total of this page)

Sheet   __1___  of  __11__  continuation sheets attached
to the Schedule of Personal Property

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037                              Best Case Bankruptcy

Form B6B
(10/05)

In re    **WILLIAM A. GAYLER**                                          ,          Case No.   **BK-S-09-31603-MKN**
                                                       Debtor

# SCHEDULE B. PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| | | Partnership:  Charles Krug LLC<br>Date Acquired:  06/99<br>Percentage Owned: 22.5%<br>Ownership Name: TGF Holding LP<br>Original Investment: $80,000.00 | - | Unknown |
| | | Partnership:  Martha's Vineyard LLC<br>Date Acquired:  03/00<br>Percentage Owned: 99%<br>Ownership Name: WA Gayler Sep Prop Tr<br>Original Investment: $50,000.00 | - | Unknown |
| | | Partnership:  Martha's Vineyard LLC<br>Date Acquired:  03/00<br>Percentage Owned: 1%<br>Ownership Name: Wm Gayler<br>Original Investment: $0.00 | - | Unknown |
| | | Partnership:  Meritage-Gayler LLC<br>Date Acquired:  10/99<br>Percentage Owned: 61.54%<br>Ownership Name: WA Gayler Sep Prop Tr<br>Original Investment: $ | - | Unknown |
| | | Partnership:  Sunset I LLC<br>Date Acquired:  04/94<br>Percentage Owned: 4.56%<br>Ownership Name: TGF Holding LP<br>Original Investment: $3,300.00 | - | Unknown |
| | | Partnership:  Sunset II LLC<br>Date Acquired:  05/96<br>Percentage Owned: ??<br>Ownership Name: ??<br>Original Investment: $2,278.00 | - | Unknown |
| | | Partnership:  Sunset III LLC 011<br>Date Acquired:  07/95<br>Percentage Owned: 15.5%<br>Ownership Name: TGF Holding LP<br>Original Investment: $2,528.00 | - | Unknown |
| | | Partnership:  Sunset III LLC 010<br>Date Acquired:  01/01<br>Percentage Owned: 35.5%<br>Ownership Name: TGF Holding LP<br>Original Investment: $0.00 | - | Unknown |

Sub-Total >                 **0.00**
(Total of this page)

Sheet __2__ of __11__ continuation sheets attached
to the Schedule of Personal Property

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037                                          Best Case Bankruptcy

Form B6B
(10/05)

In re      **WILLIAM A. GAYLER**                                                    ,          Case No.   **BK-S-09-31603-MKN**
                                                              Debtor

## SCHEDULE B. PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| | | Partnership:  Sunset IV LLC<br>Date Acquired:  01/96<br>Percentage Owned: 4%<br>Ownership Name: TGF Holding LP<br>Original Investment: $2,650.00 | - | Unknown |
| | | Partnership:  Sunset V LLC<br>Date Acquired:  05/96<br>Percentage Owned: 4%<br>Ownership Name: TGF Holding LP<br>Original Investment: $4,875.00 | - | Unknown |
| | | Partnership:  Sunset VI LLC<br>Date Acquired:  07/99<br>Percentage Owned: 6.5%<br>Ownership Name: TGF Holding LP<br>Original Investment: $48,000.00 | - | Unknown |
| | | Partnership:  Sunset VII LLC<br>Date Acquired:  03/00<br>Percentage Owned: 12.5%<br>Ownership Name: TGF Holding LP<br>Original Investment: $106,250.00 | - | Unknown |
| | | Partnership:  Sunset VIII LLC*<br>Date Acquired:  07/05<br>Percentage Owned: 3.75%<br>Ownership Name: TGF Holding LP<br>Original Investment: $186,000.00 | - | Unknown |
| | | Partnership:  Sunset VIII LLC<br>Date Acquired:<br>Percentage Owned: .0625%<br>Ownership Name: Dolce-EB<br>Original Investment: $31,000.00 | - | Unknown |
| | | Partnership:  CH Baron LLC<br>Date Acquired:  02/00<br>Percentage Owned: 12.79%<br>Ownership Name: WA Gayler Sep Prop Tr<br>Original Investment: $262,500.00 | - | Unknown |
| | | Partnership:  ICON Profit Sharing Co LLC<br>Date Acquired:  02/00<br>Percentage Owned: 30%<br>Ownership Name: WA Gayler Sep Prop Tr<br>Original Investment: $56,000.00 | - | Unknown |

Sub-Total >                    0.00
(Total of this page)

Sheet   **3**   of   **11**   continuation sheets attached
to the Schedule of Personal Property

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037

Form B6B
(10/05)

In re  **WILLIAM A. GAYLER**                                              , Case No.  **BK-S-09-31603-MKN**

Debtor

# SCHEDULE B. PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| | | Partnership:  Cherokee-ICON #2 LLC<br>Date Acquired:  02/00<br>Percentage Owned: 18.19%<br>Ownership Name: WA Gayler Prop Tr<br>Original Investment: $34,733.00 | - | Unknown |
| | | Partnership:  Brianhead Investors LLC<br>Date Acquired:<br>Percentage Owned: 20%<br>Ownership Name: WA Gayler Sep Prop Tr<br>Original Investment: $20,000.00 | - | Unknown |
| | | Partnership:  Screaming Eagle II LLC<br>Date Acquired:  12/00<br>Percentage Owned: 60%<br>Ownership Name: WA Gayler Sep Prop Tru<br>Original Investment: $0.00 | - | Unknown |
| | | Partnership:  ICON Real Estate Development LLC<br>Date Acquired:<br>Percentage Owned: Dissolved<br>Ownership Name:<br>Original Investment: $0.00 | - | Unknown |
| | | Partnership:  Harlan LLC<br>Date Acquired:  01/10<br>Percentage Owned: 47%<br>Ownership Name: TGF Holding LP<br>Original Investment: $300,000.00 | - | Unknown |
| | | Partnership:  ICON Partners LLC<br>Date Acquired:<br>Percentage Owned: Dissolved<br>Ownership Name:<br>Original Investment: $0.00 | - | Unknown |
| | | Partnership:  Caine Five LLC<br>Date Acquired:  09/00<br>Percentage Owned: 5%<br>Ownership Name: TGF Holding LP<br>Original Investment: $40,000.00 | - | Unknown |
| | | Partnership:  Maya I-215 LLC<br>Date Acquired:  02/01<br>Percentage Owned: 1 Unit<br>Ownership Name: WA Gayler Sep Prop Tr<br>Original Investment: $100,000.00 | - | Unknown |

Sub-Total >                    **0.00**
(Total of this page)

Sheet __4__ of __11__ continuation sheets attached
to the Schedule of Personal Property

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037                                                                    Best Case Bankruptcy

Form B6B
(10/05)

In re    **WILLIAM A. GAYLER**                                    , Case No.  **BK-S-09-31603-MKN**
                                    Debtor

# SCHEDULE B. PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| | | Partnership: ICON Holding Co<br>Date Acquired: 01/01<br>Percentage Owned: 99%<br>Ownership Name: WA Gayler Sep Prop Tr<br>Original Investment: $0.00 | - | Unknown |
| | | Partnership: ICON Holding Co<br>Date Acquired:<br>Percentage Owned: 1%<br>Ownership Name: WA Gayler<br>Original Investment: $0.00 | - | Unknown |
| | | Partnership: Ch Angelus LLC<br>Date Acquired: 01/02<br>Percentage Owned: 50%<br>Ownership Name: TGF Holding LP<br>Original Investment: $30,000.00 | - | Unknown |
| | | Partnership: Ch Angelus II LLC<br>Date Acquired: 05/02<br>Percentage Owned: 7.5%<br>Ownership Name: TGF Holding LP<br>Original Investment: $108,125.00 | - | Unknown |
| | | Partnership: Ch Angelus III LLC<br>Date Acquired: 04/04<br>Percentage Owned: 12.5%<br>Ownership Name: TGF Holding LP<br>Original Investment: $78,125.00 | - | Unknown |
| | | Partnership: Ch Angelus IV LLC<br>Date Acquired: 03/06<br>Percentage Owned: 15%<br>Ownership Name: TGF Holding LP<br>Original Investment: $71,250.00 | - | Unknown |
| | | Partnership: Ch Angelus Partners LLC<br>Date Acquired: 09/05<br>Percentage Owned: 10%<br>Ownership Name: TGF Holding LP<br>Original Investment: $0.00 | - | Unknown |
| | | Partnership: Elevation 1142 LLC<br>Date Acquired: 06/02<br>Percentage Owned: 50%<br>Ownership Name: WA Gayler Sep Prop Tr<br>Original Investment: $125,580.00 | - | Unknown |

Sub-Total >  **0.00**
(Total of this page)

Sheet  **5**  of  **11**  continuation sheets attached
to the Schedule of Personal Property

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037                                    Best Case Bankruptcy

Form B6B
(10/05)

In re    **WILLIAM A. GAYLER**                                                    , Case No.  **BK-S-09-31603-MKN**
_____                              _____
                                    Debtor

# SCHEDULE B. PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| | | Partnership:  Screaming Eagle LLC<br>Date Acquired:  02/01<br>Percentage Owned: 56.25%<br>Ownership Name: WA Gayler Sep Prop Tr<br>Original Investment: $0.00 | - | Unknown |
| | | Partnership:  Murano Apts LLC<br>Date Acquired:  06/02<br>Percentage Owned: 10%<br>Ownership Name: WA Gayler Sep Prop Tr<br>Original Investment: $115,000.00 | - | Unknown |
| | | Partnership:  Dominus M-B LLC<br>Date Acquired:  05/02<br>Percentage Owned: 40%<br>Ownership Name: TGF Holding LP<br>Original Investment: $0.00 | - | Unknown |
| | | Partnership:  Ch Montrose LLC<br>Date Acquired:<br>Percentage Owned: Dissolved<br>Ownership Name:<br>Original Investment: $0.00 | - | Unknown |
| | | Partnership:  Govan Cross LLC<br>Date Acquired:  09/05<br>Percentage Owned: 99%<br>Ownership Name: TGF Holding LP<br>Original Investment: $0.00 | - | Unknown |
| | | Partnership:  Govan Cross LLC<br>Date Acquired:<br>Percentage Owned: 1%<br>Ownership Name: WA Gayler<br>Original Investment: $0.00 | - | Unknown |
| | | Partnership:  Polyrus LLC<br>Date Acquired:  01/04<br>Percentage Owned: 20%<br>Ownership Name: TGF Holding LP<br>Original Investment: $16,000.00 | - | Unknown |
| | | Partnership: One Hundred Year LLC<br>Date Acquired:  05/02<br>Percentage Owned: 24.2986%<br>Ownership Name: WA Gayler Sep Prop Tr<br>Original Investment: $281,685.00 | - | Unknown |

Sub-Total >                 **0.00**
(Total of this page)

Sheet __**6**__ of __**11**__ continuation sheets attached
to the Schedule of Personal Property

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037                                    Best Case Bankruptcy

Form B6B
(10/05)

In re    **WILLIAM A. GAYLER**                                                    ,    Case No.   **BK-S-09-31603-MKN**

                                                   Debtor

# SCHEDULE B. PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| | | **Partnership:  Diamante Rose LLC**<br>**Date Acquired:  05/05**<br>**Percentage Owned: 11.25%**<br>**Ownership Name: TGF Holding LP**<br>**Original Investment: $281,250.00** | - | **Unknown** |
| | | **Partnership:  IPS 3 LLC**<br>**Date Acquired:  05/02**<br>**Percentage Owned: 50%**<br>**Ownership Name: TGF Holding LP**<br>**Original Investment: $0.00** | - | **Unknown** |
| | | **Partnership:  IPS 2 LLC**<br>**Date Acquired:  05/02**<br>**Percentage Owned: 60%**<br>**Ownership Name: TGF Holding LP**<br>**Original Investment: $0.00** | - | **Unknown** |
| | | **Partnership:  360 Life Media Group**<br>**Date Acquired:**<br>**Percentage Owned: Dissolved**<br>**Ownership Name:**<br>**Original Investment: $0.00** | - | **Unknown** |
| | | **Partnership:  Dumol LLC**<br>**Date Acquired:  04/06**<br>**Percentage Owned: 1.25%**<br>**Ownership Name: WA Gayler Sep Prop Tr**<br>**Original Investment: $20,000.00** | - | **Unknown** |
| | | **Partnership:  Dumol LLC**<br>**Date Acquired:  04/06**<br>**Percentage Owned: 10%**<br>**Ownership Name: Apan Wine LLC**<br>**Original Investment: $160,000.00** | - | **Unknown** |
| | | **Partnership:  Axios TC LLC**<br>**Date Acquired:  01/06**<br>**Percentage Owned: 50%**<br>**Ownership Name: TGF Holding LP**<br>**Original Investment: $111,000.00** | - | **Unknown** |
| | | **Partnership:  Plumpjack LLC**<br>**Date Acquired:  05/02**<br>**Percentage Owned: 99%**<br>**Ownership Name: WA Gayler Sep Prop Tr**<br>**Original Investment: $0.00** | - | **Unknown** |

Sub-Total >                        **0.00**
(Total of this page)

Sheet   **7**   of   **11**   continuation sheets attached
to the Schedule of Personal Property

Form B6B
(10/05)

In re    **WILLIAM A. GAYLER**                                  ,    Case No.   **BK-S-09-31603-MKN**

                                         Debtor

## SCHEDULE B. PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| | | Partnership: Plumpjack LLC GP<br>Date Acquired: 05/02<br>Percentage Owned: 1%<br>Ownership Name: WA Gayler<br>Original Investment: $0.00 | - | Unknown |
| | | Partnership: IPS 4 LLC<br>Date Acquired: 04/06<br>Percentage Owned: 50%<br>Ownership Name: TGF Holding LP<br>Original Investment: $0.00 | - | Unknown |
| | | Partnership: DA 1148 LLC<br>Date Acquired: 06/05<br>Percentage Owned: 21%<br>Ownership Name: TGF Holding LP<br>Original Investment: $154,500.00 | - | Unknown |
| | | Partnership: Hartley LLC<br>Date Acquired: 03/05<br>Percentage Owned: 75%<br>Ownership Name: TGF Holding LP<br>Original Investment: $100,000.00 | - | Unknown |
| | | Partnership: Ornellaia LLC<br>Date Acquired: 12/06<br>Percentage Owned: 37.15%<br>Ownership Name: WA Gayler Sep Prop Tr<br>Original Investment: $100,000.00 | - | Unknown |
| | | Partnership: Apan Wine LLC<br>Date Acquired: 03/05<br>Percentage Owned: 100%<br>Ownership Name: WA Gayler<br>Original Investment: $0.00 | - | Unknown |
| | | Partnership: Sassicaia LLC<br>Date Acquired: 10/08<br>Percentage Owned: 43%<br>Ownership Name: TGF Holding LP<br>Original Investment: $0.00 | - | Unknown |
| | | Partnership: Gayler Family Educational LLC<br>Date Acquired: 03/06<br>Percentage Owned: 100%<br>Ownership Name: TGF Holding LP<br>Original Investment: $0.00 | - | Unknown |

Sub-Total >          **0.00**
(Total of this page)

Sheet   **8**   of   **11**   continuation sheets attached
to the Schedule of Personal Property

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037

Form B6B
(10/05)

In re    **WILLIAM A. GAYLER**                                          ,    Case No.   **BK-S-09-31603-MKN**
                                    Debtor

# SCHEDULE B. PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| | | Partnership: 23 Golden Sunray LLC<br>Date Acquired: 10/03<br>Percentage Owned: 100%<br>Ownership Name: TGF Holding LP<br>Original Investment: $0.00 | - | Unknown |
| | | Partnership: Redstone Bar & Grill<br>Date Acquired: 07/03<br>Percentage Owned: 35%<br>Ownership Name: WA Gayler Sep Prop Tr<br>Original Investment: $0.00 | - | Unknown |
| | | Partnership: Mer Soliel LLC<br>Date Acquired: 03/05<br>Percentage Owned: 60%<br>Ownership Name: Goven Cross LLC<br>Original Investment: $0.00 | - | Unknown |
| | | Partnership: TGF Holding LP<br>Date Acquired: 01/05<br>Percentage Owned: 99%<br>Ownership Name: William Gayler IRR Trust<br>Original Investment: $0.00 | - | Unknown |
| | | Partnership (Manager Only):<br>Date Acquired:<br>Percentage Owned: 1%<br>Ownership Name: Morpheus<br>Original Investment: $0.00 | - | Unknown |
| | | Partnership: Aireta, LLC<br>Date Acquired: 07/03<br>Percentage Owned: 50%<br>Ownership Name: WA Gayler Sep Prop Tr<br>Original Investment: Owns Redstone Ground Lease | - | Unknown |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | | Screaming Eagle LLC Legal Fees | - | Unknown |
| | | 100 Year LLC Legal Fees | - | Unknown |
| | | DA 1148 LLC Legal Fees | - | Unknown |
| | | Ch Montrose LLC Legal Fees | - | Unknown |
| | | Maya I-215 LLC Legal Fees | - | Unknown |
| | | | Sub-Total ><br>(Total of this page) | 0.00 |

Sheet   **9**   of   **11**   continuation sheets attached
to the Schedule of Personal Property

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037                                          Best Case Bankruptcy

Form B6B
(10/05)

In re    **WILLIAM A. GAYLER** _____,    Case No. __**BK-S-09-31603-MKN**__
Debtor

# SCHEDULE B. PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| | | **Sunset III LLC Legal Fees** | - | **Unknown** |
| | | **DA 1147 LLC Legal Fees** | - | **Unknown** |
| | | **Mer Soliel Legal Fees** | - | **Unknown** |
| | | **Ch Angelus/Ch Angelus II LLC Legal Fees** | - | **Unknown** |
| | | **Redstone Grill Loan** | - | **260,000.00** |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owing debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | | **Real Estate Brokerage License, Various Gaming Licenses, Jackpotters Liquor License** | - | **0.00** |

Sub-Total >    **260,000.00**
(Total of this page)

Sheet __**10**__ of __**11**__ continuation sheets attached
to the Schedule of Personal Property

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037

Form B6B
(10/05)

In re   **WILLIAM A. GAYLER**                                          ,    Case No.   **BK-S-09-31603-MKN**
                                                         Debtor

# SCHEDULE B. PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | **2009 Range Rover** | - | **65,000.00** |
| | | **2008 Range Rover** | J | **31,000.00** |
| | | **2007 GMC Sierra** | - | **15,000.00** |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | | **HP laptop, printer, paintings, couch, coffee table** | - | **10,000.00** |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

|  |  |
|---|---|
| Sub-Total > (Total of this page) | 121,000.00 |
| Total > | 404,200.00 |

Sheet  __11__  of  __11__  continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037                                                 Best Case Bankruptcy

Form B6C
(4/07)

.

In re    **WILLIAM A. GAYLER**                                                                    ,    Case No.    **BK-S-09-31603-MKN**
                                                          Debtor

# SCHEDULE C. PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:              ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                                                          $136,875.
☐ 11 U.S.C. §522(b)(2)
■ 11 U.S.C. §522(b)(3)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Cash on Hand** | | | |
| Cash | Nev. Rev. Stat. § 21.090(1)(z) | 0.00 | 500.00 |
| **Checking, Savings, or Other Financial Accounts, Certificates of Deposit** | | | |
| Nevada State Bank - Checking Acct # 600042346 | Nev. Rev. Stat. § 21.090(1)(z) | 0.00 | 0.00 |
| **Household Goods and Furnishings** | | | |
| Misc. household furniture and paintings | Nev. Rev. Stat. § 21.090(1)(b) | 12,000.00 | 12,000.00 |
| **Books, Pictures and Other Art Objects; Collectibles** | | | |
| 12 gauge shotgun | Nev. Rev. Stat. § 21.090(1)(a) | 200.00 | 200.00 |
| **Furs and Jewelry** | | | |
| 2 Rado watches and white gold necklace | Nev. Rev. Stat. § 21.090(1)(a) | 3,500.00 | 3,500.00 |
| **Firearms and Sports, Photographic and Other Hobby Equipment** | | | |
| 9mm Glock, golf clubs, snowboard, tennis racquet, mountain bike | Nev. Rev. Stat. § 21.090(1)(i) | 2,000.00 | 2,000.00 |
| **Interests in Insurance Policies** | | | |
| State Farm Life Insurance (Term Insurance only) | Nev. Rev. Stat. § 687B.280 | 0.00 | 0.00 |
| **Stock and Interests in Businesses** | | | |
| 100% stock in ICON Real Estate Co | Nev. Rev. Stat. § 21.090(1)(z) | Unknown | Unknown |
| **Interests in Partnerships or Joint Ventures** | | | |
| Partnership:  Ch Pichon LLC<br>Date Acquired:  05/98<br>Percentage Owned: 22.5%<br>Ownership Name: TGF Holding LP<br>Original Investment: 25,000.00 | Nev. Rev. Stat. § 21.090(1)(z) | 0.00 | Unknown |
| Partnership:  GCS INC (Jackpotters Bar)<br>Date Acquired:<br>Percentage Owned: 10%<br>Ownership Name: TGF Holding LP<br>Original Investment: $0.00 | Nev. Rev. Stat. § 21.090(1)(z) | 0.00 | Unknown |
| Partnership:  GCS LLC<br>Date Acquired:<br>Percentage Owned: 10%<br>Ownership Name: TGF Holding LP<br>Original Investment: $0.00 | Nev. Rev. Stat. § 21.090(1)(z) | 0.00 | Unknown |
| Partnership:  Charles Krug LLC<br>Date Acquired:  06/99<br>Percentage Owned: 22.5%<br>Ownership Name: TGF Holding LP<br>Original Investment: $80,000.00 | Nev. Rev. Stat. § 21.090(1)(z) | 0.00 | Unknown |

  __7__  continuation sheets attached to Schedule of Property Claimed as Exempt

Form B6C
(4/07)

In re    **WILLIAM A. GAYLER**                                              ,    Case No.   **BK-S-09-31603-MKN**
_____
Debtor

## SCHEDULE C. PROPERTY CLAIMED AS EXEMPT
(Continuation Sheet)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| Partnership:  Martha's Vineyard LLC<br>Date Acquired:  03/00<br>Percentage Owned: 99%<br>Ownership Name: WA Gayler Sep Prop Tr<br>Original Investment: $50,000.00 | Nev. Rev. Stat. § 21.090(1)(z) | 0.00 | Unknown |
| Partnership:  Martha's Vineyard LLC<br>Date Acquired:  03/00<br>Percentage Owned: 1%<br>Ownership Name: Wm Gayler<br>Original Investment: $0.00 | Nev. Rev. Stat. § 21.090(1)(z) | 0.00 | Unknown |
| Partnership:  Meritage-Gayler LLC<br>Date Acquired:  10/99<br>Percentage Owned: 61.54%<br>Ownership Name: WA Gayler Sep Prop Tr<br>Original Investment: $ | Nev. Rev. Stat. § 21.090(1)(z) | 0.00 | Unknown |
| Partnership:  Sunset I LLC<br>Date Acquired:  04/94<br>Percentage Owned: 4.56%<br>Ownership Name: TGF Holding LP<br>Original Investment: $3,300.00 | Nev. Rev. Stat. § 21.090(1)(z) | 0.00 | Unknown |
| Partnership:  Sunset II LLC<br>Date Acquired:  05/96<br>Percentage Owned: ??<br>Ownership Name: ??<br>Original Investment: $2,278.00 | Nev. Rev. Stat. § 21.090(1)(z) | 0.00 | Unknown |
| Partnership:  Sunset III LLC 011<br>Date Acquired:  07/95<br>Percentage Owned: 15.5%<br>Ownership Name: TGF Holding LP<br>Original Investment: $2,528.00 | Nev. Rev. Stat. § 21.090(1)(z) | 0.00 | Unknown |
| Partnership:  Sunset III LLC 010<br>Date Acquired:  01/01<br>Percentage Owned: 35.5%<br>Ownership Name: TGF Holding LP<br>Original Investment: $0.00 | Nev. Rev. Stat. § 21.090(1)(z) | 0.00 | Unknown |
| Partnership:  Sunset IV LLC<br>Date Acquired:  01/96<br>Percentage Owned: 4%<br>Ownership Name: TGF Holding LP<br>Original Investment: $2,650.00 | Nev. Rev. Stat. § 21.090(1)(z) | 0.00 | Unknown |
| Partnership:  Sunset V LLC<br>Date Acquired:  05/96<br>Percentage Owned: 4%<br>Ownership Name: TGF Holding LP<br>Original Investment: $4,875.00 | Nev. Rev. Stat. § 21.090(1)(z) | 0.00 | Unknown |

Sheet __1__ of __7__ continuation sheets attached to the Schedule of Property Claimed as Exempt

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037                                              Best Case Bankruptcy

Form B6C
(4/07)

In re    **WILLIAM A. GAYLER**                                    ,    Case No.  **BK-S-09-31603-MKN**
                                                Debtor

# SCHEDULE C. PROPERTY CLAIMED AS EXEMPT
(Continuation Sheet)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Partnership:  Sunset VI LLC**<br>**Date Acquired:  07/99**<br>**Percentage Owned: 6.5%**<br>**Ownership Name: TGF Holding LP**<br>**Original Investment: $48,000.00** | **Nev. Rev. Stat. § 21.090(1)(z)** | **0.00** | Unknown |
| **Partnership:  Sunset VII LLC**<br>**Date Acquired:  03/00**<br>**Percentage Owned: 12.5%**<br>**Ownership Name: TGF Holding LP**<br>**Original Investment: $106,250.00** | **Nev. Rev. Stat. § 21.090(1)(z)** | **0.00** | Unknown |
| **Partnership:  Sunset VIII LLC***<br>**Date Acquired:  07/05**<br>**Percentage Owned: 3.75%**<br>**Ownership Name: TGF Holding LP**<br>**Original Investment: $186,000.00** | **Nev. Rev. Stat. § 21.090(1)(z)** | **0.00** | Unknown |
| **Partnership:  Sunset VIII LLC**<br>**Date Acquired:**<br>**Percentage Owned: .0625%**<br>**Ownership Name: Dolce-EB**<br>**Original Investment: $31,000.00** | **Nev. Rev. Stat. § 21.090(1)(z)** | **0.00** | Unknown |
| **Partnership:  CH Baron LLC**<br>**Date Acquired:  02/00**<br>**Percentage Owned: 12.79%**<br>**Ownership Name: WA Gayler Sep Prop Tr**<br>**Original Investment: $262,500.00** | **Nev. Rev. Stat. § 21.090(1)(z)** | **0.00** | Unknown |
| **Partnership:  ICON Profit Sharing Co LLC**<br>**Date Acquired:  02/00**<br>**Percentage Owned: 30%**<br>**Ownership Name: WA Gayler Sep Prop Tr**<br>**Original Investment: $56,000.00** | **Nev. Rev. Stat. § 21.090(1)(z)** | **0.00** | Unknown |
| **Partnership:  Cherokee-ICON #2 LLC**<br>**Date Acquired:  02/00**<br>**Percentage Owned: 18.19%**<br>**Ownership Name: WA Gayler Prop Tr**<br>**Original Investment: $34,733.00** | **Nev. Rev. Stat. § 21.090(1)(z)** | **0.00** | Unknown |
| **Partnership:  Brianhead Investors LLC**<br>**Date Acquired:**<br>**Percentage Owned: 20%**<br>**Ownership Name: WA Gayler Sep Prop Tr**<br>**Original Investment: $20,000.00** | **Nev. Rev. Stat. § 21.090(1)(z)** | **0.00** | Unknown |
| **Partnership:  Screaming Eagle II LLC**<br>**Date Acquired:  12/00**<br>**Percentage Owned: 60%**<br>**Ownership Name: WA Gayler Sep Prop Tru**<br>**Original Investment: $0.00** | **Nev. Rev. Stat. § 21.090(1)(z)** | **0.00** | Unknown |

Sheet __2__ of __7__ continuation sheets attached to the Schedule of Property Claimed as Exempt

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037                                    Best Case Bankruptcy

Form B6C
(4/07)

In re    __WILLIAM A. GAYLER_____,    Case No. __BK-S-09-31603-MKN_____

Debtor

# SCHEDULE C. PROPERTY CLAIMED AS EXEMPT
(Continuation Sheet)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Partnership:  ICON Real Estate Development LLC**<br>**Date Acquired:**<br>**Percentage Owned: Dissolved**<br>**Ownership Name:**<br>**Original Investment: $0.00** | **Nev. Rev. Stat. § 21.090(1)(z)** | **0.00** | **Unknown** |
| **Partnership:  Harlan LLC**<br>**Date Acquired:  01/10**<br>**Percentage Owned: 47%**<br>**Ownership Name: TGF Holding LP**<br>**Original Investment: $300,000.00** | **Nev. Rev. Stat. § 21.090(1)(z)** | **0.00** | **Unknown** |
| **Partnership:  ICON Partners LLC**<br>**Date Acquired:**<br>**Percentage Owned: Dissolved**<br>**Ownership Name:**<br>**Original Investment: $0.00** | **Nev. Rev. Stat. § 21.090(1)(z)** | **0.00** | **Unknown** |
| **Partnership:  Caine Five LLC**<br>**Date Acquired:  09/00**<br>**Percentage Owned: 5%**<br>**Ownership Name: TGF Holding LP**<br>**Original Investment: $40,000.00** | **Nev. Rev. Stat. § 21.090(1)(z)** | **0.00** | **Unknown** |
| **Partnership:  Maya I-215 LLC**<br>**Date Acquired:  02/01**<br>**Percentage Owned: 1 Unit**<br>**Ownership Name: WA Gayler Sep Prop Tr**<br>**Original Investment: $100,000.00** | **Nev. Rev. Stat. § 21.090(1)(z)** | **0.00** | **Unknown** |
| **Partnership:  ICON Holding Co**<br>**Date Acquired:  01/01**<br>**Percentage Owned: 99%**<br>**Ownership Name: WA Gayler Sep Prop Tr**<br>**Original Investment: $0.00** | **Nev. Rev. Stat. § 21.090(1)(z)** | **0.00** | **Unknown** |
| **Partnership:  ICON Holding Co**<br>**Date Acquired:**<br>**Percentage Owned: 1%**<br>**Ownership Name: WA Gayler**<br>**Original Investment: $0.00** | **Nev. Rev. Stat. § 21.090(1)(z)** | **0.00** | **Unknown** |
| **Partnership:  Ch Angelus LLC**<br>**Date Acquired:  01/02**<br>**Percentage Owned: 50%**<br>**Ownership Name: TGF Holding LP**<br>**Original Investment: $30,000.00** | **Nev. Rev. Stat. § 21.090(1)(z)** | **0.00** | **Unknown** |
| **Partnership:  Ch Angelus II LLC**<br>**Date Acquired:  05/02**<br>**Percentage Owned: 7.5%**<br>**Ownership Name: TGF Holding LP**<br>**Original Investment: $108,125.00** | **Nev. Rev. Stat. § 21.090(1)(z)** | **0.00** | **Unknown** |

Sheet ___3___ of ___7___ continuation sheets attached to the Schedule of Property Claimed as Exempt

Form B6C
(4/07)

In re    **WILLIAM A. GAYLER**                                                                 , Case No.  **BK-S-09-31603-MKN**
                                              Debtor

# SCHEDULE C. PROPERTY CLAIMED AS EXEMPT
(Continuation Sheet)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Partnership:  Ch Angelus III LLC**<br>**Date Acquired:  04/04**<br>**Percentage Owned: 12.5%**<br>**Ownership Name: TGF Holding LP**<br>**Original Investment: $78,125.00** | **Nev. Rev. Stat. § 21.090(1)(z)** | **0.00** | Unknown |
| **Partnership:  Ch Angelus IV LLC**<br>**Date Acquired:  03/06**<br>**Percentage Owned: 15%**<br>**Ownership Name: TGF Holding LP**<br>**Original Investment: $71,250.00** | **Nev. Rev. Stat. § 21.090(1)(z)** | **0.00** | Unknown |
| **Partnership:  Ch Angelus Partners LLC**<br>**Date Acquired:  09/05**<br>**Percentage Owned: 10%**<br>**Ownership Name: TGF Holding LP**<br>**Original Investment: $0.00** | **Nev. Rev. Stat. § 21.090(1)(z)** | **0.00** | Unknown |
| **Partnership:  Elevation 1142 LLC**<br>**Date Acquired:  06/02**<br>**Percentage Owned: 50%**<br>**Ownership Name: WA Gayler Sep Prop Tr**<br>**Original Investment: $125,580.00** | **Nev. Rev. Stat. § 21.090(1)(z)** | **0.00** | Unknown |
| **Partnership:  Screaming Eagle LLC**<br>**Date Acquired:  02/01**<br>**Percentage Owned: 56.25%**<br>**Ownership Name: WA Gayler Sep Prop Tr**<br>**Original Investment: $0.00** | **Nev. Rev. Stat. § 21.090(1)(z)** | **0.00** | Unknown |
| **Partnership:  Murano Apts LLC**<br>**Date Acquired:  06/02**<br>**Percentage Owned: 10%**<br>**Ownership Name: WA Gayler Sep Prop Tr**<br>**Original Investment: $115,000.00** | **Nev. Rev. Stat. § 21.090(1)(z)** | **0.00** | Unknown |
| **Partnership:  Dominus M-B LLC**<br>**Date Acquired:  05/02**<br>**Percentage Owned: 40%**<br>**Ownership Name: TGF Holding LP**<br>**Original Investment: $0.00** | **Nev. Rev. Stat. § 21.090(1)(z)** | **0.00** | Unknown |
| **Partnership:  Ch Montrose LLC**<br>**Date Acquired:**<br>**Percentage Owned: Dissolved**<br>**Ownership Name:**<br>**Original Investment: $0.00** | **Nev. Rev. Stat. § 21.090(1)(z)** | **0.00** | Unknown |
| **Partnership:  Govan Cross LLC**<br>**Date Acquired:  09/05**<br>**Percentage Owned: 99%**<br>**Ownership Name: TGF Holding LP**<br>**Original Investment: $0.00** | **Nev. Rev. Stat. § 21.090(1)(z)** | **0.00** | Unknown |

Sheet  **4**  of  **7**  continuation sheets attached to the Schedule of Property Claimed as Exempt

Form B6C
(4/07)

In re    **WILLIAM A. GAYLER**                                                                      ,    Case No.   **BK-S-09-31603-MKN**
                                                                                Debtor

## SCHEDULE C. PROPERTY CLAIMED AS EXEMPT
(Continuation Sheet)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Partnership:  Govan Cross LLC**<br>**Date Acquired:**<br>**Percentage Owned: 1%**<br>**Ownership Name: WA Gayler**<br>**Original Investment: $0.00** | **Nev. Rev. Stat. § 21.090(1)(z)** | **0.00** | Unknown |
| **Partnership:  Polyrus LLC**<br>**Date Acquired: 01/04**<br>**Percentage Owned: 20%**<br>**Ownership Name: TGF Holding LP**<br>**Original Investment: $16,000.00** | **Nev. Rev. Stat. § 21.090(1)(z)** | **0.00** | Unknown |
| **Partnership: One Hundred Year LLC**<br>**Date Acquired:  05/02**<br>**Percentage Owned: 24.2986%**<br>**Ownership Name: WA Gayler Sep Prop Tr**<br>**Original Investment: $281,685.00** | **Nev. Rev. Stat. § 21.090(1)(z)** | **0.00** | Unknown |
| **Partnership:  Diamante Rose LLC**<br>**Date Acquired:  05/05**<br>**Percentage Owned: 11.25%**<br>**Ownership Name: TGF Holding LP**<br>**Original Investment: $281,250.00** | **Nev. Rev. Stat. § 21.090(1)(z)** | **0.00** | Unknown |
| **Partnership:  IPS 3 LLC**<br>**Date Acquired:  05/02**<br>**Percentage Owned: 50%**<br>**Ownership Name: TGF Holding LP**<br>**Original Investment: $0.00** | **Nev. Rev. Stat. § 21.090(1)(z)** | **0.00** | Unknown |
| **Partnership:  IPS 2 LLC**<br>**Date Acquired:  05/02**<br>**Percentage Owned: 60%**<br>**Ownership Name: TGF Holding LP**<br>**Original Investment: $0.00** | **Nev. Rev. Stat. § 21.090(1)(z)** | **0.00** | Unknown |
| **Partnership:  360 Life Media Group**<br>**Date Acquired:**<br>**Percentage Owned: Dissolved**<br>**Ownership Name:**<br>**Original Investment: $0.00** | **Nev. Rev. Stat. § 21.090(1)(z)** | **0.00** | Unknown |
| **Partnership:  Dumol LLC**<br>**Date Acquired:  04/06**<br>**Percentage Owned: 1.25%**<br>**Ownership Name: WA Gayler Sep Prop Tr**<br>**Original Investment: $20,000.00** | **Nev. Rev. Stat. § 21.090(1)(z)** | **0.00** | Unknown |
| **Partnership:  Dumol LLC**<br>**Date Acquired:  04/06**<br>**Percentage Owned: 10%**<br>**Ownership Name: Apan Wine LLC**<br>**Original Investment: $160,000.00** | **Nev. Rev. Stat. § 21.090(1)(z)** | **0.00** | Unknown |

Sheet      **5**      of     **7**     continuation sheets attached to the Schedule of Property Claimed as Exempt

Form B6C
(4/07)

In re    **WILLIAM A. GAYLER**                               ,     Case No.  **BK-S-09-31603-MKN**

Debtor

# SCHEDULE C. PROPERTY CLAIMED AS EXEMPT
(Continuation Sheet)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Partnership:  Axios TC LLC**<br>**Date Acquired:  01/06**<br>**Percentage Owned: 50%**<br>**Ownership Name: TGF Holding LP**<br>**Original Investment: $111,000.00** | **Nev. Rev. Stat. § 21.090(1)(z)** | **0.00** | **Unknown** |
| **Partnership:  Plumpjack LLC**<br>**Date Acquired:  05/02**<br>**Percentage Owned: 99%**<br>**Ownership Name: WA Gayler Sep Prop Tr**<br>**Original Investment: $0.00** | **Nev. Rev. Stat. § 21.090(1)(z)** | **0.00** | **Unknown** |
| **Partnership:  Plumpjack LLC GP**<br>**Date Acquired:  05/02**<br>**Percentage Owned: 1%**<br>**Ownership Name: WA Gayler**<br>**Original Investment: $0.00** | **Nev. Rev. Stat. § 21.090(1)(z)** | **0.00** | **Unknown** |
| **Partnership:  IPS 4 LLC**<br>**Date Acquired:  04/06**<br>**Percentage Owned: 50%**<br>**Ownership Name: TGF Holding LP**<br>**Original Investment: $0.00** | **Nev. Rev. Stat. § 21.090(1)(z)** | **0.00** | **Unknown** |
| **Partnership:  DA 1148 LLC**<br>**Date Acquired:  06/05**<br>**Percentage Owned: 21%**<br>**Ownership Name: TGF Holding LP**<br>**Original Investment: $154,500.00** | **Nev. Rev. Stat. § 21.090(1)(z)** | **0.00** | **Unknown** |
| **Partnership:  Hartley LLC**<br>**Date Acquired:  03/05**<br>**Percentage Owned: 75%**<br>**Ownership Name: TGF Holding LP**<br>**Original Investment: $100,000.00** | **Nev. Rev. Stat. § 21.090(1)(z)** | **0.00** | **Unknown** |
| **Partnership:  Ornellaia LLC**<br>**Date Acquired:  12/06**<br>**Percentage Owned: 37.15%**<br>**Ownership Name: WA Gayler Sep Prop Tr**<br>**Original Investment: $100,000.00** | **Nev. Rev. Stat. § 21.090(1)(z)** | **0.00** | **Unknown** |
| **Partnership:  Apan Wine LLC**<br>**Date Acquired:  03/05**<br>**Percentage Owned: 100%**<br>**Ownership Name: WA Gayler**<br>**Original Investment: $0.00** | **Nev. Rev. Stat. § 21.090(1)(z)** | **0.00** | **Unknown** |
| **Partnership:  Sassicaia LLC**<br>**Date Acquired:  10/08**<br>**Percentage Owned: 43%**<br>**Ownership Name: TGF Holding LP**<br>**Original Investment: $0.00** | **Nev. Rev. Stat. § 21.090(1)(z)** | **0.00** | **Unknown** |

Sheet   **6**   of   **7**   continuation sheets attached to the Schedule of Property Claimed as Exempt

Form B6C
(4/07)

In re    **WILLIAM A. GAYLER**                                    ,    Case No.    **BK-S-09-31603-MKN**
                                    Debtor

## SCHEDULE C. PROPERTY CLAIMED AS EXEMPT
(Continuation Sheet)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Partnership:  Gayler Family Educational LLC**<br>**Date Acquired:  03/06**<br>**Percentage Owned: 100%**<br>**Ownership Name: TGF Holding LP**<br>**Original Investment: $0.00** | **Nev. Rev. Stat. § 21.090(1)(z)** | **0.00** | **Unknown** |
| **Partnership:  23 Golden Sunray LLC**<br>**Date Acquired:  10/03**<br>**Percentage Owned: 100%**<br>**Ownership Name: TGF Holding LP**<br>**Original Investment: $0.00** | **Nev. Rev. Stat. § 21.090(1)(z)** | **0.00** | **Unknown** |
| **Partnership:  Redstone Bar & Grill**<br>**Date Acquired:  07/03**<br>**Percentage Owned: 35%**<br>**Ownership Name: WA Gayler Sep Prop Tr**<br>**Original Investment: $0.00** | **Nev. Rev. Stat. § 21.090(1)(z)** | **0.00** | **Unknown** |
| **Partnership:  Mer Soliel LLC**<br>**Date Acquired:  03/05**<br>**Percentage Owned: 60%**<br>**Ownership Name: Goven Cross LLC**<br>**Original Investment: $0.00** | **Nev. Rev. Stat. § 21.090(1)(z)** | **0.00** | **Unknown** |
| **Partnership:  TGF Holding LP**<br>**Date Acquired:  01/05**<br>**Percentage Owned: 99%**<br>**Ownership Name: William Gayler IRR Trust**<br>**Original Investment: $0.00** | **Nev. Rev. Stat. § 21.090(1)(z)** | **0.00** | **Unknown** |
| **Partnership (Manager Only):**<br>**Date Acquired:**<br>**Percentage Owned: 1%**<br>**Ownership Name: Morpheus**<br>**Original Investment: $0.00** | **Nev. Rev. Stat. § 21.090(1)(z)** | **0.00** | **Unknown** |
| **Automobiles, Trucks, Trailers, and Other Vehicles**<br>**2008 Range Rover** | **Nev. Rev. Stat. § 21.090(1)(f)** | **15,000.00** | **31,000.00** |
| **Office Equipment, Furnishings and Supplies**<br>**HP laptop, printer, paintings, couch, coffee table** | **Nev. Rev. Stat. § 21.090(1)(d)** | **10,000.00** | **10,000.00** |

|  | Total: | **42,700.00** | **59,200.00** |
|---|---|---|---|

Sheet ___**7**___ of ___**7**___ continuation sheets attached to the Schedule of Property Claimed as Exempt

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037                                    Best Case Bankruptcy

Official Form 6D (10/06)

In re   **WILLIAM A. GAYLER**                                      Case No.  **BK-S-09-31603-MKN**

Debtor

# SCHEDULE D. CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C. § 112. If "a minor child" is stated, also include the name, address, and legal relationship to the minor child of a person described in Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No.<br><br>**CHASE FINANCIAL**<br>**NATIONAL BANKRUPTCY DEPT.**<br>**201 N. CENTRAL AVE. A21-1991**<br>**Phoenix, AZ 85004** | | - | **Car Loan**<br><br>**2009 Range Rover**<br><br>Value $        **65,000.00** | | | | **64,000.00** | **0.00** |
| Account No.<br><br>**CITIZENS FINANCIAL GROUP**<br>**1 CITIZENS PLAZA**<br>**Providence, RI 02903** | | - | **Car Loan**<br><br>**2008 Range Rover**<br><br>Value $        **31,000.00** | | | | **16,000.00** | **0.00** |
| Account No.<br><br>**GMAC**<br>**P.O. BOX 9001951**<br>**Louisville, KY 40290-1951** | | - | **Car Loan**<br><br>**2007 GMC Sierra**<br><br>Value $        **15,000.00** | | | | **26,000.00** | **0.00** |
| Account No.<br><br>**MRKK, LLC**<br>**3552 RIDGE MEADOW**<br>**Las Vegas, NV 89135-7811** | | - | **Residential Home**<br>**9829 Ridge Rock Court**<br>**Las Vegas, NV  89134**<br><br>Value $      **650,000.00** | | | | **700,000.00** | **50,000.00** |
|   **0**   continuation sheets attached | | | Subtotal<br>(Total of this page) | | | | **806,000.00** | **50,000.00** |
| | | | Total<br>(Report on Summary of Schedules) | | | | **806,000.00** | **50,000.00** |

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037                                      Best Case Bankruptcy

Official Form 6E (4/07)

.

In re   **WILLIAM A. GAYLER**                                                            , Case No.   **BK-S-09-31603-MKN**
                                        Debtor

# SCHEDULE E. CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C. § 112. If "a minor child" is stated, also include the name, address, and legal relationship to the minor child of a person described in Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts who file a case under chapter 7 or 13 report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts who file a case under chapter 7 report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**  (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trust or the order for relief. 11 U.S.C. § 507(a)(3).

■ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,950* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $5,400* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,425* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered provided. 11 U.S.C. § 507(a)(7).

■ **Taxes and certain other debts owed to governmental units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

* Amounts are subject to adjustment on April 1, 2010, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037                                                        Best Case Bankruptcy

Official Form 6E (4/07) - Cont.

In re **WILLIAM A. GAYLER** , Case No. **BK-S-09-31603-MKN**

_____
Debtor

## SCHEDULE E. CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
(Continuation Sheet)

**Wages, salaries, and commissions**

TYPE OF PRIORITY

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY / AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|---|
| | | H W J C | | | | | | | |
| Account No.<br><br>**DA 1147, LLC**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** | X | - | | **Potential claim for reimbursement of commission** | | | X | 630,000.00 | 619,050.00 / 10,950.00 |
| Account No.<br><br>**MAYA I-215, LLC**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** | X | - | | **Potential claim for reimbursement of commission** | | | X | 1,200,000.00 | 1,189,050.00 / 10,950.00 |
| Account No. | | | | | | | | | |
| Account No. | | | | | | | | | |
| Account No. | | | | | | | | | |

Sheet __1__ of __2__ continuation sheets attached to
Schedule of Creditors Holding Unsecured Priority Claims

Subtotal
(Total of this page)

| | 1,808,100.00 |
|---|---|
| 1,830,000.00 | 21,900.00 |

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037          Best Case Bankruptcy

Official Form 6E (4/07) - Cont.

In re  **WILLIAM A. GAYLER**                                                  ,  Case No.  **BK-S-09-31603-MKN**
                                         Debtor

## SCHEDULE E. CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
(Continuation Sheet)

**Taxes and Certain Other Debts
Owed to Governmental Units**

TYPE OF PRIORITY

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|---|
| Account No. | | | Unpaid Taxes for 2007 | | | | | | |
| **INTERNAL REVENUE SERVICE Attn: BANKRUPTCY UNIT STOP 5028 110 CITY PARKWAY LAS VEGAS, NV 89106** | - | | | | X | | | 1,500,000.00 | |
| | | | | | | | 1,500,000.00 | | 0.00 |
| Account No. | | | Unpaid Taxes for 2008 | | | | | | |
| **INTERNAL REVENUE SERVICE Attn: BANKRUPTCY UNIT STOP 5028 110 CITY PARKWAY LAS VEGAS, NV 89106** | - | | | | X | | | 108,000.00 | |
| | | | | | | | 108,000.00 | | 0.00 |
| Account No. | | | | | | | | | |
| | | | | | | | | | |
| Account No. | | | | | | | | | |
| | | | | | | | | | |
| Account No. | | | | | | | | | |
| | | | | | | | | | |

Sheet __2___ of __2___ continuation sheets attached to
Schedule of Creditors Holding Unsecured Priority Claims

| | | |
|---|---|---|
| Subtotal | | 1,608,000.00 |
| (Total of this page) | 1,608,000.00 | 0.00 |
| Total | | 3,416,100.00 |
| (Report on Summary of Schedules) | 3,438,000.00 | 21,900.00 |

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037                                           Best Case Bankruptcy

Official Form 6F (10/06)

In re    **WILLIAM A. GAYLER**                                                    ,     Case No. __**BK-S-09-31603-MKN**__
Debtor

# SCHEDULE F. CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C. § 112. If "a minor child" is stated, also include the name, address, and legal relationship to the minor child of a person described in Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts filing a case under chapter 7, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. <br><br> **ALEXANDER DAWSON FOUNDATION ATTN: OZ GUTSCHE 4045 S. SPENCER #312 Las Vegas, NV 89119** | X | - | | X | | | 1,650,000.00 |
| Account No. <br><br> **ALEXANDER DAWSON FOUNDATION ATTN: OZ GUTSCHE 4045 S. SPENCER #312 Las Vegas, NV 89119** | X | - | | X | | | 2,700,000.00 |
| Account No. <br><br> **ALEXANDER DAWSON FOUNDATION ATTN: OZ GUTSCHE 4045 S. SPENCER #312 Las Vegas, NV 89119** | X | - | | X | | | 560,000.00 |
| Account No. <br><br> **ARIETTA LLC 9960 WEST CHEYENNE AVENUE SUITE 160 Las Vegas, NV 89129** | X | - | Land lease guaranty payment | X | | | 11,985.66 |

__16__   continuation sheets attached

Subtotal
(Total of this page)     **4,921,985.66**

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037

Official Form 6F (10/06) - Cont.

In re   **WILLIAM A. GAYLER**                                          ,        Case No.   **BK-S-09-31603-MKN**
                                  Debtor

# SCHEDULE F. CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| Account No. | | | | Labor | | | | |
| AVANTI DOOR 4650 S. DECATUR Las Vegas, NV 89109 | | - | | | | | | 1,843.00 |
| Account No. | | | | Partnership Expenses | | | | |
| AXIOS, LLC 9960 WEST CHEYENNE AVENUE SUITE 160 Las Vegas, NV 89129 | X | - | | | | | | 1,407.00 |
| Account No. | | | | Contract claim | | | | |
| BARRY R. AND JAINE MOORE, TRUSTEES BAMM LIVING TRUST DATED 7/16/03 911 N. BUFFALO DR., #201 Las Vegas, NV 89128 | | - | | | X | X | X | 1.00 |
| Account No. | | | | Contract claim | | | | |
| BARRY R. MOORE 10777 W. TWAIN #333 Las Vegas, NV 89147 | | - | | | X | X | X | 1.00 |
| Account No. | | | | Loans | | | | |
| BYRON LEBOW ONE HUGHES CENTER DR. #1104 Las Vegas, NV 89109 | | - | | | | | | 2,500,522.00 |

Sheet no. __1__ of __16__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal (Total of this page)    **2,503,774.00**

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037                          Best Case Bankruptcy

Official Form 6F (10/06) - Cont.

In re   **WILLIAM A. GAYLER**                         ,      Case No.  **BK-S-09-31603-MKN**

                             Debtor

# SCHEDULE F. CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No. | | | | Personal Guaranty/Partnership Expenses | | | | |
| **CAINE FIVE, LLC**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** | X | - | | | X | | | 8,550.00 |
| Account No. | | | | Membership Dues | | | | |
| **CANYON GATE COUNTRY CLUB**<br>**2001 W. CANYON GATE DR.**<br>**Las Vegas, NV 89117** | | - | | | | | | 3,000.00 |
| Account No. | | | | Credit Card | | | | |
| **CAPITAL ONE M/C**<br>**P.O. BOX 60024**<br>**City Of Industry, CA 91716** | | - | | | | | | 3,800.00 |
| Account No. | | | | Credit Card | | | | |
| **CAPITAL ONE VISA**<br>**P.O. BOX 60024**<br>**City Of Industry, CA 91716** | | - | | | | | | 5,000.00 |
| Account No. | | | | Partnership Expenses | | | | |
| **CH ANGELUS II, LLC**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** | X | - | | | | | | 5,569.00 |
| Sheet no. __2__ of __16__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims | | | | | Subtotal<br>(Total of this page) | | | 25,919.00 |

Official Form 6F (10/06) - Cont.

In re   **WILLIAM A. GAYLER**                                                                          ,        Case No.   **BK-S-09-31603-MKN**
                                                            Debtor

# SCHEDULE F. CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
| | | H W J C | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Account No.<br><br>**CH ANGELUS III, LLC**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** | X | - | | **Partnership Expenses** | | | | 5,789.00 |
| Account No.<br><br>**CH ANGELUS IV, LLC**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** | X | - | | **Partnership Expenses** | | | | 10,841.50 |
| Account No.<br><br>**CH ANGELUS PARTNERS**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** | X | - | | **Partnership Expenses** | | | | 71,903.50 |
| Account No.<br><br>**CH ANGELUS, LLC**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** | X | - | | **Partnership Expenses** | | | | 98,246.00 |
| Account No.<br><br>**CH PICHON, LLC**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89128** | X | - | | **Partnership Expenses** | | | | 10,351.00 |

Sheet no. __3__ of __16__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)                **197,131.00**

Official Form 6F (10/06) - Cont.

In re __WILLIAM A. GAYLER__ ,        Case No. __BK-S-09-31603-MKN__
<br>Debtor

## SCHEDULE F. CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W J | C | | | | | |
| Account No. <br><br> **CH. BARON LLC** <br> **4035 S. EL CAPITAN WAY** <br> **Las Vegas, NV 89147** | | - | | Loan | | | | 160,000.00 |
| Account No. <br><br> **CITY NATIONAL BANK** <br> **10801 W. CHARLESTON** <br> **Las Vegas, NV 89134** | X | - | | | X | | | 700,000.00 |
| Account No. <br><br> **CORE-MARK INTERNATIONAL, INC.** <br> **3950 W. HARMON AVENUE** <br> **Las Vegas, NV 89103** | | - | | | X | X | X | 1.00 |
| Account No. <br><br> **CORE-MARK INTERNATIONAL, INC.** <br> **c/o NATNL. REGISTERED AGENTS OF NV, INC.** <br> **1000 E. WILLIAM ST., SUITE 204** <br> **Carson City, NV 89701** | | - | | | X | X | X | 1.00 |
| Account No. <br><br> **DA 1148, LLC** <br> **9960 WEST CHEYENNE AVENUE** <br> **SUITE 160** <br> **Las Vegas, NV 89129** | X | - | | Partnership Expenses | | | | 5,252.00 |

Sheet no. __4__ of __16__ sheets attached to Schedule of
<br>Creditors Holding Unsecured Nonpriority Claims

Subtotal
<br>(Total of this page)     865,254.00

Official Form 6F (10/06) - Cont.

In re **WILLIAM A. GAYLER**
_____,
Debtor

Case No. __BK-S-09-31603-MKN__

## SCHEDULE F. CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No. | | | - | **Trade Debt** | | | | |
| **DANIEL GERETY** **GERETY & ASSOCIATES** **6817 S. EASTERN AVE. #100** **Las Vegas, NV 89119** | X | | | | | | | 33,000.00 |
| Account No. | | | - | **Notice Only** | | | | |
| **DAVID A. COLVIN, ESQ.** **DALE A. HAYES, ESQ.** **MARQUIS & AURBACH** **10001 PARK RUN DRIVE** **Las Vegas, NV 89145** | | | | | | | | 0.00 |
| Account No. | | | - | **Personal Guaranty** | | | | |
| **DAVID SHAPIRO, et al** **8019 ECHO CLISS LANE** **Las Vegas, NV 89129** | X | | | | X | | | 650,000.00 |
| Account No. | | | - | **Legal fees** | | | | |
| **DAVID STRAUS, ESQ.** **900 RANCHO LANE** **Las Vegas, NV 89106** | | | | | | | | 2,130.00 |
| Account No. | | | - | **Notice Only** | | | | |
| **DEAN Y. KAJIOKU, ESQ.** **KAJIOKU & ASSOCIATES** **810 S. CASINO CENTER BLVD.** **Las Vegas, NV 89101** | | | | | | | | 0.00 |

Sheet no. __5__ of __16__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

685,130.00

Official Form 6F (10/06) - Cont.

In re   **WILLIAM A. GAYLER**                                    ,        Case No.   **BK-S-09-31603-MKN**
                                                                 Debtor

# SCHEDULE F. CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No. | | | - | Trade Debt | | | | |
| **DENNIS PRINCE, ESQ.** **PRINCE & KEATING** **3230 S. BUFFALO #1008** **Las Vegas, NV 89117** | | | | | | | | 37,500.00 |
| Account No. | | | - | William A. Gayler 4.25% Partnership Expenses | | | | |
| **DIAMANTE ROSE, LLC** **9960 WEST CHEYENNE AVENUE** **SUITE 160** **Las Vegas, NV 89129** | X | | | | | | | 10,730.50 |
| Account No. | | | - | Contract Claim | | | | |
| **DIANE WILD** **c/o GUS W. FLANGAS, ESQ.** **3275 S. JONES BLVD., SUITE 105** **Las Vegas, NV 89146** | | | | | X | X | X | 1.00 |
| Account No. | | | - | Credit Card | | | | |
| **DINERS CLUB/CITIBANK** **P.O. BOX 6009** **The Lakes, NV 89163** | | | | | | | | 4,000.00 |
| Account No. | | | - | Contract Claim | | | | |
| **DONALD J. CAMPBELL, ESQ.** **J. COLBY WILLIAMS, ESQ.** **CAMPBELL & WILLIAMS** **700 S. 7TH STREET** **Las Vegas, NV 89101** | | | | | X | X | X | 100.00 |

Sheet no.  **6**   of  **16**   sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)            **52,331.50**

Official Form 6F (10/06) - Cont.

In re  **WILLIAM A. GAYLER** _____,      Case No.  **BK-S-09-31603-MKN** _____
                                    Debtor

## SCHEDULE F. CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W J | C | | | | | |
| Account No.<br><br>**DONNA ALDERSON**<br>**12105 EL PORTICO COURT**<br>**Las Vegas, NV 89138** | | - | | | **Loan** | | | | **144,000.00** |
| Account No.<br><br>**DONNA ALDERSON**<br>**12105 EL PORTICO COURT**<br>**Las Vegas, NV 89138** | | - | | | **Child support and tuition** | | | | **20,000.00** |
| Account No.<br><br>**DUMOL, LLC**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** | X | - | | | **Partnership Expenses** | | | | **2,427.00** |
| Account No.<br><br>**EAGLE SENTRY**<br>**3595 E. PATRICK #1200**<br>**Las Vegas, NV 89120** | | - | | | **Audio visual work** | | | | **1,526.76** |
| Account No.<br><br>**ELLIOT ALPERS, et al**<br>**3535 EXECUTIVE TERMINAL DR #300**<br>**Henderson, NV 89052** | X | - | | | **Personal Guaranty** | X | | | **2,000,000.00** |

| Sheet no. **7** of **16** sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims | Subtotal (Total of this page) | **2,167,953.76** |
|---|---|---|

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037                                                                                      Best Case Bankruptcy

Official Form 6F (10/06) - Cont.

In re   **WILLIAM A. GAYLER**
                                                                    Case No.   **BK-S-09-31603-MKN**
                                    Debtor,

# SCHEDULE F. CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W J C | | | | | | |
| Account No. | | | | Personal Guaranty | | | | |
| **ELLIOT ALPERS, et al** **3535 EXECUTIVE TERMINAL DR. #300** **Henderson, NV 89052** | X | - | | | X | | | **560,000.00** |
| Account No. | | | | Contract Claim | | | | |
| **EROOM HOLDING LTD.** **PARTNERSHIP** **c/o AIM GROUP, LLC** **22 PROMONTORY RIDGE DRIVE** **Las Vegas, NV 89135** | | - | | | X | X | X | **1.00** |
| Account No. | | | | Accounting Services | | | | |
| **GILMORE & GILMORE, CPA** **6817 S. EASTERN AVE., SUITE 102** **Las Vegas, NV 89119** | | - | | | | | | **4,929.92** |
| Account No. | | | | Partnership Expenses | | | | |
| **GROTH, LLC** **9960 WEST CHEYENNE AVENUE** **SUITE 160** **Las Vegas, NV 89129** | X | - | | | | | | **6,221.00** |
| Account No. | | | | Notice Only | | | | |
| **GUS W. FLANGAS, ESQ.** **FLANGAS McMILLAN LAW OFFICES** **3275 S. JONES BLVD.** **SUITE 105** **Las Vegas, NV 89146** | | - | | | | | | **0.00** |

Sheet no. __**8**__ of __**16**__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

**571,151.92**

Official Form 6F (10/06) - Cont.

In re   **WILLIAM A. GAYLER**                                            ,          Case No.   **BK-S-09-31603-MKN**
                                                Debtor

## SCHEDULE F. CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. | | | **Partnership Expenses** | | | | |
| **HARLAN, LLC** **9960 WEST CHEYENNE AVENUE** **SUITE 160** **Las Vegas, NV 89129** | X | - | | | | | 28,174.50 |
| Account No. | | | **Personal Guaranty of building lease** | | | | |
| **ICON REAL ESTATE COMPANIES, INC.** **4035 S. EL CAPITAN WAY** **Las Vegas, NV 89147** | X | - | | | | | 100,000.00 |
| Account No. | | | | | | | |
| **INDYMAC BANK** **P.O. BOX 9042** **Temecula, CA 92589** | X | - | | | | | 1,000,000.00 |
| Account No. | | | **Notice Only** | | | | |
| **JAMES E. SMITH, II, ESQ.** **KAEMPFER CROWELL RENSHAW** **8345 W. SUNSET RD.** **SUITE 250** **Las Vegas, NV 89113** | | - | | | | | 0.00 |
| Account No. | | | **Trade Debt** | | | | |
| **JAMES PENGILLY, ESQ.** **PENGILLY LAW FIRM** **10080 W. ALTA AVE #140** **Las Vegas, NV 89146** | | - | | | | | 512,000.00 |

Sheet no.  **9**   of  **16**   sheets attached to Schedule of                                    Subtotal                  1,640,174.50
Creditors Holding Unsecured Nonpriority Claims                              (Total of this page)

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037                                    Best Case Bankruptcy

Official Form 6F (10/06) - Cont.

In re  **WILLIAM A. GAYLER**
_____,    Case No. __BK-S-09-31603-MKN__
                              Debtor

## SCHEDULE F. CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No. | | | | Membership Dues | | | | |
| JEREMY RANCH GOLF CLUB 8770 N. JEREMY ROAD Park City, UT 84098 | | - | | | | | | 3,000.00 |
| Account No. | | | | Notice Only | | | | |
| JOHN M. NETZORG, ESQ. 2810 W. CHARLESTON BLVD. SUITE H-81 Las Vegas, NV 89102 | | - | | | | | | 0.00 |
| Account No. | | | | Judgment | | | | |
| JOHN O'BRIEN, ESQ. JOHN O'BRIEN PROFIT SHARING PLAN 700 S. SEVENTH STREET Las Vegas, NV 89101 | | - | | | | | | 450,000.00 |
| Account No. | | | | Trade Debt | | | | |
| KENT'S GLASS & MIRROR, INC. c/o ROLAND S. ERICSSON 44 WILLOW WISP TERRACE Henderson, NV 89074 | | - | | | | | | 1,960.00 |
| Account No. | | | | Notice Only | | | | |
| LENARD E. SCHWARTZER, ESQ. SCHWARTZER & McPHERSON LAW FIRM 2850 S. JONES BLVD. SUITE 1 Las Vegas, NV 89146 | | - | | | | | | 0.00 |

Sheet no. __10__ of __16__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

454,960.00

Official Form 6F (10/06) - Cont.

In re __WILLIAM A. GAYLER_____,    Case No. __BK-S-09-31603-MKN_____

                                        Debtor

# SCHEDULE F. CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W J C | | | | | | |
| Account No.<br><br>**M. LEONARD & MYRNA L. SIMON TRUSTEES OF SIMON FAMILY TRUST 6370 BIXBY HILL ROAD Long Beach, CA 90815** | | - | | **Contract claim** | X | X | X | 1.00 |
| Account No.<br><br>**MARK SCHNIPPEL 9960 WEST CHEYENNE AVENUE SUITE 160 Las Vegas, NV 89129** | | - | | **Contract claim** | | | | 1.00 |
| Account No.<br><br>**MARTIN BARRETT 10404 MANSION HILLS AVE. Las Vegas, NV 89144** | X | - | | **Personal Guaranty** | X | | | 200,000.00 |
| Account No.<br><br>**MARTIN BARRETT 10404 MANSION HILLS AVE. Las Vegas, NV 89144** | X | - | | **Personal Guaranty** | X | | | 700,000.00 |
| Account No.<br><br>**MARTIN BARRETT 10404 MANSION HILLS AVE. Las Vegas, NV 89144** | X | - | | **Personal Guaranty (Mer Soliel, LLC)** | X | | | 330,000.00 |

Sheet no. __11__ of __16__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

**1,230,002.00**

Official Form 6F (10/06) - Cont.

In re   **WILLIAM A. GAYLER**                                          ,          Case No.   **BK-S-09-31603-MKN**
                                                                 Debtor

## SCHEDULE F. CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W J C | | | | | | |
| Account No.<br><br>**NEVADA COMMERCE BANK**<br>**ATTN: ROB BULMER**<br>**6795 EDMOND ST.**<br>**Las Vegas, NV 89118** | X | - | | | X | | | 650,000.00 |
| Account No.<br><br>**NEVADA STATE BANK**<br>**P.O. BOX 990**<br>**Las Vegas, NV 89125-0990** | | - | | Overdraft (Acct Nos. 600042348 and 71002618) | | | | 10,000.00 |
| Account No.<br><br>**ONE HUNDRED YEAR, LLC**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** | X | - | | Partnership Expenses | | | | 9,162.00 |
| Account No.<br><br>**PIUS RIEGER FAMILY LTD. PRSHP.**<br>**6085 TARRANT RANCH ROAD**<br>**Las Vegas, NV 89131** | X | - | | Judgment | | | | 480,000.00 |
| Account No.<br><br>**POLYRUS, LLC**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** | X | - | | Partnership Expenses | | | | 1,900.00 |

Sheet no.  _12_  of  _16_  sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)                          1,151,062.00

Official Form 6F (10/06) - Cont.

In re    **WILLIAM A. GAYLER**                                            ,    Case No.    **BK-S-09-31603-MKN**
                                              Debtor

## SCHEDULE F. CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HWJC | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. <br><br>**REDSTONE GRILLE, LLC 9770 WEST CHEYENNE AVENUE SUITE 160 Las Vegas, NV 89129** | X | - | **Partnership Expenses** | | | | **3,174.00** |
| Account No. <br><br>**ROBERT S. QUALEY, ESQ. BLALOCK & QUALEY 20 BONNEVILLE AVE. Las Vegas, NV 89101** | | - | **Notice Only** | | | | **0.00** |
| Account No. <br><br>**SASSICAIA, LLC 9960 WEST CHEYENNE AVENUE SUITE 160 Las Vegas, NV 89129** | X | - | **William A. Gayler 43.25%** | | | | **25,300.00** |
| Account No. <br><br>**SECURITY NATIONAL INSURANCE 5300 SOUTH 360 WEST Salt Lake City, UT 84123** | X | - | **Personal Guaranty** | | X | | **1,300,000.00** |
| Account No. <br><br>**STANCORP MTG INVESTORS 19225 W. TRANASBOURNE DR. 3RD FLR Hillsboro, OR 97124** | X | - | **Personal Guaranty** | | X | | **1,950,000.00** |

Sheet no. __13__ of __16__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal (Total of this page)  **3,278,474.00**

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037                Best Case Bankruptcy

Official Form 6F (10/06) - Cont.

In re  **WILLIAM A. GAYLER**                                               ,          Case No.  **BK-S-09-31603-MKN**
_____
Debtor

# SCHEDULE F. CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W J C | | | | | | |
| Account No. **SUNSET 7, LLC 9960 WEST CHEYENNE AVENUE SUITE 160 Las Vegas, NV 89129** | X | - | | Partnership Expenses | | | | 103,735.50 |
| Account No. **SUNSET 8, LLC 9960 WEST CHEYENNE AVENUE SUITE 160 Las Vegas, NV 89129** | X | - | | Partnership Expenses | | | | 8,787.50 |
| Account No. **SUNSET I, LLC 9960 WEST CHEYENNE AVENUE SUITE 160 Las Vegas, NV 89129** | X | - | | Partnership Expenses | | | | 6,491.00 |
| Account No. **SUNSET II, LLC 9960 WEST CHEYENNE AVENUE SUITE 160 Las Vegas, NV 89129** | X | - | | Partnership Expenses | | | | 14,467.00 |
| Account No. **SUNSET III, LLC 9960 WEST CHEYENNE AVENUE SUITE 160 Las Vegas, NV 89129** | X | - | | Personal Guaranty | | | | 272,142.00 |

Sheet no. __14__ of __16__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)          **405,623.00**

Official Form 6F (10/06) - Cont.

In re   **WILLIAM A. GAYLER**                                                        ,        Case No.   **BK-S-09-31603-MKN**
                                          Debtor

## SCHEDULE F. CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W J C | | | | | | |
| Account No.<br><br>**SUNSET IV, LLC**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** | X | - | | **Partnership Expenses** | | | | 9,345.00 |
| Account No.<br><br>**SUNSET V, LLC**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** | X | - | | **Partnership Expenses** | | | | 2,903.00 |
| Account No.<br><br>**SUNSET VI, LLC**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** | X | - | | **Partnership Expenses** | | | | 6,934.00 |
| Account No.<br><br>**SUNSPEAK HOMEOWNERS**<br>**ASSOCIATION**<br>**1950 BEAR HOLLOW DR.**<br>**Park City, UT 84098** | | - | | **Assoc. Dues** | | | | 12,938.84 |
| Account No.<br><br>**THE HOME DEPOT**<br>**P.O. BOX 6029**<br>**The Lakes, NV 88901-6029** | X | - | | **Supplies** | | | | 756.00 |

Sheet no. __15__ of __16__ sheets attached to Schedule of                                       Subtotal
Creditors Holding Unsecured Nonpriority Claims                                       (Total of this page)                    **32,876.84**

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037                                       Best Case Bankruptcy

Official Form 6F (10/06) - Cont.

In re   **WILLIAM A. GAYLER**                                    ,        Case No.   **BK-S-09-31603-MKN**
                                                  Debtor

## SCHEDULE F. CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W J C | | | | | | |
| Account No. | | | | Product | | | | |
| **WALKER-ZANGER 4701 S. CAMERON Las Vegas, NV 89103** | | - | | | | | | **8,280.68** |
| Account No. | | | | Ground lease guaranty | | | | |
| **WIENGARTEN REALTY P.O. BOX 924133 Houston, TX 77292** | X | - | | | X | | | **1,500,000.00** |
| Account No. | | | | Loan | | | | |
| **WILLIAM BUORNACORSI 7924 ASPECT WAY Las Vegas, NV 89149** | | - | | | | | | **100,000.00** |
| Account No. | | | | Contract Claim | | | | |
| **WILLIAM R. GODFREY 2716 N. TENAYA WAY Las Vegas, NV 89128** | | - | | | X | X | X | **100.00** |
| Account No. | | | | | | | | |
| | | | | | | | | |

Sheet no. __**16**__ of __**16**__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

| | |
|---|---|
| Subtotal (Total of this page) | **1,608,380.68** |
| Total (Report on Summary of Schedules) | **21,792,183.86** |

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037

Form B6G
(10/05)

.

In re   **WILLIAM A. GAYLER**                               ,    Case No.  **BK-S-09-31603-MKN**
<br>                                       Debtor

# SCHEDULE G. EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests.  State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc.  State whether debtor is the lessor or lessee of a lease.  Provide the names and complete mailing addresses of all other parties to each lease or contract described.  If a minor child is a party to one of the leases or contracts, indicate that by stating "a minor child" and do not disclose the child's name.  See 11 U.S.C. § 112; Fed.R. Bankr. P. 1007(m).

☐ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code,<br>of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest.<br>State whether lease is for nonresidential real property.<br>State contract number of any government contract. |
|---|---|
| **APAN WINE LLC<br>9960 WEST CHEYENNE AVENUE<br>SUITE 160<br>Las Vegas, NV 89129** | **LLC Articles<br>Managint Entity/Managing Member** |
| **ARIETTA, LLC<br>9960 WEST CHEYENNE AVENUE<br>SUITE 160<br>Las Vegas, NV 89129** | **Operating Agreement<br>Manager/Managing Member** |
| **AXIOS LLC<br>9960 WEST CHEYENNE AVENUE<br>SUITE 160<br>Las Vegas, NV 89129** | **Operating Agreement<br>Manager/Managing Member** |
| **BRIANHEAD INVESTORS LLC<br>2920 S. JONES BLVD.<br>SUITE 225<br>Las Vegas, NV 89146** | |
| **CAINE FIVE LLC<br>9960 WEST CHEYENNE AVENUE<br>SUITE 170<br>Las Vegas, NV 89129** | **Operating Agreement<br>Manager/Managing Member** |
| **CH ANGELUS II LLC<br>9960 WEST CHEYENNE AVENUE<br>SUITE 160<br>Las Vegas, NV 89129** | **Operating Agreement<br>Manager/Managing Member** |
| **CH ANGELUS III LLC<br>9960 WEST CHEYENNE AVENUE<br>SUITE 160<br>Las Vegas, NV 89129** | **Operating Agreement<br>Manager/Managing Member** |
| **CH ANGELUS IV LLC<br>9960 WEST CHEYENNE AVENUE<br>SUITE 160<br>Las Vegas, NV 89129** | **Operating Agreement<br>Manager/Managing Member** |
| **CH ANGELUS LLC<br>9960 WEST CHEYENNE AVENUE<br>SUITE 160<br>Las Vegas, NV 89129** | **Operating Agreement<br>Manager/Managing Member** |

  **4**   continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037

In re    **WILLIAM A. GAYLER** _____,   Case No. __**BK-S-09-31603-MKN**__

Debtor

# SCHEDULE G. EXECUTORY CONTRACTS AND UNEXPIRED LEASES
### (Continuation Sheet)

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
|---|---|
| **CH ANGELUS PARTNERS LLC**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** | **Operating Agreement**<br>**Apan Wine**<br>**Manager/Managing Member** |
| **CH PICHON LLC**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** | **Operating Agreement**<br>**Manager/Managing Member** |
| **CHARLES KRUG LLC**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** | **Operating Agreement**<br>**Manager/Managing Member** |
| **DA 1147 LLC**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** | **Operating Agreement**<br>**Manager/Managing Member** |
| **DIAMANTE ROSE LLC**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** | **Operating Agreement**<br>**Manager/Managing Member** |
| **DUMOL LLC**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** | **Operating Agreement**<br>**Manager/Managing Member** |
| **ELEVATION 1142 LLC**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** | **Operating Agreement**<br>**Manager/Managing Member** |
| **GAYLER MERITAGE LLC**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** | **Operating Agreement**<br>**Manager/Managing Member** |
| **GCS INC. (JACKPOTTERS BAR)**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 170**<br>**Las Vegas, NV 89129** | **Operating Agreement**<br>**Manager/Managing Member** |
| **GCS LLC**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 170**<br>**Las Vegas, NV 89129** | **Operating Agreement**<br>**Manager/Managing Member** |

Sheet __**1**__ of __**4**__ continuation sheets attached to the Schedule of Executory Contracts and Unexpired Leases

In re    **WILLIAM A. GAYLER**                                              ,    Case No.  **BK-S-09-31603-MKN**
                                                Debtor

# SCHEDULE G. EXECUTORY CONTRACTS AND UNEXPIRED LEASES
### (Continuation Sheet)

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
|---|---|
| **GOVAN CROSS LLC**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** | **Operating Agreement**<br>**Manager/Managing Member** |
| **GROTH LLC**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** | **Operating Agreement**<br>**Manager/Managing Member** |
| **HARLAN LLC**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** | **Operating Agreement**<br>**Manager/Managing Member** |
| **HARTLEY LLC**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** | **Operating Agreement**<br>**Manager/Managing Member** |
| **ICON HOLDING CO., LLC**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** | **LLC Articles**<br>**Manager/Managing Member** |
| **ICON PROFITS SHARING LLC**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** | **LLC Articles**<br>**Manager/Managing Member** |
| **ICON REAL ESTATE CO.**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** | **Lease**<br>**Manager/Managing Member** |
| **IPS 3 LLC**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** | **Operating Agreement**<br>**Manager/Managing Member** |
| **IPS 4 LLC**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** | **Operating Agreement**<br>**Manager/Managing Member** |
| **IPS II LLC**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** | **Operating Agreement**<br>**Manager/Managing Member** |

Sheet __2__ of __4__ continuation sheets attached to the Schedule of Executory Contracts and Unexpired Leases

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037

In re    **WILLIAM A. GAYLER**                                              ,    Case No.   **BK-S-09-31603-MKN**
                                                        Debtor

# SCHEDULE G. EXECUTORY CONTRACTS AND UNEXPIRED LEASES
### (Continuation Sheet)

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
|---|---|
| **MER SOLEIL**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** | **Operating Agreement**<br>**Manager/Managing Member** |
| **PLUMP JACK LLC**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** | **Operating Agreement**<br>**Apan Wine/Managing Member** |
| **POLYRUS LLC**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** | **Operating Agreement**<br>**Manager/Managing Member** |
| **SASSICAIA LLC**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** | **Operating Agreement**<br>**Manager/Managing Member** |
| **SCREAMING EAGLE II LLC**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** | **Operating Agreement**<br>**Manager/Managing Member** |
| **SCREAMING EAGLE LLC**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** | **Operating Agreement**<br>**Manager/Managing Member** |
| **SUNSET 8 LLC**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** | **Operating Agreement**<br>**Manager/Managing Member** |
| **SUNSET I LLC**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** | **Operating Agreement**<br>**Manager/Managing Member** |
| **SUNSET II LLC**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** | **Operating Agreement**<br>**Manager/Managing Member** |
| **SUNSET III LLC**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** | **Operating Agreement**<br>**Manager/Managing Member** |

Sheet   **3**   of   **4**   continuation sheets attached to the Schedule of Executory Contracts and Unexpired Leases

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037

In re    **WILLIAM A. GAYLER**                                      ,     Case No.  **BK-S-09-31603-MKN**
                                                         Debtor

# SCHEDULE G. EXECUTORY CONTRACTS AND UNEXPIRED LEASES
(Continuation Sheet)

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
|---|---|
| **SUNSET IV LLC**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** | **Operating Agreement**<br>**Manager/Managing Member** |
| **SUNSET V LLC**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** | **Operating Agreement**<br>**Manager/Managing Member** |
| **SUNSET VI**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** | **Operating Agreement**<br>**Manager/Managing Member** |
| **SUNSET VII**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** | |

Sheet  **4**  of  **4**  continuation sheets attached to the Schedule of Executory Contracts and Unexpired Leases

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037

Form B6H
(10/05)

.

In re    **WILLIAM A. GAYLER**                                                    ,    Case No.  **BK-S-09-31603-MKN**
                                                    Debtor

# SCHEDULE H. CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors.  Include all guarantors and co-signers.  If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory.  Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case.  If a minor child is a codebtor or a creditor, indicate that by stating "a minor child" and do not disclose the child's name.  See 11 U.S.C. § 112; Fed. Bankr. P. 1007(m).

☐   Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| **100 YEAR LLC**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** | **ALEXANDER DAWSON FOUNDATION**<br>**ATTN: OZ GUTSCHE**<br>**4045 S. SPENCER #312**<br>**Las Vegas, NV 89119** |
| **23 GOLDEN SUNRAY, LLC**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** | **THE HOME DEPOT**<br>**P.O. BOX 6029**<br>**The Lakes, NV 88901-6029** |
| **APAN WINE, LLC**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** | **DUMOL, LLC**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** |
| **BARRY MOORE**<br>**10777 W. TWAIN #333**<br>**Las Vegas, NV 89147** | **ARIETTA LLC**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** |
| **BARRY MOORE**<br>**10777 W. TWAIN #333**<br>**Las Vegas, NV 89147** | **CITY NATIONAL BANK**<br>**10801 W. CHARLESTON**<br>**Las Vegas, NV 89134** |
| **BARRY MOORE**<br>**10777 W. TWAIN #333**<br>**Las Vegas, NV 89147** | **REDSTONE GRILLE, LLC**<br>**9770 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** |
| **BARRY MOORE**<br>**10777 W. TWAIN #333**<br>**Las Vegas, NV 89147** | **WIENGARTEN REALTY**<br>**P.O. BOX 924133**<br>**Houston, TX 77292** |
| **BARRY MOORE**<br>**10777 W. TWAIN #333**<br>**Las Vegas, NV 89147** | **DA 1147, LLC**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** |
| **BARRY MOORE**<br>**10777 W. TWAIN #333**<br>**Las Vegas, NV 89147** | **MAYA I-215, LLC**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** |
| **CAINE FIVE, LLC**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** | **NEVADA COMMERCE BANK**<br>**ATTN: ROB BULMER**<br>**6795 EDMOND ST.**<br>**Las Vegas, NV 89118** |

  **4**   continuation sheets attached to Schedule of Codebtors

In re   **WILLIAM A. GAYLER**                                              ,    Case No.  **BK-S-09-31603-MKN**
                                                              Debtor

# SCHEDULE H. CODEBTORS
(Continuation Sheet)

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| **CH ANGELUS II, LLC**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** | **ELLIOT ALPERS, et al**<br>**3535 EXECUTIVE TERMINAL DR #300**<br>**Henderson, NV 89052** |
| **CH ANGELUS PARTNERS**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** | **ALEXANDER DAWSON FOUNDATION**<br>**ATTN: OZ GUTSCHE**<br>**4045 S. SPENCER #312**<br>**Las Vegas, NV 89119** |
| **CH ANGELUS, LLC**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** | **ELLIOT ALPERS, et al**<br>**3535 EXECUTIVE TERMINAL DR #300**<br>**Henderson, NV 89052** |
| **CH ANGELUS, LLC**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** | **ELLIOT ALPERS, et al**<br>**3535 EXECUTIVE TERMINAL DR. #300**<br>**Henderson, NV 89052** |
| **DA 1148, LLC**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** | **ALEXANDER DAWSON FOUNDATION**<br>**ATTN: OZ GUTSCHE**<br>**4045 S. SPENCER #312**<br>**Las Vegas, NV 89119** |
| **DIAMANTE ROSE, LLC**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** | **DAVID SHAPIRO, et al**<br>**8019 ECHO CLISS LANE**<br>**Las Vegas, NV 89129** |
| **DIAMANTE ROSE, LLC**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** | **MARTIN BARRETT**<br>**10404 MANSION HILLS AVE.**<br>**Las Vegas, NV 89144** |
| **DOLCE-EB, LLC**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** | **SUNSET 8, LLC**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** |
| **GAYLER FAMILY EDUCATIONAL TRUST**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** | **INDYMAC BANK**<br>**P.O. BOX 9042**<br>**Temecula, CA 92589** |
| **GAYLER FAMILY LTD PARTNERSHIP**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** | **DA 1148, LLC**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** |

Sheet __1__ of __4__ continuation sheets attached to the Schedule of Codebtors

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037                                                                          Best Case Bankruptcy

In re  **WILLIAM A. GAYLER**                                        ,        Case No.  **BK-S-09-31603-MKN**
                                    Debtor

# SCHEDULE H. CODEBTORS
(Continuation Sheet)

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| **GAYLER FAMILY LTD PARTNERSHIP**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** | **DIAMANTE ROSE, LLC**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** |
| **GAYLER FAMILY LTD PARTNERSHIP**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** | **SASSICAIA, LLC**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** |
| **GAYLER FAMILY LTD PARTNERSHIP**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** | **SUNSET 8, LLC**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** |
| **MER SOLIEL, LLC**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** | **MARTIN BARRETT**<br>**10404 MANSION HILLS AVE.**<br>**Las Vegas, NV 89144** |
| **MER SOLIEL, LLC**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** | **SECURITY NATIONAL INSURANCE**<br>**5300 SOUTH 360 WEST**<br>**Salt Lake City, UT 84123** |
| **MER SOLIEL, LLC**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** | **STANCORP MTG INVESTORS**<br>**19225 W. TRANASBOURNE DR.**<br>**3RD FLR**<br>**Hillsboro, OR 97124** |
| **SCREAMING EAGLE, LLC**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** | **PIUS RIEGER FAMILY LTD. PRSHP.**<br>**6085 TARRANT RANCH ROAD**<br>**Las Vegas, NV 89131** |
| **SUNSET 7, LLC**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** | **ALEXANDER DAWSON FOUNDATION**<br>**ATTN: OZ GUTSCHE**<br>**4045 S. SPENCER #312**<br>**Las Vegas, NV 89119** |
| **SUNSET III, LLC**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** | **ALEXANDER DAWSON FOUNDATION**<br>**ATTN: OZ GUTSCHE**<br>**4045 S. SPENCER #312**<br>**Las Vegas, NV 89119** |
| **W GAYLER SEP PROP TRUST**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** | **AXIOS, LLC**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** |

Sheet __**2**__ of __**4**__ continuation sheets attached to the Schedule of Codebtors

In re    **WILLIAM A. GAYLER**                                                  ,    Case No.   **BK-S-09-31603-MKN**
                                                    Debtor

# SCHEDULE H. CODEBTORS
(Continuation Sheet)

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| **W GAYLER SEP PROP TRUST**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** | **CAINE FIVE, LLC**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** |
| **W GAYLER SEP PROP TRUST**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** | **CH ANGELUS II, LLC**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** |
| **W GAYLER SEP PROP TRUST**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** | **CH ANGELUS III, LLC**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** |
| **W GAYLER SEP PROP TRUST**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** | **CH ANGELUS IV, LLC**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** |
| **W GAYLER SEP PROP TRUST**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** | **CH ANGELUS PARTNERS**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** |
| **W GAYLER SEP PROP TRUST**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** | **CH ANGELUS, LLC**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** |
| **W GAYLER SEP PROP TRUST**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** | **CH PICHON, LLC**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89128** |
| **W GAYLER SEP PROP TRUST**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** | **DANIEL GERETY**<br>**GERETY & ASSOCIATES**<br>**6817 S. EASTERN AVE. #100**<br>**Las Vegas, NV 89119** |
| **W GAYLER SEP PROP TRUST**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** | **GROTH, LLC**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** |
| **W GAYLER SEP PROP TRUST**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** | **HARLAN, LLC**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** |

Sheet   **3**   of   **4**   continuation sheets attached to the Schedule of Codebtors

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037

In re    **WILLIAM A. GAYLER**                                    ,    Case No.  **BK-S-09-31603-MKN**
_____        _____
                                                    Debtor

# SCHEDULE H. CODEBTORS
(Continuation Sheet)

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| **W GAYLER SEP PROP TRUST**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** | **MARTIN BARRETT**<br>**10404 MANSION HILLS AVE.**<br>**Las Vegas, NV 89144** |
| **W GAYLER SEP PROP TRUST**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** | **ONE HUNDRED YEAR, LLC**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** |
| **W GAYLER SEP PROP TRUST**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** | **POLYRUS, LLC**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** |
| **W GAYLER SEP PROP TRUST**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** | **SUNSET 7, LLC**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** |
| **W GAYLER SEP PROP TRUST**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** | **SUNSET I, LLC**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** |
| **W GAYLER SEP PROP TRUST**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** | **SUNSET II, LLC**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** |
| **W GAYLER SEP PROP TRUST**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** | **SUNSET III, LLC**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** |
| **W GAYLER SEP PROP TRUST**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** | **SUNSET IV, LLC**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** |
| **W GAYLER SEP PROP TRUST**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** | **SUNSET V, LLC**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** |
| **W GAYLER SEP PROP TRUST**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** | **SUNSET VI, LLC**<br>**9960 WEST CHEYENNE AVENUE**<br>**SUITE 160**<br>**Las Vegas, NV 89129** |
| **W. GAYLER**<br>**4035 S. EL CAPITAN WAY**<br>**Las Vegas, NV 89147** | **ICON REAL ESTATE COMPANIES, INC.**<br>**4035 S. EL CAPITAN WAY**<br>**Las Vegas, NV 89147** |

Sheet __4__ of __4__ continuation sheets attached to the Schedule of Codebtors

Official Form 6I (10/06)

In re    **WILLIAM A. GAYLER**                                    Case No.    **BK-S-09-31603-MKN**
                                    Debtor(s)

# SCHEDULE I. CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| **Divorced** | RELATIONSHIP(S):<br>**Son**<br>**Son** | AGE(S):<br>**14**<br>**6** |

| **Employment:** | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **Real Estate Broker/Developer** | |
| Name of Employer | **ICON REAL ESTATE** | |
| How long employed | **15 years** | |
| Address of Employer | **9960 W. CHEYENNE ROAD, SUITE 160**<br>**Las Vegas, NV 89129** | |

| INCOME:  (Estimate of average or projected monthly income at time case filed) | | DEBTOR | | SPOUSE |
|---|---|---|---|---|
| 1. Monthly gross wages, salary, and commissions  (Prorate if not paid monthly) | $ | 0.00 | $ | N/A |
| 2. Estimate monthly overtime | $ | 0.00 | $ | N/A |
| | | | | |
| 3. SUBTOTAL | $ | 0.00 | $ | N/A |
| | | | | |
| 4. LESS PAYROLL DEDUCTIONS | | | | |
|     a.  Payroll taxes and social security | $ | 0.00 | $ | N/A |
|     b.  Insurance | $ | 0.00 | $ | N/A |
|     c.  Union dues | $ | 0.00 | $ | N/A |
|     d.  Other (Specify): | $ | 0.00 | $ | N/A |
| | $ | 0.00 | $ | N/A |
| | | | | |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ | 0.00 | $ | N/A |
| | | | | |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ | 0.00 | $ | N/A |
| | | | | |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ | 0.00 | $ | N/A |
| 8. Income from real property | $ | 0.00 | $ | N/A |
| 9. Interest and dividends | $ | 0.00 | $ | N/A |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or<br>    that of dependents listed above | $ | 0.00 | $ | N/A |
| 11. Social security or government assistance | | | | |
| (Specify): | $ | 0.00 | $ | N/A |
| | $ | 0.00 | $ | N/A |
| 12. Pension or retirement income | $ | 0.00 | $ | N/A |
| 13. Other monthly income | | | | |
| (Specify):    **2009 Real Estate Commissions (average over year)** | $ | 8,000.00 | $ | N/A |
| | $ | 0.00 | $ | N/A |
| | | | | |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ | 8,000.00 | $ | N/A |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ | 8,000.00 | $ | N/A |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals<br>from line 15; if there is only one debtor repeat total reported on line 15) | | $ | 8,000.00 | |

(Report also on Summary of Schedules and, if applicable, on
Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

Official Form 6J (10/06)

In re  **WILLIAM A. GAYLER**                                        Case No.  **BK-S-09-31603-MKN**
_____
Debtor(s)

# SCHEDULE J. CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed.  Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.

☐  Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ | 3,600.00 |
| a. Are real estate taxes included?  Yes __X__   No ___ | | |
| b. Is property insurance included?  Yes ___   No __X__ | | |
| 2. Utilities:  a. Electricity and heating fuel | $ | 250.00 |
| b. Water and sewer | $ | 200.00 |
| c. Telephone | $ | 0.00 |
| d. Other  **See Detailed Expense Attachment** | $ | 300.00 |
| 3. Home maintenance (repairs and upkeep) | $ | 0.00 |
| 4. Food | $ | 800.00 |
| 5. Clothing | $ | 250.00 |
| 6. Laundry and dry cleaning | $ | 50.00 |
| 7. Medical and dental expenses | $ | 50.00 |
| 8. Transportation (not including car payments) | $ | 300.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 0.00 |
| 10. Charitable contributions | $ | 0.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
| a. Homeowner's or renter's | $ | 0.00 |
| b. Life | $ | 200.00 |
| c. Health | $ | 1,700.00 |
| d. Auto | $ | 400.00 |
| e. Other | $ | 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | |
| (Specify) | $ | 0.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
| a. Auto | $ | 1,500.00 |
| b. Other | $ | 534.00 |
| c. Other | $ | 600.00 |
| d. Other | $ | 534.00 |
| 14. Alimony, maintenance, and support paid to others | $ | 1,000.00 |
| 15. Payments for support of additional dependents not living at your home | $ | 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | 4,500.00 |
| 17. Other | $ | 0.00 |
| Other | $ | 0.00 |
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $ | 16,768.00 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

_____

| | | |
|---|---|---:|
| 20. STATEMENT OF MONTHLY NET INCOME | | |
| a.  Average monthly income from Line 15 of Schedule I | $ | 8,000.00 |
| b.  Average monthly expenses from Line 18 above | $ | 16,768.00 |
| c.  Monthly net income (a. minus b.) | $ | -8,768.00 |

Official Form 6J (10/06)

In re    **WILLIAM A. GAYLER**                                              Case No.    **BK-S-09-31603-MKN**
_____
Debtor(s)

## SCHEDULE J. CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)
### Detailed Expense Attachment

**Other Utility Expenditures:**

| | |
|---|---:|
| **GAS** | $            **100.00** |
| **COX CABLE** | $            **100.00** |
| **REPUBLIC SERVICE** | $            **100.00** |
| **Total Other Utility Expenditures** | $            **300.00** |

Official Form 6-Declaration. (10/06)

# United States Bankruptcy Court
### District of Nevada

In re   **WILLIAM A. GAYLER**                            Case No.   **BK-S-09-31603-MKN**

                                    Debtor(s)            Chapter   **7**

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

       I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of ___**57**___ sheets *[total shown on summary page plus 2]*, and that they are true and correct to the best of my knowledge, information, and belief.

Date  **June 25, 2010**                       Signature   **/s/ WILLIAM A. GAYLER**

                                                           **WILLIAM A. GAYLER**
                                                             Debtor

   *Penalty for making a false statement or concealing property:*  Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

Software Copyright (c) 1996-2006 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                             Best Case Bankruptcy

Official Form 7
(04/07)

# United States Bankruptcy Court
## District of Nevada

In re    **WILLIAM A. GAYLER** _____    Case No.    <u>**BK-S-09-31603-MKN**</u>
_____
                                    Debtor(s)                          Chapter    <u>**7**</u>

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. Do not include the name or address of a minor child in this statement. Indicate payments, transfers and the like to minor children by stating "a minor child." See 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### DEFINITIONS

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

_____

**1. Income from employment or operation of business**

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| **$98,693.00** | **Commissions & Fees (2009)** |
| **$832,921.00** | **Adjusted Gross Income (2008)** |
| **$11,688,546.00** | **Adjusted Gross Income (2007)** |

2

**2. Income other than from employment or operation of business**

None
☐

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| **$10,923,004.00** | **Net Investment Income (2007)** |
| **$175,651.00** | **Net Investment Income (2008)** |
| **$0.00** | **Investment Income (2009)** |

**3. Payments to creditors**

None
■

*Complete a. or b., as appropriate, and c.*

a.   *Individual or joint debtor(s) with primarily consumer debts.*  List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $600. Indicate with an (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None
■

b.   *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $5,475.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

None
■

c.   *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

**4.   Suits and administrative proceedings, executions, garnishments and attachments**

None
☐

a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **Financial American Group, LLC v. CH Montrose, LLC / A541213** | **Civil** | **Clark County District Court** | **Awaiting ruling** |
| **Western Surety Company v. William Gayler / A565556** | **Civil** | **Clark County District Court** | **pending** |
| **Security Unlimited, Inc. v. Icon Real Estate Companies, Inc., et al. / A580847** | **Civil** | **Clark County District Court** | **pending** |
| **Barry Moore, et al. v. William Gayler, et al. / 08-A562214-C** | **Civil** | **Clark County District Court** | **pending** |

3

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| Barry Moore, et al. v. William Gayler / 09-A596777-C | Civil | Clark County District Court | pending |
| Core-Mark International, Inc. v. Martha's Vineyard, LLC, et al. / 08-A566851-C | Civil | Clark County District Court | pending |
| Metro Acquisitions, LLC v. Sunset III, LLC / 2:08-CV-00524-RCJ-LRL | Civil | U.S. District Court for the District of Nevada | Judgment |
| Diane Wild v. Mer Soleil, LLC, et al. / 07-A550304-C | Civil | Clark County District Court | appealed |
| Flamingo Tenaya, LLC v. Icon Real Estate Companies, Inc., et al. / A574378 | Civil | Clark County District Court | pending |
| John O'Brien v. William Gayler / 09-A584590-C | Civil | Clark County District Court | Judgment |
| 23 Golden Sunray, LLC, et al. v. GC Construction Group, Inc. / 07-A553881-C | Civil | Clark County District Court | |
| 23 Golden Sunray, LLC, et al. v. Reliable Door Service, et al. / 08-A568674-C | Civil | Clark County District Court | Judgment |
| Addison Glass v. 23 Golden Sunray, et al. / 07-A543994-C | Civil | Clark County District Court | closed |
| Martin Barrett v. Myrna Simon, et al. / 09-A595566-C | Civil | Clark County District Court | pending |
| Barry Moore v. Ch Angelus IV LLC, et al. / 10-A616929-C | Civil | Clark County District Court | pending |
| MMC Properties, LLC v. Icon Construction, Inc., et al. / 08-A573339-C | Civil | Clark County District Court | pending |

None ■    b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**5. Repossessions, foreclosures and returns**

None ■    List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

4

**6. Assignments and receiverships**

None
■    a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None
■    b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

**7. Gifts**

None
☐    List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|
| **Jayden Chris Gayler Irrevocable Trust (from WAG Separate Property Trust)** | **Son** | **9/08/09** | **$11,490.00 (support for minor child)** |

**8. Losses**

None
☐    List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|
| **2009 Range Rover - $1,000.00** | | **01/10/09** |
| **2008 Range Rover - $1,000.00** | | **03/10/09** |

**9. Payments related to debt counseling or bankruptcy**

None
■    List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**10. Other transfers**

None
■    a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

5

None
☐

b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|
| * | | **(Numerous transfers to William A. Gayler Separate Property Revocable Trust)** |

### 11. Closed financial accounts

None
☐

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|
| **COMMUNITY BANK** | **Checking - Acct # unknown** | |
| **DREYFUSS** | **Mutual Fund - Acct # 0039-008980328** | **$2,390.00** |
| **WACHOVIA** | **Mutual Fund - Acct # 3790-9238** | **$5,143.00** |

### 12. Safe deposit boxes

None
■

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

### 13. Setoffs

None
■

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

### 14. Property held for another person

None
■

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

6

**15. Prior address of debtor**

None
☐

If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|
| **9829 RIDGE ROCK COURT**<br>**LAS VEGAS, NV 89134** | | **1996 - Dec. 2008** |
| **23 GOLDEN SUNRAY**<br>**LAS VEGAS, NV  89135** | | **Dec. 2008 - Jan. 2010** |

**16. Spouses and Former Spouses**

None
■

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None
■

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF<br>GOVERNMENTAL UNIT | DATE OF<br>NOTICE | ENVIRONMENTAL<br>LAW |
|---|---|---|---|

None
■

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF<br>GOVERNMENTAL UNIT | DATE OF<br>NOTICE | ENVIRONMENTAL<br>LAW |
|---|---|---|---|

None
■

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF<br>GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

7

**18 . Nature, location and name of business**

None
☐

a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOC. SEC. NO./ COMPLETE EIN OR OTHER TAXPAYER I.D. NO. | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| **ICON REAL ESTATE** | **880324096** | **9960 W. CHEYENNE AVENUE SUITE 160 Las Vegas, NV 89129** | **Real estate broker** | **1994 to present** |
| **CACTUS DEPOT/MARTHA'S VINEYARD, LLC** | **880441503** | **1571 N. BUFFALO DRIVE Las Vegas, NV 89128** | **Convenience store** | **2002-2007** |
| **JACKPOTTERS/GCS, INC.** | **880316086** | **4485 S. JONES BLVD. Las Vegas, NV 89103** | **Tavern** | **1990's-Present** |
| **REDSTONE GRILL** | **810324096** | **4770 S. FORT APACHE RD. Las Vegas, NV 89148** | **Tavern** | **2007-Present** |

None


b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

NAME                                                ADDRESS

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

**19. Books, records and financial statements**

None
☐

a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

NAME AND ADDRESS                                                DATES SERVICES RENDERED
**GERETY & ASSOCIATES**
**6817 S. EASTERN AVENUE**
**SUITE 101**
**Las Vegas, NV 89119-4684**

8

None
☐ b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|---|---|---|
| **GILMORE & GILMORE, CPA** | **6817 S. EASTERN AVENUE**<br>**SUITE 102**<br>**Las Vegas, NV 89119-4684** | **2000-2007** |

None
☐ c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
|---|---|
| **WILLIAM GAYLER** | |

None
☐ d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

| NAME AND ADDRESS | DATE ISSUED |
|---|---|
| **NEVADA COMMERCIAL BANK** | |
| **ALEXANDER DAWSON FOUNDATION** | |
| **GE CAPTIAL CORP.** | |
| **WELLS FARGO BANK** | |
| **COMMUNITY BANK OF NEVADA** | |
| **NEVADA STATE BANK** | |
| **THE MORTGAGE MART** | |
| **BANK OF NEVADA** | |
| **INDYMAC BANK** | |
| **SECURITY NATIONAL BANK** | |
| **STANDARD INSURANCE** | |
| **HAWKINS FINANCIAL** | |

**20. Inventories**

None
■ a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY<br>(Specify cost, market or other basis) |
|---|---|---|

9

None  b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.
■

DATE OF INVENTORY

NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY
RECORDS

**21 . Current Partners, Officers, Directors and Shareholders**

None  a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.
■

NAME AND ADDRESS                         NATURE OF INTEREST                         PERCENTAGE OF INTEREST

None  b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns,
■        controls, or holds 5 percent or more of the voting or equity securities of the corporation.

NAME AND ADDRESS                    TITLE                         NATURE AND PERCENTAGE
                                                                   OF STOCK OWNERSHIP

**22 . Former partners, officers, directors and shareholders**

None  a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the
■        commencement of this case.

NAME                              ADDRESS                         DATE OF WITHDRAWAL

None  b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year**
■        immediately preceding the commencement of this case.

NAME AND ADDRESS                    TITLE                         DATE OF TERMINATION

**23 . Withdrawals from a partnership or distributions by a corporation**

None  If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation
■     in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the
       commencement of this case.

NAME & ADDRESS                                                    AMOUNT OF MONEY
OF RECIPIENT,                       DATE AND PURPOSE              OR DESCRIPTION AND
RELATIONSHIP TO DEBTOR              OF WITHDRAWAL                 VALUE OF PROPERTY

**24. Tax Consolidation Group.**

None  If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated
■     group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement
       of the case.

NAME OF PARENT CORPORATION                              TAXPAYER IDENTIFICATION NUMBER (EIN)

**25. Pension Funds.**

None  If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an
■     employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

NAME OF PENSION FUND                                    TAXPAYER IDENTIFICATION NUMBER (EIN)

10

**DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR**

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date  __**June 25, 2010**_____          Signature  __**/s/ WILLIAM A. GAYLER**_____

                                                                   **WILLIAM A. GAYLER**

                                                                    Debtor

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

Form 8
(10/05)

# United States Bankruptcy Court
### District of Nevada

In re  **WILLIAM A. GAYLER**

Debtor(s)

Case No.  **BK-S-09-31603-MKN**

Chapter  **7**

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

■  I have filed a schedule of assets and liabilities which includes debts secured by property of the estate.

☐  I have filed a schedule of executory contracts and unexpired leases which includes personal property subject to an unexpired lease.

■  I intend to do the following with respect to property of the estate which secures those debts or is subject to a lease:

| Description of Secured Property | Creditor's Name | Property will be Surrendered | Property is claimed as exempt | Property will be redeemed pursuant to 11 U.S.C. § 722 | Debt will be reaffirmed pursuant to 11 U.S.C. § 524(c) |
|---|---|---|---|---|---|
| **Residential Home 9829 Ridge Rock Court Las Vegas, NV 89134** | **MRKK, LLC** | X | | | |
| **2009 Range Rover** | **CHASE FINANCIAL** | | | | X |
| **2008 Range Rover** | **CITIZENS FINANCIAL GROUP** | | | | X |
| **2007 GMC Sierra** | **GMAC** | | | | X |

| Description of Leased Property | Lessor's Name | Lease will be assumed pursuant to 11 U.S.C. § 362(h)(1)(A) |
|---|---|---|
| **-NONE-** | | |

Date  **June 25, 2010**

Signature  **/s/ WILLIAM A. GAYLER**

**WILLIAM A. GAYLER**
Debtor

# United States Bankruptcy Court
### District of Nevada

In re  **WILLIAM A. GAYLER** _____

Debtor(s)

Case No.  **BK-S-09-31603-MKN**

Chapter  **7**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.    Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | | |
|---|---|---|
| For legal services, I have agreed to accept | $ | **27,000.00** |
| Prior to the filing of this statement I have received | $ | **27,000.00** |
| Balance Due | $ | **0.00** |

**\*(An additional $71,200.00 was paid to the firm from 11/25/09 to 05/21/10 for representation of the Debtor in the involuntary Chapter 7 case)**

2.    The source of the compensation paid to me was:

      ☒ Debtor    ☐ Other (specify):

3.    The source of compensation to be paid to me is:

      ☒ Debtor    ☐ Other (specify):

4.    ☒ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

      ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5.    In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:
    a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
    b.  Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
    c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
    d.  [Other provisions as needed]
        **Representation of Debtor as "alleged debtor" in all aspects of involuntary Chapter 7 case brought by Petitioning Creditors, preparation of Debtor's schedules and statements in regular Chapter 7 case and representation of Debtor at Meeting of Creditors.**

6.    By agreement with the debtor(s), the above-disclosed fee does not include the following service:
        **Representation of the debtors in any dischargeability actions, judicial lien avoidances, relief from stay actions or any other adversary proceedings or related actions.**

---

### CERTIFICATION

    I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated:  **June 25, 2010** _____

**/s/ JEFFREY R. SYLVESTER**
**JEFFREY R. SYLVESTER Bar No. 4396**
**SYLVESTER & POLEDNAK, LTD.**
**7371 PRAIRIE FALCON, SUITE 120**
**LAS VEGAS, NV 89128**
**702-952-5200  Fax: 702-952-5205**
**jeff@sylvesterpolednak.com**

# United States Bankruptcy Court
## District of Nevada

In re    **WILLIAM A. GAYLER**      Case No.   **BK-S-09-31603-MKN**
                      Debtor(s)     Chapter   **7**

# VERIFICATION OF CREDITOR MATRIX

The above-named Debtor hereby verifies that the attached list of creditors is true and correct to the best of his/her knowledge.

Date:   **June 25, 2010**              **/s/ WILLIAM A. GAYLER**
                                            **WILLIAM A. GAYLER**
                                            Signature of Debtor

Official Form 22A (Chapter 7) (04/07)

In re   **WILLIAM A. GAYLER**
_____
Debtor(s)

Case Number:   **BK-S-09-31603-MKN**
_____
(If known)

| According to the calculations required by this statement: |
|---|
| ☐ The presumption arises. |
| ■ The presumption does not arise. |
| (Check the box as directed in Parts I, III, and VI of this statement.) |

# CHAPTER 7 STATEMENT OF CURRENT MONTHLY INCOME
# AND MEANS-TEST CALCULATION

In addition to Schedules I and J, this statement must be completed by every individual Chapter 7 debtor, whether or not filing jointly, whose debts are primarily consumer debts.  Joint debtors may complete one statement only.

Debtor declares under penalty of perjury that debts are primarily non-consumer; therefore, Means Test does not apply per § 707(b)(1).

| Part I. EXCLUSION FOR DISABLED VETERANS |
|---|

| 1 | If you are a disabled veteran described in the Veteran's Declaration in this Part I, (1) check the box at the beginning of the Veteran's Declaration, (2) check the box for "The presumption does not arise" at the top of this statement, and (3) complete the verification in Part VIII. Do not complete any of the remaining parts of this statement.<br><br>☐ Veteran's Declaration. By checking this box, I declare under penalty of perjury that I am a disabled veteran (as defined in 38 U.S.C. § 3741(1)) whose indebtedness occurred primarily during a period in which I was on active duty (as defined in 10 U.S.C. § 101(d)(1)) or while I was performing a homeland defense activity (as defined in 32 U.S.C. §901(1)). |
|---|---|

| Part II. CALCULATION OF MONTHLY INCOME FOR § 707(b)(7) EXCLUSION | | |
|---|---|---|

| 2 | Marital/filing status. Check the box that applies and complete the balance of this part of this statement as directed.<br><br>a. ■ Unmarried. Complete only Column A ("Debtor's Income") for Lines 3-11.<br>b. ☐ Married, not filing jointly, with declaration of separate households. By checking this box, debtor declares under penalty of perjury: "My spouse and I are legally separated under applicable non-bankruptcy law or my spouse and I are living apart other than for the purpose of evading the requirements of § 707(b)(2)(A) of the Bankruptcy Code." Complete only column A ("Debtor's Income") for Lines 3-11.<br>c. ☐ Married, not filing jointly, without the declaration of separate households set out in Line 2.b above. Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 3-11.<br>d. ☐ Married, filing jointly. Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 3-11. | | |

| | All figures must reflect average monthly income received from all sources, derived during the six calendar months prior to filing the bankruptcy case, ending on the last day of the month before the filing.  If the amount of monthly income varied during the six months, you must divide the six-month total by six, and enter the result on the appropriate line. | Column A<br><br>Debtor's<br>Income | Column B<br><br>Spouse's<br>Income |
|---|---|---|---|
| 3 | Gross wages, salary, tips, bonuses, overtime, commissions. | $      **0.00** | $ |

| 4 | Income from the operation of a business, profession or farm. Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 4.  Do not enter a number less than zero. Do not include any part of the business expenses entered on Line b as a deduction in Part V. | | |
|---|---|---|---|
| | | Debtor | Spouse |
| | a. Gross receipts | $      **0.00** | $ |
| | b. Ordinary and necessary business expenses | $      **0.00** | $ |
| | c. Business income | Subtract Line b from Line a | |
| | | $      **0.00** | $ |

| 5 | Rents and other real property income.  Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 5.  Do not enter a number less than zero.  Do not include any part of the operating expenses entered on Line b as a deduction in Part V. | | |
|---|---|---|---|
| | | Debtor | Spouse |
| | a. Gross receipts | $      **0.00** | $ |
| | b. Ordinary and necessary operating expenses | $      **0.00** | $ |
| | c. Rent and other real property income | Subtract Line b from Line a | |
| | | $      **0.00** | $ |

| 6 | Interest, dividends, and royalties. | $      **0.00** | $ |
|---|---|---|---|

| 7 | Pension and retirement income. | $ | **0.00** | $ |
|---|---|---|---|---|
| 8 | Any amounts paid by another person or entity, on a regular basis, for the household expenses of the debtor or the debtor's dependents, including child or spousal support. Do not include amounts paid by the debtor's spouse if Column B is completed. | $ | **0.00** | $ |

| 9 | Unemployment compensation. Enter the amount in the appropriate column(s) of Line 9. However, if you contend that unemployment compensation received by you or your spouse was a benefit under the Social Security Act, do not list the amount of such compensation in Column A or B, but instead state the amount in the space below:<br><br>Unemployment compensation claimed to be a benefit under the Social Security Act    Debtor $ **0.00**    Spouse $ | $ **0.00** $ |
|---|---|---|
| 10 | Income from all other sources. If necessary, list additional sources on a separate page. Do not include any benefits received under the Social Security Act or payments received as a victim of a war crime, crime against humanity, or as a victim of international or domestic terrorism. Specify source and amount.<br><br>                         Debtor          Spouse<br>a.                     $              $<br>b.                     $              $<br>Total and enter on Line 10 | $ **0.00** $ |
| 11 | Subtotal of Current Monthly Income for § 707(b)(7). Add Lines 3 thru 10 in Column A, and, if Column B is completed, add Lines 3 through 10 in Column B. Enter the total(s). | $ **0.00** $ |
| 12 | Total Current Monthly Income for § 707(b)(7). If Column B has been completed, add Line 11, Column A to Line 11, Column B, and enter the total. If Column B has not been completed, enter the amount from Line 11, Column A. | $ **0.00** |

## Part III. APPLICATION OF § 707(b)(7) EXCLUSION

| 13 | Annualized Current Monthly Income for § 707(b)(7). Multiply the amount from Line 12 by the number 12 and enter the result. | $ **0.00** |
|---|---|---|
| 14 | Applicable median family income. Enter the median family income for the applicable state and household size. (This information is available by family size at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.)<br><br>a. Enter debtor's state of residence:    **NV**    b. Enter debtor's household size:    **3** | $ **57,303.00** |
| 15 | Application of Section 707(b)(7). Check the applicable box and proceed as directed.<br><br>■ The amount on Line 13 is less than or equal to the amount on Line 14. Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete Part VIII: do not complete Parts IV, V, VI or VII.<br><br>☐ The amount on Line 13 is more than the amount on Line 14. Complete the remaining parts of this statement. |

**Complete Parts IV, V, VI, and VII of this statement only if required. (See Line 15.)**

## Part IV. CALCULATION OF CURRENT MONTHLY INCOME FOR § 707(b)(2)

| 16 | Enter the amount from Line 12. | $ |
|---|---|---|
| 17 | Marital adjustment. If you checked the box at Line 2.c, enter the amount of the income listed in Line 11, Column B that was NOT paid on a regular basis for the household expenses of the debtor or the debtor's dependents. If you did not check box at Line 2.c, enter zero. | $ |
| 18 | Current monthly income for § 707(b)(2). Subtract Line 17 from Line 16 and enter the result. | $ |

## Part V. CALCULATION OF DEDUCTIONS ALLOWED UNDER § 707(b)(2)

### Subpart A: Deductions under Standards of the Internal Revenue Service (IRS)

| 19 | National Standards: food, clothing, household supplies, personal care, and miscellaneous. Enter "Total" amount from IRS National Standards for Allowable Living Expenses for the applicable family size and income level. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ |
|---|---|---|
| 20A | Local Standards: housing and utilities; non-mortgage expenses. Enter the amount of the IRS Housing and Utilities Standards; non-mortgage expenses for the applicable county and family size. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ |

Official Form 22A (Chapter 7) (04/07) - Cont.                                                                                     4

| 20B | Local Standards: housing and utilities; mortgage/rent expense.  Enter, in Line a below, the amount of the IRS Housing and Utilities Standards; mortgage/rent expense for your county and family size (this information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter on Line b the total of the Average Monthly Payments for any debts secured by your home, as stated in Line 42; subtract Line b from Line a and enter the result in Line 20B.  Do not enter an amount less than zero. | $ |

| a. | IRS Housing and Utilities Standards; mortgage/rental expense | $ |
|----|--------------------------------------------------------------|---|
| b. | Average Monthly Payment for any debts secured by your home, if any, as stated in Line 42 | $ |
| c. | Net mortgage/rental expense | Subtract Line b from Line a. |

| 21 | Local Standards: housing and utilities; adjustment.  If you contend that the process set out in Lines 20A and 20B does not accurately compute the allowance to which you are entitled under the IRS Housing and Utilities Standards, enter any additional amount to which you contend you are entitled, and state the basis for your contention in the space below: | $ |

| 22 | Local Standards: transportation: vehicle operation/public transportation expense. You are entitled to an expense allowance in this category regardless of whether you pay the expenses of operating a vehicle and regardless of whether you use public transportation. Check the number of vehicles for which you pay the operating expenses or for which the operating expenses are included as a contribution to your household expenses in Line 8. ☐ 0  ☐ 1  ☐ 2 or more. Enter the amount from IRS Transportation Standards, Operating Costs & Public Transportation Costs for the applicable number of vehicles in the applicable Metropolitan Statistical Area or Census Region. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ |

| 23 | Local Standards: transportation ownership/lease expense; Vehicle 1. Check the number of vehicles for which you claim an ownership/lease expense. (You may not claim an ownership/lease expense for more than two vehicles.) ☐ 1  ☐ 2 or more. Enter, in Line a below,  the amount of the IRS Transportation Standards, Ownership Costs, First Car (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 1, as stated in Line 42; subtract Line b from Line a and enter the result in Line 23.  Do not enter an amount less than zero. | $ |

| a. | IRS Transportation Standards, Ownership Costs, First Car | $ |
|----|----------------------------------------------------------|---|
| b. | Average Monthly Payment for any debts secured by Vehicle 1, as stated in Line 42 | $ |
| c. | Net ownership/lease expense for Vehicle 1 | Subtract Line b from Line a. |

| 24 | Local Standards: transportation ownership/lease expense; Vehicle 2. Complete this Line only if you checked the "2 or more" Box in Line 23. Enter, in Line a below,  the amount of the IRS Transportation Standards, Ownership Costs, Second Car (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 2, as stated in Line 42; subtract Line b from Line a and enter the result in Line 24.  Do not enter an amount less than zero. | $ |

| a. | IRS Transportation Standards, Ownership Costs, Second Car | $ |
|----|-----------------------------------------------------------|---|
| b. | Average Monthly Payment for any debts secured by Vehicle 2, as stated in Line 42 | $ |
| c. | Net ownership/lease expense for Vehicle 2 | Subtract Line b from Line a. |

| 25 | Other Necessary Expenses: taxes. Enter the total average monthly expense that you actually incur for all federal, state and local taxes, other than real estate and sales taxes, such as income taxes, self employment taxes, social security taxes, and Medicare taxes. Do not include real estate or sales taxes. | $ |

| 26 | Other Necessary Expenses: mandatory payroll deductions. Enter the total average monthly payroll deductions that are required for your employment, such as mandatory retirement contributions, union dues, and uniform costs.  Do not include discretionary amounts, such as non-mandatory 401(k) contributions. | $ |

| 27 | Other Necessary Expenses: life insurance.  Enter average monthly premiums that you actually pay for term life insurance for yourself.  Do not include premiums for insurance on your dependents, for whole life or for any other form of insurance. | $ |

| 28 | Other Necessary Expenses: court-ordered payments.  Enter the total monthly amount that you are required to pay pursuant to court order, such as spousal or child support payments.  Do not include payments on past due support obligations included in Line 44. | $ |
|---|---|---|
| 29 | Other Necessary Expenses: education for employment or for a physically or mentally challenged child.  Enter the total monthly amount that you actually expend for education that is a condition of employment and for education that is required for a physically or mentally challenged dependent child for whom no public education providing similar services is available. | $ |
| 30 | Other Necessary Expenses: childcare.  Enter the average monthly amount that you actually expend on childcare - such as baby-sitting, day care, nursery and preschool. Do not include other educational payments. | $ |
| 31 | Other Necessary Expenses: health care.  Enter the average monthly amount that you actually expend on health care expenses that are not reimbursed by insurance or paid by a health savings account.  Do not include payments for health insurance or health savings accounts listed in Line 34. | $ |
| 32 | Other Necessary Expenses: telecommunication services. Enter the average monthly amount that you actually pay for telecommunication services other than your basic home telephone service - such as cell phones, pagers, call waiting, caller id, special long distance, or internet service - to the extent necessary for your health and welfare or that of your dependents. Do not include any amount previously deducted. | $ |
| 33 | Total Expenses Allowed under IRS Standards.  Enter the total of Lines 19 through 32. | $ |

| | **Subpart B: Additional Expense Deductions under § 707(b)** |
|---|---|
| | **Note: Do not include any expenses that you have listed in Lines 19-32** |

| 34 | Health Insurance, Disability Insurance, and Health Savings Account Expenses.  List and total the average monthly amounts that you actually pay for yourself, your spouse, or your dependents in the following categories. | |
|---|---|---|

| a. | Health Insurance | $ |
|---|---|---|
| b. | Disability Insurance | $ |
| c. | Health Savings Account | $ |
| | Total:   Add Lines a, b and c | |

| 34 | | $ |
|---|---|---|
| 35 | Continued contributions to the care of household or family members.  Enter the actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses. | $ |
| 36 | Protection against family violence. Enter any average monthly expenses that you actually incurred to maintain the safety of your family under the Family Violence Prevention and Services Act or other applicable federal law. The nature of these expenses is required to be kept confidential by the court. | $ |
| 37 | Home energy costs.  Enter the average monthly amount, in excess of the allowance in the IRS Local Standards for Housing and Utilities, that you actually expend for home energy costs.  You must provide your case trustee with documentation demonstrating that the additional amount claimed is reasonable and necessary. | $ |
| 38 | Education expenses for dependent children less than 18.  Enter the average monthly expenses that you actually incur, not to exceed $137.50 per child, in providing elementary and secondary education for your dependent children less than 18 years of age. You must provide your case trustee with documentation demonstrating that the amount claimed is reasonable and necessary and not already accounted for in the IRS Standards. | $ |
| 39 | Additional food and clothing expense. Enter the average monthly amount by which your food and clothing expenses exceed the combined allowances for food and apparel in the IRS National Standards, not to exceed five percent of those combined allowances. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.)  You must provide your case trustee with documentation demonstrating that the additional amount claimed is reasonable and necessary. | $ |
| 40 | Continued charitable contributions. Enter the amount that you will continue to contribute in the form of cash or financial instruments to a charitable organization as defined in 26 U.S.C. § 170(c)(1)-(2). | $ |
| 41 | Total Additional Expense Deductions under § 707(b). Enter the total of Lines 34 through 40 | $ |

| Subpart C: Deductions for Debt Payment | | | |
|---|---|---|---|
| 42 | **Future payments on secured claims.** For each of your debts that is secured by an interest in property that you own, list the name of the creditor, identify the property securing the debt, and state the Average Monthly Payment. The Average Monthly Payment is the total of all amounts contractually due to each Secured Creditor in the 60 months following the filing of the bankruptcy case, divided by 60. Mortgage debts should include payments of taxes and insurance required by the mortgage. If necessary, list additional entries on a separate page. | | |
| | <table><tr><td></td><td>Name of Creditor</td><td>Property Securing the Debt</td><td>60-month Average Payment</td></tr><tr><td>a.</td><td></td><td></td><td>$</td></tr><tr><td colspan="3">Total: Add Lines</td><td></td></tr></table> | | $ |
| 43 | **Other payments on secured claims.** If any of debts listed in Line 42 are secured by your primary residence, a motor vehicle, or other property necessary for your support or the support of your dependents, you may include in your deduction 1/60th of any amount (the "cure amount") that you must pay the creditor in addition to the payments listed in Line 42, in order to maintain possession of the property. The cure amount would include any sums in default that must be paid in order to avoid repossession or foreclosure. List and total any such amounts in the following chart. If necessary, list additional entries on a separate page. | | |
| | <table><tr><td></td><td>Name of Creditor</td><td>Property Securing the Debt</td><td>1/60th of the Cure Amount</td></tr><tr><td>a.</td><td></td><td></td><td>$</td></tr><tr><td colspan="3">Total: Add Lines</td><td></td></tr></table> | | $ |
| 44 | **Payments on priority claims.** Enter the total amount of all priority claims (including priority child support and alimony claims), divided by 60. | | $ |
| 45 | **Chapter 13 administrative expenses.** If you are eligible to file a case under Chapter 13, complete the following chart, multiply the amount in line a by the amount in line b, and enter the resulting administrative expense. | | |
| | <table><tr><td>a.</td><td>Projected average monthly Chapter 13 plan payment.</td><td>$</td></tr><tr><td>b.</td><td>Current multiplier for your district as determined under schedules issued by the Executive Office for United States Trustees. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.)</td><td>x</td></tr><tr><td>c.</td><td>Average monthly administrative expense of Chapter 13 case</td><td>Total: Multiply Lines a and b</td></tr></table> | | $ |
| 46 | **Total Deductions for Debt Payment.** Enter the total of Lines 42 through 45. | | $ |
| Subpart D: Total Deductions Allowed under § 707(b)(2) | | | |
| 47 | **Total of all deductions allowed under § 707(b)(2).** Enter the total of Lines 33, 41, and 46. | | $ |

| Part VI. DETERMINATION OF § 707(b)(2) PRESUMPTION | | |
|---|---|---|
| 48 | Enter the amount from Line 18 (Current monthly income for § 707(b)(2)) | $ |
| 49 | Enter the amount from Line 47 (Total of all deductions allowed under § 707(b)(2)) | $ |
| 50 | **Monthly disposable income under § 707(b)(2).** Subtract Line 49 from Line 48 and enter the result. | $ |
| 51 | **60-month disposable income under § 707(b)(2).** Multiply the amount in Line 50 by the number 60 and enter the result. | $ |

Official Form 22A (Chapter 7) (04/07) - Cont.                                                                  7

| 52 | **Initial presumption determination.** Check the applicable box and proceed as directed. <br><br> ☐ **The amount on Line 51 is less than $6,575.** Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete the verification in Part VIII. Do not complete the remainder of Part VI. <br><br> ☐ **The amount set forth on Line 51 is more than $10,950** Check the box for "The presumption arises" at the top of page 1 of this statement, and complete the verification in Part VIII. You may also complete Part VII. Do not complete the remainder of Part VI. <br><br> ☐ **The amount on Line 51 is at least $6,575, but not more than $10,950.** Complete the remainder of Part VI (Lines 53 through 55). |
|---|---|
| 53 | Enter the amount of your total non-priority unsecured debt     $ |
| 54 | **Threshold debt payment amount.** Multiply the amount in Line 53 by the number 0.25 and enter the result.   $ |
| 55 | **Secondary presumption determination.** Check the applicable box and proceed as directed. <br><br> ☐ **The amount on Line 51 is less than the amount on Line 54.** Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete the verification in Part VIII. <br><br> ☐ **The amount on Line 51 is equal to or greater than the amount on Line 54.** Check the box for "The presumption arises" at the top of page 1 of this statement, and complete the verification in Part VIII. You may also complete Part VII. |

### Part VII. ADDITIONAL EXPENSE CLAIMS

| 56 | **Other Expenses.** List and describe any monthly expenses, not otherwise stated in this form, that are required for the health and welfare of you and your family and that you contend should be an additional deduction from your current monthly income under § 707(b)(2)(A)(ii)(I). If necessary, list additional sources on a separate page. All figures should reflect your average monthly expense for each item. Total the expenses. |
|---|---|

| | Expense Description | Monthly Amount |
|---|---|---|
| a. | | $ |
| b. | | $ |
| c. | | $ |
| d. | | $ |
| | Total: Add Lines a, b, c, and d | $ |

### Part VIII. VERIFICATION

| 57 | I declare under penalty of perjury that the information provided in this statement is true and correct. *(If this is a joint case, both debtors must sign.)* <br><br> Date: **June 25, 2010**      Signature: **/s/ WILLIAM A. GAYLER** <br> **WILLIAM A. GAYLER** <br> (Debtor) |
|---|---|