SYLVESTER & POLEDNAK, LTD.
JEFFREY R. SYLVESTER, ESQ.
Nevada Bar No. 4396
7371 Prairie Falcon, Suite 120
Las Vegas, Nevada 89128
Phone: (702) 952-5200
Fax: (702) 952-5205
Email: jeff@sylvesterpolednak.com
*Attorney for Alleged Debtor William Gayler*

E-FILED November 24, 2010

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

In re

WILLIAM A. GAYLER

Case No.  BK-S-09-31603-MKN
Chapter 7 Involuntary

Hearing Date: December 8, 2010
Hearing Time: 2:30 p.m.

### OPPOSITION TO MOTION TO EXTEND TIME TO OBJECT TO THE DEBTOR'S DISCHARGE

Debtor William A. Gayler ("***Debtor***"), by and through its attorney, Jeffrey R. Sylvester, Esq., of the law firm of Sylvester & Polednak, Ltd., hereby submits this Opposition (the "***Opposition***") to John D. O'Brien, individually, and as Trustee of the John D. O'Brien Profit Sharing Plan; Donald J. Campbell; J. Colby Williams; William Godfrey; Barry R. Moore; Janie Moore; Barry R. Moore and Janie Moore, co-Trustees of the Bamm Living Trust Dated July 16, 2003; John Esposito; Lorraine Esposito; Mario P. Borini; Bianca Borini; Joseph Borini; and Eroom Holding, LP's ("***Movants***") Motion to Extend Time to Object to the Debtor's Discharge (the "***Motion***").

This Opposition is made and based upon the attached Points and Authorities, the papers and pleadings on file herein, and any oral argument that the Court may entertain at the time of any hearing on this Motion.

DATED this 24th day of November, 2010.

By:_____
JEFFREY R. SYLVESTER, ESQ.
7371 Prairie Falcon, Suite 120
Las Vegas, Nevada 89128

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

### STATEMENT OF FACTS

1. On November 16, 2009, Movants commenced an involuntary petition for relief pursuant to 11 U.S.C., § 303.

2. An order granting interim relief pursuant to 11 U.S.C. § 303(f) was entered on December 17, 2009.

3. Trial in the involuntary bankruptcy case was scheduled to occur on March 16, 2010.

4. Pursuant to an agreement by and between the Debtor and the Petitioning Creditors, a conditional order of dismissal was entered on March 29, 2010.

5. At no time subsequent to the commencement of the involuntary petition for relief through and including the entry of the conditional order of dismissal and order for final relief in the involuntary case did the Petitioning Creditors, and the Movants herein, conduct any discovery.

6. On March 29, 2010, a Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, and Deadlines was disseminated to all creditors, including the Movants herein, establishing June 29, 2010 (the "*Initial Deadline*"), as the deadline to file a complaint objecting to discharge of the Debtor or to determine the dischargeablity of certain debts.

7. On June 24, 2010, the Petitioning Creditors filed a Motion to Extend the Time to Object to the Debtor's Discharge seeking to extend the deadline to file a complaint objecting to discharge of the Debtor or to determine the dischargeablity of certain debts. The factual predicate for the first motion was the failure of the Debtor to file the schedules and statements. The first motion states:

> 11. Without the information to be provided by the Debtor in his statements and schedules, Movants cannot adequately ascertain whether cause exists to object to the Debtor's discharge. Additionally, the Debtor's failure to provide information to the Trustee, and to file statements and schedules, makes it impossible for Movants to make such determination.

8. Debtor did not oppose the Movants' first motion and, accordingly, on September 7, 2010, this Court entered an order granting the Motion to Extend Time to Object to Debtor's Discharge until November 1, 2010. At no time subsequent to the entry of the Order for relief,

through and including the Initial Deadline, did the Movants undertake any discovery, or any other effort, to determine the dischargeability of any debts.

9. On June 28, 2010, the Debtor filed its statements and schedules as Doc. 105.

10. The Movants failed to undertake any discovery from the Initial Deadline through, and including, the extended deadline to determine whether to file a complaint objecting to discharges of the Debtor or to determine the dischargeability of any debts.

11. At no time subsequent to the initiation of the involuntary petition for relief have the Movants conducted any discovery. The Movants conducted no depositions, propounded no written discovery, and did not apply for or undertake to examine the Debtor pursuant to Fed. R. Bankr. Proc. 2004.

12. While a 2004 examination of the Debtor was scheduled on October 27, 2010, it was scheduled by City National Bank. In exchange for an agreement to extend the deadline solely on behalf of City National Bank, the 2004 examination was continued.

## II.

## LEGAL ARGUMENT

A.  **Movants Failed to Establish Cause to Extend the Deadline to Object.**

On of the fundamental purposes of the bankruptcy laws is to provide a debtor with a "fresh start" by discharging past debts in exchange for distributing the debtor's current property to the creditors. Stellwagen v. Clum, 241 US 605, 617 (1918). "A discharge is the most important element of a debtor's fresh start." In re Stonham, 317 B.R. (Bankr. D. Colo. 2004) *citing* H.R. Rep. No. 95-595, at 128 (1977) U.S. Code Cong. & Admin. News, 1978 pp. 5963, 6089. Accordingly, debtor's have a significant interest in the prompt resolution of discharge issues. Id., *citing* In re Davis, 195 B.R. 422, 424 (Bankr. W.D.Mo.1996). As a result, based upon the policies of finality, certainty, and a fresh start underlying the deadline, the law "places a heavy burden on the creditor to protect his rights." See, Neeley v. Murchison, 815 F.2d 345, 346 (5th Cir. 1987).

Fed. R. Bankr. Proc. 4007(c) provides that the time deadline for the filing of a § 523 complaint may be extended "for cause." "Cause" is not defined and the determination of whether cause exists is committed to the Court's discretion. In re Farhid, 171 B.R. 94, 96 (N.D. Cal. 1994).

-3-

However, "cause" is to be narrowly construed to promote the prompt resolution of the case and the implementation of the debtor's "fresh start." See, In re Nowinski, 291 B.R. 302 (Bankr. S.D.N.Y. 2003) citing Dombroff v. Green (In re Dombroff), 192 B.R. 615, 621 (S.D.N.Y. 1996); In re Weinstein, 234 B.R. 862, 866 (Bankr. E.D.N.Y. 1999); In re Grillo, 212 B.R. 744, 746 (Bankr. E.D.N.Y. 1997).

"The factors that have formed the court's discretion include (1) whether the creditor had sufficient notice of the deadline and the information to file and objection, see, Santana Olmo v. Quinones Rivera (In re Quinones Rivera) 184 B.R. 178, 183 (D.P.R. 1995), (2) the complexity of the case, see, In re Leary, 185 B.R. 405, 406 (Bankr. D. Mass. 1995), (3) whether the creditor exercised diligence, see, In re Farhid, 171 B.R. at 97; In re Grillo, 212 B.R. at 747; In re Mendelsohn, 202 B.R. 831, 832 (Bankr. S.D.N.Y. 1996), (4) whether the debtor refused in bad faith to cooperate with the creditor, see, In re Benedict, 90 F.3d 50, 55 (2nd Cir. 1996), and (5) the possibility the proceedings pending in another forum will result in collateral estoppel on the relevant issues." See, In re Weinstein, 234 B.R. at 866.

In this case, the Movants have failed to establish cause in any regard. The sole basis upon which the Movants' request is made is that a 2004 examination, scheduled by a third, independent creditor, was rescheduled beyond the deadline to file a non-dischargeability action. Additionally, it is uncontroverted that the Movants had actual knowledge of the objection deadline. Indeed, the Movants have previously requested, and a received, an extension of the Initial Deadline. Notwithstanding their knowledge of the case, and the accompanying deadlines, and their evident interest in these proceedings, the Movants failed to take any steps since the inception of the bankruptcy, through and including the extended deadline, to acquire the information it now implies it needs more time to obtain. As noted above, the Movants failed to seek an order pursuant to Fed. R. Bankr. Proc. 2004 to examine the Debtor of obtain documents at any point. Furthermore, there is no evidence that it attempted to obtain information from the trustee who had in its possession substantially all the Debtor's records and assets. "Knowledge of the deadline coupled with the failure to diligently seek discovery is, absent unusual circumstances, fatal to an extension motion." Id., citing In re Farhid, 171 B.R. at 97 (no cause where creditor failed to obtain creditor's conference

or seek the necessary information from the Debtor); In re Woods, 260 B.R. 41, 45 (Bankr. N.D. Fla. 2001) (no cause where creditor failed to attend Section 341(a) meeting or take any steps during the 110 days between the notice of the commencement of the case and the objection deadline, and filed the extension motion on the date of the deadline); In re Grillo, 212 B.R. at 747 (no cause where, except for filing a rule 2004 motion five days before the deadline, creditors sat on its rights and made no efforts to obtain the information); In re Dekelata, 149 B.R. 115, 117 (Bankr. E.D. Mich. 1993) (no cause where creditor sought rule 2004 examination only 11 days prior to the expiration of the deadline).

Indeed, as of the date of this opposition, more than one year has expired since the Movants filed a chapter 7 involuntary petition for relief. The Movants have, literally, done nothing to protect

### III.
### CONCLUSION

In light of the foregoing reasons set forth above, the Debtor respectfully requests that this Court enter and order denying the Movant's Motion to Extend Time to Object to the Debtor's Discharge.

DATED this 24th day of November, 2010.

SYLVESTER & POLEDNAK, LTD.

By:_____
Jeffrey R. Sylvester, Esq.
7371 Prairie Falcon, Suite 120
Las Vegas, Nevada 89128
*Attorneys for Debtor WILLIAM GAYLER*

-5-