SYLVESTER & POLEDNAK, LTD.  
JEFFREY R. SYLVESTER, ESQ.  
Nevada Bar No. 4396  
7371 Prairie Falcon, Suite 120  
Las Vegas, Nevada 89128  
Phone: (702) 952-5200  
Fax: (702) 952-5205  
Email: jeff@sylvesterpolednak.com  
*Attorney for Alleged Debtor William Gayler*

E-FILED November 24, 2010

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>WILLIAM A. GAYLER | Case No. BK-S-09-31603-MKN<br>Chapter 7 Involuntary<br><br>Hearing Date: December 8, 2010<br>Hearing Time: 2:30 p.m. |

### OBJECTION TO JOINDER TO MOTION TO EXTEND TIME TO OBJECT TO THE DEBTOR'S DISCHARGE

Debtor William A. Gayler ("**Debtor**"), by and through its attorney, Jeffrey R. Sylvester, Esq., of the law firm of Sylvester & Polednak, Ltd., hereby Objects (the "**Objection**") to Creditor Byron Lebow's (the "**Joining Creditor**") Joinder to Motion to Extend Time to Object to the Debtor's Discharge (the "**Joinder**") filed by John D. O'Brien, individually, and as Trustee of the John D. O'Brien Profit Sharing Plan; Donald J. Campbell; J. Colby Williams; William Godfrey; Barry R. Moore; Janie Moore; Barry R. Moore and Janie Moore, co-Trustees of the Bamm Living Trust Dated July 16, 2003; John Esposito; Lorraine Esposito; Mario P. Borini; Bianca Borini; Joseph Borini; and Eroom Holding, LP (the "**Original Movants**").

This Objection is made and based upon the attached Points and Authorities, the papers and pleadings on file herein, and any oral argument that the Court may entertain at the time of any hearing on this Motion.

DATED this 24th day of November, 2010.

By: _____  
JEFFREY R. SYLVESTER, ESQ.  
7371 Prairie Falcon, Suite 120  
Las Vegas, Nevada 89128

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

### STATEMENT OF FACTS

1. On March 29, 2010, a Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, and Deadlines was disseminated to all creditors, including the Movants herein, establishing June 29, 2010 (the "*Initial Deadline*"), as the deadline to file a complaint objecting to discharge of the Debtor or to determine the dischargeablity of certain debts.

2. On June 24, 2010, the Original Movants filed a Motion to Extend the Time to Object to the Debtor's Discharge seeking to extend the deadline to file a complaint objecting to discharge of the Debtor or to determine the dischargeablity of certain debts. The factual predicate for the first motion was the failure of the Debtor to file the schedules and statements.

3. Debtor did not oppose the Original Movants' first motion and, accordingly, on September 7, 2010, this Court entered an order granting the Motion to Extend Time to Object to Debtor's Discharge until November 1, 2010. Neither the Motion nor the Order suggested that the Initial Deadline was extended for the benefit of all creditors. Rather, the Motion is made on behalf of the Original Movants only. At no time subsequent to the entry of the Order for relief, through and including the Initial Deadline, did the Original Movants or Joining Creditor undertake any discovery, or any other effort, to determine the dischargeability of any debts.

4. Significantly, the Joining Creditor did not join in the Original Movants' Motion to Extend the Initial Deadline.

5. On June 28, 2010, the Debtor filed its statements and schedules as Doc. 105.

6. While a 2004 examination of the Debtor was scheduled on October 27, 2010, it was scheduled by City National Bank. In exchange for an agreement to extend the deadline solely on behalf of City National Bank, the 2004 examination was continued.

## II.

### LEGAL ARGUMENT

A. **The Initial Deadline Was Not Extended for the Joining Parties.**

It is uncontroverted that the Joining Creditor did not join in the Original Movants' Motion to Extend the Initial Deadline. Fed. R. Bankr. Proc. 4007(c) fixes the time for filing complaints to

-2-

determine the dischargeability of debts under § 523. Fed. R. Bankr. Proc. 4000(c) provides that the court, may extend the time to object to discharge where the moving party established cause. The Motion must be filed prior to the expiration of 60 days. In the instant case, the joining parties failed to file a formal motion to extend the Initial Deadline, nor did they impliedly or expressly state that they intended to join the Original Movants' motion for an extension of the Initial Deadline. Accordingly, while the Initial Deadline was extended for the moving Original Movants, no such extension was granted for the Joining Creditor such that its request is untimely.

In Burger King, Corp. v. B-K of Kansas, Inc., 73 B.R. 671, 673 (D. Kan. 1987), the plaintiff failed to proffer a motion for extension and failed to apprise the Court of its desire to join in the motion of two moving creditors. Based on the particular facts of that case, the court held that an extension received by the moving creditors did not apply to all creditors. Similarly, in Ichinose v. Homer National Bank, 946 F.2d 1169, 1174 (5th Cir. 1991), the court held that under the language of the orders granting moving creditor's motion to extend the deadlines, the order did not extended to all creditors.

In the instant case, the circumstance surrounding the Original Movants' order extending the Initial Deadline did not provide notice to the Court and to the Debtor that a general extension was requested or demonstrate that cause existed for a general extension. Nor did the order approving the Original Movants' motion extending the Initial Deadline suggest that a general extension was granted. Accordingly, the Joining Creditor's joinder is untimely.

B.     **Joining Creditor Has Failed to Establish Cause to Extend the Deadline to Object.**

On of the fundamental purposes of the bankruptcy laws is to provide a debtor with a "fresh start" by discharging past debts in exchange for distributing the debtor's current property to the creditors. Stellwagen v. Clum, 241 US 605, 617 (1918). "A discharge is the most important element of a debtor's fresh start." In re Stonham, 317 B.R. (Bankr. D. Colo. 2004) citing H.R. Rep. No. 95-595, at 128 (1977) U.S. Code Cong. & Admin. News, 1978 pp. 5963, 6089. Accordingly, debtor's have a significant interest in the prompt resolution of discharge issues. Id., citing In re Davis, 195 B.R. 422, 424 (Bankr. W.D.Mo.1996). As a result, based upon the policies of finality, certainty, and a fresh start underlying the deadline, the law "places a heavy burden on the creditor to protect his rights." See, Neeley v. Murchison, 815 F.2d 345, 346 (5th Cir. 1987).

///

-3-

Fed. R. Bankr. Proc. 4007(c) provides that the time deadline for the filing of a § 523 complaint may be extended "for cause." "Cause" is not defined and the determination of whether cause exists is committed to the Court's discretion. In re Farhid, 171 B.R. 94, 96 (N.D. Cal. 1994). However, "cause" is to be narrowly construed to promote the prompt resolution of the case and the implementation of the debtor's "fresh start." See, In re Nowinski, 291 B.R. 302 (Bankr. S.D.N.Y. 2003) citing Dombroff v. Green (In re Dombroff), 192 B.R. 615, 621 (S.D.N.Y. 1996); In re Weinstein, 234 B.R. 862, 866 (Bankr. E.D.N.Y. 1999); In re Grillo, 212 B.R. 744, 746 (Bankr. E.D.N.Y. 1997).

"The factors that have formed the court's discretion include (1) whether the creditor had sufficient notice of the deadline and the information to file and objection, see, Santana Olmo v. Quinones Rivera (In re Quinones Rivera) 184 B.R. 178, 183 (D.P.R. 1995), (2) the complexity of the case, see, In re Leary, 185 B.R. 405, 406 (Bankr. D. Mass. 1995), (3) whether the creditor exercised diligence, see, In re Farhid, 171 B.R. at 97; In re Grillo, 212 B.R. at 747; In re Mendelsohn, 202 B.R. 831, 832 (Bankr. S.D.N.Y. 1996), (4) whether the debtor refused in bad faith to cooperate with the creditor, see, In re Benedict, 90 F.3d 50, 55 (2nd Cir. 1996), and (5) the possibility the proceedings pending in another forum will result in collateral estoppel on the relevant issues." See, In re Weinstein, 234 B.R. at 866.

In this case, the Original Movants have failed to establish cause in any regard.[1] The sole basis upon which the Original Movants' request is made is that a 2004 examination, scheduled by a third, independent creditor, was rescheduled beyond the deadline to file a non-dischargeability action. Additionally, it is uncontroverted that the Movants had actual knowledge of the objection deadline. Indeed, the Original Movants have previously requested, and a received, an extension of the Initial Deadline. Notwithstanding their knowledge of the case, and the accompanying deadlines, and their evident interest in these proceedings, the Original Movants failed to take any steps since the inception of the bankruptcy, through and including the extended deadline, to acquire the information it now implies it needs more time to obtain. As noted above, the Original Movants failed to seek an order pursuant to Fed. R. Bankr. Proc. 2004 to examine the Debtor of obtain

---

[1] In the instant case, the Joining Creditor has done nothing more than to join the Original Movants' Motion. Accordingly, to determine cause, this Court must look to, and evaluate, the "causes" asserted by the Original Movants.

-4-

documents at any point. Furthermore, there is no evidence that it attempted to obtain information from the trustee who had in its possession substantially all the Debtor's records and assets. "Knowledge of the deadline coupled with the failure to diligently seek discovery is, absent unusual circumstances, fatal to an extension motion." Id., citing In re Farhid, 171 B.R. at 97 (no cause where creditor failed to obtain creditor's conference or seek the necessary information from the Debtor); In re Woods, 260 B.R. 41, 45 (Bankr. N.D. Fla. 2001) (no cause where creditor failed to attend Section 341(a) meeting or take any steps during the 110 days between the notice of the commencement of the case and the objection deadline, and filed the extension motion on the date of the deadline); In re Grillo, 212 B.R. at 747 (no cause where, except for filing a rule 2004 motion five days before the deadline, creditors sat on its rights and made no efforts to obtain the information); In re Dekelata, 149 B.R. 115, 117 (Bankr. E.D. Mich. 1993) (no cause where creditor sought rule 2004 examination only 11 days prior to the expiration of the deadline).

The Joining Creditor has, literally, done nothing to protect its interest. Rather, the Joinder seems to have been filed simply to delay the Debtor's fresh start.

### III.
### CONCLUSION

In light of the foregoing reasons set forth above, the Debtor respectfully requests that this Court enter and order denying Lebow's Joiner to the Original Movants' Motion to Extend Time to Object to the Debtor's Discharge.

DATED this 24th day of November, 2010.

SYLVESTER & POLEDNAK, LTD.

By:_____
Jeffrey R. Sylvester, Esq.
7371 Prairie Falcon, Suite 120
Las Vegas, Nevada 89128
*Attorneys for Debtor WILLIAM GAYLER*

-5-