LISOWSKI LAW FIRM, CHTD.
James F. Lisowski, Sr., Esq.
Nevada Bar No.: 4321
1661 E. Flamingo Road, Suite 5A
Las Vegas, NV 89119
Email: lisowskilaw@aol.com
Phone: (702) 737-6111
Fax: (702) 737-6112

E-FILED ON March 2, 2011

## UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF NEVADA

| In re: | CASE NO.: BK-S-09-31603 MKN |
|---|---|
| WILLIAM A. GAYLER | Chapter 7 |
| Address: 9960 West Cheyenne Ave. Suite 160 Las Vegas, NV 89129 | APPLICATION FOR NUNC PRO TUNC EMPLOYMENT OF ATTORNEY PURSUANT TO 11 U.S.C. § 327 |
| Debtor. | Hearing Date: April 7, 2011 Hearing Time: 11:00 a.m. |

COMES NOW Chapter 7 Trustee, James F. Lisowski, Sr., by and through his counsel, the Lisowski Law Firm, Chtd., and hereby submits his Application for Nunc Pro Tunc Employment of Attorney. This Motion is based upon the following Memorandum of Points and Authorities, the attached Exhibit, the entire case file, and any oral argument this Court may wish to hear.

### MEMORANDUM OF POINTS AND AUTHORITIES

1. On November 16, 2009, Debtor, William A. Gayler, filed his involuntary petition for bankruptcy under Chapter 7 of Title 11 of the United States Code, and an Order for Relief was entered.

2. James F. Lisowski, Sr. was appointed the Chapter 7 Trustee in the case and has acted in that capacity ever since his appointment.

3. The Trustee seeks to employ Lisowski Law Firm, Chtd., as his attorney, Nunc Pro Tunc to the date of the Trustee's appointment.

4. The Trustee has selected the Lisowski Law Firm, Chtd., because of its experience in matters of this character, is well-qualified to assist the Trustee in this matter and is willing to perform services in this case with no assurance that it will ever be paid for its services.

5. It is necessary for the Trustee to employ said law firm to render the following professional services:

    (a) to investigate the Debtor's assets and activities;

    (b) to investigate numerous transfers to and from insiders and family members to try to substantively consolidate this case with numerous other non-bankrupt entities;

    ( c) file a potential 11 U.S.C. 727 action;

    (d) to file necessary actions and pleadings of other professionals and experts that may be needed in the case;

    (e) to conduct discovery including 2004 examinations;

    (f) to perform other services necessary for recovery and liquidation of assets.

6. When the case was received by the Trustee, it was evident that the case would require the immediate attention of an attorney in order to handle the scores of litigation, discovery, and recovery actions of this estate.

7. The Trustee has previously attempted to hire Anthony A. Zmaila Limited PLLC as his attorneys in this case by means of an ex-parte application. The United States Trustee's office has refused to sign off on the ex-parte order.

8. The Lisowski Law Firm, Chtd., previously handled numerous issues in similar cases, filed pleadings, and made Court appearances including the trial of adversary proceedings for at least ten (10) different former and current Trustees prior to Mr. Lisowski himself becoming a Trustee.

9. The Trustee is now seeking to finish the balance of his previously assigned cases and needs to hire a law firm as general counsel.

10. The Trustee further plans to hire the Marquis and Aurbach Law Frim as special counsel to handle specific litigation issues. This law firm cannot act as general counsel due to a conflict that will be presented to the Court by way of its own duly filed and noticed application.

11. There will be no duplication of services by the two law firms.

12. James F. Lisowski, Sr., Esq., seeks to be retained by the Trustee at a rate of $350.00 per hour, associates at the rate of $250.00 per hour, and paralegals at the rate of $100.00 per hour, plus reasonable costs incurred.

13. To the best of the Trustee's knowledge, the Lisowski Law Firm, Chtd., and the members thereof have no connection with the United States Trustee other than Mr. Lisowski having been a panel Trustee who previously resigned, the Debtor, creditors, or any other party of interest or their respective attorneys, and represent no interest that is adverse to the Trustee or to the Estate in matters upon which the firm will be engaged. As such, the Lisowski Law Firm, Chtd., is a disinterested person within the meaning of 11 U.S.C. § 101(14).

## II. LEGAL ARGUMENT

Court authorization of a professional is required prior to the performance of the professional's services. In some circumstances, a professional can receive Court approval for employment on a nunc pro tunc basis. Such retroactive employment may be approved in the Ninth Circuit where the applicant has a satisfactory explanation for the failure to receive prior approval and the applicant will benefit the estate in a significant manner. *Mehdipour v. Marcus & Millichap*, 202 BR 474, 479 (9th Cit. 1996).

In this case, the Trustee believed that he could hire Anthony A. Zmaila Limited PLLC. This application and all others that have recently been filed ex-parte have all come back unsigned. As such Anthony A. Zmaila Limited PLLC and several others will not take on any additional work. Legal work is warranted in this case for a variety of reasons as the debtor has substantial debt much of it from investor contributions of six figures or more, creditor interest in this case has been high. Due to the denial of the Anthony A. Zmaila Limited PLLC ex-parte application and the dollar amount involved employment of the Lisowski Law Firm, Chtd., is appropriate.

WHEREFORE, Chapter 7 Trustee, James F. Lisowski, Sr., respectfully requests that this Court grant his Application for Nunc Pro Tunc Employment of Attorney Pursuant to 11 U.S.C. § 327, and for any further relief this Court may so deem to grant.

DATED this 2nd day of March, 2011.

Respectfully Submitted:
LISOWSKI LAW FIRM, CHTD.

By: _____
JAMES F. LISOWSKI, SR., ESQ.
Nevada Bar No.: 4321
1661 E. Flamingo Road, Suite 5A
Las Vegas, NV 89119
(702) 737-6111

Attorneys for Chapter 7
Trustee, James F. Lisowski, Sr.