**Marquis Aurbach Coffing**  E-Filed: **April 5, 2013**
Phillip S. Aurbach, Esq.
Nevada Bar No. 1501
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
paurbach@maclaw.com
  Special Counsel Attorney for Chapter 7
  Bankruptcy Trustee, David A. Rosenberg

**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| In Re:<br><br>WILLIAM GAYLER,<br><br>Debtor. | Case No.: BK-S-09-31603-MKN<br>Chapter: 7<br><br>Hearing Date: May 8, 2013<br>Hearing Time: 10:00 a.m.<br>Courtroom: 5 |

**TRUSTEE'S MOTION TO APPROVE COMPROMISE PURSUANT TO RULE 9019**

David A. Rosenberg, the duly appointed Chapter 7 Trustee in the above-entitled bankruptcy case (hereinafter "Trustee"), by and through his counsel, Phillip S. Aurbach, Esq. of Marquis Aurbach Coffing, hereby moves this Court for an order approving compromise with Sunset II, LLC ("Sunset II") pursuant to Rule 9019 ("Motion"). This Motion is based upon the following Memorandum of Points and Authorities, the entire case file and any oral argument this Court may wish to entertain.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

On January 29, 2013, a Stipulation for Deposit of Dissolution Proceeds and Discharge of Sunset II, LLC (Dkt# 487) (the "Stipulation") was filed in the above-referenced bankruptcy case. The same Stipulation was also filed in the related Adversary Proceeding (Case No. 11-01410-MKN) (the "Adversary Proceeding") on January 31, 2013 (AP Dkt# 306). The Stipulation sets forth the parties' agreement to hold funds that are potentially property of the Estate in trust pending further order of this Court. Because the disputed funds involve Defendants to the Adversary Proceeding, a hearing was scheduled and noticed in the Adversary Proceeding (Dkt# 307). During the hearing held on February 28, 2013, the Court informed the Trustee and

counsel for Sunset II that, pursuant to Fed. R. Bankr. P. Rule 9019, the creditors should have been given notice of the hearing and directed the Trustee to file this instant Motion. The Court further found that good cause existed to shorten the notice required under Rule 9019 to ten (10) days, as distribution of the Sunset II proceeds is the only remaining issue to be addressed before Sunset II can dissolve.

## II.   LEGAL ARGUMENT AND STATEMENT OF FACTS

Pursuant to Fed. R. Bankr. P. Rule 9019, upon a motion by the Trustee and after notice of a hearing, the Court may approve a compromise or settlement. Further, pursuant to Rule 9019, notice shall be given to the creditors, the U.S. Trustee, the Debtor and any other entity as the court may direct. In approving a compromise, the Court is directed to consider: (1) the probability of success in litigation of the dispute; (2) the difficulties to be encountered, if any; in the collection of an award; (3) the complexity, expense, inconvenience and delay of litigation; and (4) the interest of creditors in the case, giving deference to any reasonable views expressed. See In re HyLoft, Inc., 451 B.R. 104, 109 (Bankr. D. Nev. 2001). The proponent of the settlement must persuade the court that the settlement is in the best interest of the estate. Id. (internal citation in quotations omitted). Further, the Trustee must demonstrate more than a "mere good faith negotiation of the settlement" because the Court must independently make a finding that the compromise is reasonable, fair and equitable. Id. Finally, the Trustee must show that he/she has made an "informed judgment after diligent investigation." Id.

Here, the Trustee seeks to resolve any and all claims against Sunset II, LLC ("Sunset II"), a Nevada limited liability company. While Sunset II is not a named defendant in the Adversary Proceeding, the Debtor, through various entities, has an ownership interest in Sunset II, and the Trustee has included allegations in the First Amended Adversary Complaint (AP Dkt# 80) that Sunset II holds and/or has distributed Debtor's property ownership interest in Sunset II which should be turned over to the Estate for disposition by the Court.

Sunset II owned a single asset—a piece of real property—which it recently sold and distributed the net property sale proceeds of $931,632.31, less operational costs and dissolution

reserves, to ten (10) of its members, but has reserved and held for deposits the following member interest distributions related to Debtor/Defendant Gayler and his entities:

    1.      Meritage-Gayler, LLC ("Meritage") (1% member interest)...........$9,216.23; and

    2.      ICON Profit Sharing Plan II ("IPS II") (2.5% member interest)....$15,744.83.

(Dkt# 487).

Because Sunset II sold its sole asset, Sunset II is seeking to dissolve as a Nevada limited liability company upon distribution of the sales proceeds and payment of its remaining obligations and debts. (Dkt# 487). However, because there is an ongoing dispute between the Trustee and the Debtor and Gayler Defendants[1] as to whether or not the ownership interests in Sunset II are property of the Estate, the parties have agreed to deposit the disputed funds into the Gayler Defendants' attorney's client trust account pending further order of the Court in the Adversary Proceeding or other such court that has competent jurisdiction. (Dkt# 487).

The Trustee has reviewed the membership interests of Sunset II and has identified the Meritage and IPS II interests and related distributions—a total of $24,961.06—as potential property of the Estate.[2] Additionally, the Trustee is informed and believes that Sunset II has sold its sole asset, such that it should be discharged of all claims by the Estate following distribution of the funds.[3] Because this amount reflects the total amount of the distribution that could potentially be property of the Estate, the Trustee believes that this compromise is in the best interest of the Estate, as holding the funds in trust will preserve potential Estate assets pending

---

[1] The Gayler Defendants are comprised of Debtor/Defendant William A. Gayler; 23 Golden Sunray, L.L.C.; Altra Vida, L.L.C.; Apan Wine, Limited Liability Company; Axios-TC, Limited Liability Company; Ch. Angelus LLC; Ch. Angelus II LLC; Ch. Angelus III, Limited Liability Company; Ch. Pichon I, LLC; Dominus M-B, L.L.C.; Groth Limited Liability Company; Harlan, LLC; Icon Holding Company LLC; Icon Real Estate Companies, Inc.; Icon Real Estate Development, Limited Liability Company; IPS II, Limited Liability Company; Meritage-Gayler Limited Liability Company; Morpheus Enterprises, LLC; Polyrus Limited Liability Company; The Gayler Family Educational, LLC; William A. Gayler d/b/a Icon Real Estate Services; William A. Gayler, as General Partner of TGF Holding Limited Partnership; William A. Gayler, as Trustee of the Gayler 2001 Irrevocable Trust; William A. Gayler, as Trustee of the Jayden Kristopher Gayler Irrevocable Trust; and William A. Gayler, as Trustee of the William A. Gayler Separate Property Trust.

[2] See **Exhibit 1**, Declaration of David A. Rosenberg.

[3] Id.

MAC:12089-001 1918014_1 4/5/2013 10:13 AM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

trial in the Adversary Proceeding. Additionally, creditors will not be prejudiced, as the agreement will preserve potential Estate assets. Indeed, the opposite is true in that the agreement to hold the funds in trust will benefit the creditors such that the funds will not be dissipated by Gayler or any of the other entities pending the ongoing Adversary Proceeding. Finally, if the proceeds from the sale are distributed to Gayler's entities, the Estate will likely have a difficult time recovering the same, given the multiple layers of ownership. As such, the Trustee believes that the Stipulation is in the best interest of the Estate.

### III. CONCLUSION

As set forth above, the Stipulation regarding Sunset II is in the best interest of the Estate and serves to preserve potential Estate assets, while also protecting creditors. As such, the Trustee hereby requests that the Stipulation for Deposit of Dissolution Proceeds and Discharge of Sunset II, LLC be approved by this Court.

Dated this 5th day of April, 2013.

MARQUIS AURBACH COFFING

By /s/ Phillip S. Aurbach
  Phillip S. Aurbach, Esq.
  Nevada Bar No. 1501
  10001 Park Run Drive
  Las Vegas, Nevada 89145
  Special Counsel Attorney for Chapter 7
  Bankruptcy Trustee, David A. Rosenberg

# Exhibit 1

## **DECLARATION OF DAVID A. ROSENBERG**

David A. Rosenberg, declares as follows:

1. I am the appointed Chapter 7 Trustee in the above-referenced case. I am over the age of 18 years and have personal knowledge of the facts stated herein, except for those stated upon information and belief, and as to those, I believe them to be true. I am competent to testify as to the facts stated herein in a court of law and will so testify if called upon.

2. I am informed and believe that Sunset II, LLC ("Sunset II") is a Nevada limited liability, which, until recently, held a single asset-a parcel of real property.

3. I am informed and believe that Sunset II recently sold its sole asset and distributed the net property sale proceeds of $931,632.31, less operational costs and dissolution reserves, to ten (10) of its members, but has reserved and held for deposits the following member interest distributions related to Debtor/Defendant Gayler and his entities:

- Meritage-Gayler, LLC ("Meritage") (1% member interest)............$9,216.23; and
- ICON Profit Sharing Plan II ("IPS II") (2.5% member interest).....$15,744.83.

4. I have reviewed the membership interests of Sunset II and identified the Meritage and IPS II interests and related distributions—a total of $24,961.06—as potential property of the Estate.

5. I am informed and believed that, following the distribution, Sunset II will have no additional potential assets of the Estate should be discharged of all claims by the Estate.

6. Because the distribution set forth above reflects the total amount of the distribution that could potentially be property of the Estate, I believe that this compromise is in the best interest of the Estate, as holding the funds in trust will preserve potential Estate assets pending trial in the Adversary Proceeding.

7. Additionally, I believe creditors will not be prejudiced, as the Stipulation will preserve potential Estate assets.

. . .

. . .

. . .

Page 1 of 2

MAC:12089-001 1920147_1 4/5/2013 10:14 AM

8. Finally, if the proceeds from the sale are distributed to Gayler's entities, the Estate will likely have a difficult time recovering the same, given the multiple layers of ownership.

9. As such, I believe that the Stipulation is in the best interest of the Estate.

Pursuant to NRS § 53.045, I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is true and correct.

Dated this 5th day of April, 2013.

/s/ David A. Rosenberg
David A. Rosenberg