**MOT**                                                              E-filed on:  July 17, 2013
HOWARD C. KIM, ESQ.
Nevada Bar No. 10386
E-mail: howard@hkimlaw.com
JACQUELINE A. GILBERT, ESQ.
Nevada Bar No. 10593
E-mail: jackie@hkimlaw.com
KATHERINE C.S. CARSTENSEN, ESQ.
Nevada Bar No. 10656
E-mail: katherine@hkimlaw.com
HOWARD KIM & ASSOCIATES
400 N. Stephanie St, Suite 160
Henderson, Nevada 89014
Telephone: (702) 485-3300
Facsimile: (702) 485-3301

*Attorneys for David A. Rosenberg, Chapter 7 Trustee*

HOWARD KIM & ASSOCIATES
400 N. STEPHANIE ST., SUITE 160
HENDERSON, NEVADA 89014
(702) 485-3300 FAX (702) 485-3301

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No.: BK-S-09-31603-MKN |
| | Chapter 7 |
| WILLIAM A. GAYLER | |
| Debtor. | **TRUSTEE'S MOTION TO DISQUALIFY COUNSEL FOR JOHN D. O'BRIEN PROFIT SHARING PLAN AND COUNSEL FOR BARRY R. MOORE AND JANIE MOORE AS CO-TRUSTEES OF THE BAMM LIVING TRUST DATED JULY 16, 2003, GROTH, LLC, CH PICHON, LLC, AND HARLAN LLC THROUGH THEIR MANAGING MEMBER JOHN O'BRIEN** |
| | Hearing Date:  OST Pending |
| | Hearing Time:  OST Pending |
| | Place:  Foley Federal Bldg. |
| | 300 Las Vegas Blvd. S. |
| | Las Vegas, NV 89101 |
| | Hon. Mike K. Nakagawa |

David A. Rosenberg, Chapter 7 Trustee ("Trustee") for the bankruptcy estate of William

A. Gayler ("Gayler") and CH Angelus II, LLC, Case No. 12-22209-MKN, ("Angelus II"),

moves to disqualify the law firm of Marquis Aurbach Coffing ("MAC"), counsel for John D.

O'Brien Profit Sharing Plan ("O'Brien") and Zachariah Larson, Esq. ("Larson") and his firm

Larson & Zirzow, LLC ("Larson & Zirzow"), counsel for Barry R. Moore and Janie Moore as

co-trustees of the BAMM Living Trust Dated July 16, 2003, Groth, LLC ("Groth"), CH Pichon, LLC ("Pichon"), and Harlan LLC through their managing member John O'Brien ("Harlan") (collectively "Angelus II Members), pursuant to Nevada Rules of Professional Conduct 1.9 and 1.10.

Angelus II Members' counsel, Larson, by and through his previous association with MAC, has knowledge of Gayler's bankruptcy action, including but not limited to information applicable to Gayler's defense of his maintained interest in CH Angelus I, LLC ("Angelus") and Angelus II, as well as the Trustee's overall litigation strategy regarding bringing assets into the bankruptcy estates.  Larson acquired this knowledge through MAC's representation of the Trustee for the bankruptcy estate of Gayler over the past two years.  Though MAC has recently withdrawn as special counsel for the Trustee in Gayler's bankruptcy proceeding, due to numerous conflicts of interest described more fully below, MAC continues to represent O'Brien, a petitioning creditor in Gayler's bankruptcy case, and Larson, formerly associated with the MAC law firm until just recently, continues to represent the Angelus II Members in the Angelus II bankruptcy case.  This Court should disqualify MAC, Larson and his firm.

Dated this 17th day of July, 2013.

**HOWARD KIM & ASSOCIATES**

/s/Howard C. Kim
Howard C. Kim, Esq.
Nevada Bar No. 10386
Jacqueline A. Gilbert, Esq.
Nevada Bar No. 10593
Katherine C.S. Carstensen, Esq.
Nevada Bar No. 10656
400 N. Stephanie St. Suite 160
Henderson, Nevada 89014

*Attorneys for David A. Rosenberg, Chapter 7 Trustee*

///

///

///

HOWARD KIM & ASSOCIATES
400 N. STEPHANIE ST., SUITE 160
HENDERSON, NEVADA 89014
(702) 485-3300 FAX (702) 485-3301

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

This Court must disqualify MAC, Larson and his law firm, Larson & Zirzow, LLC, from representing O'Brien and the Angelus II Members under N.R.P.C. 1.9(a) and N.R.P.C. 1.10. N.R.P.C. 1.9(a) forbids a lawyer from representing a new client whose interests are materially adverse to a former client on a substantially related matter. N.R.P.C. 1.10(a) prohibits a firm of lawyers from representing a client where an individual of the firm could not do so.

From May 23, 2011 to June 10, 2013, MAC was employed as special counsel to the Trustee in Gayler's bankruptcy proceeding. During that time, MAC assisted the Trustee in filing numerous motions and initiating an adversary proceeding in Case No. 11-01410-mkn ("Adversary Proceeding") against Gayler and Angelus II, et al asserting fraudulent transfer and alter ego claims. Among other things, the Adversary Proceeding sought to bring assets into Gayler's bankruptcy estate, including Gayler's interest in Angelus II.

Prior to being employed as special counsel to the Trustee in Gayler's bankruptcy proceeding, in 2009, MAC represented Barry R. Moore, Janie Moore, Barry R. Moore and Janie Moore, Co-Trustees of the BAMM Living Trust Dated July 16, 2003, John D. O'Brien, et al in their state court action against Gayler, Angelus II, et al in Case No. A-09-596777-C ("777 Action"). Moreover, MAC also represented Barry Moore, John D. O'Brien, et al in another state court action against Gayler, et al in Case No. A-10-616929-C ("929 Action") in 2010. Based on this obvious conflict of interest, MAC should have never agreed to represent the Trustee in Gayler's bankruptcy proceeding.

Despite the conflicts involved however, MAC nevertheless undertook such representation and shockingly enough, also continued to represent the plaintiffs in state court in the 777 Action and the 929 Action. More than that, MAC failed to represent the bankruptcy estate's interest in the state court proceedings. Instead, MAC vigorously represented their "other clients" without bothering to lift stay in Gayler's bankruptcy case. Finally, when the current Trustee expressed his concern regarding the impermissible conflicts involved, on June 10, 2013, MAC voluntarily

HOWARD KIM & ASSOCIATES
400 N. STEPHANIE ST., SUITE 160
HENDERSON, NEVADA 89014
(702) 485-3300 FAX (702) 485-3301

1    withdrew as special counsel to the Trustee in Gayler's bankruptcy case.  Even with this

2    withdrawal however, MAC continues to represent O'Brien, a petitioning creditor in Gayler's

3    bankruptcy case, and Larson, formerly associated with the MAC law firm until just recently,

4    continues to represent the Angelus II Members in the Angelus II bankruptcy proceeding.

5          Though the Trustee was aware of Larson's continued representation of the Angelus II

6    Members, this representation was not materially adverse to the Trustee in his administration of

7    Gayler's bankruptcy estate until July 10, 2013, when Larson, at a status check hearing, openly

8    stated that certain settlement proceeds being held by the trial court did not belong to Gayler's

9    bankruptcy estate and also expressed that his current clients intend to oppose the settlement

10   motion pending in the Adversary Proceeding.

11         MAC, Larson, and his firm are barred by Nevada's Rules of Professional Conduct from

12   attempting to use their knowledge, gained while employed as special counsel to the Trustee, to

13   harm the Trustee in his administration of Gayler's bankruptcy case.

**II.**

**STATEMENT OF FACTS**

14

15

16   **A. State Court Action, Case No. A-09-596777-C[1], and William A. Gayler Bankruptcy**

17       **Proceeding, Case No. 09-31603-MKN**

18         1.      On August 6, 2009, Barry R. Moore, Janie Moore; Barry R. Moore and Janie

19   Moore, Co-Trustees of the BAMM Living Trust Dated July 16, 2003; John D. O'Brien,

20   individually; John D. O'Brien, Trustee of the John D. O'Brien Profit Sharing Plan, et al ("777

21   Plaintiffs"), by and through their counsel of record MAC, filed a complaint against Gayler,

22   Angelus II, Eliot A. Alper, Trustee of the Eliot A. Alper Revocable Trust Dated March 22, 1999

23

24   [1] Case No. A-09-596777-C; Barry R. Moore; Janie Moore; Barry R. Moore and Janie Moore,
     Co-Trustees of the BAMM Living Trust Dated July 16, 2003; Donald J. Campbell, Trustee of the
25   Donald J. Campbell Professional Corporation Profit Sharing Plan; John D. O'Brien, individually,
     John D. O'Brien, Trustee of the John D. O'Brien Profit Sharing Plan; John Esposito,
26   individually; Lorraine Esposito, individually vs. William A. Gayler; Martin Barrett; Robin
     Barrett; Walter Loerwald; Jana Loerwald; Gloria Buonaccorsi; CH Angelus, LLC; CH Angelus
27   II, LLC; CH Angelus Partners, LLC; APAN Wine, LLC; ICON Holdings Company, LLC; ICON
     Real Estate Companies, Inc.; Eliot A. Alper, Trustee of the Eliot A. Alper Revocable Trust Dated
28   March 22, 1999; Alper Limited Partnership; Does I through X, inclusive; and Roes I through X,
     inclusive.  Trustee requests this Court take judicial notice of all pleadings filed in this case.

HOWARD KIM & ASSOCIATES
400 N. STEPHANIE ST., SUITE 160
HENDERSON, NEVADA 89014
(702) 485-3300 FAX (702) 485-3301

HOWARD KIM & ASSOCIATES
400 N. STEPHANIE ST., SUITE 160
HENDERSON, NEVADA 89014
(702) 485-3300 FAX (702) 485-3301

("Alper Revocable Trust"), Alper Limited Partnership ("Alper LP" and together with Alper Revocable Trust "Alper"), et al ("777 Defendants") alleging breach of contract, negligence, unjust enrichment and civil conspiracy claims.  Specifically, the complaint alleged that Gayler borrowed funds and encumbered property owned by Angelus and Angelus II without the consent of the entity's other members.  The funds Gayler borrowed, in the amount of approximately $2.0 million, came from Defendant Eliot A. Alper, Trustee of the Eliot A. Alper Revocable Trust Dated March 22, 1999 and Defendant Alper Limited Partnership (collectively the "Alper Defendants").

2.      On November 16, 2009, The Pius Reiger Family Ltd. Partnership, John D. O'Brien Profit Sharing Plan, and Addison Glass, Inc. (collectively the "Petitioning Creditors") filed an involuntary petition for relief under Chapter 7 of the Bankruptcy Code on behalf of Gayler [Dkt. No. 1].

3.      On or around March 29, 2010, James F. Lisowski ("Former Trustee") was appointed as Chapter 7 Trustee.

4.      On June 28, 2010, Gayler filed a voluntary amended petition ("Petition") for relief under Chapter 7 of the Bankruptcy Code [Dkt. No. 105].

5.      In his Schedule B, Gayler listed ownership interest in approximately sixty entities ("Gayler Entities"), including a 7.5% interest in Angelus II by and through his ownership of TGF Holding, LP ("TGF") [Dkt. No. 105].  Gayler also claimed, in his Schedule C, that his interest in the Gayler Entities were exempt pursuant to NRS § 21.090(1)(z) [Dkt. No. 105].

6.      On April 14, 2011, Former Trustee filed an Application to Employ MAC as Special Counsel Under Contingency Fee Basis [Dkt. No. 192].  This Application was granted by the Court on May 23, 2011 [Dkt. No. 205].

7.      Despite Gayler's bankruptcy, the 777 Plaintiffs, represented by MAC, did not seek relief from the automatic stay to continue with the state court action.

8.      On July 8, 2011, the trial court in the 777 Action (the "777 Court") found that the $2.0 million promissory notes in favor of the Alper Defendants were void and invalid as they provided zero benefit to Angelus and Angelus II.

9.      On December 8, 2011, at a meeting of the Angelus and Angelus II members, a majority of the members voted to settle the instant litigation against the Alper Defendants for $1.3 million or higher in exchange for reinstating the $2.0 million promissory note and Deed of Trust secured by the property owned by Angelus and Angelus II.

10.     On April 10, 2012, the 777 Court entered an Order approving the settlement agreement reached with the Alper Defendants, wherein the Alper Defendants agreed to pay Angelus and Angelus II $1.4 million in exchange for the reinstatement of the $2.0 million promissory note and Deed of Trust secured by the property owned by Angelus and Angelus II.

11.     On June 4, 2012, in Gayler's bankruptcy case, Larson, while he was at MAC, filed a Reply in Support of Trustee's Motion for Turnover of Non-Exempt Personal Property and Funds Pursuant to 11 U.S.C. §§ 541 and 542 [Dkt. No. 453].

12.     The Angelus and Angelus II members met again on June 11, 2012.  At the meeting, a purported majority of the non-managing members of Angelus and Angelus II appointed Barry Moore as their new managing member. Also, a purported majority of the non-managing members of Groth, Pichon and Harlan appointed John O'Brien as the new managing member.

13.     At the same time, the purported majority of the non-managing members of Angelus and Angelus II recognized the claims still pending against Gayler, the Barretts, and the Loerwards, in which a part of the relief sought against these defendants, was to disgorge them of any interest they may hold in Angelus and Angelus II.  Therefore, the members resolved to hold any and all membership interest held by Gayler, the Barretts and the Loerwards in trust until the resolution of the claims against them in the lawsuit.

14.     On August 24, 2012, the 777 Court ordered that legal expenses (total amount of $281,129.37) and property taxes (total amount of $114,533.81) be taken out of the $1.4 million settlement amount, and the remaining $1,004,336.82 be allocated 58% to Angelus and 42% to Angelus II, with distribution to the members according to their respective interests.  *See* Order, attached hereto as **"Exhibit 1"** at ¶ 19.

///

HOWARD KIM & ASSOCIATES
400 N. STEPHANIE ST, SUITE 160
HENDERSON, NEVADA 89014
(702) 485-3300 FAX (702) 485-3301

- 6 -

15.    However, the 777 Court found that the appointment of a new managing member for the entities does not relate to the implementation of the settlement and declined to enter an Order related to the appointments. *See* Order, Exhibit 1 at ¶ 21.

16.    The 777 Court also found that the retention of any settlement funds claimed by Gayler, the Barretts and the Loerwards does not relate to the implementation of the settlement and declined to enter an Order related to those Angelus and Angelus II member resolutions. *See* Order, Exhibit 1 at ¶ 20.

17.    On October 12, 2012, the 777 Court ordered that $413,322.25 of the $1.4 million settlement amount was to be deposited in the registry of the Court until ownership of the membership interests in Angelus and Angelus II were determined or resolved.

18.    Trustee is informed and believes that Gayler's bankruptcy estate is entitled to some or all of the funds being held by the registry of the Court.

19.    On December 12, 2012, David A. Rosenberg ("Trustee") was appointed as Successor Trustee in Gayler's bankruptcy case, replacing James F. Lisowski [Case No. 09-31603-MKN, Dkt. No. 482].

20.    On February 4, 2013, the Trustee, Howard C. Kim, Esq. of Howard Kim & Associates, Phil Aurbach, Esq. of MAC, Terry Coffing, Esq. of MAC, Larson, Liane Wakayama, Esq. of MAC, and Dale Hayes, Esq. of MAC met for over two hours and discussed everything related to the state court litigation and bankruptcy proceedings.

21.    On April 11, 2013, MAC filed a Motion to Withdraw as Special Counsel Attorneys for Chapter 7 Trustee, David A. Rosenberg ("Motion to Withdraw") [Case No. 09-31603-MKN, Dkt. No. 507]. This Motion to Withdraw was granted by the Court on June 10, 2013 [Case No. 09-31603-MKN, Dkt. No. 513].

22.    On July 3, 2013, Trustee filed a Motion to Approve Settlement Agreement ("Motion to Approve Settlement Agreement") between the Trustee, Gayler, Jeffery R. Sylvester, Esq. ("Sylvester"), Walter Loerwald aka Leroy Loerwald, Martin Barrett, and the Gayler Entities. Pursuant to the terms of the settlement agreement, Trustee will pay Gayler $100,000.00, which will be paid directly to Sylvester for Gayler's attorney's fees, and in

**HOWARD KIM & ASSOCIATES**
400 N. STEPHANIE ST., SUITE 160
HENDERSON, NEVADA 89014
(702) 485-3300 FAX (702) 485-3301

- 7 -

HOWARD KIM & ASSOCIATES
400 N. STEPHANIE ST., SUITE 160
HENDERSON, NEVADA 89014
(702) 485-3300 FAX (702) 485-3301

1  exchange, Gayler agrees that all of his remaining assets, including but not limited to his

2  ownership and management interests in the Gayler Entities including his interest in Angelus II,

3  will become part of the bankruptcy estate.  Upon approval of the settlement agreement, the

4  Trustee will dismiss its claims asserted in the Adversary Proceeding.

5       23.    On July 10, 2013, at a status check hearing on the Motion to Dismiss in the

6  Angelus II bankruptcy case, Larson stated that his clients believe that the settlement proceeds

7  being held by the registry of Court does not belong to Gayler's bankruptcy estate.[2]

8       24.    On July 12, 2013, Larson issued subpoenas to the Trustee and his counsel,

9  seeking all relevant information regarding the pending settlement agreement between the Trustee

10  and Gayler. [Case No. 12-22209, Dkt. Nos. 48-51].

11      25.    The Trustee is informed and believes that MAC, on behalf of petitioning creditor

12  O'Brien, and/or Larson, on behalf of the Angelus II Members, intends to oppose the Motion to

13  Approve Settlement Agreement.

14  **B. State Court Action, Case No. A-10-616929-B[3]**

15      26.    On May 18, 2010, Barry Moore, John D. O'Brien, Don Campbell, J. Colby

16  Williams, William Godfrey, and Eroom Holdings, LLP ("929 Plaintiffs"), by and through their

17  counsel of record MAC, filed a complaint against Gayler, CH Angelus IV ("Angelus IV"), et al,

18  alleging breach of contract, unjust enrichment, and conspiracy claims.  Specifically, the

19  complaint alleged that Gayler borrowed funds and encumbered property owned by Angelus IV

20  without the consent of the entity's other members.

---

[2] On October 30, 2012, Angelus II, by and through Gayler as managing member, filed a Chapter 7 petition for bankruptcy protection in Case No. 12-22209-MKN [Dkt. No. 1].  In this bankruptcy proceeding, Larson represents the Angelus II Members. On December 18, 2012, Larson filed a Motion to Dismiss Case Pursuant to 11 U.S.C. § 707 ("Motion to Dismiss") [Dkt. No. 14].  Angelus II filed an Opposition to the Motion to Dismiss on January 9, 2013 [Dkt. No. 20].

[3] Case No. A-10-616929-B; Barry Moore; John D. O'Brien; Don Campbell; J. Colby Williams; William Godfrey; and Eroom Holdings, LP vs. CH Angelus IV; Martin G. Barrett and Robin D. Barrett as Co-Trustees of the Old Landing Trust; William A. Gayler, Martin G. Barrett; Robin D. Barrett; Eliot A. Alper, Trustee of the Eliot A. Alper Revocable Trust Dated March 22, 1999; Tina A. Alper, Trustee of the Tina A. Alper Revocable Trust Dated June 22, 1999; Livia M. Lindquist; Does I through X; and Roe Corporations I through X, inclusive.  Trustee requests this Court take judicial notice of all pleadings filed in this case.

27.    On March 8, 2013, the 929 Plaintiffs abandoned their individual claims against Gayler in the Pretrial Memorandum as he filed for bankruptcy.

28.    On June 20, 2013, after a non-jury trial held in March and April 2013, the Court found, among other things, the 929 Plaintiffs met the requirements to quiet title of the Angelus IV property in the name of Angelus IV, free and clear of the note and deed of trust which Gayler had used to improperly encumber the property.

**C. The Adversary Proceeding, Case No. 11-01410-mkn, filed in the Gayler Bankruptcy**

29.    On December 23, 2011, the Former Trustee, by and through MAC, commenced the Adversary Proceeding against Gayler, several of the Gayler Entities, et al, asserting alter ego and fraudulent transfer claims [Adv. Dkt. No. 1].

30.    On May 10, 2012, the Former Trustee filed a First Amended Adversary Complaint ("Amended Complaint") in the Adversary Proceeding [Adv. Dkt. No. 80] and named Angelus II as a Defendant.  Among other things, the Amended Complaint sought an order from the Court declaring that Gayler's interest in the named Gayler Entities, including Angelus II, belonged to the bankruptcy estate [Adv. Dkt. No. 80].

**III.**

**LEGAL ARGUMENT**

**A. Larson must be disqualified as Angelus II Members' counsel.**

If an attorney member of a law firm is disqualified from representation due to conflict, then so too is his entire law firm.  Nevada Rules of Professional Conduct 1.10; *Yellow Cab Corp. v. Dist. Ct.,* 152 P.3d 737, 741 (2007); *Waid v. Dist. Ct.*, 121 Nev. 605, 609, 119 P.3d 1222 (2005).  Larson and his firm must be disqualified.

Larson must be disqualified under Rule 1.9, Duties to Former Clients, which provides as follows:

> (a) A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.

///

HOWARD KIM & ASSOCIATES
400 N. STEPHANIE ST., SUITE 160
HENDERSON, NEVADA 89014
(702) 485-3300 FAX (702) 485-3301

(b) A lawyer shall not knowingly represent a person in the same or a substantially related matter in which a firm with which the lawyer formerly associated had previously represented a client:

    (1) Whose interests are materially adverse to that person; and
    (2) About whom the lawyer had acquired information protected by Rules 1.6 and 1.9(c) that is material to the matter;
    (3) Unless the former client gives informed consent, confirmed in writing.

(c) A lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter:

    (1) Use information relating to the representation to the disadvantage of the former client except as these Rules would permit or require with respect to a client, or when the information has become generally known; or
    (2) Reveal information relating to the representation except as these Rules would permit or require with respect to a client.

N.R.P.C. 1.9.

      In *Yellow Cab Corp. v. Dist. Ct.*, the Nevada Supreme Court considered former Supreme Court Rule 159, the relevant portions of which are materially the same as Rule 1.9(a) quoted above, and held that the elements for disqualification of an attorney who has a conflict with a former client are: (1) that an attorney-client relationship existed; (2) that the former representation are substantially related; and (3) the current representation is materially adverse to the party seeking disqualification. *Id.* at 741.

    **1.  Larson, by and through his former law firm MAC, acted as legal counsel for the Trustee in his administration of Gayler's bankruptcy estate.**

      In 2011, MAC was employed as special counsel to the Former Trustee in Gayler's bankruptcy case. The Former Trustee retained MAC as special counsel to assist him in bringing assets into Gayler's bankruptcy estate. While Gayler listed ownership interest in approximately sixty different entities in his Schedule B, Gayler claimed that his interest in these entities were exempt pursuant to NRS § 21.090(1)(z). To bring these assets into the bankruptcy estate, the Former Trustee, by and through MAC, initiated the Adversary Proceeding alleging, among other things, that Gayler's transfer of his interest in Angelus II to TGF was fraudulent and as such, Gayler's interest in Angelus II belonged to Gayler's bankruptcy estate.

HOWARD KIM & ASSOCIATES
400 N. STEPHANIE ST, SUITE 160
HENDERSON, NEVADA 89014
(702) 485-3300 FAX (702) 485-3301

1   Larson joined the MAC law firm in January 2012.  Thus from January 2012 until June

2   2013, Larson was privy to information gained by MAC in their representation of the Former

3   Trustee and the Trustee for Gayler's bankruptcy estate.  As Larson filed the Reply in Support of

4   Trustee's Motion for Turnover of Non-Exempt Personal Property and Funds Pursuant to 11

5   U.S.C. §§ 541 and 542 [Case No. 09-31603-MKN, Dkt. No. 453], it is reasonable to infer that

6   Larson had knowledge of Gayler's bankruptcy case and may have been one of the primary

7   attorneys assigned to the case.

8       **2.   MAC's previous representation of Trustee in his administration of Gayler's**

9           **bankruptcy estate is substantially related to the current action.**

10          MAC's previous representation of the Former Trustee and the Trustee in their

11  administration of Gayler's bankruptcy estate is substantially related to Angelus II's bankruptcy

12  proceeding.  The substantial relationship issue is resolved by consideration of three factors: (1)

13  the scope of the former representation; (2) whether it is reasonable to infer that confidential

14  information would have been given to the lawyer in the former matter; and (3) whether the

15  confidential information is relevant to the present litigation.  *Yellow Cab Corp.*, 152 P.3d at 742

16  (citing Waid, 121 Nev. 605, 119 P.3d 1219 (2005)).

17          First, MAC was retained to assist the Former Trustee in the administration of Gayler's

18  bankruptcy estate.  The purpose of the Former Trustee's retention of MAC was to bring assets

19  into the bankruptcy estate, including Gayler's interest in Angelus II.  As such, MAC initiated the

20  Adversary Proceeding against Angelus II, et al arguing that Gayler's interest in Angelus II

21  belonged to his bankruptcy estate.  Moreover, MAC drafted the majority of the settlement

22  agreement which is currently pending in Gayler's bankruptcy case.  If approved by the Court, the

23  settlement would bring the Gayler Entities into the bankruptcy estate, including Gayler's interest

24  in Angelus II.

25          Second, the Former Trustee and the Trustee passed confidential information to MAC,

26  which Larson was privy to as an attorney at MAC.  Larson was present at the February 4, 2013

27  meeting where the Trustee, his counsel and five of MAC's attorneys had very frank discussions

28  regarding everything related to the state court proceedings and bankruptcy matters.  Moreover, as

HOWARD KIM & ASSOCIATES
400 N. STEPHANIE ST, SUITE 160
HENDERSON, NEVADA 89014
(702) 485-3300 FAX (702) 485-3301

Larson filed the Reply in Support of Trustee's Motion for Turnover of Non-Exempt Personal Property and Funds Pursuant to 11 U.S.C. §§ 541 and 542 [Case No. 09-31603-MKN, Dkt. No. 453], it is reasonable to infer that confidential information would have been given to Larson and that Larson had knowledge of Gayler's bankruptcy case and the Adversary Proceeding.

Third, the confidential information MAC received in its representation of the Former Trustee and the Trustee in Gayler's bankruptcy case is directly relevant to the instant matter. As counsel to the Trustee in Gayler's bankruptcy case, MAC obtained information related to Gayler's bankruptcy, Gayler's finances, the Adversary Proceeding, the Trustee's position, and Gayler's position, including information pertaining to Gayler's interest in Angelus II. MAC then used this information to argue that Gayler's interest in Angelus II belonged to Gayler's bankruptcy estate. Moreover, MAC drafted the majority of the settlement agreement currently pending in Gayler's bankruptcy case, and as such, MAC knows the strengths and weaknesses involved in the settlement. Larson, having been formerly associated with MAC until just recently, was in privy to the information obtained by MAC as counsel to the Trustee.

In the instant matter, the Trustee is informed and believes that Larson, on behalf of the Angelus II Members, intends to oppose the Trustee's pending Motion to Approve Settlement Agreement and also intends to argue that Gayler forfeited his interest in Angelus II by his prior misconduct. Larson has already filed Ex Parte Motions for 2004 Examinations of William Gayler, Howard C. Kim, Esq., David Rosenberg, and Jeff Sylvester, in addition to Notices of Subpoenas, to obtain additional information for his arguments.

Additionally, the Trustee is informed and believes that MAC, on behalf of petitioning creditor O'Brien, also intends to oppose the Trustee's pending settlement motion. This is highly offensive given MAC, as counsel for the Trustee, drafted the majority of the settlement agreement it now intends to oppose.

Thus, MAC's former representation of the Trustee in Gayler's bankruptcy estate is directly relevant to Larson's current representation of the Angelus II Members in the Angelus II bankruptcy case and MAC's current representation of O'Brien, petitioning creditor in Gayler's bankruptcy case.

HOWARD KIM & ASSOCIATES
400 N. STEPHANIE ST., SUITE 160
HENDERSON, NEVADA 89014
(702) 485-3300 FAX (702) 485-3301

**3.    Larson's current representation is materially adverse to the Trustee in his administration of Gayler's bankruptcy estate.**

The Former Trustee and the Trustee have gone to great lengths to bring Gayler's interest in the Gayler Entities, including his interest in Angelus II, into Gayler's bankruptcy estate. Among other things, the Former Trustee, by and through MAC, filed numerous motions and initiated the Adversary Proceeding to bring Gayler's interests into the bankruptcy estate.  MAC also assisted the Former Trustee and the Trustee in drafting the settlement agreement with Gayler and the Gayler Entities to bring Gayler's interests into the estate, including Gayler's interest in Angelus II.  Currently, Trustee's Motion to Approve Settlement Agreement is pending approval by the Court.

As noted above, the Trustee is informed and believes that MAC, on behalf of petitioning creditor O'Brien, intends to oppose the Trustee's pending settlement motion.  This is highly offensive given that MAC, as counsel for the Trustee, drafted the majority of the settlement agreement it now intends to oppose.

The Trustee is also informed and believes that Larson, through his representation of the Angelus II Members, also intends to oppose Trustee's pending Motion to Approve Settlement Agreement on the grounds that he does not believe Gayler's interest in Angelus II belongs to Gayler's bankruptcy estate.  Instead, the Trustee is informed and believes that Larson intends to argue that Gayler's prior actions resulted in a forfeiture of his interest in Angelus II.  These arguments will directly conflict with the Trustee's position that Gayler's interest in Angelus II belongs to Gayler's bankruptcy estate.

MAC and Larson, by association, should not be permitted to use the information they gained in their wrongful representation of the Trustee, to harm the Trustee in his efforts to bring assets into the estate.  It is particularly offensive that MAC and Larson, by association, intend to use the information they received as Trustee's counsel to oppose the settlement agreement they, in large part, drafted.

///

///

HOWARD KIM & ASSOCIATES
400 N. STEPHANIE ST., SUITE 160
HENDERSON, NEVADA 89014
(702) 485-3300 FAX (702) 485-3301

**B.  Larson & Zirzow, LLC must be disqualified.**

No member of a law firm is allowed to represent a client if any one of them would be prohibited from undertaking the representation.  N.R.P.C. 1.10.  Imputation of Conflict of Interests, sets forth the following:

(a) While lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rules 1.7, 1.9, or 2.2, unless the prohibition is based on a personal interest of the prohibited lawyer and does not present a significant risk of materially limiting the representation of the client by the remaining lawyers in the firm.

(b) When a lawyer has terminated an association with a firm, the firm is not prohibited from thereafter representing a person with interests materially adverse to those of a client represented by the formerly associated lawyer and not currently represented by the firm unless:

(1) The matter is the same or substantially related to that in which the formerly associated lawyer represented the client; and
(2) Any lawyer remaining in the firm has information protected by Rules 1.6 and 1.9(c) that is material to the matter.

(c) A disqualification prescribed by this Rule may be waived by the affected client under the conditions stated in Rule 1.7.

(d) Reserved.

(e) When a lawyer becomes associated with a firm, no lawyer associated in the firm shall knowingly represent a person in a matter in which that lawyer is disqualified under Rule 1.9 unless:

(1) The personally disqualified lawyer did not have a substantial role in or primary responsibility for the matter that causes the disqualification under Rule 1.9'
(2) The personally disqualified lawyer is timely screened from any participation in the matter and is apportioned no part of the fee therefrom; and
(3) Written notice is promptly given to any affected former client to enable it to ascertain compliance with the provisions of this Rule.

**First**, Angelus II's bankruptcy proceeding is not a personal action brought by Larson. **Second**, Larson has a substantial role and primary responsibility as counsel for Angelus II Members in the Angelus II bankruptcy.  Larson was a named attorney on the Motion to Dismiss Bankruptcy Case Pursuant to 11 U.S.C. § 704 [Dkt. No. 14], the Supporting Declarations [Dkt. Nos. 15 and 16], the Reply to William Gayler's Opposition to the Motion to Dismiss [Dkt. No.

HOWARD KIM & ASSOCIATES

400 N. STEPHANIE ST., SUITE 160
HENDERSON, NEVADA 89014
(702) 485-3300 FAX (702) 485-3301

24], the Ex Parte Motion for 2004 Examination of Gayler [Dkt. No. 31], and Notice of Subpoena Pursuant to Rule 9016 for Gayler [Dkt. No. 33]. Moreover, Larson signed the Notice Vacating Rule 2004 Examination of William Gayler [Dkt. No. 36], the Notice of Change of Firm Name, Address and E-mail Address [Dkt. No. 40], the Ex Parte Applications for Rule 2004 Examinations of Gayler, Howard C. Kim, Esq., David Rosenberg, and Jeff Sylvester, Esq. [Dkt. Nos. 43-46], and the Notices of Subpoenas Pursuant to Rule 9016 for Gayler, Howard C. Kim, Esq., David Rosenberg, and Jeff Sylvester, Esq [Dkt. Nos. 48-51]. **Third**, Larson & Zirzow, LLC made no attempt to screen Larson from participation. **Fourth**, Larson & Zirzow, LLC did not provide written notice to the Trustee or Trustee's counsel.

## IV.

## CONCLUSION

MAC and Larson should not be allowed to harm the Trustee in his efforts to bring assets into the estate, with knowledge they gained by wrongfully representing the Trustee in Gayler's bankruptcy proceeding.

Dated this 17th day of July, 2013.

**HOWARD KIM & ASSOCIATES**

/s/Howard C. Kim
Howard C. Kim, Esq.
Nevada Bar No. 10386
Jacqueline A. Gilbert, Esq.
Nevada Bar No. 10593
Katherine C.S. Carstensen, Esq.
Nevada Bar No. 10656
400 N. Stephanie St. Suite 160
Henderson, Nevada 89014

*Attorneys for David A. Rosenberg, Chapter 7 Trustee*

HOWARD KIM & ASSOCIATES
400 N. STEPHANIE ST. SUITE 160
HENDERSON, NEVADA 89014
(702) 485-3300 FAX (702) 485-3301

# EXHIBIT 1

Electronically Filed
08/24/2012 02:07:56 PM

CLERK OF THE COURT

Marquis Aurbach Coffing
DALE A. HAYES, ESQ.
Nevada Bar No. 3430
LIANE K. WAKAYAMA, ESQ.
Nevada Bar No. 11313
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 942-2124
Facsimile: (702) 856-8925
dhayes@maclaw.com
lwakayama@maclaw.com
   Attorneys for Plaintiffs

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| BARRY R.  MOORE; JANIE MOORE; BARRY R. MOORE AND JANIE MOORE, CO-TRUSTEES OF THE BAMM LIVING TRUST DATED JULY 16, 2003; DONALD J. CAMPBELL, individually; DONALD J. CAMPBELL, TRUSTEE  OF THE DONALD J. CAMPBELL PROFESSIONAL CORPORATION PROFIT SHARING PLAN; JOHN D. O'BRIEN, individually, JOHN D. O'BRIEN, TRUSTEE OF THE JOHN D. O'BRIEN PROFIT SHARING PLAN; JOHN ESPOSITO, individually; LORRAINE ESPOSITO, individually, | Case No. A-09-596777-C Dept No. XIII |
| | |
|                Plaintiffs, | |
|   vs. | **ORDER** |
| WILLIAM A. GAYLER; MARTIN BARRETT; ROBIN BARRETT; WALTER LOERWALD; JANA LOERWALD; GLORIA BUONACCORSI; CH. ANGELUS, LLC, a Nevada limited liability company; CH. ANGELUS II, LLC, a Nevada limited liability company; CH. ANGELUS PARTNERS, LLC, a Nevada limited  liability company; APAN Wine, LLC, a Nevada limited liability company; ICON HOLDINGS COMPANY, LLC, a Nevada limited liability company; ICON REAL ESTATE COMPANIES, INC., a Nevada corporation; ELIOT A. ALPER, TRUSTEE OF THE ELIOT A. ALPER REVOCABLE TRUST DATED MARCH 22, 1999; ALPER LIMITED PARTNERSHIP; DOES I through X, inclusive; and ROES I through X, inclusive, | |
| | |
|                Defendants. | |

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

RECEIVED
AUG 1 0 2012
DISTRICT COURT DEPT# 13

Page 1 of 8

M&A:06277-005 1753477_1 8/6/2012 3:17 PM

REC'D FEB 1 9 2013

**ORDER**

1    This matter having first come before this Court on July 19, 2012, regarding Plaintiffs'
2    Motion to Approve Member Resolutions ("Motion") and Defendant William A. Gayler's
3    Countermotion to Compel Arbitration ("Countermotion") appearing for Plaintiffs, Dale A.
4    Hayes, Esq. and Liane K. Wakayama, Esq., of the law firm Marquis Aurbach Coffing, for
5    Defendant William A. Gayler ("Gayler"), Jeffrey Sylvester, Esq. and Matthew T. Kneeland,
6    Esq., of the law firm Sylvester & Polednak and for Defendants Martin Barrett and Robin Barrett
7    (collectively the "Barretts"), Walter Loerwald and Jana Loerwald (collectively the "Loerwalds")
8    Dennis M. Prince, Esq. of the law firm Prince & Keating and the Court having reviewed the
9    pleadings and papers on file herein, and with good cause appearing therefore, the Court hereby
10   finds and orders as follows:

**FINDINGS OF FACT**

1.      In an Order entered on April 10, 2012, the Court enforced and approved the
Settlement reached between derivative Plaintiffs Ch. Angelus, LLC ("Angelus I") and Ch.
Angelus II, LLC ("Angelus II") and Defendants Eliot A. Alper, Trustee of the Eliot A. Alper
Revocable Trust dated March 22, 1999 and the Alper Limited Partnership (collectively referred
to as "Alper").

2.      With no oppositions filed, the Court pursuant to its June 11, 2012 Order
authorized and directed Plaintiff John O'Brien ("O'Brien") "to take all actions necessary on
behalf of Angelus I and Angelus II to ensure that prompt action is taken to finalize the settlement
reached with Alper."

**The Angelus I and Angelus II Member Meeting**

3.      In compliance with the Court's June 11, 2012 Order, O'Brien noticed a meeting
to be held on June 14, 2012 for the purpose of finalizing the Settlement including, but not limited
to, the proper distribution of the settlement funds among the Angelus I and Angelus II members
(the "Member Meeting").

4.      Proper notice of the Member Meeting was provided to all members of Angelus I
and Angelus II members.

Page 2 of 8

M&A:06277-005 1753477_1 8/6/2012 3:17 PM

MARQUIS AURBACH COFFING
1001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

1    5.    A quorum was present at the Member Meeting on behalf of Angelus I and

2   Angelus II.

3              **Reimbursement and Payment of Legal Expenses**

4    6.    At the Member Meeting, a majority of the Angelus I and Angelus II members

5   resolved in favor of reimbursing Plaintiffs Donald Campbell ("Campbell"), Barry Moore

6   ("Moore") and O'Brien out of the $1.4 Million settlement funds all $202,434.64 of attorney fees

7   and costs paid.  A majority of the Angelus I and Angelus II members further resolved that the

8   reimbursement of all attorney fees and costs shall be made prior to any disbursement to Angelus

9   I and Angelus II.

10    7.    At the Member Meeting, a majority of the Angelus I and Angelus II members

11   further resolved in favor of immediately paying out of the $1.4 Million settlement funds all

12   $78,694.73 In unpaid attorney fees and costs incurred in this action.  A majority of the Angelus I

13   and Angelus II members further resolved that the payment of all unpaid attorney fees and costs

14   shall be made prior to any disbursement to Angelus I and Angelus II.

15              **Reimbursement of Property Taxes**

16    8.    At the Member Meeting, a majority of the Angelus I and Angelus II members

17   resolved in favor of immediately reimbursing Plaintiffs Campbell, Moore, O'Brien and John

18   Esposito ("Esposito") out of the $1.4 Million settlement funds all property taxes paid.  A

19   majority of the Angelus I and Angelus II members further resolved that the reimbursement of all

20   property taxes shall be made prior to any disbursement to Angelus I and Angelus II.

21              **Distribution to Angelus I and Angelus II**

22    9.    At the Member Meeting, a majority of the Angelus I and Angelus II members

23   resolved that any settlement proceeds remaining after the reimbursement and payment of all

24   legal expenses and property taxes would be divided 58% to Angelus I and 42% to Angelus II.

25              **Retention of Certain Settlement Funds**

26    10.    In or about November 2009, the parties stipulated to arbitrate all claims asserted

27   in this action with the exception of the claims asserted against Alper.

28

Page 3 of 8

M&A:06277-005 1753477_1 8/6/2012 3:17 PM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

11.    At the Member Meeting, a majority of the Angelus I and Angelus II members recognized the claims still pending against Defendants Gayler, the Barretts, and the Loerwalds, which include civil conspiracy, breach of fiduciary duty, aiding and abetting breach of fiduciary duty, negligence and fraudulent misrepresentations.    Part of the relief sought against these defendants is to disgorge them of any interest that they hold or claim to hold in Angelus I and Angelus II.  Accordingly, a majority of the Angelus I and Angelus II members resolved in favor of holding any and all membership interest(s) held or claimed to be held by Gayler, the Barretts and the Loerwalds or any entity or trust under their control or ownership related in any way to Angelus I and/or Angelus II in trust until the resolution or adjudication of the claims asserted against them in this lawsuit.

### Appointment of a New Manager

12.    At the Member Meeting, a majority of the Angelus I, Angelus II, Groth, LLC ("Groth"), Ch. Pichon, LLC ("Pichon") and Harlan, LLC ("Harlan") non-managing members appointed a new managing member over these entities.

13.    A majority of the Angelus I and Angelus II non-managing members resolved that Moore shall serve as their new managing member.

14.    A majority of the non-managing members of Groth, Pichon and Harlan appointed O'Brien as the new managing member.

### CONCLUSIONS OF LAW

15.    Given the scope and breadth of the April 10, 2012 and June 11, 2012 Orders approving, enforcing and effectuating the Settlement, the Court hereby concludes as a matter of law that it retains jurisdiction to consider only those resolutions reached by the Angelus I and Angelus II members relating to the consummation of the Settlement.

16.    In Nevada, the long recognized "common fund" doctrine permits a litigant who expends attorney fees in a winning suit which creates a fund from which others derive benefits to require those passive beneficiaries to bear a fair share of the litigation costs.  Guild, Hagen & Clark, Ltd. v. First Nat'l Bank of Nev., 95 Nev. 621, 622, 600 P.2d 238, 239 (1979); see also State Dep't. of Human Res., Welfare Div. v. Elcano, 106 Nev. 449, 452, 794 P.2d 725, 726

Page 4 of 8

M&A:06277-005 1753477_1 8/6/2012 3:17 PM

1    (1990). Taking into consideration the policies governing Nevada's common fund doctrine, the

2    Court concludes as a matter of law that Angelus I and Angelus II directly benefitted from all

3    efforts expended to reach the Settlement and should therefore bear their fair share of the legal

4    expenses incurred and payment of property taxes associated with the subject properties owned by

5    Angelus I and Angelus II.

6            17.    To effectuate and enforce the Settlement, the Court approves the Angelus I and

7    Angelus II member resolutions regarding the reimbursement and payment of legal expenses.

8    The Court concludes as a matter of law that the legal expenses incurred in this litigation are

9    reasonable and justified in amount thus satisfying the factors enumerated in Brunzell v. Gold

10   Gate Nat'l Bank, 85 Nev. 345, 349, 455 P.2d 31, 33 (1969). Out of the $1.4 Million settlement

11   funds, the Court accordingly orders that Campbell, Moore and O'Brien shall be immediately

12   reimbursed for $202,434.64 in legal expenses paid. The Court further orders that $78,694.73 in

13   unpaid legal expenses shall be immediately paid to the law firm of Marquis Aurbach Coffing

14   from the $1.4 Million settlement funds. The Court orders and directs that the reimbursement and

15   payment of all legal expenses shall be made prior to any distribution of settlement funds to

16   Angelus I and Angelus II.

17           18.    To effectuate and enforce the Settlement, the Court approves the Angelus I and

18   Angelus II member resolutions regarding the reimbursement of paid property taxes.    In

19   furtherance of Nevada's common fund doctrine, the Court therefore orders that Campbell,

20   Moore, O'Brien and Esposito shall be immediately reimbursed for all $114,533.81 in paid

21   delinquent property taxes associated with APN: 176-10-101-002 and APN: 176-10-101-012 in

22   the following amounts: (a) Campbell ($18,378.11); (b) Moore ($43,353.44); (c) O'Brien

23   ($43,353.82); and (d) Esposito ($9,448.44).

24           19.    To effectuate and enforce the Settlement, the Court approves the Angelus I and

25   Angelus II member resolutions regarding the allocation and immediate disbursement of the

26   settlement funds. After the payment and reimbursement of legal expenses and property taxes,

27   the Court therefore orders that the remainder of the settlement funds ($1,004,336.82) shall be

28

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

Page 5 of 8

M&A:06277-005 1753477_1 8/6/2012 3:17 PM

allocated 58% to Angelus I and 42% to Angelus II. ~~The Court orders that the following amounts shall be immediately distributed to certain members as follows:~~ *with distribution to the members according to their respective interests.*

### ANGELUS I (58%)

| | MEMBERSHIP INTEREST | PRO RATA SHARE |
|---|---|---|
| John D. O'Brien | 10% | $58,251.54 |
| John D. O'Brien Profit Sharing Plan | 5% | $29,125.77 |
| John and Lorraine Esposito | 15% | $87,377.30 |
| Barry & Janie Moore, TTEES of Bamm Living Trust | 5% | $29,125.77 |
| Donald J. Campbell PSP | 10% | $58,251.54 |
| Douglas Thomas | 5% | $29,125.77 |

### ANGELUS II (42%)

| | MEMBERSHIP INTEREST | PRO RATA SHARE |
|---|---|---|
| Barry Moore, Trustee of BAMM | 8.5% | $35,854.82 |
| **Groth, LLC** | **26.8%** | **$113,048.15** |
| John D. O'Brien | 31.25% | $35,327.55 |
| Bert's Boys Inc PSP | 12.5% | $14,131.02 |
| Kevin Morley | 12.5% | $14,131.02 |
| Cynthia Brown | 6.25% | $7,065.51 |
| William Godfrey | 6.25% | $7,065.51 |
| Rod & Cynthia Leavitt Trust | 6.25% | $7,065.51 |
| Wade & Carolyn Leavitt Trust | 6.25% | $7,065.51 |
| **Ch Pichon, LLC** | **30.73%** | **$129,625.73** |
| John D. O'Brien | 50% | $64,812.87 |
| John Waroe | 12.5% | $16,203.22 |
| **Harlan, LLC** | **24.57%** | **$103,641.53** |
| John D. O'Brien | 50% | $51,820.77 |

20.    The Court finds that the retention of any settlement funds claimed by Gayler, the Barretts and the Loerwalds does not relate to the implementation of the Settlement and therefore declines to enter an Order related to those Angelus I and Angelus II member resolutions. The Court's ruling, however, is without prejudice to any appropriate effort to obtain a pre-judgment security by attachment or otherwise on grounds independent of the Settlement. The Court's ruling shall not be construed to require distribution to Gayler, ~~the Barretts or the Loerwalds~~ *he* absent an attachment or other such prejudgment order without satisfactory proof that ~~these defendants~~ *his* or any person claiming to be entitled to ~~their~~ distribution is in fact so entitled.

Page 6 of 8

M&A:06277-005 1753477_1 8/6/2012 3:17 PM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

21.    The Court finds that the appointment of a new managing member for Angelus I, Angelus II, Groth, Pichon and Harlan does not relate to the implementation of the Settlement and therefore declines to enter an Order related to those member resolutions.

BASED UPON THE FOREGOING, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.    Plaintiffs' Motion to Approve Member Resolutions is GRANTED in part as it relates to the reimbursement and payment of all legal expenses, reimbursement of delinquent property taxes, and allocation of the settlement funds;

2.    In all other respects, Plaintiffs' Motion to Approve Member Resolutions is DENIED as the Court declines to enter a ruling on the retention of settlement funds from Gayler, ~~the Barretts and the Loerwalds~~ and the appointment of a new managing member of Angelus I, Angelus II, Groth, Pichon and Harlan; and

3.    Based on the parties' stipulation to submit the remainder of this case to

. . .
. . .
. . .
. . .
. . .
. . .
. . .
. . .
. . .
. . .
. . .
. . .
. . .
. . .
. . .
. . .

Page 7 of 8

M&A:06277-005 1753477_1 8/6/2012 3:17 PM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

1    arbitration, Defendant Gayler's Countermotion to Compel Arbitration is moot and is therefore

2    DENIED in its entirety.

3         IT IS SO ORDERED this 22d of August, 2012.

4

5

6                                                    _____
                                                     DISTRICT COURT JUDGE

7

8    Respectively submitted by:

9    MARQUIS AURBACH COFFING

10

11   By: _____
         Dale A. Hayes, Esq.

12       Nevada Bar No. 3430
         Liane Wakayama, Esq.

13       Nevada Bar No. 11313
         10001 Park Run Drive

14       Las Vegas, Nevada 89145
         Attorneys for Plaintiffs

15   Approved as to form and content:

16

17   PRINCE & KEATING

18   By: _____
         Dennis M. Prince, Esq.

19       Nevada Bar No. 5092
         3230 S. Buffalo Dr., #108

20       Las Vegas, NV 89117
         Attorney for Martin Barrett, Robin Barrett,

21       Walter Loerwald and Jana Loerwald

22   SYLVESTER & POLEDNAK

23

24   By: _____
         Jeffrey R. Sylvester, Esq.

25       Nevada Bar No. 4396
         Matthew T. Kneeland, Esq.

26       Nevada Bar No. 11829
         1731 Village Center Circle

27       Las Vegas, Nevada 89134
         Attorneys for William Gayler

28

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

                                        M&A:06277-005 1753477_1 8/6/2012 3:17 PM