Matthew C. Zirzow, Esq.
Nevada Bar No. 7222
Zachariah Larson, Esq.
Nevada Bar No. 7787
**LARSON & ZIRZOW, LLC**
810 S. Casino Center Blvd. #101
Las Vegas, NV 89101
Tel: (702) 382-1170
Fax: (702) 382-1169

E-Filed:  8-21-2013

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

In re:

WILLIAM A. GAYLER,

)
)
)
)
)
)
)

Case No.:   BK-S-09-31603-MKN
Chapter 7

DATE:  September 4, 2013
TIME:  3:00 PM

**OPPOSITION TO TRUSTEE'S MOTION TO DISQUALIFY COUNSEL FOR JOHN D. O'BRIEN PROFIT SHARING PLAN AND COUNSEL FOR BARRY R. MOORE AND JANIE MOORE AS CO-TRUSTEES OF THE BAMM LIVING TRUST DATED JULY 16, 2003, GROTH, LLC, CH PICHON, LLC, AND HARLAN LLC THROUGH THEIR MANAGING MEMBER JOHN O'BRIEN**

Zachariah Larson, Esq. ("Larson"), and his firm Larson & Zirzow, LLC ("L&Z") hereby submits their opposition (the "Opposition") to the *Trustee's Motion to Disqualify Counsel for John D. O'Brien Profit Sharing Plan and Counsel for Barry R. Moore and Janie Moore as Co-Trustees of the BAMM Living Trust Dated July 16, 2003, Groth, LLC, CH Pichon, LLC, and Harlan LLC through their Managing Member John O'Brien* (the "Disqualification Motion") [ECF No. 524] filed by David A. Rosenberg, Chapter 7 Trustee ("Trustee Rosenberg").

This Opposition is made and based upon the pleadings and papers on file herein, the attached Memorandum of Points and Authorities, the supporting declaration of Zachariah Larson (the "Larson Declaration"), and any oral argument permitted at the hearing.

. . .

. . .

. . .

<div style="writing-mode: vertical">LARSON & ZIRZOW
810 South Casino Center Blvd. #101
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169</div>

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION.

To date, Larson and L&Z have only appeared in the In re Angeles II, LLC matter on behalf of their clients, John D. O'Brien Profit Sharing Plan and Counsel for Barry R. Moore and Janie Moore as Co-Trustees of the BAMM Living Trust Dated July 16, 2003, Groth, LLC, Ch. Pichon, LLC, and Harlan, LLC through their Managing Member John O'Brien (collectively, the "L&Z Clients"). Neither Larson nor L&Z have yet to make an appearance in the In re Gayler bankruptcy.

Nonetheless, Trustee Rosenberg files his Disqualification Motion in the In re Gayler bankruptcy rather than in the actual case that Larson and L&Z appeared in, the In re Angeles II, LLC bankruptcy. Trustee Rosenberg's sole reason for filing his Disqualification Motion is to silence any voices that may object to his Settlement Motion in the In re Gayler bankruptcy. Trustee Rosenberg entered into the Settlement Agreement with Gayler, Gayler's counsel and those accused of complicity in Gayler's fraudulent schemes without taking any steps to significantly educate himself on the complexities of Gayler's case. Trustee Rosenberg's Settlement Motion is filed representing that he believes the Settlement Agreement is in the best interest of the estate while at the same time stating that Trustee Rosenberg is still "not up to speed" on the facts. Thus, the Settlement Motion is predicated upon the representations of a trustee with no knowledge of the case.

Likewise, Trustee Rosenberg's Disqualification Motion is not based upon any actual ethical violation of Larson nor is it based upon the actual facts. Trustee Rosenberg has brought this Disqualification Motion for the illicit and improper purposes of silencing creditor's possible objections to the Settlement Motion. In doing so, Trustee Rosenberg has forced himself into a corner where in order to be able to cry "conflict," he must align himself with Debtor, a person who has been found civilly liable for fraud on multiple occasions and who has recently been indicted for multiple counts of theft and securities fraud by the Nevada Attorney General, to the detriment of the estate and in direct contradiction to his actual duties as trustee.

LARSON & ZIRZOW
810 South Casino Center Blvd. #101
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

2

## II.    STATEMENT OF FACTS.

### A.    Larson's Employment at MAC

1.      Prior to January 1, 2012, Larson was a partner in his own firm, Larson & Larson ("L&L"). See Larson Declaration. L&L had absolutely no involvement or knowledge of the Gayler bankruptcy or any of the associated matters. See id.

2.      On or about January 1, 2012, Larson became an independent contractor of Marquis Aurbach Coffing ("MAC") and associated as "Of Counsel." See id. While employed at MAC, Larson did not do any work and was not involved in the representation of the Trustee as Special Counsel. See id. Larson also did not do any work and was not involved in the representation of any of the other creditors in the In re Gayler bankruptcy or in any other matter until on or about December 15, 2012. See id.

3.      Larson has not made any appearances in the In re Gayler bankruptcy until the filing of this Opposition. Larson was not involved in MAC's representation of the Trustee as Special Counsel and Larson has no knowledge of any confidential information related to MAC's representation of the Trustee as Special Counsel.

4.      Of the 539 documents filed in the In re Gayler bankruptcy, only one (1) was filed under Larson's ECF number, a Reply to the Opposition to the Trustee's Motion for Turnover of Non-Exempt Assets [Dkt. No. 453 in the In re Gayler bankruptcy] (the "Reply to Turnover Motion"). The Reply to Turnover Motion was not prepared, reviewed or even discussed with Larson. Larson had no knowledge of the Reply to Turnover Motion.

5.      Larson was unaware that the Reply to Turnover Motion was filed in the In re Gayler bankruptcy under his ECF number until recent discussion with Mr. Howard Kim, Trustee Rosenberg's counsel, just prior to the filing of the Disqualification Motion. See id.; see also a true and correct copy of an E-mail Correspondence from Larson to Mr. Kim dated July 16, 2013, attached hereto as Exhibit A.

6.      Upon review of the Court Docket in the In re Gayler bankruptcy and of the Reply to Turnover Motion after the Disqualification Motion was filed, it is clear that the Reply to Turnover Motion was prepared by Phillip Aurbach and April Bonifatto of MAC and signed by Ms.

LARSON & ZIRZOW
810 South Casino Center Blvd. #101
Las Vegas, Nevada 89101
Tel: (702) 382-1170    Fax: (702) 382-1169

3

Bonifatto. See Dkt. No. 453. All other documents associated with the Turnover Motion were filed under Ms. Bonifatto's ECF number. See id.

7.    Again, Larson was not aware that the Reply to Turnover Motion was filed under Larson's ECF number, nor did Larson knowingly consent to the use of his ECF number in the filing of that document.[1]

**B.    The In re CH Angelus II, LLC Bankruptcy.**

8.    On or about December 15, 2012, Larson was contacted to represent John D. O'Brien Profit Sharing Plan and Counsel for Barry R. Moore and Janie Moore as Co-Trustees of the BAMM Living Trust Dated July 16, 2003, Groth, LLC, CH Pichon, LLC, and Harlan LLC Through Their Managing Member John O'Brien (the "L&Z Clients") in the In re CH Angelus II, LLC bankruptcy. To date, Larson's involvement in any of the related matters has been limited to his representation of the L&Z Clients in the In re CH Angelus II, LLC bankruptcy.

9.    In representing the L&Z clients in the In re CH Angelus II, LLC bankruptcy, Larson became aware of the facts related to the In re CH Angelus II, LLC bankruptcy as set forth in the filed Motion to Dismiss, the Declarations and the Reply filed in support thereof [Dkt. Nos. 14, 15, 16, and 24 in the In re CH Angelus II, LLC bankruptcy]. Specifically, that Gayler, without corporate authority, caused a Chapter 7 petition to be filed on behalf of CH Angelus II.

10.    Larson was also advised generally of the August 6, 2009 state court litigation filed in the Eighth Judicial District Court in Clark County, Nevada, Case No. A-09-596777-C ("Angelus II 777 State Court Case") wherein the L&Z Clients filed a complaint against Gayler and others, which sought, among other things, to quiet title of the property owned by Angelus II in the name of the respective LLC.

11.    Larson was also advised generally of the September 25, 2012 state court litigation filed in the Eighth Judicial District Court in Clark County, Nevada, Case No. A-12-668997-B ("Angelus II 997 State Court Case") wherein the L&Z Clients filed a complaint against Gayler and

---

[1] Larson acknowledges that his ECF number should not have been utilized on a document that he did not author, review or sign. Larson set forth these facts related to the use of his ECF number, not to excuse the lapse, but rather to simply advise the Court of his lack of knowledge or authorization of the use of his ECF number on the Reply to Turnover Motion.

LARSON & ZIRZOW
810 South Casino Center Blvd. #101
Las Vegas, Nevada 89101
Tel: (702) 382-1170    Fax: (702) 382-1169

4

others, which sought, multiple causes of actions related to Gayler's unauthorized conduct and setting aside of the sale and transfer of property of CH Angelus II to a third party.

12.     Larson's appearances to date have all occurred in the In re CH Angelus II, LLC bankruptcy.  Larson has never appeared in the Angelus II 777 State Court Case or the Angelus II 997 State Court Case.

13.     Larson anticipates that the L&Z Clients will request that either Larson, MAC, or both file an objection to the Trustee's Motion to Approve Settlement in the In re Gayler matter as it is the Creditor's opinion that the Motion solely benefits the Debtor, his attorneys, the Trustee and the Trustee's counsel, and the other individuals who have assisted the Debtor in his malfeasance.

### C.     The February 4, 2013 Meeting

14.     On or about February 4, 2013, Larson attended a meeting at the MAC law offices (the "February Meeting") with Trustee Rosenberg, Trustee's Counsel, Howard Kim, and the following MAC attorneys:  Phillip Aurbach, Terry Coffing, Dale Hayes and Liane Wakayama.

15.     At the February Meeting, the MAC attorney's present conveyed to Trustee Rosenberg and Trustee's Counsel the status of various proceedings pending that were related to Gayler's malfeasance.

16.     Larson attended to discuss the In re CH Angelus II, LLC bankruptcy and, once again, advised Trustee Rosenberg and his counsel of the factual basis for the claims that Gayler had no corporate authority on behalf of CH Angelus II and was no longer the managing member of CH Angelus II.

17.     Trustee Rosenberg and Mr. Kim did not share any confidential information as both were new to the Gayler matters and had no confidential information to provide to anyone present at the February Meeting.

18.     Trustee Rosenberg and Mr. Kim did not share any confidential information at the February Meeting as both were new to the Gayler matters and had no confidential information to provide.  Furthermore, Trustee Rosenberg and Mr. Kim fully consented to the participation of all counsel at that February Meeting, including Larson, and never once objected to the participation

LARSON & ZIRZOW
810 South Casino Center Blvd. #101
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

of any counsel present on the basis of any alleged conflict or on the basis that any alleged confidential information was exchanged.

### D.    The Motion to Approve Settlement

19.    On July 3, 2013, Trustee Rosenberg filed a Motion to Approve Settlement in this matter ("Settlement Motion") requesting the Court to approve a Settlement Agreement between Trustee Rosenberg and Gayler, his Counsel, Jeff Sylvester ("Sylvester"), and Gayler's alleged cohorts in his fraudulent schemes, Martin Barrett ("Barrett") and Walter Loerwald ("Loerwald"). The Settlement Agreement was signed by Gayler, individually and on behalf of 120 entities, including CH Angelus II, LLC.

20.    With full knowledge that Gayler's alleged status as Managing Member of CH Angelus II, LLC and that Gayler's membership interests in CH Angelus II, LLC was hotly contested in the In re CH Angelus II, LLC bankruptcy since the filing of the Motion to Dismiss on December 18, 2012, Dkt. No. 14, Trustee Rosenberg allowed Gayler to sign on the Settlement Agreement behalf of the entity CH Angelus II, LLC.

21.    Trustee Rosenberg did not attempt to contact Larson or L&Z regarding whether Gayler had authority to sign on the Settlement Agreement behalf of the entity CH Angelus II, LLC and, upon request, has failed to provide any evidence regarding Gayler's corporate authority to sign the Settlement Agreement.

22.    With full knowledge that Gayler has been criminally indicted for multiple counts of theft and for multiple counts of securities fraud, Trustee Rosenberg agreed to grant Gayler a complete discharge and any claims asserted in the Trustee's Adversary Proceeding against Gayler, Loerwald and Barrett would be dismissed with prejudice.

23.    As part of the Settlement Agreement, Trustee Rosenberg agreed to distribute to Gayler $100,000, which would be paid to Gayler's attorney, Sylvester. Sylvester would also be assigned Gayler's claimed rights in Dumol, LLC including any sale proceeds. The Settlement Agreement indicates that Dumol, LLC owns 4.2 acres which is currently listed for $800,000.00. The Settlement Agreement is unclear as to the extent of Gayler's membership interest in Dumol, LLC. As such, the Settlement Agreement fails to state exactly how much of the estate's assets will be transferred to Debtor's counsel, Sylvester, to the detriment of the estate and the creditors.

LARSON & ZIRZOW
810 South Casino Center Blvd. #101
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

24.     As part of the Settlement Agreement, Trustee Rosenberg further agreed that Gayler shall retain ownership and possession of two (2) residential properties located in Utah, one of which is likely a non-exempt investment property, and shall retain any previously paid commissions to Gayler or his specific entities.

25.     As support for the Settlement Agreement, Trustee Rosenberg represented to this Court that he still possesses no knowledge of these matters and "it would [still] take time and money for my new counsel to come up to speed with the complexities of this case." See Settlement Motion, Dkt. No. 517, ¶ 13.  This further bolsters the uncontroverted fact that no confidential information was obtained by Larson, L&Z, or MAC from Trustee Rosenberg in relation to this matter or any other associated herewith as, even now, Trustee Rosenberg admits he has no knowledge of the matters.

26.     In light of the fact that the Settlement Agreement benefits Gayler and his counsel and was signed without actual corporate authority from CH Angelus II, LLC and likely many of the other entities, Larson advised Trustee Rosenberg and this Court of the issues surrounding the self-serving Settlement Agreement and of the possibility that the Settlement Motion would be opposed.

27.     Only after Larson indicated that the Settlement Motion had been rejected previously by the Creditors of the Gayler estate and that Larson anticipated that it would, therefore, be opposed did Trustee Rosenberg cry "Conflict."

28.     Trustee Rosenberg has indicated that if the Settlement Motion is approved that all of Gayler's interests in the Gayler entities will be made part of the bankruptcy estate, including Gayler's interest in Angelus II.  However, Trustee Rosenberg has been unclear in whether or not the Trustee believes Gayler actually has any interest in Angelus II.

29.     Trustee Rosenberg has taken no position in the In re CH Angelus II, LLC bankruptcy regarding the Motion to Dismiss.  The factual basis for the Motion to Dismiss is the fact that Gayler is no longer the managing member of CH Angeles II and that Gayler's interests in that entity were held in trust pending the outcome of the Angelus II 777 State Court Case or the Angelus II 997 State Court Case.

LARSON & ZIRZOW
810 South Casino Center Blvd. #101
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

30.     Trustee Rosenberg has previously stated that he intends to take the position previously taken by the Former Trustee that the estate's interest in the Gayler entities only exists to the extent that Gayler is found to actually still hold an interest.

31.     Trustee Rosenberg has previously acknowledged and consented in writing filed with this Court that the creditors, including L&Z's clients, could proceed with a determination as to the extent of any and all membership interests Gayler claims in Ch. Angelus, LLC and Ch. Angelus II, LLC, including the interests held by Gayler through Ch. Pichon, LLC, Groth, LLC and Harlan, LLC and that Gayler's interests in these entities are only property of the estate to the extent that the interests are not disgorged or deemed to have been sold in other disputes. See Trustee Rosenberg's Motion for Partial Summary Judgment filed on February 14, 2013, Adv. Pro. 11-01410, at Dkt. No. 317.

32.     If Trustee Rosenberg still stands by his prior position, of which Larson and L&Z requests that the Court take judicial notice, then there is no actual conflict between the L&Z Clients and Trustee Rosenberg as Trustee Rosenberg's position in his own motion for Partial Summary Judgment clearly acknowledges that Gayler's interests in the entities can only be brought into the estate if Gayler actually legally holds any interest.

## III.    LEGAL STANDARD.

A bankruptcy trustee is a fiduciary to the creditors of the estate. See In re Cochise Coll. Park, Inc., 703 F.2d 1339, 1357 (9th Cir. 1983) (citing Wolf v. Weinstein, 372 U.S. 633, 650, 83 S.Ct. 969, 979, 10 L.Ed.2d 33 (1963). A trustee is not authorized to collect money or property that is not actually owed to or owned by the estate. See Caplin v. Marine Midland Grace Trust Co. of New York, 406 U.S. 416, 428 (1972). A trustee may only take debtor's legal and equitable interest in property held by the debtor. See Jones v. Harrell, 858 F.2d 667, 669 (11th Cir. 1988). Furthermore, the trustee does not represent the debtor's personal involvement in objections to dischargeability filed by creditors. See In re Stanton 121 B.R. 438, 440 (Bankr. S.D.N.Y. 1990)

Generally, parties have the right to retain the counsel of their choice. Cole v. U.S. Dist. Court for the Dist. Of Idaho, 366 F.3d 813 (9th Cir. 2004). Pursuant to the Local Rules of Practice for the U.S. District Court, District of Nevada, the federal courts in Nevada have adopted the "the

LARSON & ZIRZOW
810 South Casino Center Blvd. #101
Las Vegas, Nevada 89101
Tel: (702) 382-1170    Fax: (702) 382-1169

8

Model Rules of Professional Conduct as adopted and amended from time to time by the Supreme Court of Nevada, except as such may be modified by this Court." Local Rule 1A 10-7.   In determining whether an attorney should be disqualified, the Ninth Circuit has clearly indicated that federal courts should apply state law. See In re County of Los Angeles, 223 F.3d 990, 995 (9th Cir. 2000).

## A.    **Applicable State Law.**

Disqualification motions present courts with a "delicate and sometimes difficult" task. Brown v. Eighth Judicial Dist. Court ex rel. County of Clark, 116 Nev. 1200, 1205 (Nev. 2000) . Courts should approach disqualification with "considerable reluctance" and impose disqualification "only when no other alternative exists." Millen v. Eight Judicial District Ex. Rel. County of Clark, 148 P.3d 694 (Nev. 2006) ("Attorney disqualification is an extreme remedy ..."); see also Hernandez v. Guglielmo, 796 F.Supp.2d 1285, 1289-90 (D. Nev. 2011).

The moving party bears the burden of establishing an ethical violation or other factual predicate upon which the motion depends. See United States v. Walker River Irr. Dist., 2006 WL 618823 (D. Nev.) (citing Colyer v. Smith, 50 F.Supp.2d 966, 967 (C.D.Cal.1999).   Once an ethical violation is established, the court has broad discretion in determining whether disqualification, or some lesser sanction, is warranted. Faison v. Thornton, 863 F. Supp. 1204, 12151 (D. Nev. 1993).

When analyzing a potential disqualification, courts must balance three competing interests: (1) the individual right to be represented by counsel of one's choice; (2) each party's right to be free from the risk of even inadvertent disclosure of confidential information; and (3) the public's interest in the scrupulous administration of justice. Brown, 116 Nev. at 1205.   Courts must use "[p]articularly strict judicial scrutiny" for a motion to disqualify opposing counsel because there is a significant possibility of abuse for tactical advantage. In–N–Out Burger (citing Optyl Eyewear Fashion Int'l Corp. v. Style Cos., Ltd., 760 F.2d 1045, 1050 (9th Cir.1985)).

Pursuant to NRPC 1.9(a), "[a] lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing." NRPC 1.9(a). Pursuant to Nevada law, the Nevada Supreme Court has held that the in order to establish disqualification under NRPC 1.9(a),

LARSON & ZIRZOW
810 South Casino Center Blvd. #101
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

9

the moving party must establish three elements: (1) that an attorney-client relationship existed; (2) that the former representation is substantially related; and (3) the current representation is adverse to the party seeking disqualification. See Yellow Cab Corp. v. Eighth Judicial Dist. Ct., 123 Nev. 44, 50, 152 P.3d 737, 741 (2007). Pursuant to NRPC 1.9(a), a Court must evaluate whether it is reasonable to infer that confidential information allegedly given would have been given to a lawyer representing a client in those matters." In re N. Am. Deed Co., 334 B.R. 443, 450 (Bankr. D. Nev. 2005).

As clearly stated in NRPC 1.9(a), when a former client gives informed consent, confirmed in writing then the former client is deemed to have waived the conflict and disqualification is inappropriate. See NRPC 1.9(a). NRPC defines "confirmed in writing" as an agreement of a person that is given in writing by the person confirming oral informed consent. NRPC 1.0(b). "Writing" or "written" is defined in the NRPC as "a tangible or electronic record of a communication or representation, including . . . audio or video recording . . . ." NRPC 1.0(n).

## IV.    ARGUMENT

### A.    Trustee Rosenberg Has Failed to Establish an Ethical Violation and Has Failed to Meet His Burden Under Yellow Cab and NRPC 1.9.

Generally, NRPC 1.9 is written to protect the "former" client rather than the new client. In fact, the rule is titled "Duties to Former Clients." Larson and L&Z have only one client, the L&Z clients. Neither Larson nor L&Z have ever represented either the Former Trustee or Trustee Rosenberg. Thus, neither Larson nor L&Z owe any duty to the Former Trustee or Trustee Rosenberg as former clients. The only possible way Trustee Rosenberg can claim that Larson had an attorney-client relationship with the Former Trustee or Trustee Rosenberg is if he can successfully impute MAC's representation to Larson. That being said, Larson is informed and believes that MAC represented the L&Z Clients prior to MAC's representation of the Trustee as Special Counsel. Thus, in this case, NRPC 1.9 protects MAC's representation of the first client, or the L&Z Clients, rather than the second client, the Former Trustee or Trustee Rosenberg. In

LARSON & ZIRZOW
810 South Casino Center Blvd. #101
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

either instance, Trustee Rosenberg's attempt to apply NRPC 1.9 to himself goes against the basic purpose of the rule.

With that said, and for the avoidance of doubt, even if somehow NRPC 1.9 is deemed to apply to Trustee Rosenberg, Trustee Rosenberg cannot establish a basis for disqualification pursuant to NRPC 1.9 and Yellow Cab. Trustee Rosenberg cannot establish an ethical violation on the part of Larson. Trustee Rosenberg bases his arguments for Larson's disqualification under NRPC 1.9(a) on the following tenuous factual allegations:

(1)    One Document out of 539 was Filed Under Larson's ECF Number, therefore, Larson "may have been" one of the primary attorneys assigned to the case;

(2)    Larson Had Knowledge of or was "Privy to" Confidential Information Communicated from the Trustee to MAC;

(3)    Larson Participated in a Joint Meeting in February with the Trustee and Other MAC Counsel; and

(4)    Larson's L&Z Clients May Oppose Trustee Rosenberg's Settlement Motion.

Trustee Rosenberg reiterates these four allegations numerous times in an attempt to support his Disqualification Motion. However, each of the allegations are unsupported by the facts and do not constitute grounds for disqualification.

**1.    The One Time Use of Larson's ECF Number.**

As a basis for disqualifying Larson, Trustee Rosenberg cites to the filing of the Reply to Turnover Motion under Larson's ECF number. From the filing of this single document under Larson's ECF number, Trustee Rosenberg asserts in the Disqualification Motion that "it is reasonable to infer that Larson had knowledge of Gayler's bankruptcy case and may have been one of the primary attorneys assigned to the case." See Disqualification Motion, Dkt. No. 524, p. 11, ll. 6-7. Trustee Rosenberg makes this "inference" in the Disqualification Motion despite having been advised of the true nature of Larson's involvement in the case orally and in writing prior to the filing of the Disqualification Motion. See Larson Declaration; see also Exhibit A.

LARSON & ZIRZOW
810 South Casino Center Blvd. #101
Las Vegas, Nevada 89101
Tel: (702) 382-1170    Fax: (702) 382-1169

As clearly set forth in the Larson Declaration and set forth in emails to Trustee Rosenberg and his counsel prior to their filing of the Disqualification Motion, Larson was unaware that the Reply to Turnover Motion was filed in the In re Gayler bankruptcy under his ECF number until Mr. Howard Kim, Trustee Rosenberg's counsel, raised the issue to Larson just prior to the filing of the Disqualification Motion. See id.; see also Exhibit A.

Of the 539 documents filed in the In re Gayler bankruptcy, only one was filed under Larson's ECF number, the Reply to Turnover Motion. See id.; see also Exhibit A. The Reply to Turnover Motion was not prepared, reviewed or even discussed with Larson. See id.; see also Exhibit A. Larson had no knowledge of the Reply to Turnover Motion. See id.; see also Exhibit A.

In making the alleged "reasonable inference" that Larson "had knowledge" of the Gayler bankruptcy and "may have been one of the primary attorneys assigned to the case," Trustee Rosenberg has elected to ignore Larson's written representations in email regarding the use of Larson's ECF number and his lack of involvement in the Gayler bankruptcy. Trustee Rosenberg has elected to ignore review of the Court Docket in the In re Gayler bankruptcy which clearly show that no other documents were filed under Larson's ECF number. Trustee Rosenberg has elected to ignore review of the Reply to Turnover Motion which clearly shows that the Reply to Turnover Motion was prepared by Phillip Aurbach and April Bonifatto of MAC and signed by Ms. Bonifatto. Trustee Rosenberg has elected to ignore the fact that all other documents associated with the Turnover Motion were filed under Ms. Bonifatto's ECF number. Trustee Rosenberg has elected to ignore the review of the actual copies of the pleadings in the Gayler bankruptcy, none of which have Larson named as the attorney on the case and none of which were ever signed by Larson. Finally, Trustee Rosenberg has elected to ignore his requirement for reasonable inquiry prior to making these allegations under Fed. R. Bankr. P. 9011 which would have been as simple as contacting the Former Trustee and asking him if Larson had participated in the representation of the Former Trustee at any time.

Given all of the above, it is not at all "reasonable to infer that Larson had knowledge of Gayler's bankruptcy case and may have been one of the primary attorneys assigned to the case." If Trustee Rosenberg had made any reasonable inquiry prior to making this allegation, he would

LARSON & ZIRZOW
810 South Casino Center Blvd. #101
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

have realized that this allegation is not predicated on or in any reality. Trustee Rosenberg's complete lack of reasonable inquiry regarding this allegation borders on egregious conduct and filing made upon Trustee Rosenberg's mere beliefs and inferences when this Court requested and procedural law requires Trustee Rosenberg to investigate the case and learn the facts.

**2.    Larson's Alleged Knowledge of Confidential Information Communicated from the Trustee to MAC.**

First and foremost, Larson was never involved in representation of the Former Trustee or Trustee Rosenberg as Special Counsel. See Larson Declaration. Larson has no knowledge of nor was he privy to any confidential communications from any trustee to MAC. See id.

With that said, generally, a trustee does not have any confidential information related to the representation of the estate when he begins his representation. In this way, the attorney-trustee relationship is different from the traditional attorney-client relationship. The trustee must learn about the estate by gathering discoverable information from various third-party sources including the debtor, creditors and other witnesses. By virtue of the fact that this information must be discovered by the trustee from third party sources, it is not "confidential" information given by the trustee to the attorney. It is frequently gathered by counsel and communicated to the trustee rather than the other way around. It is therefore not protected under Rule 1.9(a).

Trustee Rosenberg entered into the Settlement Agreement representing to this Court that he still possesses no knowledge of these matters and "it would [still] take time and money for my new counsel to come up to speed with the complexities of this case." See Settlement Motion, Dkt. No. 517, ¶ 13. This further bolsters the uncontroverted fact that no confidential information was obtained by Larson, L&Z, or MAC from Trustee Rosenberg in relation to this matter or any other associated herewith as, even now, Trustee Rosenberg admits he has no knowledge of the matters.

**3.    The Joint Participation in the February Meeting.**

Trustee Rosenberg states that Larson should be disqualified because Larson participated in the February Meeting along with Trustee Rosenberg, Trustee's Counsel and other MAC attorneys. Trustee Rosenberg alleges that Larson should be disqualified because at this February Meeting when Trustee Rosenberg was represented by his own counsel, Mr. Kim, "Trustee passed

LARSON & ZIRZOW
810 South Casino Center Blvd. #101
Las Vegas, Nevada 89101
Tel: (702) 382-1170    Fax: (702) 382-1169

confidential information to MAC" and had "very frank discussions regarding everything related to the state court proceedings and bankruptcy matters."

To be clear, Larson attended the February Meeting at the MAC law offices with Trustee Rosenberg, Trustee's Counsel, Howard Kim, and four other MAC attorneys. The purpose of the February Meeting was to assist Trustee Rosenberg with coming "up to speed" on the cases. At the time of the meeting Trustee Rosenberg had no knowledge of the case and no "confidential information" to convey. All of the information exchanged was information conveyed by either MAC or Larson to Trustee Rosenberg that had been discovered from Debtor or third parties and that was part of the various court records. Larson discussed the In re CH Angelus II, LLC bankruptcy and, once again, advised Trustee Rosenberg and his counsel of the factual basis for the claims that Gayler had no corporate authority on behalf of CH Angelus II and was no longer the managing member of CH Angelus II.

Furthermore, Trustee Rosenberg and Mr. Kim fully consented to the participation of all counsel at that February Meeting, including Larson, and never once objected to the participation of any counsel present on the basis of any alleged conflict or on the basis that any alleged confidential information was exchanged. Trustee Rosenberg and Mr. Kim were fully aware of the fact that Larson represented the L&Z Clients at the time of the February Meeting as the Motion to Dismiss in the In re CH Angelus II bankruptcy had already been filed and Trustee Rosenberg had already attended the hearing thereon.

Trustee Rosenberg cannot now utilize Larson's participation in the February Meeting as a "Gotcha" moment. The participation in the February Meeting simply cannot be grounds for disqualification wherein Trustee Rosenberg, while represented by counsel, Mr. Kim, allowed and consented to all parties' participation and full exchange of information.

### 4. Potential Opposition to Trustee Rosenberg's Settlement Motion.

Throughout the Disqualification Motion, Trustee Rosenberg asserts that Larson and/or MAC "intends" to oppose the Settlement Motion and that Larson and/or MAC intend to utilize information gathered in their representation of the trustee to "harm the trustee in his efforts to bring assets into the estate." To be clear, if an opposition is filed to the Settlement Motion, none of the

LARSON & ZIRZOW
810 South Casino Center Blvd. #101
Las Vegas, Nevada 89101
Tel: (702) 382-1170    Fax: (702) 382-1169

information utilized in opposition to the Settlement Motion would be "confidential" information provided by the trustee to Larson or L&Z. Rather, all of it would be information gathered through discovery or information that is already part of the Court record.

On July 3, 2013, Trustee Rosenberg filed his Settlement Motion requesting the Court to approve a Settlement Agreement between Trustee Rosenberg and Gayler, his Counsel, Sylvester, and Gayler's alleged cohorts, Barrett and Loerwald. The Settlement Agreement was signed by Gayler, individually and on behalf of 120 entities, including CH Angelus II, LLC. Gayler will receive a full discharge despite the findings of other Courts, the indictment of the Nevada Attorney General's Office, and the creditor's and Former Trustee's numerous allegations of fraud. It cannot be stated more clearly, if there is an individual who should not be afforded the protections of a discharge, it is Gayler.

As part of the Settlement Agreement, Trustee Rosenberg agreed to distribute to Gayler $100,000, which would be paid to Gayler's attorney, Sylvester. Sylvester would also be assigned Gayler's claimed rights in Dumol, LLC including any sale proceeds. The Settlement Agreement indicates that Dumol, LLC owns 4.2 acres and is currently listed for $800,000.00. The Settlement Agreement is unclear as to the extent of Gayler's membership interest in Dumol, LLC. As such, the Settlement Agreement fails to state exactly how much of the estate's assets will be transferred to Debtor's counsel, Sylvester, to the detriment of the estate and the creditors; however, it is clear that the amount will be significant.

As part of the Settlement Agreement, Trustee Rosenberg further agreed that Gayler shall retain ownership and possession of two (2) residential properties located in Utah, one of which is likely a non-exempt investment property, and Gayler shall retain any previously paid commissions to Gayler or his specific entities. There is no indication of how much monies this is that could have been brought back into the estate.

In exchange for the above, Gayler will provide the estate with something that is already property of the estate, that is Gayler's legal and equitable interest, to the extent he has any, in various entities listed in his schedules.[2]

---

[2] The extent of Gayler's legal and equitable interest in Angelus II and other entities remains in dispute.

15

Trustee Rosenberg entered into this Settlement Agreement representing to this Court that he still possesses no knowledge of these matters and "it would [still] take time and money for my new counsel to come up to speed with the complexities of this case." See Settlement Motion, Dkt. No. 517, ¶ 13. However, Trustee Rosenberg entered into this Settlement Agreement and allowed Gayler to sign on behalf of CH Angelus II with full knowledge that Gayler's alleged status as Managing Member of CH Angelus II, LLC and that Gayler's membership interests in CH Angelus II, LLC was hotly contested in the In re CH Angelus II, LLC bankruptcy since the filing of the Motion to Dismiss on December 18, 2012, Dkt. No. 14. Trustee Rosenberg entered into this Settlement Agreement with full knowledge that Gayler has been criminally indicted for multiple counts of theft and for multiple counts of securities fraud. Nonetheless, Trustee Rosenberg agreed to grant Gayler a complete discharge and any claims asserted in the Trustee's Adversary Proceeding against Gayler, Loerwald and Barrett would be dismissed and forever barred.

In light of the fact that the Settlement Agreement benefits only Gayler and his counsel and was signed without actual corporate authority from CH Angelus II, LLC and likely many of the other entities, Larson advised Trustee Rosenberg and this Court of the issues surrounding the self-serving Settlement Agreement and of the possibility that the Settlement Motion would be opposed. Only after Larson indicated that the Settlement Motion had been rejected previously by the Creditors of the Gayler estate and that Larson anticipated that it would, therefore, be opposed did Trustee Rosenberg cry "Conflict."

Larson is informed and believes that MAC represented the L&Z Clients prior to their representation of the Trustee as Special Counsel. In fact, simple review of the Application to Employ reveals that the Former Trustee was fully aware of MAC's ongoing representation of the L&Z Clients prior to his decision to retain MAC as special counsel. Furthermore, his signed Application to Employ MAC should be taken as judicial notice of his knowledge of and consent to MAC's representation of both the L&Z Clients and the Trustee as Special Counsel.

Trustee Rosenberg has previously stated that he intends to take the position taken by the Former Trustee that the estate's interest in the Gayler entities only exists to the extent that Gayler is found to actually still hold an interest. This position complies with basic bankruptcy law as the

LARSON & ZIRZOW
810 South Casino Center Blvd. #101
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

membership interest can only be part of the bankruptcy estate to the extent that it legally and equitably exists.

Furthermore, Trustee Rosenberg has previously acknowledged and consented in writing filed with this Court that the creditors, including L&Z's clients, could proceed with a determination as to the extent of any and all membership interests Gayler claims in Ch. Angelus, LLC and Ch. Angelus II, LLC, including the interests held by Gayler through Ch. Pichon, LLC, Groth, LLC and Harlan, LLC and that Gayler's interests in these entities are only property of the estate to the extent that the interests are not disgorged or deemed to have been sold in other disputes.  See Trustee Rosenberg's Motion for Partial Summary Judgment filed on February 14, 2013, Adv. Pro. 11-01410, at Dkt. No. 317.

If Trustee Rosenberg still stands by his prior position, of which Larson and L&Z requests that the Court take judicial notice, then there is no actual conflict between the L&Z Clients and Trustee Rosenberg as Trustee Rosenberg's position in his own motion for Partial Summary Judgment clearly acknowledges that Gayler's interests in the entities can only be brought into the estate if Gayler actually legally holds any interest.

If Trustee Rosenberg now intends to flip flop from the position previously taken months ago for the purposes of thwarting dissension to the Settlement Motion, then Trustee Rosenberg would not only be taking a contrary position to the one he previously asserted under penalty of perjury, but will also be aligning himself, as a fiduciary of the estate, with Gayler, an individual who has been civilly found liable for fraud and is currently under criminal indictment for multiple counts of theft and securities fraud.

Surely, Trustee Rosenberg, a fiduciary of the estate, does not intend to represent to this Court that he intends to take Gayler's position in regards to whether or not Gayler has an interest in the disputed entities in direct contradiction to other Court's factual findings, the indictment of the Nevada Attorney General's Office, the creditors of the bankruptcy estate, the Former Trustee, and Trustee Rosenberg, himself, under penalty of perjury just six months ago.

Trustee Rosenberg has brought this Disqualification Motion for the illicit and improper purposes of silencing creditor's possible objections to the Settlement Motion.  In doing so, Trustee Rosenberg has forced himself into a corner where in order to be able to cry "conflict," he must

LARSON & ZIRZOW
810 South Casino Center Blvd. #101
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

align himself with an known and criminally indicted fraud to the detriment of the estate and in direct contradiction to his actual duties as trustee.  There is no actual conflict.  To the extent Trustee Rosenberg now intends to fight the creditors factually regarding the extent, if any, of Gayler's interest in CH Angelus II, this so-called conflict exists only if Trustee Rosenberg aligns himself with the factual position of a proven fraud and in direct contradiction to his duties as trustee.  Trustee Rosenberg's choice to violate his duties to the estate should not be a basis for disqualifying the very creditor's attorneys, MAC, who were hired by the Former Trustee and have worked so diligently in this case, nor should it be a basis for imputing any conflict onto Larson.

**B.**  **The Trustee Consented in Writing to the Representations of the Creditors thus, any Conflict has been Waived.**

Larson is informed and believes that MAC represented the L&Z Clients prior to MAC's representation of the Trustee as Special Counsel.  Generally, NRPC 1.9 is written to protect the "former" client rather than for the new client.  In fact the Rule is titled "Duties to Former Clients." Thus, in this case, NRPC 1.9 protects the representation of the first client, or the L&Z Clients, rather than the Former Trustee or Trustee Rosenberg.  The Application to Employ MAC reveals that the Former Trustee was fully aware of MAC's ongoing representation of the L&Z Clients prior to his decision to retain MAC as special counsel.  Furthermore, his signed Application to Employ MAC should be taken as judicial notice of his knowledge of and consent to MAC's representation of both the L&Z Clients and the Trustee as Special Counsel.  The Former Trustee's consent to MAC's representation of both the L&Z Clients and the Trustee as Special Counsel waives any actual conflict which may exist.  The Former Trustee's consent to the representation should be extended to the current trustee, Trustee Rosenberg.

Furthermore, Trustee Rosenberg consented in writing to the L&Z Clients moving forward with their claims to determine whether or not Gayler has any interest.  See Trustee Rosenberg's Motion for Partial Summary Judgment filed of February 14, 2013, Adv. Pro. 11-01410, at Dkt. No. 317.  Trustee Rosenberg also consented to MAC's continued employment as special counsel for the Trustee in multiple court appearances in which his representation, through counsel, was recorded and, therefore, constitutes a "writing."

LARSON & ZIRZOW
810 South Casino Center Blvd. #101
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

In light of these multiple instances of consent in writing to MAC's representation of both the L&Z Clients and the Trustee as Special Counsel, Trustee Rosenberg's Disqualification Motion should be denied.

## C. When Balancing the Competing Interests Set Forth in Brown, All of the Competing Interests Weigh Against Disqualification.

The Nevada Supreme Court has clearly recognized that when analyzing a potential disqualification, courts must balance three competing interests: (1) the individual right to be represented by counsel of one's choice; (2) each party's right to be free from the risk of even inadvertent disclosure of confidential information; and (3) the public's interest in the scrupulous administration of justice. Brown, 116 Nev. at 1205. Each of these competing interests weigh in favor of denying Trustee Rosenberg's Disqualification Motion.

Clearly, the L&Z clients have selected their counsel and that right should not be set aside lightly. As such, the first competing interest weighs against disqualification.

As clearly set forth above, Larson has no knowledge of his former law firm's representation of the Former Trustee or of Trustee Rosenberg and is certainly not privy to any confidential information that has been provided by either trustee to MAC, if any exists. As such, the second competing interest weighs against disqualification.

Finally, the public's interest in the scrupulous administration of justice weighs in favor of denying the requested disqualification. As set forth in detail herein, Trustee Rosenberg has entered into a Settlement Agreement with Gayler, a civilly proven fraud and a criminally indicted thief, while admitting on the record to still having no real knowledge of the facts of this case. Trustee Rosenberg has brought this Disqualification Motion for the illicit and improper purposes of silencing creditor's possible objections to the Settlement Motion. In doing so, Trustee Rosenberg has forced himself into a corner where in order to be able to cry "conflict," he must align himself with Debtor to the detriment of the estate and in direct contradiction to his actual duties as trustee. The public's interest in the scrupulous administration of justice clearly weighs against disqualification.

Thus, the Court must deny Trustee Rosenberg's Motion in its entirety.

LARSON & ZIRZOW
810 South Casino Center Blvd. #101
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

### D. Because Trustee Rosenberg Has Failed to Meet His Burden Under NRPC 1.9 as to Larson, NRPC 1.10 is inapplicable to L&Z.

Trustee Rosenberg contends that L&Z must be disqualified pursuant to NRPC 1.10. Trustee Rosenberg cites to the entirety of NRPC 1.10 and argues portions of the Rule that are not applicable to the issue of whether any alleged disqualification of Larson should be imputed to the law firm of L&Z. The sole section of NRPC 1.10 that may be applicable to this analysis is Section 1.10 (e). All other sections apply to other factual scenarios.

NRPC 1.10(e) provides as follows:

> (e) When a lawyer becomes associated with a firm, no lawyer associated in the firm shall knowingly represent a person in a matter in which that lawyer is disqualified under Rule 1.9 unless:
>
> > (1) The personally disqualified lawyer did not have a substantial role in or primary responsibility for the matter that causes the disqualification under Rule 1.9;
> >
> > (2) The personally disqualified lawyer is timely screened from any participation in the matter and is apportioned no part of the fee therefrom; and
> >
> > (3) Written notice is promptly given to any affected former client to enable it to ascertain compliance with the provisions of this Rule.

NRPC 1.10(e).

A plain reading of NRPC 1.10 makes it clear that a prerequisite to the application of 1.10 is that the lawyer associated in the firm "knowingly" represented a person in a matter in which the lawyer is disqualified under NRPC 1.9. Larson had no knowledge of any confidential information related to MAC's representation of either trustee. Nor has Larson ever had an attorney-client relationship with either trustee. Nor was Larson aware of any actual conflict between the L&Z Clients and either trustee until Trustee Rosenberg attempted to unilaterally create a conflict in order to silence opposition to his Settlement Motion. As such, it cannot be said that Larson "knowingly" represented a person in a matter in which the lawyer is disqualified under NRPC 1.9. As set forth above, Larson should not be disqualified pursuant to NRPC 1.9 and if he is not disqualified than NRPC 1.9, than there can be no imputation to L&Z.

LARSON & ZIRZOW
810 South Casino Center Blvd. #101
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

**V.    CONCLUSION.**

WHEREFORE, Larson & Zirzow respectfully requests that the Trustee's Motion be denied, and that Larson & Zirzow be granted such other and further relief as is just and proper.

Dated:  August 21, 2013.

LARSON & ZIRZOW, LLC

By:    /s/ Zachariah Larson, Esq.
ZACHARIAH LARSON, ESQ.
Nevada Bar No. 7787
E-mail:  zlarson@lzlawnv.com
810 S. Casino Center Blvd. #101
Las Vegas, Nevada 89101

21

# EXHIBIT A

**From:** Zach Larson
**Sent:** Tuesday, July 16, 2013 4:52 PM
**To:** 'howard@hkimlaw.com'; Terry Coffing; Phillip Aurbach
**Cc:** jackie@hkimlaw.com; katherine@hkimlaw.com; David Rosenberg
**Subject:** RE: In re Gayler; In re Ch Angelus II: Motion to Disqualify

Dear Mr. Kim:

Please advise me and/or my office of what reasonable inquiry you undertook that would warrant a motion to disqualify Larson & Zirzow from the representation of Barry R. Moore and Janie Moore as co-trustees of the BAMM Living Trust Dated July 16, 2003, Groth, LLC, CH Pichon, LLC, and Harlan LLC through their managing member John O'Brien (hereinafter "O'Brien Parties") in the above referenced cases. Please note that I was "Of Counsel" for Marquis Aurbach and Coffing (hereinafter "MAC") from January 3, 2012, until May 31, 2013. During my tenure at MAC, I specifically refused to participate in any significant manner with the In Re Gayler case. As you will note, I never filed a motion or pleading with my signature attached to it (I noted in researching the In re Gayler docket that it appears my ECF was utilized improperly to file the *Reply in Support of Trustee's Motion for Turnover of Non-Exempt Personal Property and Funds Pursuant to 11 U.S. C 541 and 542* on June 4, 2012. Please note that I don't know how said document was filed under my name, but can only assume that said document was filed inadvertently using my ECF number but without my authorization). I also never drafted a motion or pleading, nor appeared at any matter regarding the In re Gayler case, whether that matter was involving the state court proceedings or the underlying bankruptcy proceedings. I am happy to provide you with a declaration to that effect as well.

I did however file an opposition in the In re CH Angeles II (hereinafter "CH II") case on behalf of the O'Brien Parties. As you are aware, I took CH II with me to my new firm. As initially stated by Judge Nakagawa, your involvement in the CH II case was to investigate whether or not Mr. Gayler had the proper authority to initiate a chapter 7 proceeding for CH II. I attached documents to my motion to dismiss indicating that Mr. Gayler indeed lacked the appropriate authority to file the CH II case. To date, we have had a pending motion to dismiss the CH II case for approximately seven (7) months (approximately 5 months while I was Of Counsel at MAC, and approximately 2 months while at my new firm). I am curious why you would now choose to seek to disqualify my new firm as you and I have had in depth conversations as to our various positions on the CH II matter. Is it because you seek to not have me oppose your motion to settle the underlying In re Gayler case? Is it to prevent me from putting on the evidentiary hearing in front of Judge Nakagawa or Judge Thurman to determine whether or not Mr. Gayler had the authority to file the CH II bankruptcy?

I am not even sure what standing you as the attorney for the trustee has to disqualify me from representing a creditor in this case. Are you raising the conflict on behalf of my client? I am not representing the estate, nor have I sought to represent the estate. I am representing a creditor who has serious concerns over your proposed motion to settle the In re Gayler case given his

history, and to protect my clients rights as it pertains to CH II.  A position you have known about since December of 2012.

As put forth under Rule 9011 (b):  Representations to the Court.
By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,— [1]
(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

It seems to me that 9011(b)(1) and (2) are invoked by your lack of reasonable inquiry in seeking my disqualification and/or outright waiver in the face of your knowledge of my involvement in this case for approximately seven (7) months.  It is also extremely disturbing and harassing that only **after** I advise you that I intend on opposing your motion to settle the underlying In re Gayler case, and issue 2004 subpoenas, that you now attempt to disqualify me.  For the avoidance of doubt, please be advised that the trustee's position is being presented for an improper purpose, is frivolous pursuant to NRCP 1.10, and that it would lack evidentiary support as to my new law firm and me.

Please feel free to contact me to discuss this matter but I will **not** be consenting to an OST for a motion to disqualify my firm in the above-referenced matters.

Sincerely,



Zachariah Larson, Esq.
LARSON & ZIRZOW, LLC
810 S. Casino Center Blvd., Suite 101
Las Vegas, Nevada 89101
Telephone:  (702) 382-1170
Fascimile:  (702) 382-1169
www.lzlawnv.com

Pursuant to IRS Circular 230, any tax information or written tax advice contained herein (including any attachments) is not intended to be and can neither be used by any person for the purpose of avoiding tax penalties nor used to promote, recommend or market any tax-related matter addressed herein.

DO NOT read, copy or disseminate this communication unless you are the intended addressee. This e-mail communication contains confidential and/or priveled information intended only for the addressee. If you have received this communication in error, please call us (collect) immediately at (702) 382-1170 and ask to speak to the sender of the communication. Also please e-mail the sender and notify the sender immediately that you have received the communication in error. Thank you. Larson & Zirzow, LLC – Attorneys at Law

**From:** howard@hkimlaw.com [mailto:howard@hkimlaw.com]
**Sent:** Tuesday, July 16, 2013 1:05 PM
**To:** Zach Larson; Terry Coffing; Phillip Aurbach
**Cc:** jackie@hkimlaw.com; katherine@hkimlaw.com; David Rosenberg
**Subject:** In re Gayler; In re Ch Angelus II: Motion to Disqualify

Counsel:

Please let me know if you consent to the Trustee's filing of Motion to Disqualify on OST. The Motion seeks to disqualify Mr. Zachariah Larson and his new firm and the law firm of Marquis Aurbach Coffing as counsel for Barry R. Moore and Janie Moore as co-trustees of the BAMM Living Trust Dated July 16, 2003, Groth, LLC, CH Pichon, LLC, and Harlan LLC through their managing member John O'Brien in the above referenced cases.

Regards.

**Howard C. Kim, Esq.**
Howard Kim & Associates
400 N. Stephanie St., #160
Henderson, Nevada 89014
(702) 485-3300 - telephone
(702) 485-3301- facsimile

The information contained in this email is confidential and proprietary information intended for the use only of the intended addressee. If the reader of this email is not the intended addressee, you are notified that any dissemination, distribution, or copying of this message is prohibited. If you have received this message in error, please notify the sender immediately by telephone at (702) 485-3300 or by electronic mail (howard@hkimlaw.com) and then delete the message and all copies and backups. Thank you.

**IRS CIRCULAR 230 NOTICE:** To comply with U.S. Treasury Department and IRS regulations, we are required to advise you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this transmittal, is not intended or written to be used, and cannot be used, by any person for the purpose of (i) avoiding penalties under the U.S. Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this e-mail or attachment.

**From:** Zach Larson
**Sent:** Tuesday, July 16, 2013 4:52 PM
**To:** 'howard@hkimlaw.com'; Terry Coffing; Phillip Aurbach
**Cc:** jackie@hkimlaw.com; katherine@hkimlaw.com; David Rosenberg
**Subject:** RE: In re Gayler; In re Ch Angelus II: Motion to Disqualify

Dear Mr. Kim:

Please advise me and/or my office of what reasonable inquiry you undertook that would warrant a motion to disqualify Larson & Zirzow from the representation of Barry R. Moore and Janie Moore as co-trustees of the BAMM Living Trust Dated July 16, 2003, Groth, LLC, CH Pichon, LLC, and Harlan LLC through their managing member John O'Brien (hereinafter "O'Brien Parties") in the above referenced cases. Please note that I was "Of Counsel" for Marquis Aurbach and Coffing (hereinafter "MAC") from January 3, 2012, until May 31, 2013. During my tenure at MAC, I specifically refused to participate in any significant manner with the In Re Gayler case. As you will note, I never filed a motion or pleading with my signature attached to it (I noted in researching the In re Gayler docket that it appears my ECF was utilized improperly to file the *Reply in Support of Trustee's Motion for Turnover of Non-Exempt Personal Property and Funds Pursuant to 11 U.S. C 541 and 542* on June 4, 2012. Please note that I don't know how said document was filed under my name, but can only assume that said document was filed inadvertently using my ECF number but without my authorization). I also never drafted a motion or pleading, nor appeared at any matter regarding the In re Gayler case, whether that matter was involving the state court proceedings or the underlying bankruptcy proceedings. I am happy to provide you with a declaration to that effect as well.

I did however file an opposition in the In re CH Angeles II (hereinafter "CH II") case on behalf of the O'Brien Parties. As you are aware, I took CH II with me to my new firm. As initially stated by Judge Nakagawa, your involvement in the CH II case was to investigate whether or not Mr. Gayler had the proper authority to initiate a chapter 7 proceeding for CH II. I attached documents to my motion to dismiss indicating that Mr. Gayler indeed lacked the appropriate authority to file the CH II case. To date, we have had a pending motion to dismiss the CH II case for approximately seven (7) months (approximately 5 months while I was Of Counsel at MAC, and approximately 2 months while at my new firm). I am curious why you would now choose to seek to disqualify my new firm as you and I have had in depth conversations as to our various positions on the CH II matter. Is it because you seek to not have me oppose your motion to settle the underlying In re Gayler case? Is it to prevent me from putting on the evidentiary hearing in front of Judge Nakagawa or Judge Thurman to determine whether or not Mr. Gayler had the authority to file the CH II bankruptcy?

I am not even sure what standing you as the attorney for the trustee has to disqualify me from representing a creditor in this case. Are you raising the conflict on behalf of my client? I am not representing the estate, nor have I sought to represent the estate. I am representing a creditor who has serious concerns over your proposed motion to settle the In re Gayler case given his

history, and to protect my clients rights as it pertains to CH II.  A position you have known about since December of 2012.

As put forth under Rule 9011 (b):  Representations to the Court.
By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,— [1]
(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

It seems to me that 9011(b)(1) and (2) are invoked by your lack of reasonable inquiry in seeking my disqualification and/or outright waiver in the face of your knowledge of my involvement in this case for approximately seven (7) months.  It is also extremely disturbing and harassing that only **after** I advise you that I intend on opposing your motion to settle the underlying In re Gayler case, and issue 2004 subpoenas, that you now attempt to disqualify me.  For the avoidance of doubt, please be advised that the trustee's position is being presented for an improper purpose, is frivolous pursuant to NRCP 1.10, and that it would lack evidentiary support as to my new law firm and me.

Please feel free to contact me to discuss this matter but I will **not** be consenting to an OST for a motion to disqualify my firm in the above-referenced matters.

Sincerely,



Zachariah Larson, Esq.
LARSON & ZIRZOW, LLC
810 S. Casino Center Blvd., Suite 101
Las Vegas, Nevada 89101
Telephone:  (702) 382-1170
Fascimile:  (702) 382-1169
www.lzlawnv.com

Pursuant to IRS Circular 230, any tax information or written tax advice contained herein (including any attachments) is not intended to be and can neither be used by any person for the purpose of avoiding tax penalties nor used to promote, recommend or market any tax-related matter addressed herein.

DO NOT read, copy or disseminate this communication unless you are the intended addressee. This e-mail communication contains confidential and/or priveled information intended only for the addressee. If you have received this communication in error, please call us (collect) immediately at (702) 382-1170 and ask to speak to the sender of the communication. Also please e-mail the sender and notify the sender immediately that you have received the communication in error. Thank you. Larson & Zirzow, LLC – Attorneys at Law

**From:** howard@hkimlaw.com [mailto:howard@hkimlaw.com]
**Sent:** Tuesday, July 16, 2013 1:05 PM
**To:** Zach Larson; Terry Coffing; Phillip Aurbach
**Cc:** jackie@hkimlaw.com; katherine@hkimlaw.com; David Rosenberg
**Subject:** In re Gayler; In re Ch Angelus II: Motion to Disqualify

Counsel:

Please let me know if you consent to the Trustee's filing of Motion to Disqualify on OST. The Motion seeks to disqualify Mr. Zachariah Larson and his new firm and the law firm of Marquis Aurbach Coffing as counsel for Barry R. Moore and Janie Moore as co-trustees of the BAMM Living Trust Dated July 16, 2003, Groth, LLC, CH Pichon, LLC, and Harlan LLC through their managing member John O'Brien in the above referenced cases.

Regards.

**Howard C. Kim, Esq.**
Howard Kim & Associates
400 N. Stephanie St., #160
Henderson, Nevada 89014
(702) 485-3300 - telephone
(702) 485-3301- facsimile

The information contained in this email is confidential and proprietary information intended for the use only of the intended addressee. If the reader of this email is not the intended addressee, you are notified that any dissemination, distribution, or copying of this message is prohibited. If you have received this message in error, please notify the sender immediately by telephone at (702) 485-3300 or by electronic mail (howard@hkimlaw.com) and then delete the message and all copies and backups. Thank you.

**IRS CIRCULAR 230 NOTICE:** To comply with U.S. Treasury Department and IRS regulations, we are required to advise you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this transmittal, is not intended or written to be used, and cannot be used, by any person for the purpose of (i) avoiding penalties under the U.S. Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this e-mail or attachment.