**Marquis Aurbach Coffing**
Albert G. Marquis, Esq.
Nevada Bar No. 1919
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
amarquis@maclaw.com
　Attorneys for John D. O'Brien
　　Profit Sharing Plan

E-Filed: **August 30, 2013**

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In Re:<br><br>WILLIAM GAYLER,<br><br>　　　　　　　Debtor. | Case No:　　BK-S-09-31603-MKN<br>Chapter:　　7<br><br><br>Hearing Date: September 4, 2013<br>Hearing Time: 3:00 pm |

**SUPPLEMENTAL DECLARATION OF DALE A. HAYES, ESQ.
IN SUPPORT OF MARQUIS AURBACH COFFING'S OPPOSITION TO
TRUSTEE'S MOTION TO DISQUALIFY COUNSEL FOR JOHN D. O'BRIEN
PROFIT SHARING PLAN AND COUNSEL FOR BARRY R. MOORE AND JANIE
MOORE AS CO-TRUSTEES OF THE BAMM LIVING TRUST
DATED JULY 16, 2003, GROTH, LLC, CH. PICHON, LLC, AND HARLAN, LLC
THROUGH THEIR MANAGING MEMBER JOHN O'BRIEN AND
IN RESPONSE TO THE TRUSTEE'S REPLY BRIEF**

Dale A. Hayes makes this Declaration under 28 U.S.C. § 1746 and states:

1.　I am over the age of 18 years and have personal knowledge of the facts stated herein, except for those stated upon information and belief, and as to those, I believe them to be true. I am competent to testify as to the facts stated herein in a court of law and will so testify if called upon.

2.　I am a shareholder with the law firm of Marquis Aurbach Coffing. I make this Supplemental Declaration in support of Marquis Aurbach Coffing's Opposition to Trustee's Motion to Disqualify Counsel for John D. O'Brien Profit Sharing Plan and Counsel for Barry R. Moore and Janie Moore as Co-Trustees of the BAMM Living Trust Dated July 16, 2003, Groth,

Page 1 of 5

MAC:05505-025 2059545_1 8/30/2013 1:18 PM

LLC, Ch. Pichon, LLC, and Harlan, LLC through their Managing Member John O'Brien and in Response to the Trustee's Reply Brief.

3. I have reviewed Trustee David A. Rosenberg's Reply in Support of Trustee's Motion to Disqualify Counsel for John D. O'Brien Profit Sharing Plan and Counsel for Barry R. Moore and Janie Moore as Co-Trustees of the BAMM Living Trust Dated July 16, 2003, Groth, LLC, Ch. Pichon, LLC, and Harlan, LLC through their Managing Member John O'Brien ("Reply") as well as the Declaration of David A. Rosenberg in Support of the Reply.

4. The Trustee's Reply is the classic example of litigation by ambush, as the Trustee through his attorney, Kim, has knowingly and willfully misrepresented the facts to the Court hoping the falsehoods would go unchallenged.[1]

5. I am not a creditor in the Bankruptcy of William A. Gayler, nor is my Trust. At Page 5 of the Reply, the Trustee falsely states,

> Thus, if all of Gayler's assets were administered and liquidated in the Bankruptcy Estate, the majority of monies coming into the Estate would be for the benefit of the IRS; **the MAC creditors and individuals like Phillip Aurbach and Dale Hayes would get little if anything.** (Emphasis added.)

Since I am not a creditor of the Gayler Bankruptcy, I get no money that may come into the Bankruptcy Estate. The inference that I stand to gain somehow if Gayler's assets were improperly administered and liquidated is patently false.

6. In addition, at Page 4 of the Reply, it states:

> Moreover, two of MAC's partners/attorneys, Dale Hayes **and** Phillip Aurbach, **personally held membership interests in several of the Gayler entities while working on these matters for the Estate.** (Emphasis added.)

In support of this false assertion, the Trustee directs this Court to Exhibit 1, a hearsay document which purports to be a William Gayler Estate Summary. I have never held a membership interest in *several* of Gayler's entities. Rather, my Trust was a owner of .5 shares of one entity, DA 1147, LLC, which was co-managed by Barry R. Moore and Mr. Gayler through Screaming

---

[1] The Bankruptcy Trustee, through his attorney, Kim, assert new arguments for the first time in their Reply knowing that the Rules of Procedure allow for a motion, followed by an opposition, followed by a reply.

MAC:05505-025 2059545_1 8/30/2013 1:18 PM

Eagle II, LLC. DA 1147, LLC's sole asset was sold in November of 2007—two years before Gayler was put in Bankruptcy as discussed below.[2]

7. Presumably, the William Gayler Estate Summary, Exhibit 1, was prepared based upon the representations of the Debtor William A. Gayler. The Trustee and his counsel, Kim, were and are acutely aware that Mr. Gayler was found guilty of actual fraud before Judge William A. Thurman in Adversary Proceeding No. 11-01027-MKN. Moreover, Mr. Gayler confessed actual fraud in Adversary Proceeding No. 11-01088-MKN. In addition, in Case No. A-09-596777-C in State Court involving Ch. Angelus, LLC and Ch. Angelus II, LLC, Mr. Gayler was found by Judge Denton to have engaged in "manifest self-dealing" and based on that finding found the Deed of Trust securing a $2 million loan and a Promissory Note invalid. Furthermore, in Case No. A-10-616929-C in State Court, Judge Denton declared the Promissory Note and Deed and Trust null, void and invalid based on the wrongful conduct of Mr. Gayler. Finally, Mr. Gayler has been indicted for his criminal conduct associated with the handling of the Diamante Rose, LLC investment in Adversary Proceeding No. 11-01027-MKN. On information and belief, the information contained on Exhibit 1 of the Reply related to the William Gayler Estate Summary was predicated upon the representations of a known fraud and criminally indicted individual, Mr. Gayler, yet the Trustee and his attorney, Kim, present it to this Court as gospel.

8. With that backdrop, Trustee Rosenberg through his counsel, Kim, on two occasions in his Reply states that I, "Personally held membership interest in several of the Gayler's entities while working on these matters for the Estate."[3] The foregoing is absolutely false in that neither my Trust nor I "personally held membership interest in several of the Gayler entities." Rather, I invested with Barry R. Moore in DA 1147, LLC. DA 1147, LLC was managed by Screaming Eagle II, LLC whose principals were William A. Gayler and Barry R.

---

[2] See DA 1147, LLC Member Correspondence dated December 17, 2007 attached hereto as **Exhibit U**.

[3] See Reply at pp. 4 and 5.

MAC:05505-025 2059545_1 8/30/2013 3:07 PM

1  Moore. Thus, I never worked on matters for the Estate while holding a membership interest as
2  falsely represented by the Trustee through his counsel, Kim.

3      9.    It is important to note the DA 1147, LLC property was sold in November of 2007
4  with checks disbursed on December 17, 2007, two years before Gayler was placed in individual
5  bankruptcy in November of 2009.[4] Accordingly, neither I nor my Trust "personally held
6  membership interest in several of the Gayler entities" as indicated in the Reply of the Trustee.
7  The foregoing was patently false as stated above and I invested in only one LLC involving Mr.
8  Gayler, DA 1147, LLC, with Mr. Moore as a co-manager.

9      10.    In the Reply, the Trustee states at Page 5,

> Thus, if all of Gayler's assets were administered and liquidated in the Bankruptcy Estate, the majority of monies coming into the Estate would be for the benefit of the IRS: **The MAC creditors and individuals like Phillip Aurbach and Dale Hayes would get little if anything.** (Emphasis added.)

As set forth above, I am not a creditor of the Bankruptcy Estate of Mr. Gayler nor do I have an interest in any assets that may be liquidated in the Bankruptcy Estate of Mr. Gayler. Therefore, Page 5 of the Reply relating that I would get little if anything if the assets were properly administered and liquidated in the Bankruptcy Estate of Gayler is patently false and the Trustee and his attorney, Kim, know it.

    11.    In addition to the above, the Trustee reiterates at Page 5 of the Reply, "Moreover, MAC did not disclose the fact that two of its attorneys, Dale Hayes and Phillip Aurbach, **hold membership interests in several of the Gayler entities**." (Emphasis added.) As set forth above, my Trust owned a .5 interest in DA 1147, LLC which was sold in November of 2007, two years prior to Mr. Gayler's bankruptcy.

    12.    The Trustee is trying to imply collusion between MAC and the clients I have personally represented since May 1, 2008 ostensibly to prevent assets from coming into the Estate of the debtor, Mr. Gayler. The foregoing is patently false. Absent my and Liane, Wakayama's representation of the creditors, the assets the Trustee so vociferously is trying to take possession of, would have been lost to foreclosure by the lenders. In that regard, Ch.

---

[4] See **Exhibit U.**

Angelus, LLC and Ch. Angelus II, LLC were obligated on a Promissory Note in the amount of $2 million in favor of the Alper Lenders. Absent action by me and Ms. Wakayama on behalf of the creditors, the Alper Lenders would have foreclosed and there would have been no money for the Trustee to argue over. The same analysis applies to Ch. Angelus IV, LLC, absent action by me and Ms. Wakayama to save the investment, the Alper Lenders would have foreclosed and the investment would have been lost. To suggest MAC's conduct, and mine personally, sought to benefit the creditors at the expense of the Bankruptcy Estate is a total perversion of the truth.

Dated this 30 day of August, 2013.



_____
DALE A. HAYES

MAC:05505-025 2059545_1 8/30/2013 1:18 PM

# Exhibit U

## DA 1147 LLC
4035 So. Tenaya Way 3200
Las Vegas, NV 89147
(702) 362-5100

# MEMBER CORRESPONDENCE

To: DA 1147 LLC Members

From: William Gayler

Date: December 17, 2007

Subject: Property Sale

---

    We are pleased to inform you that the sale of the property has closed and the CPA's have approved of our sale summary and distribution summary. Enclosed is your pro rata check, closing statement and closing summaries. We will forward a complete closing package in the near future.

    Thank you for your participation in this investment and if you have any questions, please do not hesitate to contact me.

Very truly yours

William Gayler, C0-Managing Member
Screaming Eagle II, Managing Member
DA 1147, LLC

DA 1147 LLC Sale Summary
11/4/2007

| Shares | Member | Return of Capital $ 100,000.00 Per Share | Sale Proceeds $ 159,154.83 Per Share | Total Check |
|---|---|---|---|---|
| 1 | Alderson | $ 100,000.00 | $ 159,154.83 | $ 259,154.83 |
| 5 | Alexander Dawson Foundation | $ 500,000.00 | $ 795,774.15 | $ 1,295,774.15 |
| 1 | Joseph Borini | $ 100,000.00 | $ 159,154.83 | $ 259,154.83 |
| 1 | Mario Borini | $ 100,000.00 | $ 159,154.83 | $ 259,154.83 |
| 2 4/8 | Tom Brown | $ 250,000.00 | $ 397,887.08 | $ 647,887.08 |
| 4/8 | Donald Campbell | $ 50,000.00 | $ 79,577.42 | $ 129,577.42 |
| 1 | Donald Campbell PS | $ 100,000.00 | $ 159,154.83 | $ 259,154.83 |
| 1 | William Gialketsis | $ 100,000.00 | $ 159,154.83 | $ 259,154.83 |
| 1 | Frank Hansen | $ 100,000.00 | $ 159,154.83 | $ 259,154.83 |
| 1 | L Harris | $ 100,000.00 | $ 159,154.83 | $ 259,154.83 |
| 2/8 | Harrison | $ 25,000.00 | $ 39,788.71 | $ 64,788.71 |
| 4/8 | Hayes | $ 50,000.00 | $ 79,577.42 | $ 129,577.42 |
| 3/8 | Icon PS | $ 37,500.00 | $ 59,683.06 | $ 97,183.06 |
| 1 | Kempf | $ 100,000.00 | $ 159,154.83 | $ 259,154.83 |
| 1 | Leavitt Bros | $ 100,000.00 | $ 159,154.83 | $ 259,154.83 |
| 6 | LeBow | $ 600,000.00 | $ 954,928.98 | $ 1,554,928.98 |
| 4/8 | Lomento | $ 50,000.00 | $ 79,577.42 | $ 129,577.42 |
| 3/8 | McCauley | $ 37,500.00 | $ 59,683.06 | $ 97,183.06 |
| 2 | Moore | $ 200,000.00 | $ 318,309.66 | $ 518,309.66 |
| 1 1/8 | Morley | $ 112,500.00 | $ 179,049.18 | $ 291,549.18 |
| 5 | Norris | $ 500,000.00 | $ 795,774.15 | $ 1,295,774.15 |
| 2 | John O'Brien | $ 200,000.00 | $ 318,309.66 | $ 518,309.66 |
| 1 | John O'Brien PS | $ 100,000.00 | $ 159,154.83 | $ 259,154.83 |
| 3/8 | Rich Plaut | $ 37,500.00 | $ 59,683.06 | $ 97,183.06 |
| 4/8 | Ringer | $ 50,000.00 | $ 79,577.42 | $ 129,577.42 |
| 2 | Pius Reiger | $ 200,000.00 | $ 318,309.66 | $ 518,309.66 |
| 1 | Roses Inv | $ 100,000.00 | $ 159,154.83 | $ 259,154.83 |
| 1 | Schnippel | $ 100,000.00 | $ 159,154.83 | $ 259,154.83 |
| 1 | Tripp | $ 100,000.00 | $ 159,154.83 | $ 259,154.83 |
| 1 | Colby Williams | $ 100,000.00 | $ 159,154.83 | $ 259,154.83 |
|  |  | $ - | $ - | $ - |
| 43 |  | $ 4,300,000.00 | $ 6,843,657.69 | $ 11,143,657.69 |

12/17/2007

DA 1147 LLC Expense to be Reimbursed @ Closing

| | Amount | Description | Date |
|---|---:|---|---|
| $ | 1,000.00 | Clark Co Plan Review Fee | Jul-03 |
| $ | 3,153.00 | Jawa Architecture Space Design | Mar-03 |
| $ | 5,000.00 | Perlman Schematic Design | May-03 |
| $ | 8,250.00 | Perlman Schematic Design | Jul-03 |
| $ | 22,050.00 | Perlman Schematic Design | Dec-03 |
| $ | 2,852.00 | Clark Co Tentative Map Fee Zone Change App | Nov-03 |
| $ | 24,520.00 | Keith Co Engineering | Jan-03 |
| $ | 8,300.00 | Converse Soil Test/Clean | Dec-03 |
| $ | 23,062.00 | Advertising/Signage (Sign a Rama, Rojas Grp, Newtext, Vega Pave, Kinkos | 2004 |
| $ | 1,000.00 | Political Science Zone Consult | 2004 |
| $ | 27,325.00 | Perlman Architecture Conceptual | 2004 |
| $ | 20,906.00 | Keith Co Engineering | 2004 |
| $ | 14,580.97 | Keith Co Engineering IRE | 2004 |
| $ | 14,576.00 | Keith Co Engineering SE | 2004 |
| $ | 17,733.00 | Converse Soil Test/Clean | 2004 |
| $ | 17,000.00 | Perlman Architecture Conceptual | 2005 |
| $ | 10,387.00 | Keith Co Engineering IRE | 2005 |
| $ | 25,000.00 | Perlman IH | Dec-05 |
| $ | 14,728.00 | Clark Co Plan Review Fee | Dec-05 |
| $ | 7,590.00 | Perlman Design & Planning | Mar-06 |
| $ | 4,600.21 | Stantec Engineering | Mar-06 |
| $ | 3,287.50 | Marquis & Aurbach Legal | Mar-06 |
| $ | 3,018.00 | Gerety Accounting | Mar-06 |
| $ | 277,641.35 | Nv State Bank Int | 3-10/1/06 |
| $ | 3,500.00 | " Extension Fee | |
| $ | 296.72 | Bank/Check Fees | |
| $ | 18,500.00 | Stantec Contract | |
| $ | 27,407.50 | Perlman Invoice Balance | |
| $ | 11,443.75 | Legal Fees Icon | |
| $ | 100.00 | Business License Renewal | |
| $ | 2,000.00 | Appraisal Fee | |
| $ | 1,500.00 | LAS Consult MUD Report Eng Stamp (pd for Centex) | |
| $ | 5,000.00 | LAS Consult MUD App, Zone Change (pd for Centex | |
| $ | 1,000.00 | CC Design Study (pd for Centex) | |
| $ | 875.00 | CC Land Mitigation Fee (pd for Centex) | |
| $ | 200.00 | CC BLA Submittal (pd for Centex) | |
| $ | 93.00 | Recording Fees (pd for Centex) | |
| $ | 57,910.39 | Property Taxes | |
| $ | 26,214.00 | Stantec | |
| $ | 713,600.39 | | |
| $ | 1,000,000.00 | Deposit 3/1/07 | |
| $ | (713,600.39) | Less Revised Expenses | |
| $ | 61,938.00 | Sign Rent to 11/30/07 | |
| $ | (30,500.00) | 3/2003-11/2007 Management ($500. mo) | |
| $ | (370.10) | Blueprints | |
| $ | (1,209.00) | Stantec extra | |

12/13/2007