**Marquis Aurbach Coffing**
Albert G. Marquis, Esq.
Nevada Bar No. 1919
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
amarquis@maclaw.com
Attorneys for MAC Creditors

E-Filed: March 19, 2014

# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In Re:<br><br>WILLIAM GAYLER,<br><br>                    Debtor. | Case No:      BK-S-09-31603-MKN<br>Chapter:      7<br><br><br>Hearing Date: N/A<br>Hearing Time: N/A |

## OPPOSITION TO MOTION FOR LEAVE TO APPEAL

Marquis Aurbach Coffing ("MAC"), attorneys of record for John O'Brien, individually and as Trustee of the John D. O'Brien Profit Sharing Plan, Donald J. Campbell, J. Colby Williams, William Godfrey, Barry R. Moore, Janie Moore, Barry R. Moore and Janie Moore, Co-Trustees of the Bamm Living Trust Dated July 16, 2003, John Esposito, Lorraine Esposito, Mario P. Borini, Bianca Borini, Joseph Borini and Eroom Holdings, LP (hereinafter the "MAC Creditors"), hereby submit their Opposition to Trustee's Motion for Leave to Appeal (Dkt. No. 598). This Opposition is made and based upon the pleadings and papers on file herein, the attached Memorandum of Points and Authorities, and any oral argument permitted at the hearing.

Dated this 19th day of March, 2014.

MARQUIS AURBACH COFFING


By ____/s/ Albert G. Marquis_____
   Albert G. Marquis, Esq.
   Nevada Bar No. 1919
   10001 Park Run Drive
   Las Vegas, Nevada  89145
   Attorneys for MAC Creditors

MAC:05505-025 2182711_1 3/19/2014 3:41 PM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

## MEMORANDUM OF POINTS AND AUTHORITIES

I.    **INTRODUCTION.**

Instead of litigating the merits of the underlying bankruptcy proceedings, Trustee Rosenberg has focused on getting MAC disqualified in hopes of pushing through a debtor-friendly settlement. Rooted in a well-reasoned opinion, the Honorable Mike K. Nakagawa declined to disqualify MAC. Trustee Rosenberg's pending settlement reached with Debtor William A. Gayler ("Gayler"), Gayler's personal counsel, and Gayler's cronies should now be tested on the merits to see if the agreement can withstand creditor objections. Trustee Rosenberg, however, wants another bite at the apple, this time through a premature appeal.

Denying the disqualification of MAC does not vest Trustee Rosenberg with an appeal as a matter of right. As required by 28 U.S.C. § 158(a)(1), the disqualification decision did not end the litigation or dispose of a complete claim for relief to qualify as a final judgment. Instead, the decision merely allowed the MAC Creditors to continue to be represented by their long-standing counsel of choice. Recognizing the effect of disqualification orders, the Ninth Circuit has uniformly held that such decisions are not final, but interlocutory in nature.[1] As a result, Trustee Rosenberg bears the burden of satisfying each of the criteria required for this Panel to grant leave for an interlocutory appeal. Trustee Rosenberg has failed to do so. An immediate appeal will only serve to further harass the MAC Creditors, delay final resolution on the merits and needlessly increase the costs of litigation. Courts are often cautious and refuse to grant leave for disqualification decisions given the potential abuse for such motions.[2] In order to preserve the historic federal policy against piecemeal appeals,[3] this Panel therefore lacks jurisdiction and Trustee Rosenberg's premature and improper appeal should be dismissed.

---

[1] In re Westwood Shake & Shingle, Inc., 971 F.2d 378, 389 (9th Cir. 1992).

[2] See, e.g., Shurance v. Planning Control Int'l, 839 F.2d 1347, 1348 (9th Cir. 1988).

[3] See Wood v. GCC Bend, LLC, 422 F.3d 873, 878 (9th Cir. 2005).

MAC:05505-025 2182711_1 3/19/2014 10:41 AM

## II.   STATEMENT OF FACTS.[4]

### A.   MAC'S REPRESENTATION OF THE MAC CREDITORS.

Since early 2008, MAC has represented members of various LLCs *mis*managed by Gayler, some of which include the MAC Creditors.  A majority of the litigation initiated and prosecuted by MAC was aimed to save certain investment properties threatened by foreclosure due to the self-dealing of Gayler, Martin Barrett ("Barrett") and Walter Loerwald ("Loerwald").  After lengthy discovery, substantive motion practice and bench trials, MAC's efforts proved successful.

#### 1.   The Angelus I/Angelus II Lawsuit (Case No. A596777).

One of the largest victories stemmed from litigation involving Ch. Angelus, LLC ("Angelus I") and Ch. Angelus II, LLC ("Angelus II") generating $1.4MM in settlement proceeds.[5]  The Angelus I/Angelus II litigation was initiated in August 2009, prior to Gayler's bankruptcy, against Gayler, Barrett, Loerwald and the lenders who sought to foreclose on the subject properties.[6]  Only the claims against the lenders have been litigated and resolved.[7]

##### a.   The Settlement Proceeds.

After disbursement of the $1.4MM in court approved settlement proceeds, $413,322.25 remained in dispute representing the interests claimed by Gayler in Angelus I and Angelus II.[8]  On September 7, 2012, MAC (on behalf of the "777 Plaintiffs")[9] requested the Court to allow the deposit of all $413,322.25 into the Court's registry to protect the interests of the parties until the

---

[4] The facts and procedural history summarized within this Section are supported in the disqualification briefing contained in the Bankruptcy Court's record (Case No. BK-S-09-31603-MKN), including Dkt. Nos. 543, 544, 545, 546, 560 and 565.

[5] See Dkt. No. 544 at ¶¶ 7 and 11.

[6] Id. at ¶ 6.

[7] Id. at ¶ 7.

[8] Id. at ¶ 14, Exhibit L1.

[9] The "777 Plaintiffs" shall refer to the named plaintiffs in Case No. A-09-596777 identified by Trustee Rosenberg in the Motion (Dkt. No. 598) at 5:8-12.

MAC:05505-025 2182711_1 3/19/2014 10:41 AM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

ownership of the membership interest claimed by Gayler is determined and/or resolved.[10]  In an Order dated October 12, 2012, the Court granted the request and all $413,322.25 remains in the Court's registry.[11]

### b.      The Motion to Lift Stay.

In order to proceed against Gayler, MAC filed a Motion with the Bankruptcy Court on November 14, 2012 for a determination that the automatic stay does not apply or, alternatively, granting relief from the automatic stay (the "Motion to Lift Stay").[12]  The hearing was held on December 19, 2012.[13]  The Court has yet to enter its ruling.

### 2.      The Angelus II Lawsuit (Case No. A668997).

Despite the District Court's rulings in the Angelus I/Angelus II Lawsuit and the removal of Gayler as Managing Member of Angelus II, Gayler, acting as if he were the manager, sold Angelus II's remaining property (1.25 acres) and encumbered it with a $200k Deed of Trust – the exact amount of the purchase price.[14]  None of the Angelus II members had any knowledge that Gayler sold the 1.25 acres without their consent and approval as required under the Operating Agreement.[15]

To remedy the harm caused, the Angelus II lawsuit was initiated against Gayler and others on September 25, 2012.[16]  On October 19, 2012, Gayler was properly served with the Angelus II Lawsuit Summons, Complaint and Notice of Lis Pendens.[17]

---

[10] See Dkt. No. 544 at ¶¶ 7 and 11.

[11] See id. at ¶ 14, Exhibit M1.

[12] See Dkt. No. 466.

[13] See Dkt. No. 468.

[14] See Dkt. No. 544 at ¶ 15.

[15] Id.

[16] Id. at ¶ 16.

[17] Id.

MAC:05505-025 2182711_1 3/19/2014 10:41 AM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

### a.    The Unauthorized Bankruptcy Filing.

Seven business days after Gayler was served with the Angelus II lawsuit, Gayler, who was not the manager, filed a Chapter 7 Voluntary Petition on behalf of Angelus II without the members' knowledge or consent.[18]  Trustee Rosenberg was appointed as the trustee on October 30, 2012.[19]  On November 6, 2011, the Court approved the employment of Howard Kim, Esq. ("Kim") as general counsel to Trustee Rosenberg.[20]

Barry Moore, the Managing Member of Angelus II, and the Angelus II members never authorized the bankruptcy filing.  As a result, Angelus II moved to dismiss the bankruptcy filing pursuant to 11 U.S.C. § 707 on December 18, 2012.[21]

### b.    Trustee Rosenberg Requests Time to Get Up to Speed.

The hearing on the Motion to Dismiss was held on January 23, 2013 in front of Judge Nakagawa.[22] At the hearing, Judge Nakagawa asked Kim why Trustee Rosenberg was not taking a position on the dismissal issue to which Kim responded that "he hasn't had time to wrap his head around the case, yet." [23]  Judge Nakagawa then informed counsel that he could either deny the Motion to Dismiss without prejudice or continue the matter for a sufficient amount of time for Trustee Rosenberg to get up to speed.[24]  Kim responded that Trustee Rosenberg "would need at least 60 days" but "[i]t may take a little longer."[25]  To date, Trustee Rosenberg has not taken a position on the Motion to Dismiss.

---

[18] See Dkt. No. 544 at ¶ 16; see also Bankruptcy No. 12-22209 ("BK 22209") Dkt. No. 1.

[19] See  BK 22209, Dkt. No. 4.

[20] See BK 22209, Dkt. No. 11.

[21] See BK 22209, Dkt. Nos. 14-16.

[22] See BK 22209, Dkt. No. 26.

[23] See Dkt. No. 543, Exhibit A at 7:25, 8:1-3 (emphasis added).

[24] See id. at 12:16-19.

[25] Id.

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:05505-025 2182711_1 3/19/2014 10:41 AM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

**B.    MAC'S REPRESENTATION OF THE TRUSTEE AS SPECIAL COUNSEL.**

As Special Counsel, MAC's scope of employment was limited to investigating and bringing assets into the bankruptcy estate based on potential fraudulent conveyance actions and/or preference actions by Gayler.[26]    On December 12, 2012, the Court noticed the appointment of Trustee Rosenberg as Successor Trustee, terminating Trustee James F. Lisowski.[27]    Trustee Rosenberg moved to employ Kim, on an hourly basis, as general counsel, which was approved by the Court in an Order entered March 15, 2013.[28]    Trustee Rosenberg continued to retain MAC as Special Counsel for approximately six months until MAC's voluntary withdrawal.[29]    **No** confidential facts or strategies were ever conveyed *by* the Former Trustee Lisowski or Trustee Rosenberg *to* MAC.[30]

**1.    The Creditors' Unanimous Rejection of Gayler's Settlement Offer.**

In or about January 2012, settlement discussions began between MAC, as Special Counsel to the trustee, and Gayler's attorney, Jeff Sylvester, Esq. ("Sylvester"). [31]    During negotiations, MAC prepared settlement documents; however, the Former Trustee instructed MAC to disclose the tentative settlement to the Creditors in order to obtain their feedback.[32]    In or about September 2012, MAC forwarded the draft settlement proposal to creditors – ***not just the MAC Creditors***.[33]    **All** of the creditors unanimously rejected Gayler's settlement offer.[34]

---

[26] See Dkt. Nos. 192 and 205.

[27] See Dkt. No. 482.

[28] See Dkt. Nos. 488 and 500.

[29] See Dkt. No. 507.

[30] See  Dkt. No. 544 at ¶ 27; see also Dkt. No. 545 at ¶ 7; see also Dkt. No. 456 at ¶ 10; see also Dkt. No. 548 at ¶ 21.

[31] See Dkt. No. 546 at ¶ 9.

[32] Id.

[33] Id.

[34] Id.

MAC:05505-025 2182711_1 3/19/2014 10:41 AM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

### 2.    The February 4, 2013 Meeting.

As part of the process in getting Trustee Rosenberg up to speed on the Gayler matters, a meeting was held on February 4, 2013 at the MAC law offices (the "February Meeting").[35] Trustee Rosenberg, Kim and the following MAC attorneys attended the February Meeting: Zach Larson, Phillip Aurbach, Terry Coffing, Dale Hayes and Liane Wakayama.[36]    The February Meeting lasted over two hours wherein the MAC attorneys explained in detail to Trustee Rosenberg the status of all the litigation handled by MAC involving Gayler.[37]    All information conveyed to Trustee Rosenberg and Kim were matters within the courts' public record.[38]

### 3.    MAC's Voluntary Withdrawal as Special Counsel.

On April 11, 2013, MAC requested the Court to allow MAC to withdraw as Special Counsel "based on the fact that the Trustee, after having replaced the previous Trustee, has hired his own counsel."[39]    No objections to MAC's withdrawal were filed.    In an Order entered on June 10, 2013, the Court granted MAC's withdrawal.[40]

### C.    TRUSTEE ROSENBERG'S SETTLEMENT.

Instead of getting up to speed, Trustee Rosenberg entered into settlement negotiations with Gayler, Gayler's attorney, Barrett and Loerwald.[41]    Around this time, the Nevada Attorney General had filed a Criminal Indictment against Gayler centered on his fraudulent management of an LLC.[42]    As accused by the Grand Jury of Clark County, Gayler was charged with seven counts of Theft; three counts of Securities Fraud; and two counts of Securities Fraud Against a

---

[35] See Dkt. No. 544 at ¶ 27; see also Dkt. No. 546 at ¶ 10; see also Dkt. No. 545 at ¶ 17.

[36] Id.

[37] See Dkt. No. 544 at ¶ 27; see also Dkt. No. 546 at ¶ 10; see also Dkt. No. 545 at ¶ 7.

[38] Id.

[39] See Dkt. No. 507.

[40] See Dkt. No. 513.

[41] See Dkt. No. 546 at ¶ 12.

[42] See Dkt. No. 544 at ¶ 24.

MAC:05505-025 2182711_1 3/19/2014 10:41 AM

Person 60 Years of Age or Older.[43]  Trustee Rosenberg and his counsel never once included the MAC Creditors or their counsel in settlement discussions.[44]

On July 3, 2013, Trustee Rosenberg requested the Court to approve a Settlement Agreement signed by Loerwald, Barrett, Sylvester and Gayler, individually and on behalf of 120 entities.[45]  As part of the settlement, Gayler agreed to transfer all of his claimed managing and non-managing interests including any distribution from each of the entities listed on Schedule B to the Bankruptcy Estate.[46]  If approved, the primary focus of the Settlement is to bring in the $413,322.25 in settlement proceeds from the Angelus I/Angelus II lawsuit without allowing the rightful ownership of these funds to be litigated by MAC.[47]  Moreover, Trustee Rosenberg agreed to distribute to Gayler $100,000, which would be paid to Sylvester.[48]  Sylvester would also be assigned Gayler's claimed rights in Dumol, LLC including any sale proceeds.[49]  Trustee Rosenberg further agreed that Gayler shall retain ownership and possession of two homes located in Utah and any previously paid commissions to Gayler or his specific entities.[50]  With full knowledge that Gayler has been indicted for fraud, Trustee Rosenberg additionally agreed to grant Gayler a complete discharge and any claims asserted in the Trustee's Adversary Proceeding against Gayler, Barrett and Loerwald would be forever dismissed.[51]

---

[43] See Dkt. No. 544 at ¶ 24.

[44] See Dkt. No. 546 at ¶ 28; see also Dkt. No. 545 at ¶ 11.

[45] See Dkt. No. 516, Exhibit 1, attached hereto as **Exhibit A**.

[46] Id. at Section 3.

[47] See Exhibit A at p. 4, ¶ 7.

[48] See Exhibit A, Exhibit 1 at Section 5(a).

[49] See Exhibit A at Section 8.

[50] Id. at Section 7(a).

[51] Id. at Sections 9 and 10.

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:05505-025 2182711_1 3/19/2014 10:41 AM

As soon as the MAC Creditors conveyed their disapproval of the Settlement, Trustee Rosenberg moved to disqualify MAC.[52]  Trustee Rosenberg even urged the Court to rule on MAC's disqualification on an order shortening time "to prevent MAC and Larson from filing oppositions" to the Settlement.[53]

### D.    THE DISQUALIFICATION DECISION.

On February 24, 2014, Judge Nakagawa issued a 53 page Memorandum denying Trustee Rosenberg's request to disqualify MAC (the "Decision").[54]  Not only did the Decision outline the lengthy procedural history of Gayler's bankruptcy proceedings, but it also provided an in depth, highly fact-intensive analysis on Trustee Rosenberg's failure to meet his burden under NRPC 1.9(a).[55]  A separate order was entered denying the disqualification of MAC.[56]

## III.    LEGAL ARGUMENT.

Trustee Rosenberg's appeal must be dismissed.  Courts have an independent duty to confirm that jurisdiction over an appeal is proper.  See, e.g., Reese v. BP Exploration, Inc., 643 F.3d 681, 688 (9th Cir. 2011).  The Bankruptcy Appellate Panel (the "Panel") has jurisdiction to hear appeals of final orders, and, with leave of the Panel, interlocutory appeals.  28 U.S.C. § 158(a)-(b); In re Roderick Timber Co., 185 B.R. 601, 604 (B.A.P. 9th Cir. 1995).  Whenever it becomes apparent that the appellate court lacks jurisdiction, the appellate court has a duty to

---

[52] See Dkt. No. 524.

[53] See Dkt. Nos. 526 and 527.

[54] See Memorandum Decision on Trustee's Motion to Disqualify Counsel for John D. O'Brien Profit Sharing Plan and Counsel for Barry R. Moore and Janie Moore as Co-Trustees of the Bamm Living Trust Dated July 16, 2003, Groth, LLC, Ch. Pichon, LLC and Harlan, LLC Through Their Managing Member John O'Brien (Dkt. No. 590) entered on February 24, 2014, a copy of which is attached to the Motion (Dkt. No. 598) as Exhibit 2 (cited to hereafter as the "Decision").

[55] Id. at pp. 23-46.

[56] See Order on Trustee's Motion to Disqualify Counsel for John D. O'Brien Profit Sharing Plan and Counsel for Barry R. Moore and Janie Moore as Co-Trustees of the Bamm Living Trust Dated July 16, 2003, Groth, LLC, Ch. Pichon, LLC and Harlan, LLC Through Their Managing Member John O'Brien (Dkt. No. 591) entered on February 24, 2014, a copy of which is attached to the Motion (Dkt. No. 598) as Exhibit 1.

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:05505-025 2182711_1 3/19/2014 10:41 AM

dismiss the appeal. <u>City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper</u>, 254 F.3d 882, 884 (9th Cir. 2001).

This Panel lacks jurisdiction over Judge Nakagawa's denial of Trustee Rosenberg's request to disqualify MAC because: (A) the Decision is not a final order; and (B) the Decision fails to meet any of the criteria required to grant leave for an interlocutory appeal. Trustee Rosenberg's request for leave should therefore be denied and the appeal dismissed until the final resolution of the underlying bankruptcy proceedings.

## A.    THE DISQUALIFICATION DECISION IS NOT A FINAL ORDER APPEALABLE AS A MATTER OF RIGHT.

Finality for purposes of jurisdiction over "as of right" appeals under 28 U.S.C. § 158(a)(1) in bankruptcy adversary proceedings does not differ from finality in ordinary federal actions under 29 U.S.C. § 1291. <u>Oliver v. Kontrabecki</u>, 305 B.R. 510, 525 (N.D. Cal. 2004) (citing <u>In re King City Transit Mix, Inc.</u>, 738 F.2d 1065, 1066 (9th Cir. 1984)). Although the standard for determining finality in the bankruptcy context is more flexible than in other contexts, traditional finality concerns still dictate that appellate courts avoid having a case make two complete trips through the appellate process. <u>In re City of Desert Hot Springs</u>, 339 F.3d 782, 788 (9th Cir. 2003) (citing to <u>In re Lewis</u>, 113 F.3d 1040, 1043 (9th Cir. 1997)). This Panel specifically held that "[t]here is little flexibility when traditional finality rules are adequate to the task." <u>In re Belli</u>, 268 B.R. 851, 854 (B.A.P. 9th Cir. 2001).

To become final, the decision "must end the litigation, or dispose of a complete claim for relief, and leave nothing for the court to do but execute the judgment." <u>In re Kashani</u>, 190 B.R. 875, 882 (B.A.P. 9th Cir. 1995) (citing to <u>In re Frontier Properties, Inc.</u>, 979 F.2d 1358, 1362 (9th Cir. 1992)); <u>see also</u> <u>Almy v. Davis</u>, 2014 WL 773813 *2 (D. Nev. Feb. 25, 2014) (quoting <u>Romoland Sch. Dist. v. Inland Empire Energy Ctr., LLC</u>, 548 F.3d 738, 747 (9th Cir. 2008)). Indeed, a final order is one that finally determines the rights of the parties in securing the relief they seek in that suit. <u>In re Roderick</u>, 185 B.R. at 604 (citing <u>In re Moberg Trucking, Inc.</u>, 112 B.R. 362, 363 (B.A.P. 9th Cir. 1990)). Whether a final decision on a claim is ready for appeal is a different inquiry from the equities involved, for consideration of judicial administrative

MAC:05505-025 2182711_1 3/19/2014 10:41 AM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

1    interests is necessary to "preserve the historic federal policy against piecemeal appeals." See

2    Wood, 422 F.3d at 878 (quoting Sears, Roebuck & Co., v. Mackey, 351 U.S. 427, 438 (1956)).

3        From the outset, Trustee Rosenberg's disqualification request was driven to gain a purely

4    tactical advantage over the MAC Creditors.  By denying the disqualification of MAC, the only

5    issue resolved was allowing the MAC Creditors to continue to be represented by their counsel of

6    choice.  Consequently, the Decision did not end the underlying litigation, did not dispose of any

7    claim for relief and did not result in a final judgment to be executed upon.  On behalf of the

8    MAC Creditors, MAC may now proceed to oppose court approval of Trustee Rosenberg's

9    settlement aimed to primarily benefit Debtor Gayler, an indicted and determined fraud, Gayler's

10    attorney, and Gayler's co-conspirators.  It is inevitable that subsequent appeals may result after a

11    ruling is entered on the approval or disapproval of the settlement – exactly the type of piecemeal

12    appeals the Ninth Circuit instructs appellate courts to avoid.    This Panel therefore lacks

13    jurisdiction "as of right" under 28 U.S.C. § 158(a)(1) as the Decision is not a final order.  In the

14    interests of avoiding piecemeal litigation, dismissal of Trustee Rosenberg's hasty appeal is

15    further supported in law given that: (1) all disqualification decisions fail to qualify as final

16    orders; and (2) no exception exists to the finality rule based on the collateral order doctrine.

17        **1.    A Disqualification Decision is Not a Final Order.**

18        Trustee Rosenberg attempts to construe the disqualification denial as a final decision that

19    resolved a substantive issue and determined a discrete issue.[57]  As support, Trustee Rosenberg

20    relies upon the Ninth Circuit's pragmatic approach to finality in bankruptcy cases, but disregards

21    the law specifically governing disqualification decisions.  Where the underlying bankruptcy

22    court order involves the appointment or disqualification of counsel, courts have uniformly found

23    that such orders are interlocutory even in the more flexible bankruptcy context.  In re Westwood,

24    971 F.2d at 389.  In particular, there is no basis for granting greater appealability to orders

25    denying motions to disqualify counsel in bankruptcy cases than in ordinary civil cases.  In re

26    Delta Servs. Indus., 782 F.2d 1267, 1272 (5th Cir. 1986).  Orders denying motions to disqualify

27

28    [57] See Dkt. No. 598 at 15:22-28, 16:1-3.

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:05505-025 2182711_1 3/19/2014 10:41 AM

1  the opposing party's counsel in a civil case are thus not appealable final decisions under § 1291.

2  Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 368-70 (1981).

3  In *Firestone*, the U.S. Supreme Court reasoned that the "propriety of a district court's

4  denial of a disqualification motion will often be difficult to assess until its impact on the

5  underlying litigation may be evaluated, which is normally after final judgment[.]" Id. at 368.

6  After final judgment is entered, it can then be determined whether permitting continuing

7  representation was prejudicial error, and the appellate court would retain its usual authority to

8  vacate the judgment appealed from. Id. at 368-69. The *Firestone* Court found that "[p]ermitting

9  piecemeal appeals would undermine the independence of the district judge, as well as the special

10  role that individual plays in our judicial system." Id. at 374. Requiring a final judgment to be

11  entered is also in line with the "sensible policy of 'avoid[ing] the obstruction to just claims that

12  would come from permitting the harassment and cost of a succession of separate appeals from

13  the various rulings to which a litigation may give rise, from its initiation to entry of judgment.'"

14  Id. (quoting Cobbledick v. U.S., 309 U.S. 323, 325 (1940)). "The rule also serves the important

15  purpose of promoting efficient judicial administration." Id. (citing to Eisen v. Carlisle &

16  Jacquelin, 417 U.S. 156, 170 (1974)). An appeal of a disqualification decision should

17  accordingly be dismissed for lack of jurisdiction. Id. at 370.

18  No final judgment has been entered by the Bankruptcy Court. None of the merits of the

19  underlying bankruptcy litigation have been decided. All that is before this Panel is an order

20  denying Trustee Rosenberg's request to disqualify MAC. For years and in order to save the

21  MAC Creditors' investments, MAC has successfully uncovered, unraveled and prosecuted

22  Gayler's fraud and self-dealing in state court as well as in the bankruptcy arena. The Former

23  Trustee and Trustee Rosenberg were not involved. As a direct result of MAC's efforts, the MAC

24  Creditors have generated a pool of funds, the same money that Trustee Rosenberg now wants to

25  swipe for Gayler's bankruptcy estate. Trustee Rosenberg wants MAC out of the picture in hopes

26  that the debtor-friendly settlement will be approved. It is MAC on behalf of the MAC Creditors,

27  however, that seeks to litigate the approval/disapproval of the settlement on the merits. At every

28  step, Trustee Rosenberg has tried to prevent MAC from doing so, including resorting to this

MAC:05505-025 2182711_1 3/19/2014 10:41 AM

MARQUIS AURBACH COFFING

10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

untimely appeal. This appeal only serves to increase the costs of litigation and invite future piecemeal appeals. Consistent with *Firestone* and to promote judicial efficiency, this Panel should therefore dismiss Trustee Rosenberg's appeal for lack of jurisdiction.

### 2.   Disqualification Decisions Do Not Fall Within the Collateral Order Exception.

To support an immediate appeal, Trustee Rosenberg completely abandoned any argument under the collateral order doctrine enunciated in the U.S. Supreme Court *Cohen* decision. Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546 (1949). In doing so, Trustee Rosenberg impliedly acknowledged his faulty, premature appeal that contradicts established precedent. As an exception to the final judgment rule, the collateral order doctrine allows appellate courts to treat orders that are interlocutory in nature as final only if certain criteria are met. See id. Courts that have applied the *Cohen* doctrine to orders involving the appointment or disqualification of counsel routinely found that such decisions *fail* to qualify as collateral orders subject to appeal. See, e.g., Firestone, 449 U.S. at 368-70; Richardson-Merrell, Inc. v. Koller, 472 U.S. 424, 440 (1985) (holding that orders disqualifying counsel are not collateral order subject to immediate appeal as "final judgments"); In re Delta Servs. Indus., 782 F.2d at 1273. Even when a disqualification decision may impose significant hardship on litigants, the U.S. Supreme Court has declined to "transform the limited exception carved out in *Cohen* into a license for broad disregard of the finality rule imposed by Congress[.]" Koller, 472 U.S. at 440.

By failing to mention or provide any analysis on the applicability of the collateral order doctrine, Trustee Rosenberg is barred from doing so for the first time in reply.[58] For the sake of completeness, however, MAC has demonstrated that in no way shape or form does the Decision refusing to disqualify MAC give rise to an immediate appeal. Finding that the Decision is not a final judgment and does not fall within the "collateral order" exception of *Cohen*, this Panel completely lacks jurisdiction over Trustee Rosenberg's premature appeal.

---

[58] In re Rains, 428 F.3d 893, 902 (9th Cir. 2005); see also Cedano-Viera v. Ashcroft, 324 F.3d 1062, 1066 n. 5 (9th Cir. 2003).

MAC:05505-025 2182711_1 3/19/2014 10:41 AM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

## B.    TRUSTEE ROSENBERG HAS FAILED TO MEET HIS BURDEN TO GRANT LEAVE FOR AN INTERLOCUTORY APPEAL AND DISMISSAL IS REQUIRED.

An interlocutory appeal is one which stems from an order or decree which does not finally determine a cause of action, but instead decides only an intervening matter.   In re Eleccion, 178 B.R. 807, 808 (B.A.P. 9th Cir. 1995).   Interlocutory orders are not appealable as of right.   In re Burke, 95 B.R. 716, 717 (B.A.P. 9th Cir. 1989).   Granting leave to appeal is left to the discretion of the Panel.   28 U.S.C. § 158(b); In re Roderick, 185 B.R. at 604 (citing to In re NSB Film Corp., 167 B.R. 176, 180 (B.A.P. 9th Cir. 1994)).   Neither 28 U.S.C. § 158(b), nor Rule 8003, provides any standards to apply in determining whether to grant leave to appeal.   In re Roderick, 185 B.R. at 604.   The Panel thus looks to the standards set forth in 28 U.S.C. § 1292(b), which concerns the taking of interlocutory appeals from the district court to the court of appeals.   Id.; In re Burke, 95 B.R. at 717; In re Price, 79 B.R. 888, 889 (B.A.P. 9th Cir. 1987). Leave should only be granted when **all** three criteria are met: (1) there is a controlling question of law; (2) there is substantial ground for difference of opinion; and (3) an immediate appeal may materially advance the ultimate termination of the litigation.   In re Cement Antitrust Litig., 673 F.2d 1020, 1026 (9th Cir. 1982); see also Figueroa v. Wells Fargo Bank N.A., 382 B.R. 814, 824 (S.D. Fla. 2007) (holding "[l]eave must be denied if the party seeking leave to appeal fails to establish any one of the three elements.").   Leave, however, may be denied for reasons apart from the specified criteria, including such matters as appellate docket or a desire to have a full record before considering the disputed legal issue.   See In re SemCrude, L.P., 407 B.R. 553, 557 (D. Dcl. 2009).   The Panel also determines whether denying leave will result in wasted litigation and expense.   In re Roderick, 185 B.R. at 604 (citing In re NSB, 167 B.R. at 180)).   Doubts regarding appealability are resolved in favor of finding that the interlocutory order is **not** appealable.   In re Westwood, 971 F.2d at 390.

Since interlocutory appeals interfere with the cumulative goal of the bankruptcy system, expeditious resolution of pressing economic difficulties, they are **not** favored.   In re Zech, 185 B.R. 334, 337 (Bankr. D. Neb. 1995); see also In re Linda Vista Cinemas, LLC, 2011 WL 1743312 * 2 (D. Ariz. May 6, 2011) (citations omitted).   The Ninth Circuit recognizes the

MAC:05505-025 2182711_1 3/19/2014 10:41 AM

MARQUIS AURBACH COFFING

10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MARQUIS AURBACH COFFING

10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

congressional directive that § 1292(b) is to "be applied sparingly and only in exceptional cases." In re Cement, 673 F.2d at 1027. The party seeking to bring an interlocutory appeal from a bankruptcy court order bears the burden of showing exceptional circumstances, to overcome general aversion to piecemeal litigation, and to show that circumstances warrant departure from basic policy of postponing appellate review until after entry of final judgment. See Yerushalmi v. Shiboleth, 405 B.R. 44 (E.D. N.Y. 2009); see also In re Zech, 185 B.R. at 337.

No "exceptional" circumstance exists to grant an immediate appeal of the Decision. Failing to meet his burden, this Panel should deny Trustee Rosenberg leave for an interlocutory appeal because: (1) the denial of MAC's disqualification did not involve a controlling question of law; (2) no substantial ground for difference of opinion exists; and (3) an immediate appeal will delay the ultimate resolution of the underlying litigation, not materially advance it. Indeed, courts recognize that great care must be taken when deciding a disqualification motion of an attorney since interlocutory appeals are generally unavailable from such orders. See Baker v. BP Am., Inc., 768 F.Supp. 208, 213 (N.D. Ohio 1991) (citing to Koller, 472 U.S. at 430-31). The instant disqualification decision is no different. Leave should therefore be denied and the appeal dismissed for lack of jurisdiction.

### 1. There is No Controlling Question of Law At Issue.

Interlocutory appeals are reserved for "situations in which the court of appeals can rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts." Almy, 2014 WL 773813 at *3 (quoting McFarlin v. Conesco Services, LLC, 381 F.3d 1251, 1259 (11th Cir. 2004)). In other words, where a "legal issue" is essentially fact based in nature, interlocutory appeal is not appropriate. In re FPSDA I, LLC, 470 B.R. 257, 264 (E.D. N.Y. 2012). For an issue to be "controlling," its resolution must have the potential to materially alter the outcome of the litigation. In re Cement, 673 F.2d at 1026.

Trustee Rosenberg attempts to meet the "controlling question of law" criteria by arguing that Nevada's law is unclear as to "a rebuttable presumption element in NRPC 1.9" and the

evidence "sufficient to rebut a presumption of shared confidences."[59]  As relied upon by the Court, Nevada law is not unclear and indeed mandates that "the inference that confidential information was given in the former representation is rebuttable."[60]  Moreover, the Decision to deny disqualification was not based on a pure, controlling question of law.  Behind the 53 page well reasoned and legally sound Decision, Judge Nakagawa carefully examined multiple Declarations, documents and an overall understanding of the complex procedural history of all related litigation.  The very issues presented on appeal require this Panel to decide a mixed question of law and fact – exactly the type of appellate review that the Nevada federal district court recently held fails to present a pure, controlling question of law.  See Almy, 2014 WL 773813 at *3.  Leave should thus be denied because: (a) whether Trustee Rosenberg met his NRPC 1.9(a) burden to disqualify MAC is a highly fact intensive inquiry; and (b) an interlocutory appeal will only delay final resolution of the underlying litigation.

### a.    The Court's Denial to Disqualify MAC Involved A Highly Fact Based Inquiry.

Of particular importance, Trustee Rosenberg does not challenge that the law imposed upon him the burden to disqualify MAC.[61]  Specifically, NRPC 1.9(a) placed a burden on Trustee Rosenberg to establish that MAC's former representation as Special Counsel for the Trustee is substantially related to the current representation of the MAC Creditors.  See Nev. Yellow Cab Corp. v. Dist. Ct. (Cnty. of Clark), 123 Nev. 44, 50, 152 P.3d 737, 741 (2007).  To make this determination, the Court focused on the information obtained during MAC's former

---

[59] See Dkt. No. 598 at 16:22-24, 17:1-11.

[60] See Decision at 26:5-12 (citing to SHFL Entm't, Inc., v. DigiDeal Corp., 2013 WL 178130 at *8 and *12 (D. Nev. Jan. 16, 2013); La Salle Nat'l Bank v. Cnty. of Lake, 703 F.2d 252, 255-56 (7th Cir. 1983); Edwards v. 360° Comme'ns, 189 F.R.D. 433, 439-440 (D. Nev. 1999).

Notably, Trustee Rosenberg failed to address the application of a rebuttable presumption when moving to disqualify MAC.  Issues that are raised for the first time on appeal will not be considered.  In re Wind Powers Systems, Inc., 841 F.2d 288, 290 n.1 (9th Cir. 1988).

[61] See Decision at 25:12-23, 42:21, 43:1-2, 46:4-12.

MAC:05505-025 2182711_1 3/19/2014 11:06 AM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

representation and the relevance of the information to the current representation.[62] With respect to former Trustee Lisowski, the Court found that:

> [T]here is **no evidence** before the court as to any information obtained from the former Chapter 7 trustee that would be relevant to either MAC's or Larson's representation of their current clients in connection with the instant case.[63]

(emphasis added).   The Court further found that Trustee Rosenberg possessed no personal knowledge that any confidential information was received by MAC from Lisowski.[64]

As to Trustee Rosenberg, the Court made an inference that he "may have given confidential information to MAC in connection with MAC's investigation and pursuit of fraudulent transfer and preference actions."[65]  The Court, however, analyzed the relevance of such information to MAC's current representation of the MAC Creditors and found:

> [T]he deadline for such [avoidance] actions to be commenced on behalf of the bankruptcy estate elapsed on March 29, 2012, **well before Rosenberg became the current trustee on December 12, 2012.**[66]

Moreover, the Court determined that "there is **no evidence** in the record to clearly establish that Rosenberg provided confidential information to MAC or Larson, or discussed strategies regarding his oversight of the existing litigation."[67]  After undertaking a realistic appraisal of whether confidences might have been disclosed, the Court thus reached the ultimate conclusion that Trustee Rosenberg failed to meet his NRPC 1.9(a) burden[68] – a highly fact based analysis that does not give way to an immediate appeal.

---

[62] See Decision at 28:10-17.

[63] See Decision at 28:19-21.

[64] Id. at 40:17-19.

[65] Id. at 44:7-9.

[66] Id. at 44:9-13.

[67] Id. at 44:14-17 (emphasis added).

[68] Id. at 46:9-12.

MAC:05505-025 2182711_1 3/19/2014 10:41 AM

### b.   An Interlocutory Appeal Will Delay Final Resolution of the Underlying Litigation.

On a narrow issue, Trustee Rosenberg only seeks leave to appeal the Decision denying the disqualification of counsel.   Referring to the pending Motion to Approve Settlement Agreement, Trustee Rosenberg tries to convince this Panel that this appeal "could materially advance resolution of the Adversary Action and this very complicated bankruptcy case."[69] Trustee Rosenberg leaps to bold assumptions.  Specifically, Trustee Rosenberg assumes that the MAC Creditors will refrain from opposing approval of the pending Settlement Agreement if MAC is no longer their counsel of record.  The MAC Creditors' rights to advocate against the Settlement Agreement are not somehow stripped if MAC is no longer involved.  Instead, the MAC Creditors have the option of retaining new counsel to get up to speed with the underlying proceedings or many of the MAC Creditors as licensed Nevada attorneys may oppose the Settlement Agreement on their own.  In addition, Trustee Rosenberg ignores the fact that in September 2012 *other* creditors – not just the MAC Creditors – rejected Gayler's settlement proposal.  This immediate appeal only attempts to postpone an actual ruling on the merits – the approval/disapproval of the Settlement Agreement.

### 2.    A Substantial Ground for Difference of Opinion Does Not Exist.

An appellate court must find a substantial difference in opinion regarding the application of law in the case in order to grant an interlocutory review.  Almy, 2014 WL 773813 at *3.  A substantial ground for difference of opinion exists where reasonable jurists might disagree on an issue's resolution, not merely where they have already disagreed.  Reese, 643 F.3d at 688.  There cannot be "substantial ground for difference of opinion," when there is controlling authority in the jurisdiction where the order was rendered.  In re Pac. Forest Products Corp., 335 B.R. 910, 922 (S.D. Fla. 2005).

For almost two decades, Nevada courts have held that the inference that confidential information was given in the former representation is rebuttable.  See Coles v. Arizona Charlie's, 973 F.Supp. 971, 974-75 (D. Nev. 1997).  In a 1999 decision, Nevada Federal Judge Pro further

---

[69] See Dkt. No. 598 at 12-13.

MAC:05505-025 2182711_1 3/19/2014 10:41 AM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

upheld the rebuttable presumption declining to apply a conclusive presumption of shared confidences. See Edwards v. 360° Communications, 189 F.R.D. 433, 437 (D. Nev. 1999). Judge Pro recognized that supporting a conclusive presumption presents a per se rule based on the mere appearance of impropriety, which the new ABA Model Rules had specifically discredited. Id. In particular, Judge Pro was cognizant that "disqualification motions based on very slight appearances of impropriety have been misused for tactical advantage in litigation." Id. at 438 (quoting Margulies by Margulies v. Upchurch, 696 P.2d 1195, 1204 (Utah 1985). The *Edwards* Court thus held that a rebuttable presumption standard is consonant with the new functional analysis proposed by ABA Model Rule 1.9 and would avoid an "overly harsh" rule that would unduly prejudice the efforts of clients to acquire proper representation. Id. at 438-39.

As recently as 2013, a Nevada federal court once again held that a rebuttable presumption standard applies. See SHFL Entm't, Inc. v. DigiDeal Corp., 2013 WL 178130 at *8 and *12 (D. Nev. Jan. 16, 2013). Consistent with *Coles* and *Edwards*, the *DigiDeal* Court undertook a "realistic appraisal" of whether confidential information was actually exchanged. Id. at *12. The same "realistic appraisal" that the Nevada Supreme Court held should be undertaken. See Waid v. Dist. Ct. (Cnty. of Clark), 121 Nev. 605, 610, 119 P.3d 1219, 1222 (2005). Unwavering, Nevada law holds firm that a rebuttable presumption exists. The Decision is thus supported by controlling Nevada authority, and no substantial difference of opinion exists to grant leave.

### 3. An Immediate Appeal on MAC's Disqualification Will Not Materially Advance the Termination of the Litigation.

Resolution of a question materially advances the termination of litigation if it "facilitate[s] disposition of the action by getting a final decision on a controlling legal issue sooner, rather than later in order to save the courts and the litigants unnecessary trouble and expense." In re Countrywide Fin. Corp., 2013 WL 6706090 (C.D. Cal. Dec. 19, 2013) (quoting U.S. v. Adam Bros. Farming, Inc., 369 F.Supp.2d 1180, 1182 (C.D. Cal. 2004)). The appellant can show that the appeal promises to advance time for trial or to shorten the time required for trial. Picard v. Estate of Madoff, 464 B.R. 578, 582 (S.D.N.Y. 2011). If the litigation would be

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:05505-025 2182711_1 3/19/2014 11:07 AM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

1    conducted in essentially the same way irrespective of the appellate court's decision, the appeal

2    cannot be determined to materially advance the litigation.  Almy, 2014 WL 773813 at *4

3    (quoting White v. Nix, 43 F.3d 374, 378 (8th Cir. 1994)).

4        On its face, the settlement Trustee Rosenberg is advocating to be approved primarily

5    favors Debtor Gayler and his counsel.  None of the MAC Creditors stand to benefit – the very

6    ones who took the laboring oar to save the investments gutted by Gayler and, as a result,

7    generated a pot of money that Trustee Rosenberg now wants.  With or without MAC, the MAC

8    Creditors still have the right to voice their disapproval of the debtor-friendly terms.  Not to

9    mention the fact that other creditors may oppose approval of the settlement similar to the

10   unanimous rejection back in September 2012.  The litigation will proceed in the same fashion

11   either with MAC involved or new counsel – nothing will be advanced.  Leave should be denied.

12       **4.    Denying Leave to Appeal will Not Result in Any Irreparable Harm.**

13       Despite Judge Nakagawa's findings that no confidential information was conveyed *by* a

14   serving Chapter 7 Trustee *to* MAC, Trustee Rosenberg continues to claim otherwise.  Trustee

15   Rosenberg specifically argues that an appeal is necessary to prevent "confidential information he

16   disclosed to his former counsel used against him in his efforts to bring assets into the estate."[70]

17   The Ninth Circuit has uniformly denied leave for an interlocutory appeal based on similar cries

18   that immediate harm will result.  See Shurance, 839 F.2d at 1348.

19       In *Shurance*, the Ninth Circuit found that the appellant had not shown itself threatened by

20   irreparable harm based on a claim that the fruits of the alleged ethical violation may be used as

21   evidence.  Id. at 1347-48.  Following the lead of the U.S. Supreme Court in *Firestone*, the Ninth

22   Circuit compared a similar claim where the *Firestone* appellant argued that it would be

23   irreparably harm because "the proceedings may be indelibly stamped or shaped with the fruits of

24   a breach of confidence . . . ."  Id. (quoting Firestone, 449 U.S. at 376).  By rejecting the claim, the

25   Firestone Court explained that:

26   / / /

27

28   [70] See Dkt. No. 598 at 15:26-28, 16:1.

MAC:05505-025 2182711_1 3/19/2014 10:41 AM

**The propriety of the district court's denial of a disqualification motion will often be difficult to assess until its impact on the underlying litigation may be evaluated, which is normally _only after final judgment_.** The decision whether to disqualify an attorney ordinarily turns on the peculiar factual situation of the case then at hand . . ..

Id. (emphasis added). The *Shurance* Court was further concerned about the "tactical use of disqualification motions to harass opposing counsel." Id. at 1349. (quoting Koller, 472 U.S. at 436). Accordingly, the *Shurance* Court held that even if the requirements of § 1292(b) were met, it would still have discretion to refuse to hear the interlocutory appeal given the potential abuse for disqualification motions. See id. at 1348-49. Making the same rejected claim to irreparable harm as the appellants in *Firestone* and *Shurance*, this Panel should therefore deny Trustee Rosenberg's request for an interlocutory appeal.

## IV.    CONCLUSION.

The denial of Trustee Rosenberg's request to disqualify MAC is not a final order vesting this Panel with jurisdiction "as a matter of right" under 28 U.S.C. § 158(a)(1). Moreover, Trustee Rosenberg has failed to satisfy the mandatory criteria to warrant an interlocutory appeal. The issues on this premature appeal do not present any controlling questions of law, but rather an in depth review of a highly fact based decision. The decision to deny Trustee Rosenberg's disqualification request is supported in well established Nevada law where no substantial difference in opinion exists. An immediate appeal will only cause this litigation to be further delayed while at the same time increasing legal costs. Respectfully, this Panel should deny leave and dismiss Trustee Rosenberg's appeal.

Dated this 19th day of March, 2014.

MARQUIS AURBACH COFFING

By ___/s/ Albert G. Marquis_____
    Albert G. Marquis, Esq.
    Nevada Bar No. 1919
    10001 Park Run Drive
    Las Vegas, Nevada 89145
    Attorneys for MAC Creditors

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:05505-025 2182711_1 3/19/2014 12:10 PM