**Marquis Aurbach Coffing**
Dale A. Hayes, Esq.
Nevada Bar No. 3430
Liane K. Wakayama, Esq.
Nevada Bar No. 11313
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
dhayes@maclaw.com
lwakayama@maclaw.com
   Attorneys for Interested Parties

E-Filed: March 26, 2014

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In Re:<br><br>WILLIAM GAYLER,<br><br>                    Debtor. | Case No:   BK-S-09-31603-MKN<br>Chapter:   7 |

## MOTION TO STRIKE TRUSTEE'S OPPOSITION TO MOTION FOR STAY OR, ALTERNATIVELY, FOR BRIEFING SCHEDULE (DKT. #617)

Marquis Aurbach Coffing ("MAC"), attorneys of record for Interested Parties, Barry R. Moore; Janie Moore; Barry R. Moore and Janie Moore, Co-Trustees of the BAMM Living Trust dated July 16, 2003; Donald J. Campbell, individually; Donald J. Campbell, Trustee of the Donald J. Campbell Professional Corporation Profit Sharing Plan; John D. O'Brien; individually, John D. O'Brien, Trustee of the John D. O'Brien Profit Sharing Plan; John Esposito, individually; and Lorraine Esposito, individually (hereinafter the "Interested Parties"), hereby file their Motion to Strike Trustee's Opposition to Motion to Strike or, Alternatively, for Briefing Schedule (DKT. #617) (hereinafter referred to as the "Opposition").

I.      **INTRODUCTION.**

The Trustee has improperly filed a fugitive second Opposition to the Motion to Lift Stay after this Court has been fully briefed on the issues, held oral argument, and taken the matter under submission. The Opposition is untimely, improper, and a fugitive filing that this Court should strike. Alternatively, the Court should issue a briefing schedule to allow the Interested Parties to file a Reply.

II. **PROCEDURAL AND FACTUAL BACKGROUND- MOTION TO LIFT STAY.**[1]

This Court has been fully briefed on the merits and factual background of the Motion to Lift stay. As such, the Interested Parties refrain from repeating the factual background here, as it is unnecessary to address the impropriety of the Trustee's Opposition. Instead, this Motion recounts only the relevant procedural issues regarding the Motion to Lift Stay.

On November 14, 2012, the Interested Parties filed the Motion to Lift Stay for a determination by this Court on whether the automatic stay of 11 U.S.C. § 362(a)(1) applied to the Lawsuit.[2] The Interested Parties specifically argued that the interests Gayler claimed in Angelus I and Angelus II were vested in *non*-debtors, not Gayler's individual name.[3] Alternatively, the Interested Parties sought relief under 11 U.S.C. § 362(d)(1) to allow the Lawsuit to proceed against Gayler should the automatic stay apply.[4]

1. **The Court Was Fully Briefed On The Motion For Stay And Held Oral Argument.**

This Court has been fully briefed on the Motion for Stay and held oral argument before taking the matter under submission. Gayler filed an Opposition to the Motion to Lift Stay on December 5, 2012.[5] The Trustee filed a Response to the Motion to Lift Stay on December 5, 2012.[6] Thereafter, the Interested Parties filed a Reply in support of the Motion to Lift Stay.[7] Thus, the Court was fully briefed on the Motion to Lift Stay, and this Court held a hearing on the

---

[1] The relevant factual background is included in the Interested Parties' Motion to Lift Stay (Dkt. #466) and the Request for Decision.(Dkt. #611).

[2] See Dkt. #466.

[3] Id.

[4] See Dkt. #466.

[5] See Dkt. #476.

[6] See Dkt. #478.

[7] See Dkt. #483.

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

Motion to Lift Stay on December 19, 2012.[8] At the conclusion of the hearing, this Court took the matter under advisement.

### 2. Request for Decision.

Concerned with the expiration of the five-year period in NRCP 41(e), on March 12, 2014, the Interested Parties filed a Request for Decision on the Motion to Lift Stay pursuant to LR 47-3(B).[9] Then, inexplicably, after full briefing, oral argument, and this Court's taking the matter under advisement, the Trustee filed another, improper Opposition to the Motion to Lift Stay.[10]

### III. LEGAL ARGUMENT.

This Court should (A) strike the Trustee's improper Opposition or, (B) alternatively, issue a briefing schedule.

### A.  THE COURT SHOULD STRIKE THE TRUSTEE'S IMPROPER OPPOSITION.

This Court should exercise its inherent authority to strike the Trustee's improper Opposition. Pursuant to Federal Rule of Civil Procedure 12(f), the court may strike "any redundant, immaterial, impertinent, or scandalous matter." "Although Rule 12(f) of the Federal Rules of Civil Procedure provide authority only to strike pleadings or content therein, a district court has the inherent power to strike a party's submissions other than pleadings." N. Am. Specialty Ins. Co. v. Nat'l Fire & Marine Ins. Co., 2013 WL 1332205, *1, *5, Case No. 2:10-CV-01859-GMN, (D. Nev. Apr. 2, 2013). This authority "derives from the district court's 'inherent power over the administration of its business. Specifically, the district court has inherent authority to regulate the conduct of attorneys who appear before it [and] to promulgate and enforce rules for the management of litigation . . . .'" Id. (quoting Spurlock v. F.B.I., 69 F.3d 1010, 1016 (9th Cir.1995)).

Also, "[a]pplicable rules of procedure, including Local Rules, must be enforced . . . so that the Court may maintain control over the progress of litigation before it." Metzger v.

---

[8] See Dkt. #468.

[9] See Dkt. #611.

[10] See Dkt. #617.

Hussman, 682 F. Supp. 1109, 1110-11 (D. Nev. 1988). Such enforcement of the rules includes the court's exercise of its inherent authority to strike and/or disregard untimely filed oppositions. Id.; Blatt v. Seattle Police Dep't, 186 F. App'x 797, 798 (9th Cir. June 23, 2006) (unpublished). In fact, courts routinely strike oppositions that violate the rules. See e.g., Joson v. Bank of Am., NA, 2013 WL 1249714, Case No. 2:12-CV-00710-GMN, (D. Nev. Mar. 22, 2013) (striking an opposition in excess of page limit); Mazzeo v. Gibbons, 2010 WL 3910072, Case No. 2:08-CV-01387-RLH-PA, (D. Nev. Sept. 30, 2010) (striking "fugitive" response to a motion the court had already granted). Here, the Trustee's Opposition should be stricken because (1) it is untimely, (2) it is improper, and (3) it is a fugitive document.

### 1. The Opposition is Untimely.

The Opposition is untimely in violation of the Rules. Pursuant to LR 9014(d)(1), any opposition must be filed at least 14 days before the hearing date for the motion. Here, the Trustee previously timely submitted an Opposition to the Motion to Lift Stay before the hearing on the matter. The current Opposition was filed after the hearing and after the Court took the matter under submission. Thus, the Opposition is untimely and should be stricken.

### 2. The Opposition is Improper.

The Opposition is improper given the previously filed Opposition. "The opposition *must* set forth *all* relevant facts and *any* relevant legal authority." LR 9014(d)(1). As such, the Trustee was required to include in its first Opposition any and all relevant facts and legal authority. Any attempt to raise new facts, legal authority, or arguments now, after the Court took the matter under submission, is improper. See Shakopee Mdewakanton Sioux Community v. FBCV, LLC, Case No. No. 2:10–CV–10 JCM RJJ, 2011 WL 4708063, *1, *1 (D. Nev. Oct. 4, 2011) (citing Pacquiao v. Mayweather, Case No. 2:09-cv-2448-LRH-RJJ, 2010 WL 3271961, *1, *1 (D. Nev. Aug. 13, 2010) (citing Tovar v. U.S. Postal Service, 3 F.3d 1271, 1273 n.3 (9th Cir. 1993); Provenz v. Miller, 102 F.3d 1478, 1483 (9th Cir. 1996)) (holding that a reply brief that raises new issues deprives the opposing party of the opportunity to respond and should be stricken).

### 3. The Opposition is a fugitive filing.

The Opposition is fugitive filing outside the required briefing timeframe. In Mazzeo, 2010 WL 3910072, the court struck an opposition filed after a decision on the matter as a fugitive document. Similarly, here, the Court was fully briefed on the Motion to Lift Stay, heard oral argument, and took the matter under submission. Moreover, the Trustee failed to request leave of this Court to file any supplemental briefing. Therefore, the Opposition is a fugitive document that should be stricken.

### B.   ALTERNATIVELY, THE COURT SHOULD ISSUE A BRIEFING SCHEDULE.

Should the Court decline to strike the Trustee's Opposition, the Court should instead issue a briefing schedule so that the Interested Parties have any opportunity to address the substance of the Opposition. "'[W]here new evidence is presented in a reply . . . the district court should not consider the new evidence without giving the [non-]movant an opportunity to respond.'" Provenz, 102 F.3d at 1483 (discussing summary judgment briefing) (quoting Black v. TIC Inv. Corp., 900 F.2d 112, 116 (7th Cir.1990)). Although here the filing at issue is an opposition and not a reply, the principle is the same: if this Court considers the merits of the Opposition, then the Interested Parties are entitled to the opportunity to respond. The Interested Parties maintain that the Court was previously fully briefed on the Motion for Stay, the matter was fully heard at the hearing, and therefore no further briefing or argument is necessary. If, however, the Court decides to consider the substance of the Opposition, the Interested Parties respectfully request a briefing schedule so that they may file a Reply.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

MAC:06277-005 Motion to Strike Trustee_s Opposition to Motion to Lift Stay or for Briefing Schedule (#617) 3/26/2014 4:01 PM

## IV. CONCLUSION.

This Court has been fully briefed on the Interested Parties' Motion for Stay and even held oral argument on the issue. The Trustee's Opposition, filed after briefing, oral argument, and this Court's taking the matter under submission, is untimely, improper, and a fugitive filing. Thus, the Interested Parties respectfully request that the Court strike the Opposition or alternatively, issue a briefing schedule so that the Interested Parties may file a Reply.

Dated this 26th day of March, 2014

MARQUIS AURBACH COFFING

By _____
Dale A. Hayes, Esq.
Nevada Bar No. 3430
Liane K. Wakayama, Esq.
Nevada Bar No. 11313
10001 Park Run Drive
Las Vegas, Nevada 89145
Attorneys for Interested Parties