**MOT**                                    E-filed on: April 16th, 2014
HOWARD C. KIM, ESQ.
Nevada Bar No. 10386
E-mail: howard@hkimlaw.com
JACQUELINE A. GILBERT, ESQ.
Nevada Bar No. 10593
E-mail: jackie@hkimlaw.com
KATHERINE C.S. CARSTENSEN, ESQ.
Nevada Bar No. 10656
E-mail: katherine@hkimlaw.com
HOWARD KIM & ASSOCIATES
1055 Whitney Ranch Drive, Suite 110
Henderson, Nevada 89014
Telephone: (702) 485-3300
Facsimile: (702) 485-3301
*Attorneys for David A. Rosenberg, Chapter 7 Trustee*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No.: BK-S-09-31603-MKN |
| | Chapter 7 |
| WILLIAM A. GAYLER | |
| Debtor. | **MOTION TO WITHDRAW AS COUNSEL FOR THE TRUSTEE** |
| | |
| | Hearing Date: OST Pending |
| | Hearing Time: OST Pending |
| | Place: Foley Federal Bldg. |
| |     300 Las Vegas Blvd. S. |
| |     Las Vegas, NV 89101 |
| | Hon. Mike K. Nakagawa |

Howard Kim & Associates ("HK&A"), attorneys of record for David A. Rosenberg,

Chapter 7 Trustee ("Trustee") for the bankruptcy estate of William A. Gayler ("Gayler") and CH

Angelus II, LLC ("Angelus II"),[1] moves this Court for an entry of an order authorizing HK&A to

withdraw as counsel for the Trustee in both bankruptcy cases to avoid a conflict of interest (or

appearance of impropriety).

///

///

///

---

[1] The Angelus II bankruptcy case is proceeding under Case No. 12-22209-MKN.

HOWARD KIM & ASSOCIATES
1055 WHITNEY RANCH DRIVE, SUITE 110
HENDERSON, NEVADA 89014
(702) 485-3300 FAX (702) 485-3301

This motion is being made pursuant to Nevada Supreme Court Rule 46 and Nevada Rule of Professional Conduct 1.16 and is supported by the pleadings and papers on file, the declaration of Howard C. Kim, Esq. filed concurrently herewith, and any argument of counsel adduced at the hearing.

## I.  FACTUAL BACKGROUND

### A.  Main Bankruptcy Case No. 09-31603-MKN

1.  On November 16, 2009, The Pius Reiger Family Ltd. Partnership, John D. O'Brien Profit Sharing Plan, and Addison Glass, Inc. filed an involuntary petition for relief under Chapter 7 of the Bankruptcy Code on behalf of Gayler [Dkt. No. 1].

2.  On or around March 29, 2010, James F. Lisowski ("Former Trustee") was appointed as Chapter 7 Trustee.

3.  On June 28, 2010, Gayler filed a voluntary amended petition ("Petition") for relief under Chapter 7 of the Bankruptcy Code [Dkt. No. 105].

4.  In his Schedule B, Gayler listed ownership interests in approximately sixty entities ("Gayler Entities"), including interests in CH Angelus, LLC, Angelus II, and Apan Wine, LLC [Dkt. No. 105].

5.  On August 26, 2010, the Internal Revenue Service ("IRS") filed a proof of claim for $1,891,092.85, all of which is secured.  *See Claims Registry*, Proof of Claim 2-1.

6.  On April 14, 2011, Former Trustee filed an Application to Employ Marquis Aurbach Coffing ("MAC") as Special Counsel Under Contingency Fee Basis [Dkt. No. 192]. This application was granted by the Court on May 23, 2011 [Dkt. No. 205].

7.  On December 12, 2012, Trustee was appointed as successor trustee in Gayler's bankruptcy case, replacing Former Trustee [Dkt. No. 482].

8.  On February 14, 2013, Trustee and HK&A entered into a representation agreement ("Agreement"), wherein, among other things, HK&A agreed "[t]o review and counsel regarding any issues arising from potential conflicts between special counsel and the estate" but specifically refused represent the Trustee "in currently pending state court litigation involving

HOWARD KIM & ASSOCIATES
1055 WHITNEY RANCH DRIVE, SUITE 110
HENDERSON, NEVADA 89014
(702) 485-3300 FAX (702) 485-3301

the Debtor William Gayler or adversary cases in the Bankruptcy Case." *See Agreement*, attached hereto as "**Exhibit 1**", at pg. 2.

9. As reasoning for this decision, HK&A stated, "Given the history and complexities of the debtor and this case, [HK&A] simply cannot commit to such arrangement. Any such substantial expansion must be agreed to by us in writing." *Id.* at pg. 2. No written agreement changing the terms of HK&A's representation was ever executed.

10. On February 19, 2013, Trustee filed a Motion to Employ Howard Kim & Associates and Substitution of General Counsel Nunc Pro Tunc as of February 4, 2013 ("Motion to Employ") [Dkt. No. 488]. As set forth in the Agreement, HK&A was hired as the Trustee's general counsel as well as "[t]o review and counsel regarding any issues arising from potential conflicts between special counsel and the estate[.]" *See Motion to Employ*, [Dkt. No. 488] at 3:26-27. A true and correct copy of the Motion to Employ is attached hereto as "**Exhibit 2**". Trustee's Motion to Employ was granted by this Court in an order entered on March 15, 2013 [Dkt. No. 500].

11. On April 11, 2013, MAC filed a Motion to Withdraw as Special Counsel Attorneys for Chapter 7 Trustee, David A. Rosenberg ("Motion to Withdraw") [Dkt. No. 507]. This Motion to Withdraw was granted by the Court on June 10, 2013 [Dkt. No. 513].

12. On July 3, 2013, Trustee filed a Motion to Approve Settlement Agreement between the Trustee, Gayler, Jeffrey R. Sylvester, Esq. ("Sylvester"), Walter Loerwald aka Leroy Loerwald, Martin Barrett, and the Gayler Entities ("Motion to Approve Settlement Agreement") [Dkt. Nos. 514 and 516].

13. On July 17, 2013, Trustee filed a Motion to Disqualify MAC, Zachariah Larson ("Larson"), and Larson's new firm Larson & Zirzow, LLC ("L&Z") as counsel for the MAC Creditors[2] ("Motion to Disqualify") [Dkt. No. 524]. The Court denied Trustee's Motion to Disqualify by an order entered on February 24, 2014 ("Disqualification Order") [Dkt. No. 591].

---

[2] The MAC Creditors shall hereinafter refer to some or all of the following: John O'Brien, individually and as Trustee of the John D. O'Brien Profit Sharing Plan, Donald J. Campbell, J. Colby Williams, William Godfrey, Barry R. Moore, Janie Moore, Barry R. Moore and Janie Moore, Co-Trustees of the Bamm Living Trust Dated July 16, 2003, John Esposito, Lorraine Esposito, Mario P. Borini, Bianca Borini, Joseph Borini, and Eroom Holdings, LP.

HOWARD KIM & ASSOCIATES
1055 WHITNEY RANCH DRIVE, SUITE 110
HENDERSON, NEVADA 89014
(702) 485-3300 FAX (702) 485-3301

14. On March 5, 2014, Trustee filed a Notice of Appeal [Dkt. No. 596] and Motion for Leave to Appeal [Dkt. No. 598] regarding the Disqualification Order. This appeal is pending with the Bankruptcy Appellate Panel at this time.

15. On April 7, 2014, after being virtually silent during the entire case, the IRS filed a Limited Objection to Trustee's Motion to Approve Settlement Agreement [Dkt. No. 639]. In its objection, the IRS stated that its tax lien reaches all of Gayler's property [Dkt. No. 639].

16. On April 11, 2014, MAC on behalf of the MAC Creditors, filed an Opposition to the Trustee's Motion to Approve Settlement Agreement [Dkt. No. 643].

17. On April 11, 2014, Larson on behalf of the MAC Creditors, filed an Opposition to the Trustee's Motion to Approve Settlement Agreement [Dkt. No. 645].

18. On April 11, 2014, the United States Trustee ("UST") filed an Objection to the Trustee's Motion to Approve Settlement Agreement [Dkt. No. 646]. In that objection, the UST asserted that Trustee's involvement in this bankruptcy case along with his involvement in the Angelus II bankruptcy case has resulted in a conflict of interest wherein Trustee's business judgment cannot apply with regards to the pending settlement agreement [Dkt. No. 646].

19. On April 15, 2014, in light of the UST's assertion of a conflict of interest, Trustee sent the UST his resignation with the request that the UST accept his resignation and immediately assign both cases to other trustees. True and correct copies of Trustee's Resignations are attached hereto as "**Exhibit 3**".

20. On April 16, 2014, the UST accepted Trustee's resignations and informed the Trustee that successor appointments would be made.

**B. Angelus II Bankruptcy Case No. 12-22209-MKN**

21. On October 30, 2012, Angelus II filed its voluntary petition for relief under Chapter 7 of the bankruptcy code [Case No. 12-22209-MKN, Dkt. No. 1].

22. On October 30, 2012, Trustee was appointed as Chapter 7 trustee for the case [Case No. 12-22209-MKN, Dkt. No. 4].

///

///

HOWARD KIM & ASSOCIATES
1055 WHITNEY RANCH DRIVE, SUITE 110
HENDERSON, NEVADA 89014
(702) 485-3300 FAX (702) 485-3301

23.     On November 2, 2012, Trustee filed an Ex Parte Application to Employ HK&A as General Counsel [Case No. 12-22209-MKN, Dkt. No. 7].  This application was approved on November 6, 2012 [Case No. 12-22209-MKN, Dkt. No. 11].

24.     On December 18, 2012, Larson on behalf of the MAC Creditors, filed a Motion to Dismiss the Case Pursuant to 11 U.S.C. § 707 ("Motion to Dismiss") [Case No. 12-22209-MKN, Dkt. No. 14].

25.     On January 9, 2013, Gayler filed an Opposition to the Motion to Dismiss [Case No. 12-22209-MKN, Dkt. No. 20].

26.     On January 16, 2013, Larson on behalf of the MAC Creditors, filed a Reply in support of its Motion to Dismiss [Case No. 12-22209-MKN, Dkt. No. 24].

27.     Trustee has still not taken a position on the pending Motion to Dismiss.

## II.  LEGAL ARGUMENT

Nevada Supreme Court Rule 46 provides in pertinent part:

> The attorney in an action or special proceeding may be changed at any time before judgment or final determination as follows:
> 1.  Upon consent of the attorney, approved by the client.
> 2.  Upon the order of the court or judge thereof on the application of the attorney or the client.

In addition, Nevada Rules of Professional Conduct 1.16 provides, in pertinent part:

> (b)   Except as stated in paragraph (c), a lawyer may withdraw from representing a client if:
>> (1)  Withdrawal can be accomplished without material adverse effect on the interests of the client;
>> ***
>> (4)  A client insists upon taking action that the lawyer considers repugnant or with which the lawyer has fundamental disagreement;
>> ***
>> (6)  The representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
>> (7)  Other good cause for withdrawal exists.

A potential conflict has arisen regarding HK&A's dual representation of the Trustee in this case and the Angelus II bankruptcy proceeding.  As set forth above, the UST asserted that a

HOWARD KIM & ASSOCIATES
1055 WHITNEY RANCH DRIVE, SUITE 110
HENDERSON, NEVADA 89014
(702) 485-3300 FAX (702) 485-3301

conflict of interest exists in the Trustee's dual representation of both estates.[3]  As HK&A is counsel for the Trustee in both cases, this conflict would naturally extend to HK&A as well as the Trustee.  The UST's Office has accepted the Trustee's voluntary resignations in both bankruptcy cases and will be appointing successor trustees shortly.

As HK&A acquired confidential information in its representation of the Trustee in this bankruptcy proceeding and in the Angelus II bankruptcy proceeding—and the UST has asserted that a conflict exists between these two bankruptcy estates—HK&A believes its withdrawal as Trustee's counsel in this case is appropriate at this time.

Moreover, HK&A, by and through the Agreement and the Motion to Employ, did not agree to represent the Trustee (or the successor trustee) in the Adversary Action or the state court actions.  *See Agreement*, Exhibit 1.  As the Trustee's Motion to Approve Settlement Agreement will likely be denied—in consideration of the UST's objection—the successor trustee will require immediate assistance in the Adversary Action and the state court actions, to which HK&A was not employed to provide.  As such, HK&A believes its immediate withdrawal as counsel is proper so the successor trustee can obtain new counsel to assist him further in this case.

To the extent possible, in compliance with ethical rules and considerations, HK&A will do what it can to assist the new trustee in this case.

///

///

///

///

///

///

///

---

[3]  The UST specifically stated, "[a] conflict of interest nullifies the protection afforded by the business judgment rule."  *See UST Objection* [Dkt. No. 646] at 3:20-22.  The UST went on to state, "Trustee Rosenberg is trustee of both estates and therefore stands on both sides of the proposed settlement.  As a result, the business judgment rule cannot apply."  *Id.* at 4:4-8.

HOWARD KIM & ASSOCIATES
1055 WHITNEY RANCH DRIVE, SUITE 110
HENDERSON, NEVADA 89014
(702) 485-3300 FAX (702) 485-3301

### III. CONCLUSION

For these reasons, the undersigned counsel respectfully requests this Court grant this motion and enter an order allowing HK&A to withdraw as counsel for the Trustee.

DATED this 16th day of April, 2014.

HOWARD KIM & ASSOCIATES

/s/Howard C. Kim
Howard C. Kim, Esq.
Nevada Bar No. 10386
Jacqueline A. Gilbert, Esq.
Nevada Bar No. 10593
Katherine C.S. Carstensen, Esq.
Nevada Bar No. 10656
1055 Whitney Ranch Drive, Suite 110
Henderson, Nevada 89014
*Attorneys for David A. Rosenberg, Chapter 7 Trustee*

HOWARD KIM & ASSOCIATES
1055 WHITNEY RANCH DRIVE, SUITE 110
HENDERSON, NEVADA 89014
(702) 485-3300 FAX (702) 485-3301

- 7 -

# EXHIBIT 1

# HK&A HOWARD KIM & ASSOCIATES
## ATTORNEYS AT LAW

400 N. STEPHANIE ST., SUITE 160 · HENDERSON, NEVADA 89014
PHONE: (702) 485-3300 · FAX: (702) 485-3301

HOWARD KIM, ESQ.
E-MAIL: HOWARD@HKLAW.COM

February 14, 2013

David A. Rosenberg
US BANKRUPTCY TRUSTEE
5030 Paradise Rd., #B-215
Las Vegas, NV 89119

Re: <u>Agreement for Legal Services: 09-31606,  In re William Gayler</u>

Dear Mr. Rosenberg:

We are pleased that you have asked Howard Kim & Association (the "Firm") to serve as your counsel.  This letter will confirm our discussion with you regarding your engagement of the Firm and will describe the basis on which the Firm will provide legal services to you. Accordingly, we submit for your approval the following provisions governing the Firm's engagement.  If you are in agreement, please sign the enclosed copy of this letter in the space provided below.  If you have any questions about these provisions, or if you would like to discuss possible modifications, please do not hesitate to call.  Again, we are pleased to have the opportunity to serve you.

    *1.      Client.*

Our client in this matter will be David A. Rosenberg, solely in his capacity as the court appointed Chapter 7 trustee in the bankruptcy case of **In re Gayler, 09-31603-MKN** (hereinafter the "Client").

    *2.      Scope of Representation.*

**We will be engaged to serve as the Client's general counsel in the Bankruptcy Case 09-31603-MKN (the "Bankruptcy Case") and perform the following services:**

        (a)     To advise the Client of his rights and obligations and performance of his duties during the administration of this bankruptcy case;

        (b)     To represent the Client in all proceedings before this Court and any other court, which assumes jurisdiction of a matter related to or arising in this Bankruptcy Case;

(c)     To assist the Client in the performance of his duties set forth in 11 U.S.C. §704;

(d)     To assist the Client in developing legal positions and strategies with respect to all facets of these proceedings; and

(e)     To review and counsel regarding any issues arising from potential conflicts between special counsel and the estate; and

(f)     To provide such other counsel and advice as the Client may require in connection with this bankruptcy case.

**Notwithstanding Section 2(b), please be advised that this agreement DOES NOT include the Firm's representation of the Client in currently pending state court litigation involving the Debtor William Gayler or adversary cases in the Bankruptcy Case. Given the history and complexities of this debtor and case, the Firm simply cannot commit to such arrangement. Any such substantial expansion must be agreed to by us in writing.**

3.     *Term of Engagement.*     Either the Client or the Firm may terminate the Engagement at any time, subject to the bankruptcy court's approval, for any reason by written notice, subject on our part to any applicable rules of professional conduct. In the event that we terminate the Engagement, we will take such steps as are reasonably practicable to protect your interests in the above matter and, if you so request, we will suggest to you possible successor counsel and provide said successor counsel with whatever papers you have provided to us.

4.     *Conclusion of Representation; Retention and Disposition of Documents.*     Unless previously terminated, the Firm's representation of the Client will terminate upon our sending you our final statement for services rendered in this matter. Following such termination, any otherwise nonpublic information you have supplied to us which is retained by us will be kept confidential in accordance with the applicable rules of professional conduct. At your request, your papers and property will be returned to you promptly upon receipt of payment for outstanding fees and costs. Our own files pertaining to the matter will be retained by the Firm. These firm files include, for example, firm administrative records, time and expense reports, personnel and staffing materials, credit and accounting records, and internal lawyers' work product such as drafts, notes, internal memoranda, and legal and factual research, including investigative reports, prepared by or for the internal use of lawyers. All such documents retained by the firm will be transferred to the person responsible for administering our records retention program. For various reasons, including the minimization of unnecessary storage expenses, we reserve the right to destroy or otherwise dispose of any such documents or other materials retained by us within a reasonable time after the termination of the engagement.

5.     *Post-Engagement Matters.*     You are engaging the Firm to provide legal services in connection with a specific Engagement. After completion of the Engagement, changes may occur in applicable laws or regulations that could have an impact upon your future rights and

liabilities. Unless you re-engage us after completion of the Engagement to provide additional advice on issues arising from the Engagement, the firm has no continuing obligation to advise you with respect to future legal developments.

6. *Fees and Expenses*. Our fees will be based on the billing rate for each attorney and legal assistant devoting time to this matter. Our billing rate for attorneys is currently **$350.00 per hour**. Time devoted by legal assistants is charged at billing rate of **$125.00 per hour.** These billing rates are subject to change from time to time.

We will include on our statements separate charges for performing services such as photocopying, messenger and delivery service, computerized research, travel, parking, long-distance telephone and telecopy, word processing, and search and filing fees. Fees and expenses of others (such as consultants, expert witnesses, appraisers, accountants, and/or local counsel) generally will not be paid by us, but will be billed directly to you.

As we have discussed, the fees and costs relating to this matter are not predictable. Accordingly, we have made no commitment to you concerning the maximum fees and costs that will be necessary to resolve or complete this matter. It is also expressly understood that payment of the firm's fees and costs is in no way contingent on the ultimate outcome of the matter.

7. *Retainer*. No retainer is needed. The Firm's representation shall commence upon your execution of this letter. We understand that all of our fees and costs must be approved by the bankruptcy court.

8. *Client Responsibilities*. You agree to cooperate fully with us and to provide promptly all information known or available to you relevant to our representation.

9. *Outside-Conflicts*. As we have discussed, you are aware that the Firm represents many other companies and individuals. It is possible that present or future clients will have disputes or transactions with the Client. Client agrees that the Firm may continue to represent or may undertake in the future to represent existing or new clients in any matter that is not substantially related to our work for you even if the interests of such clients in those other matters are directly adverse. We agree, however, that your prospective consent to conflicting representation contained in the preceding sentence shall not apply in any instance where, as a result of our representation of you, we have obtained proprietary or other confidential information of a nonpublic nature, that, if known to such other client, could be used in any such other matter by such client to your material disadvantage. You should know that, in similar engagement letters with our other clients, we have asked for similar agreements to preserve our ability to represent you.

You have agreed that our representation of the Client in the matter described in paragraph 1 above does not give rise to an attorney client relationship between the Firm and any of the affiliates of the Client. You also have agreed that the Firm, during the course of its

representation of the Client, will not be given any confidential information regarding any of the affiliates of the Client. Accordingly, representation of the Client in this matter will not give rise to any conflict of interest in the event other clients of the Firm are adverse to any of the affiliates of the Client.

**If you need to edit the terms of this letter, or wish to discuss any related issues, please contact us at your earliest convenience. However, if you agree that the foregoing accurately reflects our understanding, please sign and return the enclosed copy of this letter.** Once again, we are pleased to have this opportunity to work with you. Please call me if you have any questions or comments during the course of our representation.

Sincerely,

Howard C. Kim

IICK

Agreed and accepted:

David A. Rosenberg, Chapter 7 Trustee

Date: 2-14-13

# EXHIBIT 2

HOWARD KIM & ASSOCIATES                     E-filed on: February 19, 2013
HOWARD C. KIM, ESQ.
Nevada Bar No. 10386
E-mail: howard@hkimlaw.com
JACQUELINE A. GILBERT, ESQ.
Nevada Bar No. 10593
E-mail: jackie@hkimlaw.com
DIANA S. CLINE, ESQ.
Nevada Bar No. 10580
E-mail: diana@hkimlaw.com
400 N. Stephanie St, Suite 160
Henderson, Nevada 89014
Telephone: (702) 485-3300
Facsimile: (702) 485-3301

*Proposed Attorneys for* David A. Rosenberg, Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No.: BK-S-09-31603-MKN |
| | Chapter 7 |
| **WILLIAM GAYLER** | |
| | **TRUSTEE'S MOTION TO EMPLOY HOWARD KIM & ASSOCIATES AND SUBSTITUTION OF GENERAL COUNSEL NUNC PRO TUNC AS OF FEBRUARY 4, 2013** |
| Debtor. | |
| | Hearing Date:   April 3, 2013 |
| | Hearing Time:  2:30 p.m. |
| | Place:           300 Las Vegas Blvd. South |
| | Las Vegas, NV 89101 |
| | Hon. Mike K. Nakagawa |

<div style="margin-left:2em">
<strong>HOWARD KIM & ASSOCIATES</strong><br/>
400 N. STEPHANIE ST, SUITE 160<br/>
HENDERSON, NEVADA 89014<br/>
(702) 485-3300 FAX (702) 485-3301
</div>

David A. Rosenberg (the "Trustee"), the Chapter 7 Trustee for the bankruptcy estate of William Gayler ("Debtor") submits this Application for Order Approving Employment of Howard Kim & Associates (the "Kim Firm") Nunc Pro Tunc as of February 4, 2013, and substitute the Kim Firm for Lisowski Law Firm as General Counsel.  This Application is made pursuant to 11 U.S.C. §§ 327 and 328 and Fed. R. Bankr. P. 2014 and is supported by the pleadings and papers on file and the declaration of Howard C. Kim, Esq. ("Kim Declaration").

- 1 -

1    ///

## I.    BACKGROUND

2.    1.    On or about November 16, 2009, three creditors of Debtor filed an involuntary petition against William Gayler (Dkt. 1).  On March 29, 2010, the Court entered the Order for Relief [Dkt. 85] and James Lisowski ('Lisowski") was assigned as Chapter 7 trustee [Dkt. 86].

2.    Lisowski was authorized to employ Lisowski Law Firm ("Lisowski Law") as General Counsel [Dkt. 175, 198].

3.    Lisowski also moved to employ Marquis Aurbach Coffing ("MAC") as Special Counsel to, among other things, "institute, prosecute, or defend" potential fraudulent conveyance and/or preference actions, and assist in the recovery and liquidation of estate assets. [Dkt. 192].   On May 23, 2011, this Court entered the order granting the motion to employ MAC [Dkt. 205].  In the application to employ Lisowski Law as general counsel, Lisowski indicated that MAC could not act as general counsel due to conflicts set forth in the MAC application [Dkt. 175].

4.    Lisowski resigned as Chapter 7 trustee in the instant case on December 11, 2012.  On December 12, 2012, David A. Rosenberg was appointed as successor trustee [Dkt. 482].

5.    With Lisowski's resignation, the successor trustee believes that it is in the best interest of the bankruptcy estate to remove the Lisowski Law Firm from serving as the estate's general counsel.  The Trustee may need to investigate whether the estate has claims against the former trustee and his representatives in this case.

6.    Since being assigned the case, Trustee has determined that the estate needs counsel in several pending litigations in which the estate's special counsel MAC may not be able to represent the estate due to possible conflict.

7.     At least one actual conflict exists with MAC as to ongoing litigation in which MAC is also counsel for a party whose interest is clearly adverse to the bankruptcy estate.

HOWARD KIM & ASSOCIATES
400 N. STEPHANIE ST., SUITE 160
HENDERSON, NEVADA 89014
(702) 485-3300 FAX (702) 485-3301

8.    Due to the actual conflict and other pending litigation matters, Trustee is also investigating whether MAC can continue to serve as Trustee's special counsel.

9.    Based on the foregoing, the Trustee believes that it is in the best interest of the bankruptcy estate to hire a new general counsel to help him administer the case.

/ / /

## II.    JURISDICTION

6.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1134.  This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A).  The statutory basis for the relief sought is 11 U.S.C. §§327(e) and 328 and Fed. R. Bankr. P. 2014. Venue of Debtor's Chapter 7 case is in this District is proper pursuant to 28 U.S.C. §§ 4808 and 1409.

## III.    THE KIM FIRM

7.    The attorneys employed by the Kim Firm are duly admitted to practice before this Court.

8.    The Trustee desires to employ the Kim Firm as his general counsel in this bankruptcy case to render the following professional services:

(a)    To advise the Trustee of his rights and obligations and performance of his duties during the administration of this bankruptcy case;

(b)    To represent the Trustee in all proceedings before this Court and any other court which assumes jurisdiction of a matter related to or arising in this bankruptcy case;

(c)    To assist the Trustee in the performance of his duties set forth in 11 U.S.C. §704;

(d)    To assist the Trustee in developing legal positions and strategies with respect to all facets of these proceedings; and

(e)    To review and counsel regarding any issues arising from potential conflicts between special counsel and the estate; and

(f)    To provide such other counsel and advice as the Trustee may require

HOWARD KIM & ASS0CIATES
400 N. STEPHANIE ST, SUITE 160
HENDERSON, NEVADA 89014
(702) 485-3300 FAX (702) 485-3301

in connection with this bankruptcy case.

9.     The Trustee has selected the Kim Firm because it has experience with administering Chapter 7 cases and is also general counsel in a related case, CH Angeles II, LLC, BK-S-12-22209-MKN [Dkt. No. 11 in that case], and, therefore, has institutional knowledge of many related issues.

10.     To its best knowledge and belief, the Kim Firm does not have any material connection with any creditor, or any other party in interest or their respective attorneys and accountants, in this bankruptcy case.

11.     To its best knowledge and belief, the Kim Firm has no connection with the United States Trustee or any person employed in the Office of the United States Trustee.

12.     To its best knowledge and belief, the Kim Firm represents no interest that is adverse to the Trustee, or to the Debtor's estate, in matters upon which it will be engaged as counsel set forth in the Kim Declaration.

## IV.     COMPENSATION

13.     Subject to Court approval, in accordance with 11 U.S.C. §§ 330, the Trustee seeks to retain the Kim Firm on an hourly basis at the customary and standard rates that the Kim Firm charges for similar representation, plus reimbursement of actual and necessary expenses incurred by the Kim Firm in performing its duties.

12.     The Trustee proposes the compensation of said attorneys and paraprofessionals be $150 per hour for paraprofessionals and $350 per hour for the services of attorneys, subject to change from time to time, and all subject to application to, and approval by, this Court pursuant to   11 U.S.C. §§ 330 and 331.

13.     The Kim Firm contemplates that it may seek interim compensation during this case as permitted by 11 U.S.C. §331 and Federal Rule of Bankruptcy Procedure 2016.  The Kim Firm understands that its compensation is subject to prior court approval.

14.     This Application has been submitted to the United States Trustee for review and approval.

/ / /

HOWARD KIM & ASSOCIATES
400 N. STEPHANIE ST., SUITE 160
HENDERSON, NEVADA 89014
(702) 485-3300 FAX (702) 485-3301

WHEREFORE, the Trustee respectfully requests that he be authorized to employ the Kim Firm nunc pro tunc as of February 10, 2013, to represent the Trustee in this bankruptcy proceeding upon the terms set forth in this application with payment of all fees and costs by the estate subject to notice and hearing and approval of this Court for such other and further relief as is just and proper in the premises.

DATED this 19th day of February 2013.

/s /  David A. Rosenberg

David A. Rosenberg, Esq. Chapter 7 Trustee

Prepared by:

**HOWARD KIM & ASSOCIATES, ATTORNEYS AT LAW**

/s/ Jacqueline A. Gilbert
Howard C. Kim, Esq. (NV Bar No. 10386)
Jacqueline A. Gilbert, Esq. (NV Bar No. 10593)
Diana S. Cline, Esq. (NV Bar No. 10580)
400 N. Stephanie St, Suite 160
Henderson, Nevada 89014

*(Proposed) counsel for David A. Rosenberg, Chapter 7 Trustee*

**HOWARD KIM & ASSOCIATES**
400 N. STEPHANIE ST, SUITE 160
HENDERSON, NEVADA 89014
(702) 485-3300 FAX (702) 485-3301

# EXHIBIT 1

HOWARD KIM & ASSOCIATES
HOWARD C. KIM, ESQ.
Nevada Bar No. 10386
E-mail: howard@hkimlaw.com
JACQUELINE A. GILBERT, ESQ.
Nevada Bar No. 10593
E-mail: jackie@hkimlaw.com
DIANA S. CLINE, ESQ.
Nevada Bar No. 10580
E-mail: diana@hkimlaw.com
400 N. Stephanie St, Suite 160
Henderson, Nevada 89014
Telephone: (702) 485-3300
Facsimile: (702) 485-3301

*Proposed Attorneys for* David A. Rosenberg, Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re: | Case No.: BK-S-09-31603-MKN<br>Chapter 7 |
| **WILLIAM GAYLER** | **ORDER GRANTING TRUSTEE'S MOTION FOR ORDER AUTHORIZING EMPLOYMENT OF HOWARD KIM & ASSOCIATES AND SUBSTITUTION OF GENERAL COUNSEL NUNC PRO TUNC AS OF FEBRUARY 4, 2013** |
| Debtor. | |
| | Hearing Date:   April 3, 2013<br>Hearing Time:   2:30 p.m.<br>Place:            300 Las Vegas Blvd. South<br>                     Las Vegas, NV 89101 |
| | Hon. Mike K. Nakagawa |

This matter came before the court at the above-referenced date and time on the Trustee's Application for Order Approving Employment of Howard

- 1 -

HOWARD KIM & ASSOCIATES
400 N. STEPHANIE ST, SUITE 160
HENDERSON, NEVADA 89014
(702) 485-3300 FAX (702) 485-3301

Kim & Associates (the "Kim Firm") as General Counsel for David A. Rosenberg ("Trustee"), Chapter 7 Trustee for the bankruptcy estate of WILLIAM GAYLER ("Debtor") nunc pro tunc as of February 4, 2013. The Application was made pursuant to 11 U.S.C. § 327 and 328 and Fed. R. Bankr. P. 2014.

The Court, having considered the Application, Declaration in support, the record in this case, and argument of counsel at the hearing, and it appearing to the Court that the Kim Firm does not hold or represent an interest that is adverse to the Trustee, or to the Debtors' Estate, and that the Kim Firm is disinterested within the meaning of 11 U.S.C. §101(14) for the purpose of 11 U.S.C. §327(a), as it pertains to representing the Trustee as counsel in the Debtors' bankruptcy case; and that the employment of counsel is necessary and in the best interest of the estate and its creditors; and good cause appearing,

**IT IS ORDERED**

Pursuant to 11 U.S.C. §327(a) the Trustee is authorized to employ the Kim Firm as General Counsel nunc pro tunc as of February 4, 2013, in accordance with and on the terms set forth in the Application to assist the Trustee in carrying out the Trustee's duties under the bankruptcy code.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

HOWARD KIM & ASSOCIATES
400 N. STEPHANIE ST., SUITE 160
HENDERSON, NEVADA 89014
(702) 485-3300 FAX (702) 485-3301

Payment of all fees and costs is subject to further approval of this Court.

**IT IS SO ORDERED**

Prepared and submitted by
**HOWARD KIM & ASSOCIATES**

/s/ Howard C. Kim
Howard C. Kim, Esq. (NV Bar No. 10386)
400 N. Stephanie St, Suite 160
Henderson, NV 89014
(Proposed) Attorneys for David A. Rosenberg, Trustee

**APPROVED / DISAPPROVED**

Dated this _____ day of _____, 2012

**OFFICE OF THE U.S. TRUSTEE**

_____
J. Michal Bloom, Esq.
300 Las Vegas Blvd. South #4300
Las Vegas, NV 89101

# EXHIBIT 3

DAVID A. ROSENBERG
Nevada Bar No. 10738
U.S. BANKRUPTCY TRUSTEE
5030 Paradise Rd., #B-215
Las Vegas, Nevada 89119
Telephone: (702) 405-7312
darosenberg@7trustee.net

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

In re:

GAYLER, WILLIAM A.,

Debtor.

Case No. BK-S-09-31603-MKN

Chapter 7

**RESIGNATION OF CHAPTER 7 TRUSTEE, WITH EXPLANATION**

Date of Hearing: N/A
Time of Hearing: N/A

## RESIGNATION OF CHAPTER 7 TRUSTEE, WITH EXPLANATION

*"I, David A. Rosenberg, hereby resign my appointment in this case. I certify that the foregoing explanation is true and complete and that all administrative matters for which I am responsible are addressed herein."*

1.      On December 12, 2012, David A. Rosenberg ("Trustee") was appointed as Successor Trustee in this case, replacing James F. Lisowski [Dkt. No. 482].

2.      On July, 3, 2013, Trustee filed a Motion to Approve Settlement [Dkt. No. 516].

3.      On April 11, 2014, the Office of the United States Trustee ("UST") filed an opposition to the settlement [Dkt. No. 646].  In that opposition, the UST wrote:

> Trustee Rosenberg invokes the business judgment rule in support of his position that the proposed is fair and reasonable and is in the best interest of the estate and creditors. [See Docket No. 516, p. 16 of 17; lines 5-9.] A conflict of interest nullifies the protection afforded by the business judgment rule. See, e.g. In re Tama Beef Packing, Inc., 290 B.R. 90, 97 (B.A.P. 8th Cir. 2003); see also In re CNC Payroll, Inc., 491 B.R. 454, 461-62 (Bankr. S.D. Tex. 2013); see also Joy v. North, 692 F.2d 880, 886 (2d Cir. 1982). Trustee Rosenberg is not only the Chapter 7 trustee of this case, he is also the

Chapter 7 trustee of the estate in In re CH Angelus II, LLC, Case No. 12-22209-MKN (Bankr. D. Nev. filed Oct. 30, 2012)("CH Angelus II Case"). [See CH Angelus II Case, Docket No. 4.] Debtor discloses, inter alia, in his schedules both a claim for accounts receivables against CH Angelus II and an unsecured claim by CH Angelus II against Debtor. [See Docket No. 105, pp. 21 & 37 of 85.] The settlement agreement purports to be an agreement between, among others, both of these entities—William A. Gayler and CH Angelus II, LLC. [See Docket No. 516-1, p. 2 of 20.] Trustee Rosenberg is trustee of both estates and therefore stands on both sides of the proposed settlement. As a result, the business judgment rule cannot apply.

4.      Trustee takes very seriously UST's belief that there is a conflict, as Trustee cannot effectively administer Debtor's case with his business judgement called into question. Thus, in order to address and avoid even the appearance of a conflict or of impropriety, Trustee has requested that UST accept his resignation and immediately assign both cases to other trustees.

5.      Additionally, Trustee has a duty to resign under the facts that now exist, as clearly indicated on Page 2-6 of the Handbook for Chapter 7 Trustees:

If a trustee discovers a conflict of interest or a lack of disinterestedness after accepting the appointment, the trustee shall immediately resign from the case. Conflict waivers by either the debtor or creditor do not obviate the trustee's duty to resign.

6.      Accordingly, Trustee hereby resigns from this case.

DATED this 15th day of April, 2014.          **U.S. BANKRUPTCY TRUSTEE**
                                              By: */s/ David A. Rosenberg*
                                              David A. Rosenberg, Trustee

## DECLARATION OF TRUSTEE

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

DATED this 15th day of April, 2014.          **U.S. BANKRUPTCY TRUSTEE**
                                              By: */s/ David A. Rosenberg*
                                              David A. Rosenberg, Trustee

- 2 -

DAVID A. ROSENBERG
Nevada Bar No. 10738
U.S. BANKRUPTCY TRUSTEE
5030 Paradise Rd., #B-215
Las Vegas, Nevada 89119
Telephone: (702) 405-7312
darosenberg@7trustee.net

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

In re:

**CH ANGELUS II, LLC,**

                    Debtor.

Case No. BK-S-12-22209-MKN

Chapter 7

**RESIGNATION OF CHAPTER 7 TRUSTEE, WITH EXPLANATION**

Date of Hearing: N/A
Time of Hearing:   N/A

## RESIGNATION OF CHAPTER 7 TRUSTEE, WITH EXPLANATION

*"I, David A. Rosenberg, hereby resign my appointment in this case.  I certify that the foregoing explanation is true and complete and that all administrative matters for which I am responsible are addressed herein."*

1.     On October 30, 2012, William A. Gayler, as manager of CH Angelus II, LLC ("Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Nevada [Dkt. No. 1].

2.      That same day, David A. Rosenberg ("Trustee") was appointed [Dkt. No. 4].

3.     On December 18, 2012, creditors filed a Motion to Dismiss Bankruptcy Case Pursuant to 11 U.S.C. §707 ("Dismissal Motion") [Dkt. No. 14].

4.     On December 12, 2012, Trustee was appointed by the Office of the United States Trustee ("UST") as successor trustee in a related case, William A. Gayler's personal bankruptcy, Case No. 09-31603 ("Gayler Case") [Dkt. No. 482].

5.    On October 31, 2013, the Court in Debtor's case—in response to settlement and disqualification motions brought by Trustee in the Gayler Case [Dkt. Nos. 516 and 524, respectively]—vacated the November 6 hearing on the Dismissal Motion, leaving it for decision at some later date and time following the Court's ruling on the Gayler motions [Dkt. No. 67].

6.    As the Dismissal Motion in Debtor's case is still pending, Trustee has not moved to jointly administer these two related cases, but he will if the Court denies the Dismissal Motion.

7.    On April 11, 2014, UST filed an opposition to the settlement motion in the Gayler Case [Dkt. No. 646].  In that opposition, the UST wrote:

> Trustee Rosenberg invokes the business judgment rule in support of his position that the proposed is fair and reasonable and is in the best interest of the estate and creditors. [See Docket No. 516, p. 16 of 17; lines 5-9.] A conflict of interest nullifies the protection afforded by the business judgment rule. See, e.g. In re Tama Beef Packing, Inc., 290 B.R. 90, 97 (B.A.P. 8th Cir. 2003); see also In re CNC Payroll, Inc., 491 B.R. 454, 461-62 (Bankr. S.D. Tex. 2013); see also Joy v. North, 692 F.2d 880, 886 (2d Cir. 1982). Trustee Rosenberg is not only the Chapter 7 trustee of this case, he is also the Chapter 7 trustee of the estate in In re CH Angelus II, LLC, Case No. 12-22209-MKN (Bankr. D. Nev. filed Oct. 30, 2012)("CH Angelus II Case"). [See CH Angelus II Case, Docket No. 4.] Debtor discloses, inter alia, in his schedules both a claim for accounts receivables against CH Angelus II and an unsecured claim by CH Angelus II against Debtor. [See Docket No. 105, pp. 21 & 37 of 85.] The settlement agreement purports to be an agreement between, among others, both of these entities—William A. Gayler and CH Angelus II, LLC. [See Docket No. 516-1, p. 2 of 20.] Trustee Rosenberg is trustee of both estates and therefore stands on both sides of the proposed settlement. As a result, the business judgment rule cannot apply.

8.    Trustee takes very seriously UST's belief that there is a conflict, as Trustee cannot effectively administer Debtor's case with his business judgement called into question.  Thus, in order to address and avoid even the appearance of a conflict or of impropriety, Trustee has requested that UST accept his resignation and immediately assign both cases to other trustees.

9.    Additionally, Trustee has a duty to resign under the facts that now exist, as clearly indicated on Page 2-6 of the Handbook for Chapter 7 Trustees:

- 2 -

1
2
3

       If a trustee discovers a conflict of interest or a lack of disinterestedness after accepting the appointment, the trustee shall immediately resign from the case. Conflict waivers by either the debtor or creditor do not obviate the trustee's duty to resign.

4
5

      10.     Accordingly, Trustee hereby resigns from this case.

6
7
8

DATED this 15th day of April, 2014.       **U.S. BANKRUPTCY TRUSTEE**
              By: */s/ David A. Rosenberg*
              David A. Rosenberg, Trustee

9
10

### DECLARATION OF TRUSTEE

11
12

      I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

13
14
15

DATED this 15th day of April, 2014.       **U.S. BANKRUPTCY TRUSTEE**
              By: */s/ David A. Rosenberg*
              David A. Rosenberg, Trustee

16
17
18
19
20
21
22
23
24
25
26
27
28