**APP**                                                    E-filed on: May 19th, 2014
HOWARD C. KIM, ESQ.
Nevada Bar No. 10386
E-mail: howard@hkimlaw.com
JACQUELINE A. GILBERT, ESQ.
Nevada Bar No. 10593
E-mail: jackie@hkimlaw.com
KATHERINE C.S. CARSTENSEN, ESQ.
Nevada Bar No. 10656
E-mail: katherine@hkimlaw.com
HOWARD KIM & ASSOCIATES
1055 Whitney Ranch Drive, Suite 110
Henderson, Nevada 89014
Telephone: (702) 485-3300
Facsimile: (702) 485-3301
*Former Attorneys for David A. Rosenberg,*
*Former Chapter 7 Trustee*

### UNITED STATES BANKRUPTCY COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>WILLIAM A. GAYLER<br><br>    Debtor. | Case No.: BK-S-09-31603-MKN<br>Chapter 7<br><br>Hearing Date: June 26, 2014<br>Hearing Time: 11:00 a.m.<br>Place: Foley Federal Bldg.<br>        300 Las Vegas Blvd. S.<br>        Las Vegas, NV 89101<br><br>Hon. Mike K. Nakagawa |

**FIRST AND FINAL APPLICATION FOR ALLOWANCE OF ATTORNEYS' FEES ($66,025.00) AND REIMBURSEMENT OF EXPENSES ($8,587.19) OF HOWARD KIM & ASSOCIATES, LLC AS CHAPTER 7 ADMINISTRATIVE EXPENSE AND REQUEST FOR PAYMENT**

The law firm of Howard Kim & Associates (the "Kim Firm"), counsel for David A. Rosenberg, former Chapter 7 Trustee ("Former Trustee') for the bankruptcy estate of William A. Gayler ("Gayler"), respectfully submits its First and Final Application for Allowance of Attorneys' Fees ($66,025.00) and Reimbursement of Expenses ($8,587.19) of Howard Kim & Associates, LLC as Chapter 7 Administrative Expense and Request for Payment (the "Application") pursuant to 11 U.S.C. § 330 and Fed. R. Bankr. P. 2016. This Application seeks compensation for professional services performed and for reimbursement of actual and necessary expenses incurred.

HOWARD KIM & ASSOCIATES
1055 WHITNEY RANCH DRIVE, SUITE 110
HENDERSON, NEVADA 89014
(702) 485-3300 FAX (702) 485-3301

This Application is made and based on the attached points and authorities, the declarations of David A. Rosenberg and Howard C. Kim, submitted concurrently herewith, the papers and pleadings on file in the Chapter 7 Case, judicial notice of which is respectfully requested, and any argument of counsel entertained by the Court at the hearing on the Application.

## I.

## SUMMARY OF PROFESSIONAL COMPENSATION

## AND REIMBURSEMENT OF EXPENSES REQUESTED

| | |
|---|---|
| Fees Previously Requested | $0.00 |
| Fees Previously Awarded | $0.00 |
| | |
| Expenses Previously Requested | $0.00 |
| Expenses Previously Awarded | $0.00 |
| | |
| Retainer | $0.00 |
| Drawn on Retainer (Post-Petition) | $0.00 |
| Remaining Retainer | $0.00 |
| | |
| Current Application Fees Requested | $66,025.00 |
| Current Application Expenses Requested | $8,587.19 |
| Total Fees and Expenses | $74,612.19[1] |
| | |
| Total Billable Hours | 188.7 |
| Blended Hourly Rate | $350.00 |

## SUMMARY OF PROFESSIONALS

| PROFESSIONAL | YEAR ADMITTED TO PRACTICE | HOURLY RATE | HOURS | TOTAL FEE |
|---|---|---|---|---|
| HOWARD C. KIM | 2006 | $350.00 | 32.5 | $11,375.00 |
| JACQUELINE A. GILBERT | 2007 | $350.00 | 23.3[2] | $8,155.00 |

[1] A total of $490,071.32 was transferred to the newly appointed trustee in the case. .

[2] While Jacqueline A. Gilbert, Esq. expended a total of 26.0 hours on this case, she is only billing for 23.3 hours (thus saving the estate $945.00).

HOWARD KIM & ASSOCIATES
1055 WHITNEY RANCH DRIVE, SUITE 110
HENDERSON, NEVADA 89014
(702) 485-3300 FAX (702) 485-3301

| JESSE PANOFF | 2008 | $350.00 | 0.0[3] | $0.00 |
| KATHERINE C.S. CARSTENSEN | 2007 | $300.00 | 132.8[4] | $46,480.00 |
| SARAH FELTS | PARALEGAL | $150.00 | 0.1 | $15.00 |

## II.

## INTRODUCTION

1.    This Application has been prepared in accordance with the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 adopted by the Executive Office for United States Trustees, as referenced by the Region 17 United States Trustee Guidelines, and with Fed. R. Bankr. P. 2016 and LR 2016.

2.    This is the first and final fee application for allowance of compensation and reimbursement of expenses filed by the Kim Firm in the above-captioned Chapter 7 case. This Application covers the period from February 4, 2013 (the "Retention Date") through May 16, 2014 (the "Compensation Period").

3.    Pursuant to this Application, the Kim Firm requests compensation of $66,025.00 for attorneys' fees and $8,587.19 for reimbursement of expenses in connection with services provided during the Compensation Period, plus Application presentation costs not to exceed $500.00.    During the Compensation Period, the Kim Firm's attorneys and paraprofessionals expended a total of 188.7 hours for which compensation is sought.

4.    In addition, the Kim Firm expended an additional 64.3 hours during the Compensation Period, for a total of $22,505.00, but in exercising its billing judgment, the Kim Firm is not charging for that time.

5.    During the Compensation Period, the Kim Firm received no payments and no promises of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application, except as disclosed in

---

[3] While Jesse Panoff, Esq. expended a total of 4.3 hours on this case, he is not billing for any of his time (thus saving the estate $1,505.00).

[4] While Katherine C.S. Carstensen, Esq., expended a total of 190.1 hours on this case, she is only billing for 132.8 hours (thus saving the estate $20,055.00).

HOWARD KIM & ASSOCIATES
1055 WHITNEY RANCH DRIVE, SUITE 110
HENDERSON, NEVADA 89014
(702) 485-3300 FAX (702) 485-3301

and requested in this Application.  There is no agreement or understanding between the Kim Firm and any other person, other than members of the firm, for the sharing of compensation to be received for services rendered in this Chapter 7 case.

6.     **Exhibit "1"** attached hereto provides a summary of professional services rendered, which identifies the professionals who rendered services during the Compensation Period, the hours expended by each professional, and each professional's rate of compensation.

7.     **Exhibit "1"** also identifies and provides chronologically for the Compensation Period: (a) the dates on which the Kim Firm performed professional services for the Trustee; (b) each person performing such services; (c) the amount of time spent by each person on each day that the person performed such services (charged in units of one-tenth [0.1] of an hour); and (d) specific daily descriptions of the services performed by each person.  These time entries are grouped by task category.

8.     **Exhibit "1"** also contains a detailed statement of actual and necessary out-of-pocket expenses incurred and paid by the Kim Firm during the Compensation Period in its representation of the Trustee.

**III.**

**JURISDICTION AND VENUE**

9.     The Court has jurisdiction over this Application as a core proceeding pursuant to 28 U.S.C. §157 (b)(2)(A).

10.     Venue for Debtor's Chapter 7 case in the District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The basis for the relief herein include, but are not necessarily limited to, 11 U.S.C. § 330 and Fed. R. Bankr. P. 2016.

**IV.**

**STATEMENT OF FACTS**

**A. Gayler's Bankruptcy Case Prior to the Kim Firm's Employment**

11.     On November 16, 2009, The Pius Reiger Family Ltd. Partnership, John D. O'Brien Profit Sharing Plan, and Addison Glass, Inc. filed an involuntary petition for relief under Chapter 7 of the Bankruptcy Code on behalf of Gayler [Dkt. No. 1].

- 4 -

HOWARD KIM & ASSOCIATES
1055 WHITNEY RANCH DRIVE, SUITE 110
HENDERSON, NEVADA 89014
(702) 485-3300 FAX (702) 485-3301

**HOWARD KIM & ASSOCIATES**
1055 WHITNEY RANCH DRIVE, SUITE 110
HENDERSON, NEVADA 89014
(702) 485-3300 FAX (702) 485-3301

12.    On or around March 29, 2010, James F. Lisowski ("Lisowski") was appointed as Chapter 7 Trustee in this case.

13.    On June 28, 2010, Gayler filed a voluntary amended petition ("Petition") for relief under Chapter 7 of the Bankruptcy Code [Dkt. No. 105].

14.    On April 14, 2011, Lisowski filed an Application to Employ Marquis Aurbach Coffing ("MAC") as Special Counsel Under Contingency Fee Basis [Dkt. No. 192]. As MAC failed to disclose its financial connections with the Debtor in violation of FRBP 2014(a)[5], this Application was granted by the Court on May 23, 2011 [Dkt. No. 205].

**B.  Former Trustee is Appointed and the Kim Firm is Hired as General Counsel**

15.    On December 12, 2012, Former Trustee David A. Rosenberg was appointed as successor trustee in Gayler's bankruptcy case, replacing Lisowski [Dkt. No. 482].

16.    On February 14, 2013, Former Trustee and the Kim Firm entered into a representation agreement ("Agreement"), wherein, among other things, the Kim Firm agreed "[t]o review and counsel regarding any issues arising from potential conflicts between special counsel and the estate." *See Agreement*, attached hereto as "**Exhibit 2**", at pg. 2.

17.    On February 19, 2013, Former Trustee David A. Rosenberg filed a Motion to Employ Howard Kim & Associates and Substitution of General Counsel Nunc Pro Tunc as of February 4, 2013 ("Motion to Employ") [Dkt. No. 488]. In the Motion to Employ, the Former Trustee noted the potential conflicts involved in MAC's dual representation and sought to hire the Kim Firm "[t]o review and counsel regarding any issues arising from potential conflicts between special counsel and the estate[.]" *Id.* at 3:26-27. Additionally, in the Motion to Employ, the Former Trustee specifically pointed out that the Kim Firm was general counsel in the CH Angelus II, LLC ("Angelus II") bankruptcy case. *Id.* at 4:2-5.

18.    After notice and a hearing, with no objections filed, the Former Trustee's Motion to Employ was granted by this Court on March 15, 2013 [Dkt. No. 500].

///

///

---

[5] *See Memorandum Decision* [Dkt. No. 590] at 42:4-15.

HOWARD KIM & ASSOCIATES
1055 WHITNEY RANCH DRIVE, SUITE 110
HENDERSON, NEVADA 89014
(702) 485-3300 FAX (702) 485-3301

19.     After several discussions, including the February 4, 2013 meeting, with the Former Trustee and Howard C. Kim ("Kim") of the Kim Firm regarding MAC's dual representation, MAC agreed to withdraw as the Former Trustee's special counsel [Dkt. No. 507]. MAC's Motion to Withdraw was granted by the Court on June 10, 2013 [Dkt. No. 513].

20.     MAC also agreed not to file an application for compensation.

21.     At the time MAC withdrew as counsel for the Former Trustee, the Former Trustee believed MAC would also be withdrawing as counsel for the MAC Creditors,[6] due to the conflicts involved in this case.

**C. Motion to Approve Settlement Agreement and the Motion to Disqualify**

22.     On July 3, 2013, the Former Trustee filed a Motion to Approve Settlement Agreement between the Trustee, Gayler, Sylvester, Walter Loerwald aka Leroy Loerwald, Martin Barrett, and the Gayler Entities ("Motion to Approve Settlement Agreement") [Dkt. Nos. 514 and 516].

23.     After the Former Trustee realized that MAC had no intention of withdrawing as counsel for the MAC Creditors, but rather, intended to oppose the pending Motion to Approve Settlement Agreement, the Former Trustee believed he had no choice but to move to disqualify MAC to prevent MAC from using confidential information they obtained as counsel for Lisowski and the Former Trustee in opposing the settlement agreement they helped to draft.

24.     On July 17, 2013, Former Trustee filed a Motion to Disqualify Counsel for John D. O'Brien Profit Sharing Plan and Counsel for Barry R. Moore and Janie Moore as Co-Trustees of the BAMM Living Trust Dated July 16, 2003, Groth, LLC, CH Pichon, LLC, and Harlan LLC Through Their Managing Member John O'Brien ("Motion to Disqualify") [Dkt. No. 524].

///

///

///

---

[6] The MAC Creditors shall hereinafter refer to some or all of the following:  John O'Brien, individually and as Trustee of the John D. O'Brien Profit Sharing Plan, Donald J. Campbell, J. Colby Williams, William Godfrey, Barry R. Moore, Janie Moore, Barry R. Moore and Janie Moore, Co-Trustees of the Bamm Living Trust Dated July 16, 2003, John Esposito, Lorraine Esposito, Mario P. Borini, Bianca Borini, Joseph Borini, and Eroom Holdings, LP.

25.    On August 21, 2013, MAC filed its 42-page Opposition to the Motion to Disqualify ("MAC Opposition") [Dkt. No. 543], wherein MAC asserted that it did not obtain any confidential information from Lisowski or the Former Trustee in its over two year representation of both parties[7] and that no conflict existed to warrant its disqualification.[8]

26.    On August 21, 2013, Zachariah Larson ("Larson") filed his Opposition to the Motion to Disqualify ("Larson Opposition") [Dkt. No. 547].

27.    On August 28, 2013, the Former Trustee filed his Reply in Support of the Motion to Disqualify ("Reply") [Dkt. No. 555], wherein the Former Trustee addressed many of MAC and Larson's misstatements of fact regarding MAC's employment as counsel in this bankruptcy case.

28.    At the September 4, 2013 hearing, MAC, providing no notice to the Former Trustee, made an oral argument that the Former Trustee's Reply should be stricken as it contained new arguments not set forth in the original Motion to Disqualify.  As no advance notice was given to the Former Trustee regarding this Motion to Strike, the Former Trustee requested the hearing be continued so he could have the opportunity to file a response to this unanticipated motion.  The Court granted the Former Trustee's request and moved the hearing to September 19, 2013.

29.    On September 11, 2013, the Former Trustee filed his Opposition to the Motion to Strike [Dkt. No. 574], arguing, among other things, that the Reply did not raise any new arguments but merely responded to arguments raised by MAC and Larson in their lengthy oppositions.

30.    On September 16, 2013, the Court denied MAC's Motion to Strike the Former Trustee's Reply brief [Dkt. No. 578].

31.    On September 19, 2013, after hearing arguments on the issue, the Court took the disqualification matter under advisement.

///

---

[7] *See MAC Opposition* [Dkt. No. 543] at 30:7-8.

[8] *Id*. at 3:2.

HOWARD KIM & ASSOCIATES
1055 WHITNEY RANCH DRIVE, SUITE 110
HENDERSON, NEVADA 89014
(702) 485-3300 FAX (702) 485-3301

32.    On February 24, 2014, the Court issued a Memorandum Decision on the Former Trustee's Motion to Disqualify ("Memorandum Decision") [Dkt. No. 590]. In the Memorandum Decision, the Court made the following findings:

a.    "MAC's failure to disclose Aurbach's current financial connections with the Debtor was an egregious violation of FRBP 2014(a). The Aurbach Verified Statement accompanying the MAC Employment Application represented that Aurbach had no connections with the Debtor, his creditors or other parties in interest even though the Aurbach RAS Declaration revealed that Aurbach had a 20% interest in Sunset V. And even that was not Aurbach's only financial connection as he only disclosed in response to the Disqualification Motion that he also had an interest in Polyrus, LLC, Sunset 8, LLC, and possibly Sunset II, LLC (through Polyrus, LLC)." *See Memorandum Decision* [Dkt. No 590] at 42:4-11.

b.    The Court went on to note that "Hayes also had a prior financial connection to the Debtor through his investment in DA 1147, LLC, see note 42, supra, which was required to be disclosed under FRBP 2014(a)." *See Memorandum Decision* [Dkt. No 590] at 42, fn46.

c.    Regarding the Motion for Relief, the Court noted, "MAC's representation of Lisowski in connection with the Moore & Campbell RAS Motion clearly was beyond the scope of MAC's employment as special counsel." *See Memorandum Decision* [Dkt. No 590] at 12, fn19.

d.    The Court, noting the inherent conflict involved in MAC's dual representation of Lisowski and the MAC Creditors in the Motion for Relief, stated "MAC on behalf of Lisowski also filed a response even though MAC also filed the actual motion, i.e. MAC represented the moving party as well as a responding party." *See Memorandum Decision* [Dkt. No. 590] at 12:5-7. The Court went on to state, "Parties who take both sides of a two-sided dispute are assured of prevailing in some fashion. See Lodi v. Lodi, 173 Cal.App.3d 628, 631-32, 219 Cal.Rptr. 116, 118-19 (3rd Dist. 1985) ("In the circumstances, this result cannot be unfair to Mr. Lodi. Although it is true that, as plaintiff and appellant, he loses, it is equally true that, as defendant and respondent, he wins! It is hard to imagine a more even handed application of justice. Truly, it would appear that Oreste Lodi is that rare litigant who is assured of both victory and defeat regardless of which side triumphs."). Unlike pro se parties who might not know better, however, attorneys have responsibilities to represent each of their clients' interests and the same attorney cannot represent both sides where there is an actual conflict." *See Memorandum Decision* [Dkt. No. 590] at 12, fn 18.

e.    "On the date MAC filed the response, Lisowski also was the Chapter 7 trustee in a separate case pending in this judicial district, In re Silver State Helicopters, LLC ("SSH"), Case No. 08-10926-MKN ("SSH Proceeding"). In connection with a dispute in that case, Lisowski represented that he underwent emergency back surgery in Colorado on or about November 14, 2012, was admitted to a hospital in Wisconsin for pneumonia through November 22, 2012, and flew to Las Vegas in a debilitated condition to meet with the Office of the U.S. Trustee ("OUST") from December 10 through 13, 2012. See Reply to Opposition of the Acting United States Trustee's Office and Student Creditor's

HOWARD KIM & ASSOCIATES
1055 WHITNEY RANCH DRIVE, SUITE 110
HENDERSON, NEVADA 89014
(702) 485-3300 FAX (702) 485-3301

HOWARD KIM & ASSOCIATES
1055 WHITNEY RANCH DRIVE, SUITE 110
HENDERSON, NEVADA 89014
(702) 485-3300 FAX (702) 485-3301

Objection to the Trustee's Final Report and Application for Compensation and Expenses at ¶¶ 17 through 21 (SSH Docket No. 2905); Declaration of James F. Lisowski, Sr. at ¶¶ 13 and 14 (SSH Docket No. 2905-2); Declaration of Julie A. Lisowski at ¶¶ 4 through 7 (SSH Docket No. 2906). MAC's representation of Lisowski in connection with the Moore & Campbell RAS Motion clearly was beyond the scope of MAC's employment as special counsel. Moreover, it is not clear how MAC could even communicate with Lisowski given his apparent medical condition. Noticeably absent from the record is a declaration from Lisowski attesting to his assent to the relief sought by the Moore & Campbell Parties." *See Memorandum Decision* [Dkt. No 590] at 12, fn19.

33. Despite these numerous unfavorable findings against MAC, the Court denied the Former Trustee's Motion to Disqualify on February 24, 2014 ("Disqualification Order") [Dkt. No. 591].

**D. The Appeal of the Disqualification Order**

34. After establishing a reasonable basis to do so,[9] the Former Trustee directed the Kim Firm to appeal the Disqualification Order [Dkt. No. 596]. Given the possibility that the Disqualification Order could potentially be considered an interlocutory order, as opposed to a final order appealable in right, the Kim Firm also filed a Motion for Leave to Appeal [Dkt. No. 598], in an abundance of caution [Dkt. No. 598].

///

[9] The Supreme Court of Nevada and the federal courts appear to disagree on the test for substantial relatedness pursuant to Nevada Rule of Professional Conduct 1.9. *See Waid v. Eighth Judicial Dist. Court ex rel. Cnty. of Clark*, 121 Nev. 605, 610, 119 P.3d 1219, 1223 (2005) (to determine whether an attorney's prior and current matters are substantially related and the attorney has a disqualifying conflict of interest a court must "(1) make a factual determination concerning the scope of the former representation, (2) evaluate whether it is reasonable to infer that the confidential information allegedly given would have been given to a lawyer representing a client in those matters, and (3) determine whether that information is relevant to the issues raised in the present litigation."); *see also Nevada Yellow Cab Corp. v. Eighth Judicial Dist. Court ex rel. Cnty. of Clark*, 123 Nev. 44, 52, 152 P.3d 737, 742 (2007) (applying the same test for substantial relatedness as that set forth in Waid); compared with *Edwards v. 360 Commc'ns*, 189 F.R.D. 433, 438 (D. Nev. 1999) (applying a rebuttable presumption standard to the test for substantial relatedness under NRPC 1.9); *see also SHFL Entm't, Inc. v. DigiDeal Corp.*, 2:12-CV-0182-GMN, 2013 WL 178130 (D. Nev. Jan. 16, 2013) ("If the substantial relatedness test is satisfied, there is a rebuttable presumption that the 'attorney received confidential information during [the] prior representation."). While the Supreme Court of Nevada has never set forth a rebuttable presumption standard to the test for substantial relatedness, presumably because it would directly contradict the holding in *Robbins v. Gillock*, 109 Nev. 1015, 1018, 862 P.2d 1195, 1197 (1993)—that the moving party is not required to divulge the confidences communicated, nor should a court inquire into whether an attorney actually acquired confidential information in the prior representation which is substantially related to the current representation—other courts have applied such a standard. Thus, at this time, there appears to be disagreement as to whether the test for substantial relatedness pursuant to NRPC 1.9 is rebuttable.

- 9 -

35. On March 18, 2014, the Former Trustee, by and through the Kim Firm, filed his Statement of Issues and Designation of Record on Appeal [Dkt. No. 614].

36. On March 19, 2014, MAC filed its Opposition to the Former Trustee's Motion for Leave to Appeal [Dkt. No. 616].

37. On March 19, 2014, Larson and L&Z filed their Opposition to the Motion for Leave to Appeal with the BAP [Case No. 14-1096, Dkt. No. 5].

38. On March 24, 2014, the Former Trustee filed his Omnibus Reply in Support of the Motion for Leave to Appeal [Dkt. No. 626].

39. On April 14, 2014, the Former Trustee filed a Motion to Extend the Time to File his Opening Brief with the BAP [Case No. 14-1096, Dkt. No. 13]. In the motion, the Former Trustee argued that since the BAP had yet to issue a ruling on the Motion for Leave to Appeal, an extension would potentially save a lot of time and money should the Former Trustee's motion be denied. The BAP granted the Former Trustee's motion for an extension on April 15, 2014 [Case No. 14-1096, Dkt. No. 14].

40. On May 5, 2014, BAP issued its Order Denying Leave and Dismissing the Appeal [Case No. 14-1096, Dkt. No. 16].

41. While the Kim Firm spent approximately 64.3 hours researching, preparing for, and prosecuting the appeal of the Disqualification Order, as BAP ultimately denied the Former Trustee's leave to appeal, the Kim Firm, in good faith and in its billing judgment, chose not to charge for any of this time as the appeal ultimately did not provide a benefit to the estate.

**E. The MAC Creditors' Motion for Relief from the Automatic Stay**

42. As mentioned previously, MAC, on behalf of the MAC Creditors filed their Motion for Relief on November 12, 2012 [Dkt. No. 466], wherein the MAC Creditors sought leave from the Court to "strip [Gayler] of any alleged membership interests he still claims he owns in Angelus and Angelus II[]"[10] by and through District Court Case No. A-09-596777-C ("777 Action").

///

[10] *See Motion for Relief* [Dkt. No. 466] at 3:1-2.

- 10 -

HOWARD KIM & ASSOCIATES
1055 WHITNEY RANCH DRIVE, SUITE 110
HENDERSON, NEVADA 89014
(702) 485-3300 FAX (702) 485-3301

43.     On March 12, 2014, MAC, on behalf of the MAC Creditors filed a Local Rule 47-3(B) Request for a Decision on their Motion for Relief ("Request for Decision") [Dkt. No. 611].

44.     On March 19, 2014, based on the findings of this Court in the Memorandum Decision [Dkt. No. 590]—specifically the fact that the Court questioned whether Lisowski actually consented to the Response to the Motion for Relief filed on his behalf—the Former Trustee filed an Opposition to the MAC Creditors' Motion for Relief ("Opposition to Motion for Relief") [Dkt. No. 617].

45.     On March 26, 2014, the MAC Creditors filed a Motion to Strike the Former Trustee's Opposition to the Motion for Relief ("Motion to Strike") [Dkt. No. 628].

46.     The hearing on the MAC Creditors' Motion to Strike was set to be heard on May 6, 2014 [Dkt. No. 632] but was subsequently vacated.[11]

**F.   The Motion to Approve Settlement Agreement Continues**

47.     After the Court ruled on the Motion to Disqualify, briefing continued on the Motion to Approve Settlement Agreement.

48.     On April 7, 2014, after being virtually silent during the entire case, the Internal Revenue Service ("IRS") filed a Limited Objection to the Former Trustee's Motion to Approve Settlement Agreement [Dkt. No. 639].

49.     On April 11, 2014, MAC on behalf of the MAC Creditors, filed an Opposition to the Former Trustee's Motion to Approve Settlement Agreement [Dkt. No. 643].

50.     On April 11, 2014, Larson on behalf of the MAC Creditors, filed an Opposition to the Former Trustee's Motion to Approve Settlement Agreement [Dkt. No. 645].

51.     On April 11, 2014, the United States Trustee ("UST") filed an Objection to the Former Trustee's Motion to Approve Settlement Agreement [Dkt. No. 646].  In that objection, the UST asserted that Trustee's involvement in this bankruptcy case along with his involvement

---

[11] As discussed in more detail below, after the Former Trustee voluntarily withdrew from this case, Victoria L. Nelson ("Nelson") was appointed as the new trustee.  Pursuant to a Stipulation entered into between the MAC Creditors and Nelson [Dkt. No. 680], Nelson agreed to withdraw the Opposition to Motion for Relief and the MAC Creditors agreed to withdraw their Motion to Strike.  The Stipulation was approved by the Court on May 2, 2014 [Dkt. No. 681].  Thus, the hearing on the MAC Creditors' Motion to Strike was vacated.

HOWARD KIM & ASSOCIATES
1055 WHITNEY RANCH DRIVE, SUITE 110
HENDERSON, NEVADA 89014
(702) 485-3300 FAX (702) 485-3301

in the Angelus II bankruptcy case has resulted in a conflict of interest wherein Trustee's business judgment could not apply with regards to the pending settlement agreement [Dkt. No. 646].

**G.  The Former Trustee Voluntarily Resigns from the Gayler and Angelus II Bankruptcy Cases and the Kim Firm Follows Suit**

52.  On April 15, 2014, in light of the UST's assertion of a conflict of interest, the Former Trustee sent the UST his resignations with the request that the UST accept his resignations and immediately assign both cases to other trustees.

53.  On April 16, 2014, the UST accepted the Former Trustee's resignations and informed the Former Trustee that successor appointments would be made.

54.  On April 16, 2014, the Kim Firm filed its Motion to Withdraw as Counsel for the Trustee on an order shortening time ("Motion to Withdraw") to avoid even the appearance of impropriety in light of the UST's assertion of a conflict of interest [Dkt. No. 648].

55.   The Court granted the Kim Firm's Motion to Withdraw on April 25, 2014 [Dkt. No. 668].

56.  On April 21, 2014, Nelson was appointed as the new trustee for the case, replacing Former Trustee David A. Rosenberg.

57.  To this date, the Kim Firm continues to cooperate with the new trustee.

**V.**

**STATEMENT REGARDING EXPERTISE REQUIRED**

58.  The Kim Firm is skilled in insolvency proceedings and has special knowledge which enables the Kim Firm to perform services of benefit to the Former Trustee and to the creditors of the bankruptcy estate.  Over the last 4 years, the Kim Firm has successfully represented trustees, debtors, and creditors in more than 500 bankruptcy cases.

///

///

///

///

///

HOWARD KIM & ASSOCIATES
1055 WHITNEY RANCH DRIVE, SUITE 110
HENDERSON, NEVADA 89014
(702) 485-3300 FAX (702) 485-3301

**VI.**

**TASKS PERFORMED BY THE FIRM DURING THE COMPENSATION PERIOD**

**A.      The Kim Firms Retention and Administration.**

59.      The Kim Firm billed 2.3 hours ($805.00) relating to its retention.  This time included, but was not limited to, the administrative work necessary for counsel to represent the Former Trustee in this matter.

**B.      Case Administration.**

60.      The Kim Firm billed 140.0 hours ($49,000.00) relating to case administration.

61.      Prior to the Kim Firm being hired on as counsel for the Former Trustee, MAC was representing Lisowski, the Former Trustee, and the MAC Creditors in this bankruptcy case. MAC was also representing the MAC Creditors in various state court actions against and/or involving Gayler and three adversary actions stemming from this bankruptcy case.  The Former Trustee, concerned that MAC was conflicted out of representing the estate as well as the MAC Creditors given the conflicts involved, hired the Kim Firm to, among other things, look into whether MAC could continue to represent the Former Trustee in this case.

62.      While the Former Trustee, with the assistance of the Kim Firm, was able to convince MAC to withdraw as special counsel in this case, MAC refused to withdraw as counsel for the MAC Creditors despite the conflicts involved and the confidential information received in its two year representation of Lisowski and the Former Trustee.  The Former Trustee believed that Larson and his new firm L&Z was similarly conflicted out of representing the MAC Creditors given Larson worked for MAC for a year and a half while MAC was acting as special counsel and numerous documents were filed by Larson in the Gayler bankruptcy case and Adversary Case No. 11-01410-mkn ("410 Adversary Action").  To prevent MAC and Larson from using the confidential information they gained as special counsel to the benefit of the MAC Creditors, the Trustee believed he had no choice but to move for disqualification.  No creditor should have a greater advantage over other creditors of the estate and the trustee of the estate, with the Court's approval of course, should be the one to determine what is in the estate's best interests, not a single group of creditors.  To get the estate back on track, the Former Trustee

HOWARD KIM & ASSOCIATES
1055 WHITNEY RANCH DRIVE, SUITE 110
HENDERSON, NEVADA 89014
(702) 485-3300 FAX (702) 485-3301

believed that MAC's disqualification from this case was necessary and in the best interests of the estate.

63.    Additionally, to prevent the MAC Creditors from divesting Gayler (and thereby the estate) of his interests in the Angelus entities in the 777 Action—which amounts to over $400,000.00—the Kim Firm also drafted an Opposition to the MAC Creditors' Motion for Relief and declarations in support.  This opposition seemed justified given the Court's statements in the Memorandum Opinion—specifically that: (1) MAC was conflicted out of representing both Lisowski and the MAC Creditors on this issue; (2) MAC exceeded the scope of its employment by filing a response for Lisowski; and (3) the Court questioned whether Lisowski actually consented to the response filed by MAC on his behalf.

64.    The Kim Firm spent a significant amount of time reviewing documents and pleadings filed in Gayler's bankruptcy case as well as the adversary actions and state court litigations, communicating with the Former Trustee and MAC regarding conflicts of interest, researching various issues including but not limited to what can be addressed in reply briefs, the bankruptcy court's jurisdiction, and violations of the automatic stay, drafting the Motion to Disqualify, the Reply in Support, numerous declarations for the Former Trustee, the Opposition to the Motion to Strike, the Opposition to the Motion for Relief, and drafting the Motion to Withdraw.  The Kim Firm also prepared for and attended the hearing on the Motion to Disqualify and the Motion to Withdraw.

**C.    Asset Analysis and Recovery.**

65.    The Kim Firm billed 42.9 hours ($15,015.00) relating to asset analysis and recovery.

66.    When the Former Trustee was appointed to this case, Lisowski, with MAC's assistance, was on the verge of reaching a settlement with Gayler in the 410 Adversary Action.  As Lisowski, with MAC's assistance, was only able to bring one out of approximately sixty of the Gayler Entities into the bankruptcy estate in almost a year of litigation—which accrued close to $1.0 million dollars in legal fees—the Former Trustee believed that settlement was in the best interest of the estate.

HOWARD KIM & ASSOCIATES
1055 WHITNEY RANCH DRIVE, SUITE 110
HENDERSON, NEVADA 89014
(702) 485-3300 FAX (702) 485-3301

67.     The Kim Firm spent a significant amount of time reviewing documents and pleadings filed in Gayler's bankruptcy case as well as 410 Adversary Action, communicating with Sylvester and Gayler to negotiate a settlement agreement, revising the settlement agreement originally drafted by MAC as special counsel, drafting the Motion to Approve Settlement Agreement and declaration in support, and drafting the Stipulation and Order to Continue the Hearing Date on the Motion to Approve Settlement Agreement.

**D.     Appeal of the Disqualification Order.**

68.     The Kim Firm spent 64.3 hours ($22,505.00) related to the appeal of the Disqualification Order.  However, exercising its billing judgment, and in good faith, the Kim Firm is not seeking compensation for any of that time.

69.     The Kim Firm spent a significant amount of time reviewing documents and pleadings filed in Gayler's bankruptcy case, including but not limited to the Memorandum Decision on Trustee's Motion to Disqualify, communicating with the Former Trustee regarding the Memorandum Decision, researching the legal standard on a motion to disqualify pursuant to Nevada Rule of Professional Conduct 1.9, particularly what standard is to be applied to the test for substantial relatedness, drafting the Notice of Appeal and Motion for Leave to Appeal, drafting the Statement of Issues and Designation of Record on Appeal, reviewing the Oppositions to the Motion for Leave to Appeal filed by MAC and Larson, drafting the Omnibus Reply in Support of the Motion for Leave to Appeal, communicating with the BAP regarding procedural requirements associated with an appeal from a bankruptcy court order, communicating with MAC and Larson regarding an extension to file the Trustee's Opening Brief, and drafting a Motion for an Extension of Time.

**E.     Fee/Employment Applications.**

70.     The Kim Firm billed 3.5 hours ($1,225.00) relating to its application for compensation.  This time included, but was not limited to, the administrative work necessary to effectuate payment to the Kim Firm in this matter.

///

///

HOWARD KIM & ASSOCIATES
1055 WHITNEY RANCH DRIVE, SUITE 110
HENDERSON, NEVADA 89014
(702) 485-3300 FAX (702) 485-3301

## VII.

## **ACTUAL AND NECESSARY EXPENSES**

71.     The Kim Firm has incurred and paid out-of-pocket expenses totaling $8,587.19 during the Compensation Period.  The items to which reimbursement is being sought are not included in the Kim Firm's overhead, and are not, therefore, a part of the hourly rates charged by the Kim Firm.

72.     The Kim Firm charges the Trustee $0.20 per page for scanning and photocopying, $19.00 per messenger run, and all other costs at the actual cost, without any profit on such expenses.

73.     The Kim Firm submits that the expenses that it has incurred and paid in rendering legal services to the Trustee during the Compensation Period are reasonable and necessary under the circumstances of this Chapter 7 case, and that the reimbursement to the Kim Firm for such expenses is appropriate and should be allowed.

## VIII.

## **THE REQUESTED COMPENSATION SHOULD BE ALLOWED**

74.     11 U.S.C § 330 provides that a court may award a professional who is employed pursuant to 11 U.S.C. § 327 "…reasonable compensation for actual and necessary services rendered . . . and reimbursement for actual, necessary expenses."  11 U.S.C. § 330(a)(3) provides that "[i]n determining the amount of reasonable compensation to be awarded… to [a] . . . professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors," including the following:

(a)     the time spent on such services;

(b)     the rates charged for such services;

(c)     whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(d)     whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

HOWARD KIM & ASSOCIATES
1055 WHITNEY RANCH DRIVE, SUITE 110
HENDERSON, NEVADA 89014
(702) 485-3300 FAX (702) 485-3301

HOWARD KIM & ASSOCIATES
1055 WHITNEY RANCH DRIVE, SUITE 110
HENDERSON, NEVADA 89014
(702) 485-3300 FAX (702) 485-3301

(e)     with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(f)     whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

75.     A customary review of a fee application under 11 U.S.C. § 330 starts with a determination of the 'lodestar,' by multiplying a reasonable number of hours expended by a reasonable hourly rate. *See Unsecured Creditors' Comm. v. Puget Sound Plywood, Inc.*, 924 F.2D 955, 960 (9th Cir. 1991); *see also In re Powerine Oil Co.*, 71 B.R. 767, 770 (B.A.P. 9th Cir. 1986) (quoting *In re Yermakov*, 718 F.2d 1465, 1471 (9th Cir. 1983)).

76.     The Ninth Circuit in *Yermakov* made specific references to *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), in which the Fifth Circuit listed twelve factors which should be considered in awarding attorneys' fees. These "*Johnson* factors" have been referred to and utilized by many courts in considering and awarding attorneys' fees in bankruptcy cases. *See In re Pacific Express, Inc.*, 56 B.R. 859 (Bankr. E.D. Cal. 1985).  The factors specified in *Johnson* are:

(1)     The time and labor required;

(2)     The novelty and difficulty of the questions;

(3)     The skill requisite to perform the legal service properly;

(4)     The preclusion of other employment by the attorney due to acceptance of case;

(5)     The customary fee;

(6)     Whether the fee is fixed or contingent;

(7)     Time limitations imposed by the client or the circumstances;

(8)     The amount involved and the results obtained;

(9)     The experience, reputation, and ability of the attorneys;

(10)    The "undesirability" of the case;

(11)    The nature and length of the professional relationship with the client; and

(12)    Awards in similar cases.

*See Johnson v. Georgia Highway Express, Inc.*, 488 F.2d at 717-19 (5th Cir. 1974).

77.     In addition, a bankruptcy court examines the circumstances and manner in which services are performed and results achieved to determine a reasonable fee.  *See Roberts, Sheridan & Kotel, P.C. v. Bergen Brunswig Drug Co. (In re Mednet)*, 251 B.R. 103, 108 (B.A.P. 9th Cir. 2000).  Such examination includes a review of the following factors:

(a)     Whether the services were authorized;

(b)     Whether the services were necessary or beneficial to the administration of the estate at the time they were rendered;

(c)     Whether the services adequately documented; and

(d)     Whether the fees requested are reasonable, taking into consideration the factors set forth in section 330(a)(3).

*See Id.*; *see also Leichty v. Neary (In re Strand)*, 375 F.3d 854, 860 (9th Cir. 2004).

78.     While the services need not "result in a material benefit to the estate[,]" approval of fees is contingent upon a showing "that the services were 'reasonably likely' to benefit the estate at the time the services were rendered."  *See In re Las Vegas Monorail Co.*, 458 B.R. 553, 556 (Bankr. D. Nev. 2011) (quoting *In Re Mednet*, 251 B.R. at 108).  Here, the Former Trustee believed a settlement with Gayler would save the estate from costly and complex litigation in the 410 Adversary Action.  As mentioned previously, Lisowski, with MAC's assistance, was only able to bring one out of approximately sixty Gayler Entities into the estate in almost a year of litigation.  This year of litigation accrued close to $1.0 million dollars in attorney's fees.  Given the fact that MAC, having intimate knowledge of the intricacies and details of Gayler's various fraudulent transfers and conveyances, was unable to produce significant results in the 410 Adversary Action and considering the amount of time and money it would take for the Former Trustee to learn all of the details of this case to pursue this action zealously, the Former Trustee and the Kim Firm believed that a settlement with Gayler was likely to benefit the estate.  Moreover, the Former Trustee was not alone in this opinion.  When the Former Trustee inherited this case from Lisowski, Lisowski and MAC were in the midst of working out a settlement with Gayler to bring all of the Gayler Entities into the estate.

///

HOWARD KIM & ASSOCIATES
1055 WHITNEY RANCH DRIVE, SUITE 110
HENDERSON, NEVADA 89014
(702) 485-3300 FAX (702) 485-3301

HOWARD KIM & ASSOCIATES
1055 WHITNEY RANCH DRIVE, SUITE 110
HENDERSON, NEVADA 89014
(702) 485-3300 FAX (702) 485-3301

79.     The professional services performed by the Kim Firm were necessary and appropriate to the administration of the Chapter 7 Case and were in the best interest of the estate, creditors and other parties in interest.  As set forth previously, the Kim Firm was hired, among other things, to investigate the conflicts of interest involved in MAC's dual representation of Lisowski, the Former Trustee, and the MAC Creditors in this bankruptcy case.   While the Former Trustee, with the assistance of the Kim Firm, was able to convince MAC to withdraw as special counsel in this case, MAC refused to withdraw as counsel for the MAC Creditors despite the conflicts involved and the confidential information it received in its representation of Lisowski and the Former Trustee.  To prevent MAC from using the confidential information it gained as special counsel to benefit the MAC Creditors position to the detriment of other creditors of the estate, including but not limited to the IRS, the Former Trustee believed MAC's disqualification was necessary and appropriate to the administration of this estate.  While of course, the MAC Creditors will likely disagree with this assessment, it should be noted that this particular course of action could have easily been avoided.  First, had MAC fully disclosed the conflicts involved in its employment application, MAC never would have been hired as special counsel in the first place.  Second, after the Former Trustee questioned the conflicts involved in MAC's dual representation, MAC, to avoid even the appearance of impropriety, should have voluntarily withdrawn as counsel for the Former Trustee as well as the MAC Creditors.  Neither of these things happened so, to get the estate back on track, the Former Trustee believed it was necessary and appropriate to move for MAC's disqualification in this case.  While the Court ultimately did not disqualify MAC, the conflicts involved in this case would have never come to light had the Former Trustee turned a blind eye to MAC's misconduct.

80.     Compensation of the foregoing services as requested is commensurate with the complexity, importance, and nature of the problems, issues, and tasks involved.  The professional services were performed expeditiously, thoroughly, and in an efficient manner.

///

///

///

81.     The Kim Firm submits that its fees are reasonable based on the customary compensation charged by comparably skilled practitioners in a competitive legal market.  The Kim Firm has carefully reviewed the detailed time records submitted with the Application and exercised appropriate billing judgment, including not charging for certain time that it determined was excessive.

82.     Former Trustee has reviewed this Application and fully approves the requested amount herein.

**IX.**

**CONCLUSION**

WHEREFORE, The Kim Firm respectfully requests that the Court enter an order as follows:

1.     Allowing the Kim Firm reasonable professional compensation of a final basis in the amount of $66,025.00, and reimbursement of actual and necessary expenses in the amount of $8,587.19, for a total of $74,612.19.

2.     Allowing the Kim Firm to charge an amount not to exceed $500.00 for presentation of this Application at hearing and for preparing the respective Order; and

3.     Granting the Kim Firm such other and further relief as is just and proper.

Dated this 19th day of May, 2014.

**HOWARD KIM & ASSOCIATES**


*/s/Howard C. Kim*
Howard C. Kim, Esq.
Nevada Bar No. 10386
Jacqueline A. Gilbert, Esq.
Nevada Bar No. 10593
Katherine C.S. Carstensen, Esq.
Nevada Bar No. 10656
1055 Whitney Ranch Drive, Suite 110
Henderson, Nevada 89014
*Former Attorneys for David A. Rosenberg,*
*Former Chapter 7 Trustee*

**HOWARD KIM & ASSOCIATES**
1055 WHITNEY RANCH DRIVE, SUITE 110
HENDERSON, NEVADA 89014
(702) 485-3300 FAX (702) 485-3301

- 20 -

# EXHIBIT 1

## Howard Kim & Associates

400 N. Stephanie Suite 160
Henderson, NV  89014
Telephone: 702-485-3300
Fax: 702-485-3301

May 16, 2014
Invoice No. 1873

Mr. David A. Rosenberg
Chapter 7 Trustee
5030 Paradise Road, Suite B-215
Las Vegas, NV  89119

---

| Client Number: | ROSAA000XZ | David A. Rosenberg |
|---|---|---|
| Matter Number: | 2322 | Rosenberg/ Gayler |

**For Services Rendered Through 5/16/2014.**

---

## Fees

| Date | Tmkpr | Description | Hours | Amount |
|---|---|---|---|---|
| **B100** | **Administration** | | | |
| 02/11/2013 | JG | Draft application for employment as general counsel - review docket for facts. | 0.80 | $280.00 |
| 02/12/2013 | JG | Confer with atty Kim regarding employment application and adding additional facts. | 0.10 | $35.00 |
| 03/01/2013 | JG | Draft OST application and supporting documents for motion to employ | 0.60 | $210.00 |
| 03/13/2013 | HCK | Attend hearing on Motion to Employ | 0.70 | $245.00 |
| 03/14/2013 | KC | Draft Order Approving Motion to Employ and Upload | 0.10 | $35.00 |
| | | **Administration** | **2.30** | **$805.00** |
| **B110** | **Case Administration** | | | |
| 02/04/2013 | HCK | Meeting with Trustee and Marquis Aurbach Coffing attorneys (Terry Coffing, Phil Aurbach, Zach Larson, Liane Wakayama, Dale Hayes, Jessica Goodey) regarding MAC's role in the state court and bankruptcy proceedings | 2.30 | $805.00 |
| 02/11/2013 | JG | Confer with Trustee regarding various issues. | 0.40 | $140.00 |
| 02/11/2013 | KC | Review Application to Employ MAC as Special Counsel, Declaration in Support, and Order | 0.70 | $245.00 |
| 02/12/2013 | JG | Telephone conference with J. Goodey regarding stipulation for Sunset II money and the motion to lift stay | 0.80 | $280.00 |
| 02/12/2013 | JG | Review stipulation and proceeds distribution for Sunset II and forward information to Trustee. | 0.20 | $70.00 |

**Continued On Next Page**

| | | | | |
|---|---|---|---|---|
| Client Number: | ROSAA000XZ | | | 05/16/2014 |
| Matter Number: | 2322 | | | Page:   2 |

**B110**      **Case Administration**

| | | | | |
|---|---|---|---|---|
| 02/13/2013 | JG | Telephone call with T. Coffing regarding representation. | 0.60 | $210.00 |
| 02/19/2013 | JG | Review email sent to Trustee by M. Schnippel regarding GCS and leave voice message on work and cell phones. | 0.30 | $105.00 |
| 02/19/2013 | JG | Telephone call with M Scnipper; review documents sent in response to request regarding GCS; forward same to Trustee | 0.60 | $210.00 |
| 02/26/2013 | HCK | Review of<br>1)Loerwald's MSJ<br>2)Trustee's Opposition to Loerwald's MSJ<br>3)Trustee's MSJ re: alter ego<br>4)Statement of Undisputed Facts in support of MSJ<br>5)Trustee's Motion to Set Aside<br><br>Telephone conference with attorney Jessica Goodey and Jackie Gilbert | 2.60 | $910.00 |
| 02/28/2013 | JG | Telephone call with J. Goodey regarding hearing on stipulation in adversary and discuss opposition to motion for judgment on pleadings. | 0.30 | $105.00 |
| 02/28/2013 | JG | Telephone call with J. Sylvester regarding hearing on stipulation in adversary and other matters. | 0.30 | $105.00 |
| 03/01/2013 | HCK | Telephone confernce with Terry Coffing and Jacqueline Gilbert regarding upcoming trial in CH Angelus IV; telephone call with attorney Brian Walters regarding the Brown's role in 23 Golden Sunray transaction | 0.70 | $245.00 |
| 03/03/2013 | JG | Receive and review information of other cases docketed in state court involving Debtor and his other entities. | 0.30 | $105.00 |
| 03/05/2013 | HCK | Review of MAC's Rule 9019 motion and draft of David Rosenberg Declaration | 0.40 | $140.00 |
| 03/05/2013 | JG | Meeting with Trustee, HCK, T Coffing regarding ongoing cases related to Gayler | 1.00 | $350.00 |
| 03/12/2013 | JG | Confer with HCK and Trustee regarding ongoing potential conflicts and possible resolution. | 0.40 | $140.00 |
| 03/21/2013 | JG | Confer and analyze options regarding ongoing cases related to Gayler. | 0.30 | $105.00 |
| 03/21/2013 | JG | Telephone call with T. Coffing regarding 9019 motion. | 0.10 | $35.00 |
| 03/22/2013 | JG | Receive and read email from P. Gallegher regarding Dumol llc property taxes; Telephone conference with Trustee regarding same. | 0.40 | $140.00 |
| 03/23/2013 | JG | Review Dumol documents re managing member authority | 1.00 | $350.00 |
| 03/24/2013 | JG | Email communications with Trustee regarding Dumol. | 0.20 | $70.00 |

**Continued On Next Page**

| | | | | |
|---|---|---|---|---|
| Client Number: | ROSAA000XZ | | | 05/16/2014 |
| Matter Number: | 2322 | | | Page:   3 |

**B110**          **Case Administration**

| | | | | |
|---|---|---|---|---|
| 03/25/2013 | JG | Email communications with Trustee regarding Dumol and confering on options. | 0.10 | $35.00 |
| 03/25/2013 | JG | Confer with A. David regarding research into right to put entity in bankruptcy. | 0.20 | $70.00 |
| 03/25/2013 | KC | Review Trustee's Motion to Sell Free and Clear of Liens Dominus M-B, Declarations in Support, Opposition, Reply and Order | 1.40 | $490.00 |
| 03/25/2013 | KC | Review Trustee's Motion for Turnover of Estate Assets, Opposition, Reply, and Order | 0.90 | $315.00 |
| 03/26/2013 | HCK | Telephone call with Terry Coffing regarding a global settlement; meeting with Trustee regarding MAC's concern about administrative claims in the case | 0.80 | $280.00 |
| 04/10/2013 | KC | Review 410 Adversary Complaint and Amended Adversary Complaint, | 0.90 | $315.00 |
| 04/10/2013 | KC | Review Motions to Dismiss in 410 Adversary Action, Trustee's Opposition, Reply in Support, and Order | 1.30 | $455.00 |
| 04/10/2013 | KC | Review Motion for Partial Summary Judgment in 410 Adversary Action, Opposition, Reply, and Order | 1.20 | $420.00 |
| 04/10/2013 | KC | Confer w/HK re Document Review | 0.10 | $35.00 |
| 04/11/2013 | KC | Review Trustee's Motion for Summary Judgment in 410 Adversary Action, Opposition, Reply in Support, and Order | 1.40 | $490.00 |
| 04/11/2013 | KC | Review Counter Motion for Summary Judgment in 410 Adversary Action, Opposition, Reply, and Order | 1.10 | $385.00 |
| 04/12/2013 | KC | Review Loerwald's Motion for Summary Judgment, Trustee's Opposition, Reply and Order | 0.90 | $315.00 |
| 04/23/2013 | KC | Review E-mails, Petition, Schedules and Other Related Documents, Perform Search on Secretary of State Website for Gayler entities, Compare entities listed on petition with entities listed on Secretary of State website to ensure Gayler does not have any interests outside of 69 listed entities on BK petition | 2.40 | $840.00 |
| 05/01/2013 | HCK | Telephone call with attorney Zach Larson regarding evidentiary hearing to determine whether Gayler had authority to file BK for the debtor | 0.40 | $140.00 |
| 05/13/2013 | JG | Confer with Trustee regarding listing of Dumol property and review emails regarding same. | 0.60 | $210.00 |
| 07/01/2013 | KC | Call to Trustee's Office re Distribution Amount from Dominus | 0.10 | $35.00 |
| 07/12/2013 | KC | Review Motion for Relief from Stay re Sunset V, Declaration in Support, and Order | 0.70 | $245.00 |

**Continued On Next Page**

| Client Number: | ROSAA000XZ | 05/16/2014 |
|---|---|---|
| Matter Number: | 2322 | Page:   4 |

**B110**          **Case Administration**

| 07/15/2013 | HCK | Telephone call with attorney Edward Hannigan regarding the Alper Settlement in the state court action | 0.80 | $280.00 |
|---|---|---|---|---|
| 07/15/2013 | HCK | Legal research regarding whether removal of the debtor as a manager of LLC constitutes a violation of the automatic stay | 2.00 | $700.00 |
| 07/15/2013 | KC | Draft Motion to Disqualify | 3.80 | $1,330.00 |
| 07/15/2013 | KC | Confer w/HK re Motion to Disqualify | 0.20 | $70.00 |
| 07/16/2013 | KC | Confer w/HK and JG re Motion to Disqualify and OST Documents | 0.10 | $35.00 |
| 07/16/2013 | KC | Revise OST Motion and Supporting Documents w/HK edits | 0.70 | $245.00 |
| 07/16/2013 | KC | Revise Motion to Disqualify w/JG edits | 0.80 | $280.00 |
| 07/16/2013 | KC | Review E-mail from Z.Larson re Motion to Disqualify | 0.10 | $35.00 |
| 07/16/2013 | KC | Draft Order Granting OST on Motion to Disqualify | 0.20 | $70.00 |
| 07/16/2013 | KC | Draft Attorney Information Sheet on OST | 0.10 | $35.00 |
| 07/16/2013 | KC | Draft Declaration in Support of OST on Motion to Disqualify | 0.40 | $140.00 |
| 07/16/2013 | KC | Draft Motion for OST on Motion to Disqualify | 0.20 | $70.00 |
| 07/16/2013 | KC | Revise Motion to Disqualify w/HK edits | 0.90 | $315.00 |
| 07/16/2013 | JG | Review and Edit Motion to Disqualify | 0.50 | $175.00 |
| 07/16/2013 | HCK | Review Motion to Disqualify and OST Documents | 0.60 | $210.00 |
| 07/16/2013 | KC | Draft Motion to Disqualify | 1.20 | $420.00 |
| 07/17/2013 | KC | Draft DR Declaration in Support of Motion to Disqualify | 0.60 | $210.00 |
| 07/17/2013 | KC | Revise DR Declaration in Support of Motion to Disqualify w/HK edits, Finalize and File | 0.30 | $105.00 |
| 07/18/2013 | KC | Draft Stipulation and Order on Motion to Disqualify and Motion to Approve SA | 0.80 | $280.00 |
| 07/18/2013 | KC | Review Motion to Lift Stay Filed by MAC on 11/14/2012 | 0.30 | $105.00 |
| 07/18/2013 | KC | Confer w/HK re Stip and Order and Motion to Lift Stay Filed by MAC | 0.20 | $70.00 |
| 07/18/2013 | KC | Draft NOH on Motion to Disqualify | 0.10 | $35.00 |
| 07/18/2013 | KC | Confer w/Z. Larson re Stipulation and Order on Motion to Disqualify and Motion to Approve SA | 0.10 | $35.00 |
| 07/18/2013 | KC | Revise Stipulation and Order w/Z. Larson edits | 0.30 | $105.00 |
| 07/19/2013 | KC | Confer w/Z. Larson re Stip and Order, Upload Stip and Order | 0.10 | $35.00 |

<strong>Continued On Next Page</strong>

| Client Number: | ROSAA000XZ | | | 05/16/2014 |
|---|---|---|---|---|
| Matter Number: | 2322 | | | Page:  5 |

**B110**        **Case Administration**

| | | | | |
|---|---|---|---|---|
| 07/23/2013 | KC | Draft NOE on Stip and Order, Finalize and File | 0.20 | $70.00 |
| 07/24/2013 | KC | Call to Certificate of Service re ECF Service | 0.20 | $70.00 |
| 07/24/2013 | KC | Reconcile Mailing Matrix and ECF Notifications, Check for Special Notices | 0.80 | $280.00 |
| 08/01/2013 | KC | Confer w/HK re Extended Deadline to Object to Settlement Agreement | 0.10 | $35.00 |
| 08/08/2013 | HCK | Telephone call with attorney Pearl Gallagher regarding Dumol, LLC. | 0.30 | $105.00 |
| 08/15/2013 | HCK | Telephone call with attorney Elizabeth Lowell (889-6665) regarding MAYA I-215 vs. Barry Moore and DA1117 vs. Barry Moore: Nevada Supreme Court issued an Order overturning the DC's granting of Barry Moore's motion to dismiss | 0.50 | $175.00 |
| 08/16/2013 | KC | Confer w/HK re Motion to Disqualify in Gayler | 0.10 | $35.00 |
| 08/21/2013 | JG | Receive and do initial read of opposition to trustee's motion to disqualify. | 0.80 | $280.00 |
| 08/21/2013 | KC | Confer w/HK re Reply to Motion to Disqualify in Gayler | 0.20 | $70.00 |
| 08/21/2013 | HCK | Review MAC's Opposition to Motion to Disqualify and Declarations in Support | 1.20 | $420.00 |
| 08/21/2013 | HCK | Review Larson's Opposition to Motion to Disqualify and Declaration in Support | 0.70 | $245.00 |
| 08/22/2013 | KC | Review MAC's Opposition to Motion to Disqualify, Outline for Reply | 1.80 | $630.00 |
| 08/22/2013 | KC | Review Larson's Opposition to Motion to Disqualify, Outline for Reply | 1.80 | $630.00 |
| 08/22/2013 | KC | Confer w/JG re Reply in Support of Motion to Disqualify | 0.20 | $70.00 |
| 08/22/2013 | KC | Confer w/HK re Reply in Support of Motion to Disqualify | 0.20 | $70.00 |
| 08/23/2013 | KC | Draft Reply in Support of Motion to Disqualify | 3.30 | $1,155.00 |
| 08/24/2013 | KC | Draft Reply in Support of Motion to Disqualify | 3.10 | $1,085.00 |
| 08/26/2013 | KC | Research Case Law for Reply in Support of Motion to Disqualify | 0.60 | $210.00 |
| 08/26/2013 | KC | Confer w/HK and JG re Reply in Support of Motion to Disqualify | 0.10 | $35.00 |
| 08/27/2013 | KC | Revise Reply in Support of Motion to Disqualify w/HK and JG edits | 0.90 | $315.00 |
| 08/27/2013 | KC | Confer w/HK and JG re Reply in Support of Motion to Disqualify | 0.40 | $140.00 |
| 08/27/2013 | KC | Review MAC's Supplement to Opposition to Motion to Disqualify | 0.20 | $70.00 |

**Continued On Next Page**

| Client Number: | ROSAA000XZ | | | 05/16/2014 |
| Matter Number: | 2322 | | | Page:   6 |

## B110          Case Administration

| | | | | |
|---|---|---|---|---|
| 08/28/2013 | KC | Confer w/HK, DR, and JG re Reply in Support of Motion to Disqualify | 0.30 | $105.00 |
| 08/28/2013 | KC | Draft, Finalize and File Ex Parte Motion to Exceed Page Limit in Gayler | 0.30 | $105.00 |
| 08/28/2013 | KC | Draft and Upload Order Granting Motion to Exceed Page Limit | 0.20 | $70.00 |
| 08/28/2013 | KC | Confer w/HK re Motion and Order to Exceed Page Limit | 0.10 | $35.00 |
| 08/28/2013 | KC | Draft DR Declaration in Support of Reply in Support of Motion to Disqualify | 0.90 | $315.00 |
| 08/28/2013 | KC | Revise Reply in Support of Motion to Disqualify w/DR edits | 0.60 | $210.00 |
| 08/29/2013 | KC | Send Reply, Declaration and NOE for Service, Call to CertificateofService.com | 0.20 | $70.00 |
| 08/29/2013 | KC | Confer w/TD re Courtesy Copy of Reply in Support of Motion to Dismiss to J. Nakagawa | 0.10 | $35.00 |
| 08/29/2013 | KC | Draft Notice of Entry of Order, Finalize and File | 0.20 | $70.00 |
| 08/29/2013 | KC | Check for Special Notices, Draft COS for Reply | 0.30 | $105.00 |
| 08/30/2013 | KC | Review Hayes Supplemental Declaration in Opposition to Motion to Disqualify | 0.10 | $35.00 |
| 08/30/2013 | KC | Review MAC's Supplemental Declaration in Response to Trustee's Reply Brief | 0.20 | $70.00 |
| 09/03/2013 | KC | Confer w/HK re Motion to Disqualify | 0.20 | $70.00 |
| 09/03/2013 | KC | Review Supplemental Declaration by DR in Support of Motion to Disqualify | 0.10 | $35.00 |
| 09/03/2013 | KC | Document Review of State Court Litigation | 1.70 | $595.00 |
| 09/03/2013 | KC | Confer w/HK and DR re Courtesy Copy of Supplemental Declaration to Court, Call to Trustee's Office re Courtesy Copy | 0.10 | $35.00 |
| 09/03/2013 | KC | Prepare for Hearing on Motion to Disqualify, Outline Arguments, etc. | 0.80 | $280.00 |
| 09/03/2013 | KC | Confer w/HK re Supplemental Declaration in Support of Motion to Disqualify | 0.10 | $35.00 |
| 09/03/2013 | KC | Draft Supplemental Declaration in Support of Motion to Disqualify | 0.30 | $105.00 |
| 09/03/2013 | KC | Review Second Declaration of P. Aurbach in Support of Opposition | 0.20 | $70.00 |

**Continued On Next Page**

| | | | | |
|---|---|---|---|---|
| Client Number: | ROSAA000XZ | | | 05/16/2014 |
| Matter Number: | 2322 | | | Page: 7 |

**B110**        **Case Administration**

| | | | | |
|---|---|---|---|---|
| 09/04/2013 | JG | Moot argument with HCK and DSC for hearing on disqualification and develop answers to potential questions that could be raised by court. | 0.90 | $315.00 |
| 09/04/2013 | JG | Attend and appear at hearing on motion to disqualify; confer with Trustee, HCK, KCC after hearing to discuss strategy. | 2.00 | $700.00 |
| 09/04/2013 | KC | Confer w/Trustee, HK and JG re Motion to Disqualify and Motion to Strike Reply | 0.50 | $175.00 |
| 09/04/2013 | KC | Research on Motion to Strike and FRCP 12(f) | 1.60 | $560.00 |
| 09/05/2013 | KC | Research on Legal Standard in Motion to Strike, Cite Check Cases in Bench Brief | 1.20 | $420.00 |
| 09/05/2013 | KC | Draft Opposition to Motion to Strike | 2.70 | $945.00 |
| 09/05/2013 | KC | Confer w/HK, DC, and Trustee re Opposition to Motion to Strike | 0.60 | $210.00 |
| 09/05/2013 | KC | Review Supplement to Bench Brief | 0.20 | $70.00 |
| 09/05/2013 | KC | Confer w/HK re Supplement to Bench Brief | 0.10 | $35.00 |
| 09/05/2013 | KC | Review Motion to Strike Bench Brief, Compare w/Version Given at the Hearing for Any Changes | 0.30 | $105.00 |
| 09/06/2013 | KC | Draft Opposition to Motion to Strike | 2.40 | $840.00 |
| 09/06/2013 | KC | Confer w/HK re Subpoenas on MAC and Larson | 0.10 | $35.00 |
| 09/06/2013 | KC | Draft Subpoena for MAC | 0.20 | $70.00 |
| 09/06/2013 | KC | Draft Subpoena for Larson | 0.20 | $70.00 |
| 09/06/2013 | KC | Review Letter from MAC re Retracting Statements in Reply | 0.10 | $35.00 |
| 09/06/2013 | KC | Review FRCP Rule 11 re Sanctions, Confer w/HK, DC, JG and Trustee re the Same | 0.20 | $70.00 |
| 09/06/2013 | KC | Research on FRCP 12(f) Applying to Bankruptcy Proceedings | 0.50 | $175.00 |
| 09/06/2013 | KC | Confer w/DC re FRCP 12(f) Applying to Bankruptcy Proceedings | 0.10 | $35.00 |
| 09/09/2013 | KC | Pull and E-mail Pleadings re Motion to Disqualify to S. Judd | 0.20 | $70.00 |
| 09/09/2013 | KC | Confer w/JG, DC, and HK re Opposition to Motion to Strike | 0.40 | $140.00 |
| 09/09/2013 | KC | Confer w/Trustee re Opposition to Motion to Strike | 0.10 | $35.00 |
| 09/09/2013 | JG | Review and Edit Opposition to Motion to Strike | 0.60 | $210.00 |
| 09/09/2013 | HCK | Review and Revise Opposition to Motion to Strike | 0.40 | $140.00 |
| 09/10/2013 | KC | Review Transcript from Hearing on Motion to Disqualify | 0.30 | $105.00 |
| 09/10/2013 | KC | Review Cases from Trustee re Motion to Disqualify | 0.40 | $140.00 |

Continued On Next Page

Client Number:    ROSAA000XZ
Matter Number:    2322

05/16/2014
Page:    8

**B110**        **Case Administration**

| | | | | |
|---|---|---|---|---|
| 09/10/2013 | KC | Confer w/HK re Opposition to Motion to Strike | 0.10 | $35.00 |
| 09/10/2013 | KC | Research on Admissible Evidence to Motion to Disqualify | 0.40 | $140.00 |
| 09/10/2013 | KC | Confer w/HK and JG re Standard in Reply | 0.20 | $70.00 |
| 09/10/2013 | KC | Revise Opposition to Motion to Strike w/HK and JG Edits | 0.90 | $315.00 |
| 09/11/2013 | KC | Confer w/Trustee, HK, and JG re Opposition to Motion to Strike | 0.40 | $140.00 |
| 09/11/2013 | KC | Draft DR Declaration in Support of Opposition to Motion to Strike | 0.50 | $175.00 |
| 09/11/2013 | KC | Revise Opposition to Motion to Strike w/Trustee Edits | 0.40 | $140.00 |
| 09/12/2013 | KC | Draft COS for Opposition to Motion to Strike, Finalize and File | 0.20 | $70.00 |
| 09/16/2013 | KC | Review Order Denying MAC's Motion to Strike Trustee's Reply | 0.10 | $35.00 |
| 09/17/2013 | KC | Confer w/HK re Preparation for Hearing on Motion to Disqualify | 0.20 | $70.00 |
| 09/17/2013 | KC | Review Documents and Prepare for Hearing on Motion to Disqualify | 0.40 | $140.00 |
| 09/18/2013 | KC | Confer w/HK and JG re Hearing on Motion to Disqualify | 0.30 | $105.00 |
| 09/18/2013 | KC | Confer w/TD re Hearing Binders on Motion to Disqualify | 0.10 | $35.00 |
| 09/18/2013 | KC | Research on Waivers under Rule 1.9 of NRPC | 1.20 | $420.00 |
| 09/18/2013 | HCK | Prepare for Hearing on Motion to Disqualify, Confer w/KC re the Same | 0.40 | $140.00 |
| 09/19/2013 | KC | Attend Hearing on Motion to Disqualify | 1.80 | $630.00 |
| 09/19/2013 | HCK | Attend Hearing on Motion to Disqualify | 1.80 | $630.00 |
| 10/14/2013 | KC | Confer w/HK re 2004 Examination of A. Bonifatto | 0.10 | $35.00 |
| 10/14/2013 | KC | Call to A. Bonifatto re 2004 Examination | 0.10 | $35.00 |
| 10/14/2013 | KC | Draft 2004 Examination for A. Bonifatto | 0.20 | $70.00 |
| 10/14/2013 | KC | Draft Order re 2004 Examination for A. Bonifatto | 0.20 | $70.00 |
| 10/14/2013 | KC | Call from A. Bonifatto re 2004 Examination, Confer w/HK re the Same | 0.10 | $35.00 |

|  | **Case Administration** | **94.90** | **$33,215.00** |
|---|---|---|---|

**B120**        **Asset Analysis and Recovery**

| | | | | |
|---|---|---|---|---|
| 02/25/2013 | JG | Meeting with Trustee, HCK, and Gayler's counsel regarding potential settlement at Debtor's counsel's office. | 2.50 | $875.00 |
| 03/25/2013 | JG | Meeting with HCK and Trustee to discuss potential litigation and settlement strategies. | 0.50 | $175.00 |

**Continued On Next Page**

Client Number:    ROSAA000XZ
Matter Number:    2322

05/16/2014

Page:    9

**B120**        **Asset Analysis and Recovery**

| Date | Atty | Description | Hours | Amount |
|------|------|-------------|-------|--------|
| 04/08/2013 | HCK | Meeting with Trustee to prepare for settlement conference, attend settlement conference with MAC | 4.60 | $1,610.00 |
| 04/08/2013 | JG | Meeting with Trustee, HCK, and T. Coffing to discuss resolution and potential settlement with Gayler. | 1.70 | $595.00 |
| 04/25/2013 | KC | Revise Settlement Agreement, Confer w/HK re Settlement Agreement | 3.80 | $1,330.00 |
| 04/29/2013 | KC | Revise Settlement Agreement w/HK and JG edits | 1.70 | $595.00 |
| 04/29/2013 | JG | Review and edit settlement agreement. | 0.80 | $280.00 |
| 04/29/2013 | HCK | Review and edit settlement agreement | 0.70 | $245.00 |
| 05/01/2013 | KC | Confer w/HK and JG re Settlement Agreement | 0.40 | $140.00 |
| 05/08/2013 | HCK | Meeting with attorney Terry Coffing regarding expanding the settlement agreement to include the Campbell plaintiff's claims against the debtor | 1.20 | $420.00 |
| 05/20/2013 | KC | Review Gayler Docs and E-mail from PAurbach, Research Statute of Limitations on Fraudulent Transfers, Confer w/HK re Docs and Possible Fraudulent Transfer | 0.70 | $245.00 |
| 05/21/2013 | HCK | Settlement conference with Trustee, debtor and debtor's counsel | 2.50 | $875.00 |
| 05/22/2013 | KC | Revise Settlement Agreement per Discussion in Meeting w/Gayler | 1.30 | $455.00 |
| 05/23/2013 | KC | Confer w/HK re Revisions to Settlement Agreement | 0.10 | $35.00 |
| 05/31/2013 | KC | Review E-mail from P.Aurbach re Settlement Agreement | 0.10 | $35.00 |
| 06/03/2013 | KC | Confer w/HK re Revisions to Settlement Agreement | 0.10 | $35.00 |
| 06/03/2013 | KC | Revise Settlement Agreement w/JSylvester edits and HK edits | 0.80 | $280.00 |
| 06/03/2013 | KC | E-mail to JSylvester re Revision to Settlement Agreement | 0.10 | $35.00 |
| 06/11/2013 | KC | E-mail to J. Sylvester re Settlement Agreement | 0.10 | $35.00 |
| 06/12/2013 | KC | Confer w/HK re Motion to Approve Settlement Agreement | 0.10 | $35.00 |
| 06/14/2013 | KC | Review Dockets to Draft Facts Section to Motion to Approve Settlement Agreement | 1.30 | $455.00 |
| 06/17/2013 | KC | Draft Motion to Approve Settlement Agreement | 3.20 | $1,120.00 |
| 06/18/2013 | KC | Draft Motion to Approve Settlement Agreement | 2.80 | $980.00 |
| 06/19/2013 | KC | Confer w/HK re Exhibit 1, Send Exhibit 1 to Sylvester | 0.10 | $35.00 |

**Continued On Next Page**

| Client Number: | ROSAA000XZ | | | 05/16/2014 |
|---|---|---|---|---|
| Matter Number: | 2322 | | | Page: 10 |

**B120          Asset Analysis and Recovery**

| | | | | |
|---|---|---|---|---|
| 06/21/2013 | HCK | Discuss CH Angeles IV and II litigation history with attorney Carstensen and set research agenda regarding possilble fraudulent transfer claims in Gayler bankruptcy | 0.50 | $175.00 |
| 06/21/2013 | HCK | Review of the debtor's draft of settlement agreement and telephone call with debtor's counsel regarding the proposed changes | 0.80 | $280.00 |
| 06/21/2013 | KC | Confer w/HK re Motion to Approve Settlement Agreement | 0.30 | $105.00 |
| 06/21/2013 | KC | Revise Motion to Approve Settlement Agreement w/HK edits | 1.30 | $455.00 |
| 06/21/2013 | HCK | Review and Revise Motion to Approve Settlement Agreement | 0.80 | $280.00 |
| 06/24/2013 | KC | Confer w/HK re Settlement Agreement | 0.10 | $35.00 |
| 07/01/2013 | KC | Confer w/HK and JG re Motion to Approve Settlement Agreement | 0.20 | $70.00 |
| 07/01/2013 | KC | Draft DR Declaration in Support of Motion to Approve Settlement Agreement | 0.90 | $315.00 |
| 07/01/2013 | JG | Review and edit motion to approve settlement agreement. | 0.90 | $315.00 |
| 07/01/2013 | KC | Revise Motion to Approve Settlement Agreement w/JG edits | 1.10 | $385.00 |
| 07/02/2013 | KC | Confer w/HK re Motion to Approve Settlement Agreement | 0.20 | $70.00 |
| 07/02/2013 | KC | Conference Call with HK and J.Sylvester re Motion to Approve Settlement Agreement | 0.30 | $105.00 |
| 07/03/2013 | KC | Confer w/HK and JG re Motion to Approve SA | 0.10 | $35.00 |
| 07/03/2013 | KC | Confer w/Trustee re Declaration in Support | 0.10 | $35.00 |
| 07/03/2013 | KC | Revise Declaration in Support, Finalize and File Motion to Approve Settlement Agreement and Supporting Declaration in Main BK and Adversary | 0.30 | $105.00 |
| 07/03/2013 | KC | Draft NOH in Gayler, Finalize and File in Main BK and Adversary | 0.30 | $105.00 |
| 07/03/2013 | KC | Review Docket for Special Notices, Submit Motion to Approve Settlement Agreement and Declaration in Support for Service | 0.30 | $105.00 |
| 07/16/2013 | KC | Call to Jessica Peterson re Motion to Approve Settlement Agreement | 0.10 | $35.00 |
| 07/24/2013 | KC | Draft Second Amended NOH on Motion to Approve SA , Finalize and File, Send for Service | 0.40 | $140.00 |
| 07/25/2013 | KC | File COS re Motion to Disqualify, Declaration, NOE, and NOHs | 0.10 | $35.00 |
| 07/25/2013 | KC | Confer w/HK re NOH on Motion to Approve SA | 0.10 | $35.00 |
| | | **Asset Analysis and Recovery** | **40.40** | **$14,140.00** |

**Continued On Next Page**

**Client Number:**   ROSAA000XZ
**Matter Number:**   2322

05/16/2014
Page:  11

|  | Grand Totals: | 137.60 | $48,160.00 |
|---|---|---|---|
|  | Billable Hours / Fees: | 137.60 | $48,160.00 |

## Timekeeper Summary

Timekeeper HCK worked 27.70 hours at $350.00 per hour, totaling $9,695.00.

Timekeeper JG worked 20.80 hours at $350.00 per hour, totaling $7,280.00.

Timekeeper KC worked 89.10 hours at $350.00 per hour, totaling $31,185.00.

## Cost Summary

| Description | Amount |
|---|---|
| Filing Fee | $3.00 |
| Photocopies | $1,183.20 |
| Service of Process | $3,484.79 |
| Research Fees | $563.65 |
|  | $5,234.64 |
| **Total Costs** | **$5,234.64** |

| **Prior Balance:** | $0.00 |
|---|---|
| **Payments Received:** | $0.00 |
| **Current Fees:** | $48,160.00 |
| **Advanced Costs:** | $5,234.64 |
| **TOTAL AMOUNT DUE:** | **$53,394.64** |

# Howard Kim and Associates

**INVOICE**

1055 Whitney Ranch Drive, Suite 110
Henderson, Nevada 89014
Phone: 702-485-3300

Invoice # 29
Date: 05/16/2014
Due On: 06/15/2014

David Rosenberg
5030 Paradise Road, B215
Las Vegas, Nevada 89119

## Gayler - 09-31603-MKN

### Services

| Attorney | Date | Description | Quantity | Rate | Total |
|---|---|---|---|---|---|
| JG | 10/22/2013 | B120 Asset Analysis and Recovery: Confer with HCK and trustee regarding order entered by court continuing hearing on settlement motion. | 0.30 | $350.00 | $105.00 |
| HK | 12/14/2013 | Admin: Review Notices of Appearance for State Court Actions | 0.20 | $350.00 | $70.00 |
| KC | 12/14/2013 | B110 Case Administration: Review Court Dockets in State Court Cases Involving Gayler or Gayler Entities, Draft Notice of Appearances in State Court Actions, Confer w/HK re the Same | 0.90 | $350.00 | $315.00 |
| KC | 12/16/2013 | B110 Case Administration: Revise Notices of Appearance in State Court Actions w/HK edits | 0.20 | $350.00 | $70.00 |
| KC | 12/17/2013 | B110 Case Administration: Finalize and File Notices of Appearance and Request for Notices in State Court Actions | 0.20 | $350.00 | $70.00 |
| KC | 01/23/2014 | B110 Case Administration: Review Letter from MAC | 0.10 | $350.00 | $35.00 |
| KC | 01/23/2014 | B110 Case Administration: Confer w/HK re Demand Letter from MAC | 0.10 | $350.00 | $35.00 |
| KC | 01/27/2014 | B110 Case Administration: Review Letter from MAC to Dumol Members | 0.10 | $350.00 | $35.00 |
| KC | 01/28/2014 | B110 Case Administration: Confer w/HK and Trustee re Letter from Gayler regarding Dumol | 0.30 | $350.00 | $105.00 |
| KC | 01/29/2014 | B110 Case Administration: Conference Call w/J. Sylvester re Dumol, Confer w/HK re the Same | 0.50 | $350.00 | $175.00 |
| HK | 01/29/2014 | B110 Case Administration: Telephone call with debtor's counsel and meeting with trustee regarding seeking a status check with the court | 0.50 | $350.00 | $175.00 |

| HK | 02/06/2014 | B110 Case Administration: Telephone call with Jeff Sylvester regarding the debtor's deteriorating health and need for a status check hearing and pending meditation in the state court between MAC's client and Barret and Gaylor. | 0.30 | $350.00 | $105.00 |
|---|---|---|---|---|---|
| KC | 02/10/2014 | B110 Case Administration: Document Review re Dumol, Confer w/HK re the Same | 0.80 | $350.00 | $280.00 |
| KC | 02/10/2014 | B110 Case Administration: Draft and File COS for Notices of Appearances in State Court Actions, Draft Notice of Bankruptcy Filing in 956 Action, Serve Documents | 1.50 | $350.00 | $525.00 |
| KC | 02/10/2014 | B110 Case Administration: Research on Whether Stay Must be Lifted to Proceed in Action Against Property of the Estate, Confer w/HK re the Same | 1.50 | $350.00 | $525.00 |
| KC | 02/13/2014 | B110 Case Administration: Research on Jurisdiction of Bankruptcy Court re Actions Affecting Estate Property, Research on Sanctions for Willful Violations of Automatic Stay | 1.10 | $350.00 | $385.00 |
| KC | 02/15/2014 | B110 Case Administration: Reconcile Research on Whether Proceedings Affecting Estate Property Must be File in Bankruptcy Court, Sanctions for Willful Violations of Automatic Stay, and Whether Stay Must be Lifted to Proceed Against Estate Property, Confer w/ HK re the Same | 0.30 | $350.00 | $105.00 |
| KC | 02/15/2014 | B110 Case Administration: Review Documents in 777 State Court Action, Draft Outline for Motion for Order to Show Cause Why Sanctions Should Not Issue For Violation of the Automatic Stay and Motion to Cease State Court Actions | 1.70 | $350.00 | $595.00 |
| KC | 02/19/2014 | B110 Case Administration: Review Documents in 204 and 997 State Court Actions | 1.30 | $350.00 | $455.00 |
| KC | 02/20/2014 | B110 Case Administration: Review Documents in 929 Action, Draft Motion for OSC and to Cease State Court Actions | 3.20 | $350.00 | $1,120.00 |
| KC | 02/21/2014 | B110 Case Administration: Review Documents in State Court Actions, including but not limited to 956 Action, Draft OSC Why Sanctions Should Not Issue for Willful Violations of the Automatic Stay | 2.40 | $350.00 | $840.00 |
| KC | 02/21/2014 | B110 Case Administration: Review Documents in State Court Actions, Research on Post-Petition Actions and Automatic Stay | 3.10 | $350.00 | $1,085.00 |
| KC | 02/24/2014 | B110 Case Administration: Confer w/HK, DC, and JG re Motion for OSC and Violations of the Automatic Stay | 0.30 | $350.00 | $105.00 |
| KC | 02/24/2014 | B110 Case Administration: Confer w/HK, JG, DC, JP, and DR re Case Strategy, Appeal, Motion for OSC, State Court Litigation, Motion to Approve SA, etc. | 1.00 | $350.00 | $350.00 |

| KC | 02/25/2014 | B110 Case Administration: Review Memorandum on Order Denying Motion to Disqualify, Make Notes and Review Relevant Documents | 1.60 | $350.00 | $560.00 |
|----|-----------|---|------|---------|---------|
| JP | 02/28/2014 | Appeal: Began researching & reviewing procedural mechanisms to challenge order denying mot. to disqualify MAC to contest same. | 0.30 | $0.00 | $0.00 |
| KC | 03/01/2014 | Appeal: Confer w/HK re State Court Actions and Appealing Order on Motion to Disqualify, Draft Outline for Research, etc. | 0.50 | $0.00 | $0.00 |
| KC | 03/03/2014 | Appeal: Look Into Procedure on Filing an Appeal, Draft Notice of Appeal and Motion for Leave to Appeal | 5.80 | $0.00 | $0.00 |
| KC | 03/03/2014 | Appeal: Research on Appealing Final and/or Interlocutory Orders, Confer w/JP re the Same | 1.80 | $0.00 | $0.00 |
| HK | 03/04/2014 | B110 Case Administration: Telephone call with the IRS counsel Rollin Thorley regarding the case | 0.60 | $350.00 | $210.00 |
| KC | 03/04/2014 | Appeal: Draft Motion for Leave to Appeal, Confer w/HK, JG, DC, and JP re the Same | 4.20 | $0.00 | $0.00 |
| KC | 03/05/2014 | Appeal: Review Cases Cited in Memorandum re Standard for Motions to Disqualify, Confer w/JP and JG re the Same, Research on Nevada Standard Under NRPC 1.9 | 1.20 | $0.00 | $0.00 |
| KC | 03/05/2014 | Appeal: Revise Motion for Leave to Appeal w/JP Research on NRPC 1.9 Standard | 2.30 | $0.00 | $0.00 |
| JG | 03/05/2014 | Appeal: Review and edit motion for appeal and notice of appeal (.2); confer with KCC and JP regarding standard to grant disqualification (.9) | 1.10 | $0.00 | $0.00 |
| KC | 03/05/2014 | Appeal: Finalize and File Notice of Appeal and Motion for Leave to Appeal, Check Docket for Special Notices, Put Together Service List, Send for Service | 0.60 | $0.00 | $0.00 |
| KC | 03/06/2014 | Appeal: File COS for Notice of Appeal and Motion for Leave to Appeal | 0.10 | $0.00 | $0.00 |
| KC | 03/12/2014 | B110 Case Administration: Review MAC's Motion for Determination that Automatic Stay Does Not Apply, Research on Arguable Property of the Estate, Research on Exclusive Jurisdiction of Bankruptcy Courts to Identify Property of the Estate | 1.70 | $350.00 | $595.00 |
| KC | 03/12/2014 | Appeal: Research Designation of Record on Appeal and Statement of Issues, Draft Designation of Record on Appeal and Statement of Issues, Document Review | 3.30 | $0.00 | $0.00 |
| KC | 03/12/2014 | Appeal: Document Review, Draft Statement of Issues and Designation of Record on Appeal, Confer w/HK and JG re the Same | 0.10 | $0.00 | $0.00 |

| KC | 03/14/2014 | B110 Case Administration: Draft Opposition to Motion for Relief from Stay | 3.10 | $350.00 | $1,085.00 |
|---|---|---|---|---|---|
| KC | 03/14/2014 | B110 Case Administration: Review Documents from 088 Adversary Action, Outline Opposition to Motion for Relief from Stay | 1.20 | $350.00 | $420.00 |
| HK | 03/15/2014 | B110 Case Administration: Review Opposition for Motion for Relief | 0.60 | $350.00 | $210.00 |
| KC | 03/15/2014 | B110 Case Administration: Research on Set Off | 0.90 | $350.00 | $315.00 |
| KC | 03/15/2014 | B110 Case Administration: Revise Opposition to Motion for Relief w/HK Edits | 0.70 | $350.00 | $245.00 |
| KC | 03/17/2014 | B110 Case Administration: Review Local Rules for Page Limits on Motions and Oppositions, Draft Motion to Exceed Page Limit on Opposition | 0.60 | $350.00 | $210.00 |
| KC | 03/18/2014 | Appeal: Draft Designation of Record on Appeal and Statement of Issues, Confer w/HK and JG re the Same, Contact Bankruptcy Court re Designation of Record on Appeal | 1.00 | $0.00 | $0.00 |
| KC | 03/18/2014 | Appeal: Finalize and File Designation of Record on Appeal and Statement of Issues, Draft and File COS | 0.40 | $0.00 | $0.00 |
| KC | 03/19/2014 | Appeal: Confer w/JG and HK re Appeal Brief on Motion to Disqualify | 0.30 | $0.00 | $0.00 |
| KC | 03/19/2014 | Appeal: Outline Appeal Brief, Research Legal Standards | 0.30 | $0.00 | $0.00 |
| KC | 03/19/2014 | Appeal: Research on Nevada Supreme Court Standard on Substantial Relatedness, Review Case Law | 0.70 | $0.00 | $0.00 |
| KC | 03/19/2014 | B110 Case Administration: Draft DR Declaration in Support of Opposition to Motion for Relief, Draft KC Declaration in Support, Revise KC Declaration w/JG edits, Finalize and File Opposition, DR Declaration, and KC Declaration | 1.20 | $350.00 | $420.00 |
| JG | 03/19/2014 | Appeal: Confer with KCC regarding preparing to draft opening brief on appeal. | 0.60 | $0.00 | $0.00 |
| JG | 03/19/2014 | Appeal: Receive and review opposition to motion to allow appeal | 0.40 | $0.00 | $0.00 |
| JG | 03/19/2014 | B110 Case Administration: Review and edit motion to oppose motion for ruling on motion to lift stay and declarations thereto; confer with KCC regarding same. | 1.00 | $350.00 | $350.00 |
| KC | 03/20/2014 | Appeal: Review MAC Opposition to Motion for Leave to Amend, Confer w/JP re the Same | 2.00 | $0.00 | $0.00 |
| KC | 03/20/2014 | Appeal: Call from BAP re Appellee Parties, E-mail to BAP re the Same, Confer w/JG and HK re the Same | 0.50 | $0.00 | $0.00 |

| | | | | | |
|---|---|---|---|---|---|
| KC | 03/20/2014 | Appeal: Confer w/HK re Opposition to Motion for Leave to Appeal, Document Review, Look Up E-mail Addresses re Notice, Review Larson Opposition to Motion for Leave to Appeal | 1.50 | $0.00 | $0.00 |
| KC | 03/20/2014 | B110 Case Administration: Check for Special Notices, Draft and File COS for Opposition to Motion for Relief | 0.20 | $350.00 | $70.00 |
| JP | 03/20/2014 | Appeal: Reviewed MAC's Opp'n to Mot. for Leave to Appeal to evaluate responses to same. | 0.20 | $0.00 | $0.00 |
| JP | 03/20/2014 | Appeal: Began researching & reviewing "materially advances termination of case" element for interlocutory review to evaluate responses to MAC's Opp'n to Mot. for Leave to Appeal. | 2.10 | $0.00 | $0.00 |
| KC | 03/21/2014 | B110 Case Administration: Draft NEO re Motion to Exceed Page Limit on Opposition, Finalize and File, Draft COS, Finalize and File, Serve to All Parties | 1.00 | $350.00 | $350.00 |
| KC | 03/21/2014 | B110 Case Administration: Call to R. Thorley (IRS Creditor) re Joinder to Opposition to Motion for Relief, etc. | 0.10 | $350.00 | $35.00 |
| KC | 03/21/2014 | B110 Case Administration: File COS for Opposition to Motion for Relief from Stay | 0.10 | $350.00 | $35.00 |
| KC | 03/21/2014 | Appeal: Document Review, Outline for Response to Opposition to Motion for Leave to Appeal, Research on Appealable Final Orders and Interlocutory Orders, Confer w/JP re Outline for Response | 4.00 | $0.00 | $0.00 |
| JP | 03/21/2014 | Appeal: Researched & reviewed Nev. & extra-Nev. precedent on Fed. dist. courts applying State interpretations of rules of prof. conduct to evaluate responses to MAC's Opp'n. | 1.70 | $0.00 | $0.00 |
| KC | 03/22/2014 | Appeal: Review Cases on Appeals from Final and/or Interlocutory Orders, Draft Reply in Support of Motion for Leave to Appeal | 2.90 | $0.00 | $0.00 |
| KC | 03/22/2014 | Appeal: Draft Reply in Support of Motion for Leave to Appeal, Confer w/HK, JG, and DR re the Same | 4.00 | $0.00 | $0.00 |
| KC | 03/23/2014 | Appeal: Draft Response in Support of Motion for Leave to Appeal | 3.40 | $0.00 | $0.00 |
| KC | 03/24/2014 | Appeal: Revise Response in Support of Motion for Leave w/HK Edits and JG Edits, Review Final Draft, Finalize and File, Draft COS, Finalize and File, Confer w/HK and JG re Service | 1.50 | $0.00 | $0.00 |
| KC | 03/24/2014 | Appeal: Confer w/HK and JG re Reply in Support of the Motion for Leave to Appeal | 0.20 | $0.00 | $0.00 |
| JG | 03/24/2014 | Appeal: Review and edit reply in support of motion to appeal to BAP | 0.60 | $0.00 | $0.00 |

| KC | 03/25/2014 | Appeal: Call Bankruptcy Court re Forwarding Reply ISO Motion for Leave to Appeal to BAP and Transcript | 0.10 | $0.00 | $0.00 |
|---|---|---|---|---|---|
| KC | 03/27/2014 | Appeal: Research on NRPC 1.9 Standard in Preparation for Appeal Brief | 3.30 | $0.00 | $0.00 |
| HK | 03/27/2014 | B110 Case Administration: Telephone call with Maria Rodriguez from Creditor CoreMark regarding the status of the case | 0.10 | $350.00 | $35.00 |
| KC | 03/28/2014 | B110 Case Administration: Confer w/HK and JG re Motion to Strike Opposition | 0.10 | $350.00 | $35.00 |
| KC | 03/28/2014 | B110 Case Administration: Confer w/DR re Motion for OSC | 0.10 | $350.00 | $35.00 |
| KC | 03/28/2014 | B110 Case Administration: Research on LLCs and Automatic Stay | 0.80 | $350.00 | $280.00 |
| JG | 03/28/2014 | B110 Case Administration: Review and edit motion for OSC | 0.70 | $350.00 | $245.00 |
| JG | 03/28/2014 | B110 Case Administration: Confer with HCK and KCC regarding draft motion OSC | 0.50 | $350.00 | $175.00 |
| KC | 03/31/2014 | Appeal: Work on Outline for Appeal Brief, Research | 3.10 | $0.00 | $0.00 |
| KC | 04/01/2014 | Appeal: Review Cases on Rebuttable Presumption, Research on Rebuttable Presumption, Research on Standard of Appellate Review | 3.40 | $0.00 | $0.00 |
| KC | 04/02/2014 | B110 Case Administration: Confer w/HK, JG, and DC re Opposition to Motion to Strike | 0.10 | $350.00 | $35.00 |
| KC | 04/02/2014 | Appeal: Review Cases for Appeal Brief | 0.40 | $0.00 | $0.00 |
| KC | 04/03/2014 | Appeal: Confer w/HK and JG re Supplement to Designation of Record | 0.10 | $0.00 | $0.00 |
| KC | 04/03/2014 | Appeal: Call to Bankruptcy Court re Supplement to Designation of Record and Certificate of Readiness, Call to BAP re Motion for Leave to Appeal, Briefing Order, and Omnibus Reply, Review Bankruptcy Rules, Confer w/HK and JG re Filing in 9th Circuit, Filing Omnibus Reply, and Motion for Extension | 0.80 | $0.00 | $0.00 |
| KC | 04/04/2014 | Appeal: Contact Bankruptcy Court re Certificate of Readiness and Transcript Filing, Find Sample Motion for Extension of Time for BAP, Draft Motion for Extension of Time, Confer w/JG re the Same | 1.70 | $0.00 | $0.00 |
| KC | 04/04/2014 | Appeal: File Omnibus Reply ISO Motion for Leave to Appeal at BAP, Confer w/JG re the Same, Call to BAP re COS, Draft COS, Confer w/JG re COS, File COS with BAP, Confer w/HK and JG re Motion for Extension of Time | 0.70 | $0.00 | $0.00 |

| | | | | | |
|---|---|---|---|---|---|
| KC | 04/07/2014 | B120 Asset Analysis and Recovery: Review IRS Objection to Motion to Approve Settlement Agreement and Supporting Declaration | 0.50 | $350.00 | $175.00 |
| KC | 04/08/2014 | B110 Case Administration: Confer w/HK re IRS Objection to Motion to Approve Settlement Agreement | 0.10 | $350.00 | $35.00 |
| KC | 04/08/2014 | Appeal: Call to Bankruptcy Court re Supplemental Designation of Record | 0.30 | $0.00 | $0.00 |
| HK | 04/09/2014 | B110 Case Administration: Telephone call with the IRS counsel Rollin Thorley regarding motion to lift stay | 0.90 | $350.00 | $315.00 |
| KC | 04/09/2014 | B110 Case Administration: Confer w/HK re Motion to Abandon | 0.10 | $350.00 | $35.00 |
| KC | 04/09/2014 | B110 Case Administration: Confer w/HK re Opposition to Motion to Strike | 0.10 | $350.00 | $35.00 |
| KC | 04/11/2014 | B120 Asset Analysis and Recovery: Review UST Opposition to Motion to Approve Settlement Agreement | 0.40 | $350.00 | $140.00 |
| KC | 04/11/2014 | B110 Case Administration: Confer w/Trustee, HK, and JG re UST Opposition and Withdrawal | 0.40 | $350.00 | $140.00 |
| KC | 04/11/2014 | Appeal: E-mail to A. Marquis and Z. Larson re Extension to File Opening Brief | 0.10 | $0.00 | $0.00 |
| KC | 04/11/2014 | B120 Asset Analysis and Recovery: Review MAC Opposition to Motion to Approve Settlement Agreement and Declaration in Support | 0.70 | $350.00 | $245.00 |
| KC | 04/11/2014 | B120 Asset Analysis and Recovery: Review Larson Opposition to Motion to Approve Settlement Agreement | 0.60 | $350.00 | $210.00 |
| KC | 04/12/2014 | B110 Case Administration: Confer w/HK, DC, and JG re Case Strategy | 0.30 | $350.00 | $105.00 |
| KC | 04/14/2014 | Appeal: Revise Motion for Extension of Time to File Opening Brief and Supporting Declaration, Confer w/ HK and JG re the Same | 0.30 | $0.00 | $0.00 |
| KC | 04/14/2014 | Appeal: Finalize and File Motion for Extension of Time to File Opening Brief, Draft COS, Confer w/HK and JG re the Same | 0.40 | $0.00 | $0.00 |
| KC | 04/15/2014 | B110 Case Administration: Draft Motion to Withdraw as Counsel, HK Declaration in Support, Motion for OST, Declaration in Support, Attorney Information Sheet, and Order Granting OST, Draft E-mail to J. Sylvester, Trustee, Wakayama, Larson, R. Thorley, and Edward M. McDonald, Confer w/HK re the Same, Send E-mail re OST | 1.00 | $350.00 | $350.00 |
| SF | 04/17/2014 | B110 Case Administration: Schedule new briefing deadlines | 0.10 | $150.00 | $15.00 |

| HK | 04/18/2014 | B110 Case Administration: Conference call with Judge Thurman | 0.60 | $350.00 | $210.00 |
|----|------------|-------------------------------------------------------------|------|---------|---------|
| KC | 04/18/2014 | B110 Case Administration: Teleconference Call w/ Judge Thurman, D. Hayes, Z. Larson, E. McDonald, R. Thorley, and M. Kneeland re Motion to Approve Settlement Agreement, etc., Confer w/HK and JG re the Same | 0.60 | $350.00 | $210.00 |
| KC | 04/18/2014 | B110 Case Administration: Retrieve Documents from ECF and Save, Confer w/HK re Updating V. Nelson re MAC's Motion for Relief from Automatic Stay, E-mail to V. Nelson re Pending Motions, MAC's Motion for Relief, etc. | 0.70 | $350.00 | $245.00 |
| KC | 04/21/2014 | B110 Case Administration: Put All Documents on CDs for New Trustee, Draft Cover Letter and Send to V. Nelson's Office | 0.50 | $350.00 | $175.00 |
| KC | 04/23/2014 | B110 Case Administration: Confer w/HK re Response to Limited Opposition to Motion to Withdraw as Counsel | 0.10 | $350.00 | $35.00 |
| HK | 04/24/2014 | Admin: Attend hearing on Motion to Disqualify | 1.00 | $350.00 | $350.00 |
| KC | 04/24/2014 | B160 Fee/Employment Applications : Draft Application for Compensation, Confer w/HK and JG re the Same | 2.00 | $350.00 | $700.00 |
| KC | 05/16/2014 | B160 Fee/Employment Applications : Finalize Application for Compensation, Draft HK and DR Declarations in Support | 1.50 | $350.00 | $525.00 |

**Services Subtotal**    **$17,865.00**

## Expenses

| Type | Date | Description | Quantity | Rate | Total |
|------|------|-------------|----------|------|-------|
| Expense | 09/05/2013 | Transcript for 9-4-13 hearing | 1.00 | $161.25 | $161.25 |
| Expense | 02/10/2014 | Postage - Mail Notices of Appearance and Requests for Notice in State Court Actions and Notice of Bankruptcy in 956 Action | 1.00 | $8.12 | $8.12 |
| Expense | 02/28/2014 | Photocopies | 1.00 | $39.00 | $39.00 |
| Expense | 03/21/2014 | Postage - NEO (Granting Motion to Exceed Page Limit on Opposition to Motion for Relief from Stay) | 1.00 | $13.92 | $13.92 |
| Expense | 03/21/2014 | Service of Process | 1.00 | $1,349.12 | $1,349.12 |
| Expense | 03/25/2014 | Service of Process | 1.00 | $421.94 | $421.94 |
| Expense | 03/25/2014 | Filing Fee | 1.00 | $298.00 | $298.00 |
| Expense | 04/22/2014 | Service of Process - COS, Motion to Withdraw | 1.00 | $902.00 | $902.00 |

Invoice # 29 - 05/16/2014

| | | | | | |
|---|---|---|---|---|---|
| Expense | 04/29/2014 | Service of Process - NEO Granting Motion to Withdraw | 1.00 | $141.70 | $141.70 |
| Expense | 12/16/2014 | Filing Fee - Notice of Appearance and Request for Notices | 1.00 | $3.50 | $3.50 |
| Expense | 12/16/2014 | Filing Fee - Notice of Appearance and Request for Notices | 1.00 | $3.50 | $3.50 |
| Expense | 12/16/2014 | Filing Fee - Notice of Appearance and Request for Notices | 1.00 | $3.50 | $3.50 |
| Expense | 12/16/2014 | Filing Fee - Notice of Appearance and Request for Notices | 1.00 | $3.50 | $3.50 |
| Expense | 12/16/2014 | Filing Fee - Notice of Appearance and Request for Notices | 1.00 | $3.50 | $3.50 |
| | | | **Expenses Subtotal** | | **$3,352.55** |

| Time Keeper | Position | Quantity | Rate | Total |
|---|---|---|---|---|
| Katherine Carstensen | Attorney | 43.7 | $350.00 | $15,295.00 |
| Katherine Carstensen | Attorney | 57.3 | $0.00 | $0.00 |
| Jacqueline Gilbert | Attorney | 2.5 | $350.00 | $875.00 |
| Jacqueline Gilbert | Attorney | 2.7 | $0.00 | $0.00 |
| Howard Kim | Attorney | 4.8 | $350.00 | $1,680.00 |
| Jesse Panoff | Attorney | 4.3 | $0.00 | $0.00 |
| Sarah Felts | Non-Attorney | 0.1 | $150.00 | $15.00 |
| | | | **Subtotal** | **$21,217.55** |
| | | | **Total** | **$21,217.55** |

# Detailed Statement of Account

## Current Invoice

| Invoice Number | Due On | Amount Due | Payments Received | Balance Due |
|---|---|---|---|---|
| 29 | 06/15/2014 | $21,217.55 | $0.00 | $21,217.55 |
| | | | **Outstanding Balance** | **$21,217.55** |
| | | | **Total Amount Outstanding** | **$21,217.55** |

Please make all amounts payable to: Howard Kim and Associates

Please pay within 30 days.

EXHIBIT 2

# HK&A   HOWARD KIM & ASSOCIATES
### ATTORNEYS AT LAW

400 N. STEPHANIE ST., SUITE 160 · HENDERSON, NEVADA 89014
PHONE: (702) 485-3300 · FAX: (702) 485-3301

HOWARD KIM, ESQ.
E-MAIL: HOWARD@HKLAW.COM

February 14, 2013

David A. Rosenberg
US BANKRUPTCY TRUSTEE
5030 Paradise Rd., #B-215
Las Vegas, NV 89119

Re: <u>Agreement for Legal Services: 09-31606,  In re William Gayler</u>

Dear Mr. Rosenberg:

We are pleased that you have asked Howard Kim & Association (the "Firm") to serve as your counsel.  This letter will confirm our discussion with you regarding your engagement of the Firm and will describe the basis on which the Firm will provide legal services to you. Accordingly, we submit for your approval the following provisions governing the Firm's engagement.  If you are in agreement, please sign the enclosed copy of this letter in the space provided below.  If you have any questions about these provisions, or if you would like to discuss possible modifications, please do not hesitate to call.  Again, we are pleased to have the opportunity to serve you.

    *1.    Client.*

Our client in this matter will be David A. Rosenberg, solely in his capacity as the court appointed Chapter 7 trustee in the bankruptcy case of **In re Gayler, 09-31603-MKN** (hereinafter the "Client").

    *2.    Scope of Representation.*

**We will be engaged to serve as the Client's general counsel in the Bankruptcy Case 09-31603-MKN (the "Bankruptcy Case") and perform the following services:**

    (a)    To advise the Client of his rights and obligations and performance of his duties during the administration of this bankruptcy case;

    (b)    To represent the Client in all proceedings before this Court and any other court, which assumes jurisdiction of a matter related to or arising in this Bankruptcy Case;

(c)    To assist the Client in the performance of his duties set forth in 11 U.S.C. §704;

(d)    To assist the Client in developing legal positions and strategies with respect to all facets of these proceedings; and

(e)    To review and counsel regarding any issues arising from potential conflicts between special counsel and the estate; and

(f)    To provide such other counsel and advice as the Client may require in connection with this bankruptcy case.

**Notwithstanding Section 2(b), please be advised that this agreement DOES NOT include the Firm's representation of the Client in currently pending state court litigation involving the Debtor William Gayler or adversary cases in the Bankruptcy Case. Given the history and complexities of this debtor and case, the Firm simply cannot commit to such arrangement. Any such substantial expansion must be agreed to by us in writing.**

3.    *Term of Engagement*.    Either the Client or the Firm may terminate the Engagement at any time, subject to the bankruptcy court's approval, for any reason by written notice, subject on our part to any applicable rules of professional conduct. In the event that we terminate the Engagement, we will take such steps as are reasonably practicable to protect your interests in the above matter and, if you so request, we will suggest to you possible successor counsel and provide said successor counsel with whatever papers you have provided to us.

4.    *Conclusion of Representation; Retention and Disposition of Documents*.    Unless previously terminated, the Firm's representation of the Client will terminate upon our sending you our final statement for services rendered in this matter. Following such termination, any otherwise nonpublic information you have supplied to us which is retained by us will be kept confidential in accordance with the applicable rules of professional conduct. At your request, your papers and property will be returned to you promptly upon receipt of payment for outstanding fees and costs. Our own files pertaining to the matter will be retained by the Firm. These firm files include, for example, firm administrative records, time and expense reports, personnel and staffing materials, credit and accounting records, and internal lawyers' work product such as drafts, notes, internal memoranda, and legal and factual research, including investigative reports, prepared by or for the internal use of lawyers. All such documents retained by the firm will be transferred to the person responsible for administering our records retention program. For various reasons, including the minimization of unnecessary storage expenses, we reserve the right to destroy or otherwise dispose of any such documents or other materials retained by us within a reasonable time after the termination of the engagement.

5.    *Post-Engagement Matters*.    You are engaging the Firm to provide legal services in connection with a specific Engagement. After completion of the Engagement, changes may occur in applicable laws or regulations that could have an impact upon your future rights and

liabilities. Unless you re-engage us after completion of the Engagement to provide additional advice on issues arising from the Engagement, the firm has no continuing obligation to advise you with respect to future legal developments.

6. *Fees and Expenses.* Our fees will be based on the billing rate for each attorney and legal assistant devoting time to this matter. Our billing rate for attorneys is currently **$350.00 per hour**. Time devoted by legal assistants is charged at billing rate of **$125.00 per hour.** These billing rates are subject to change from time to time.

We will include on our statements separate charges for performing services such as photocopying, messenger and delivery service, computerized research, travel, parking, long-distance telephone and telecopy, word processing, and search and filing fees. Fees and expenses of others (such as consultants, expert witnesses, appraisers, accountants, and/or local counsel) generally will not be paid by us, but will be billed directly to you.

As we have discussed, the fees and costs relating to this matter are not predictable. Accordingly, we have made no commitment to you concerning the maximum fees and costs that will be necessary to resolve or complete this matter. It is also expressly understood that payment of the firm's fees and costs is in no way contingent on the ultimate outcome of the matter.

7. *Retainer.* No retainer is needed. The Firm's representation shall commence upon your execution of this letter. We understand that all of our fees and costs must be approved by the bankruptcy court.

8. *Client Responsibilities.* You agree to cooperate fully with us and to provide promptly all information known or available to you relevant to our representation.

9. *Outside-Conflicts.* As we have discussed, you are aware that the Firm represents many other companies and individuals. It is possible that present or future clients will have disputes or transactions with the Client. Client agrees that the Firm may continue to represent or may undertake in the future to represent existing or new clients in any matter that is not substantially related to our work for you even if the interests of such clients in those other matters are directly adverse. We agree, however, that your prospective consent to conflicting representation contained in the preceding sentence shall not apply in any instance where, as a result of our representation of you, we have obtained proprietary or other confidential information of a nonpublic nature, that, if known to such other client, could be used in any such other matter by such client to your material disadvantage. You should know that, in similar engagement letters with our other clients, we have asked for similar agreements to preserve our ability to represent you.

You have agreed that our representation of the Client in the matter described in paragraph 1 above does not give rise to an attorney client relationship between the Firm and any of the affiliates of the Client. You also have agreed that the Firm, during the course of its

representation of the Client, will not be given any confidential information regarding any of the affiliates of the Client.  Accordingly, representation of the Client in this matter will not give rise to any conflict of interest in the event other clients of the Firm are adverse to any of the affiliates of the Client.

**If you need to edit the terms of this letter, or wish to discuss any related issues, please contact us at your earliest convenience.  However, if you agree that the foregoing accurately reflects our understanding, please sign and return the enclosed copy of this letter.**  Once again, we are pleased to have this opportunity to work with you.  Please call me if you have any questions or comments during the course of our representation.

Sincerely,

Howard C. Kim

IICK

Agreed and accepted:

David A. Rosenberg, Chapter 7 Trustee

Date:  2-14-13