**DECL**
HOWARD C. KIM, ESQ.
Nevada Bar No. 10386
E-mail: howard@hkimlaw.com
JACQUELINE A. GILBERT, ESQ.
Nevada Bar No. 10593
E-mail: jackie@hkimlaw.com
KATHERINE C.S. CARSTENSEN, ESQ.
Nevada Bar No. 10656
E-mail: katherine@hkimlaw.com
HOWARD KIM & ASSOCIATES
1055 Whitney Ranch Drive, Suite 110
Henderson, Nevada 89014
Telephone: (702) 485-3300
Facsimile: (702) 485-3301
*Former Attorneys for David A. Rosenberg,*
*Former Chapter 7 Trustee*

E-filed on: May 19th, 2014

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>WILLIAM A. GAYLER<br><br>Debtor. | Case No.: BK-S-09-31603-MKN<br>Chapter 7<br><br>**DECLARATION OF HOWARD C. KIM, ESQ. IN SUPPORT OF FIRST AND FINAL APPLICATION FOR ALLOWANCE OF ATTORNEYS' FEES ($66,025.00) AND REIMBURSEMENT OF EXPENSES ($8,587.19) OF HOWARD KIM & ASSOCIATES, LLC AS CHAPTER 7 ADMINISTRATIVE EXPENSE AND REQUEST FOR PAYMENT**<br><br>Hearing Date: June 26, 2014<br>Hearing Time: 11:00 a.m.<br>Place: Foley Federal Bldg.<br>         300 Las Vegas Blvd. S.<br>         Las Vegas, NV 89101<br><br>Hon. Mike K. Nakagawa |

I, Howard C. Kim, Esq., declare that:

1. I am over the age of eighteen (18) years old and am competent to testify.

2. I am the managing member at the law firm of Howard Kim & Associates (the "Kim Firm") and represented David A. Rosenberg, the former Chapter 7 Trustee ("Former Trustee") for the bankruptcy estate of William A. Gayler ("Gayler").

- 1 -

3. Unless otherwise stated, I have personal knowledge of the facts set forth in this Declaration, and for those facts stated on information and belief, I believe them to be true.

4. I make this declaration in Support of the First and Final Application for Allowance of Attorneys' Fees ($66,025.00) and Reimbursement of Expenses ($8,587.19) of Howard Kim & Associates, LLC as Chapter 7 Administrative Expense and Request for Payment ("Application").

5. On December 12, 2012, the Former Trustee was appointed as successor trustee in Gayler's bankruptcy case, replacing James F. Lisowski ("Lisowski") [Dkt. No. 482].

6. On February 14, 2013, the Former Trustee and the Kim Firm entered into a representation agreement ("Agreement"), wherein, among other things, the Kim Firm agreed "[t]o review and counsel regarding any issues arising from potential conflicts between special counsel and the estate." *See Agreement*, attached to the Application as Exhibit 1, at pg. 2.

7. On February 19, 2013, the Former Trustee filed a Motion to Employ Howard Kim & Associates and Substitution of General Counsel Nunc Pro Tunc as of February 4, 2013 ("Motion to Employ") [Dkt. No. 488], in part, "[t]o review and counsel regarding any issues arising from potential conflicts between special counsel and the estate[.]" *Id.* at 3:26-27.

8. After notice and a hearing, with no objections filed, the Former Trustee's Motion to Employ was granted by this Court on March 15, 2013 [Dkt. No. 500].

9. When the Former Trustee was appointed to the case, Lisowski, with MAC's assistance, was on the verge of reaching a settlement with Gayler in Adversary Case No. 11-01410-MKN ("410 Adversary Action").

10. After reviewing the documents and various motions filed in 410 Adversary Action, and taking into consideration the complexity of the case, the significant legal expenses already incurred,[1] and the minimal progress made in the case in over a year of litigation,[2] the Former Trustee believed it was in the best interest of the estate to effectuate a settlement with

---

[1] Upon information and belief, MAC incurred approximately $1.0 million dollars in attorneys' fees during their representation as special counsel for Lisowski and the Former Trustee.

[2] Of the approximately 60 entities Gayler listed in his Schedule B [Dkt. No. 105], only one entity—Apan Wine, LLC—was affirmatively brought into the estate by and through the 410 Adversary Action [Adv. Case No. 11-01410-MKN, Dkt. No. 272].

- 2 -

Gayler to resolve, once and for all, what property rightly belonged to the estate. The Former Trustee believed that this was the first step necessary to effectively administer the estate and Gayler's assets.

11. Moreover, after reviewing the documents in the main bankruptcy case[3] along with the documents submitted in the 410 Adversary Action,[4] and after attending the February 4, 2013 meeting with the MAC attorneys—the Former Trustee and I believed MAC could not represent the Former Trustee or the MAC Creditors in this case, given the conflicts involved and the confidential information obtained.

12. While the Former Trustee was able to convince MAC to withdraw as special counsel, MAC refused to withdraw as counsel for the MAC Creditors. As the Former Trustee and I believed that MAC and Zachariah Larson, Esq., on behalf of the MAC Creditors, intended to oppose the Former Trustee's Motion to Approve Settlement Agreement, presumably using confidential information they obtained as special counsel for Lisowski and the Former Trustee in their over two year representation, the Former Trustee felt it was necessary and in the best interests of the estate to move for disqualification.

13. While, in the end, the Court chose not to disqualify MAC from continuing to represent the MAC Creditors in this case [Dkt. No. 591], a lot of issues and problems inherent in this case came to light by and through the Former Trustee's Motion to Disqualify. That, in and of itself, I believe was beneficial to the estate and the creditors in understanding this case.

---

[3] *See Application to Employ MAC as Special Counsel* [Dkt. No. 192], *Verified Statement/Declaration of Professional* [Dkt. No. 193], *Motion for Turnover* [Dkt. No. 443], *Reply in Support of the Motion for Turnover* [Dkt. No. 453], (where MAC, on behalf of Lisowski, asserted that the entities Gayler listed in his Schedule B were property of the bankruptcy estate) in comparison with the MAC Creditor's *Motion for Relief* [Dkt. No. 466] (where the MAC Creditors asserted that Gayler's interests in CH Angelus, LLC and CH Angelus II, LLC—representing over $400,000.00—did not belong to the bankruptcy estate despite Gayler listing his interests in the Angelus entities in his Schedule B).

[4] *See Trustee's Motion for Partial Summary Judgment* [Adv. Case No. 11-01410-MKN, Dkt. No. 219], *see also Reply in Support of Trustee's Motion for Partial Summary Judgment* [Adv. Case No. 11-01410-MKN, Dkt. No. 253] (where MAC, on behalf of Lisowski, asserted that the entities Gayler listed in his Schedule B were property of the bankruptcy estate). What is particularly disturbing is that Gayler's Opposition to the Trustee's Motion for Partial Summary Judgment [Adv. Case No. 11-01410-MKN, Dkt. No. 219], specifically points to the MAC Creditor's Motion for Relief [Dkt. No. 466] (where MAC asserts that Gayler's interest in the Angelus entities do not belong to the bankruptcy estate), to show that genuine issues of material fact exist to preclude the Lisowski's Motion for Partial Summary Judgment.

14. The Kim Firm also did a significant amount of research regarding the jurisdiction of the bankruptcy court, potential property of the estate, violations of the automatic stay, and possible sanctions for willful violations of the automatic stay. The Former Trustee was concerned that Gayler's estate and assets would be significantly depleted by and through the MAC Creditor's vigorous and unrelenting litigation in the state courts before he could get an express determination that Gayler's interests in the Gayler Entities rightfully belonged to the estate. Although the Former Trustee and the Kim Firm voluntarily withdrew from this case before these issues could be fully addressed, I believe the Kim Firm's inquiry into the matter was necessary in this case.

15. Moreover, given the findings set forth in the Memorandum Decision [Dkt. No. 590] and the MAC Creditor's subsequent request for a decision on their Motion for Relief [Dkt. No. 611] (wherein they sought to strip Gayler and the estate of over $400,000.00), the Former Trustee believed it was in the best interests of the estate to oppose the MAC Creditors' motion and not simply roll over and let them divest the estate of those funds.

16. The services performed by the Kim Firm were at the direction of the Former Trustee and I believe those services were necessary and reasonably likely to benefit the estate at the time they were rendered.

17. The Kim Firm spent a total of 253.0 hours on this case, but in good faith and exercising its billing judgment, the Kim Firm is only seeking compensation for a total of 188.7 hours.

18. For the foregoing reasons, I respectfully request the Court grant the Kim Firm's Application in its entirety.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge, information and belief.

DATED this 19th day of May, 2014.

/s/Howard C. Kim
Howard C. Kim, Esq.

- 4 -