DECL
HOWARD C. KIM, ESQ.
Nevada Bar No. 10386
E-mail: howard@hkimlaw.com
JACQUELINE A. GILBERT, ESQ.
Nevada Bar No. 10593
E-mail: jackie@hkimlaw.com
KATHERINE C.S. CARSTENSEN, ESQ.
Nevada Bar No. 10656
E-mail: katherine@hkimlaw.com
HOWARD KIM & ASSOCIATES
1055 Whitney Ranch Drive, Suite 110
Henderson, Nevada 89014
Telephone: (702) 485-3300
Facsimile: (702) 485-3301
*Former Attorneys for David A. Rosenberg,*
*Former Chapter 7 Trustee*

E-filed on: May 19th, 2014

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

In re:

WILLIAM A. GAYLER

Debtor.

Case No.: BK-S-09-31603-MKN
Chapter 7

**DECLARATION OF DAVID A. ROSENBERG IN SUPPORT OF FIRST AND FINAL APPLICATION FOR ALLOWANCE OF ATTORNEYS' FEES ($66,025.00) AND REIMBURSEMENT OF EXPENSES ($8,587.19) OF HOWARD KIM & ASSOCIATES, LLC AS CHAPTER 7 ADMINISTRATIVE EXPENSE AND REQUEST FOR PAYMENT**

Hearing Date: June 26, 2014
Hearing Time: 11:00 a.m.
Place: Foley Federal Bldg.
       300 Las Vegas Blvd. S.
       Las Vegas, NV 89101

Hon. Mike K. Nakagawa

I, David A. Rosenberg, declare that:

1. I am over the age of eighteen (18) years old and competent to testify.

2. I am the former Chapter 7 Trustee ("Former Trustee") for the bankruptcy estate of William A. Gayler ("Gayler").

///

3. Unless otherwise stated, I have personal knowledge of the facts set forth in this Declaration, and for those facts stated on information and belief, I believe them to be true.

4. I make this declaration in Support of the First and Final Application for Allowance of Attorneys' Fees ($66,025.00) and Reimbursement of Expenses ($8,587.19) of Howard Kim & Associates, LLC as Chapter 7 Administrative Expense and Request for Payment ("Application").

5. On November 16, 2009, The Pius Reiger Family Ltd. Partnership, John D. O'Brien Profit Sharing Plan, and Addison Glass, Inc. filed an involuntary petition for relief under Chapter 7 of the Bankruptcy Code on behalf of William A. Gayler ("Gayler") [Dkt. No. 1].

6. On or around March 29, 2010, James F. Lisowski ("Lisowski") was appointed as Chapter 7 Trustee in this case.

7. On December 12, 2012, I was appointed as successor trustee in Gayler's bankruptcy case, replacing Lisowski [Dkt. No. 482].

8. After my appointment, one of the first things I had to investigate was whether MAC could continue to represent both myself and the MAC Creditors[1] given the obvious conflicts involved in this case.

9. I also had to determine whether the dual representation has undermined the bankruptcy estate's interest.

10. On February 19, 2013, I filed a Motion to Employ Howard Kim & Associates (the "Kim Firm") and Substitution of General Counsel Nunc Pro Tunc as of February 4, 2013 ("Motion to Employ") [Dkt. No. 488], in part, "[t]o review and counsel regarding any issues arising from potential conflicts between special counsel and the estate[.]" *Id.* at 3:26-27.

11. After notice and a hearing, with no objections filed, my Motion to Employ was granted by this Court on March 15, 2013 [Dkt. No. 500].

///

---

[1] The MAC Creditors shall hereinafter refer to some or all of the following: John O'Brien, individually and as Trustee of the John D. O'Brien Profit Sharing Plan, Donald J. Campbell, J. Colby Williams, William Godfrey, Barry R. Moore, Janie Moore, Barry R. Moore and Janie Moore, Co-Trustees of the Bamm Living Trust Dated July 16, 2003, John Esposito, Lorraine Esposito, Mario P. Borini, Bianca Borini, Joseph Borini, and Eroom Holdings, LP.

12. After several discussions with Howard C. Kim ("Kim") of the Kim Firm and MAC, including the February 4, 2013 meeting, I was able to convince MAC to withdraw as special counsel.

13. With their withdrawal, I thought that MAC would also be withdrawing as counsel for the MAC Creditors given the conflicts involved. This however, did not happen.

14. After my appointment, Kim and I continued settlement negotiations with Gayler in an attempt to resolve the complex litigation involved in Adversary Case No. 11-01410-MKN ("410 Adversary Action"). I believed settlement of this action was in the best interests of the estate given Lisowski, by and through MAC's assistance as special counsel, was unable to make significant progress in the case in over a year of litigation.

15. On July 3, 2013, I filed a Motion to Approve Settlement Agreement between myself, Gayler, Gayler's attorney Jeffrey R. Sylvester, Esq. ("Sylvester"), Walter Loerwald aka Leroy Loerwald, Martin Barrett, and the Gayler Entities ("Motion to Approve Settlement Agreement") [Dkt. Nos. 514 and 516].

16. Realizing that MAC had no intention of withdrawing as counsel for the MAC Creditors and Zachariah Larson ("Larson"), who represented the MAC Creditors in the CH Angelus II, LLC bankruptcy case, intended to oppose my pending Motion to Approve Settlement Agreement—presumably using confidential information obtained while MAC was serving as special counsel in the Gayler bankruptcy case—I felt I had no choice but to move for disqualification as I believed that MAC's continued presence in this case, significantly interfered with my effective administration of this estate.

17. After the Court denied my Motion to Disqualify by an order entered on February 24, 2014 ("Disqualification Order") [Dkt. No. 591], I directed Kim to appeal the Disqualification Order to the Bankruptcy Appellate Panel.

18. On or around May 8, 2014, after my voluntary withdrawal from the case and after Victoria L. Nelson ("Nelson") was appointed as the new trustee, I transferred the money I was holding on behalf of the Gayler estate, approximately $490,071.32, to Nelson.

///

- 3 -

19. All of the tasks performed by the Kim Firm in this case were at done my direction.

20. I have reviewed the Kim Firm's Application and believe that all services provided were necessary and in the best interests of the estate at the time they were rendered. I believe the amount requested is more than reasonable, particularly considering the time the Kim Firm voluntarily omitted from its Application.

21. For the foregoing reasons, I believe the Court should grant the Kim Firm's Application in its entirety.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge, information and belief.

DATED this 19th day of May, 2014.

_David A. Rosenberg, Former Chapter 7 Trustee_