Zachariah Larson, Esq.
Nevada Bar No. 7787
Matthew C. Zirzow, Esq.
Nevada Bar No. 7222
**LARSON & ZIRZOW, LLC**
810 S. Casino Center Blvd. #101
Las Vegas, NV 89101
Tel: (702) 382-1170
Fax: (702) 382-1169
zlarson@lzlawnv.com
mzirzow@lzlawnv.com

Attorneys for Managing Member and
Equity Interest Holders in CH Angelus II, LLC

### UNITED STATES BANKRUPTCY COURT

### DISTRICT OF NEVADA

| In Re: | Case No: | BK-S-09-31603-MKN |
| | Chapter: | 7 |

WILLIAM GAYLER,

Date: June 9, 2014
Time: 10:30 AM

Debtor.

### NOTICE OF SUBPOENA TO PRODUCE AND TO TESTIFY AT A DEPOSITION IN A BANKRUPTCY CASE

PLEASE TAKE NOTICE that a Subpoena to Produce Documents and to Testify at a Deposition in a Bankruptcy Case was issued to Howard Kim & Associates, LLC, a copy of the subpoena is attached hereto as Exhibit A.

DATED this 22nd day of May, 2014.

LARSON & ZIRZOW

By: _____
Matthew Zirzow, Esq.
Nevada Bar No. 7222
810 S. Casino Center Blvd. #101
Las Vegas, Nevada 89101
Attorneys for Managing Member and
Equity Interest Holders in CH Angelus II, LLC

*LARSON & ZIRZOW*
*810 South Casino Center Blvd. #101*
*Las Vegas, Nevada 89101*
*Tel: (702) 382-1170  Fax: (702) 382-1169*

LARSON & ZIRZOW
810 South Casino Center Blvd. #101
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

**CERTIFICATE OF SERVICE**

1.     On this 22nd day of May, 2014, I served the following document(s) (specify):

Notice of Subpoena

2.     I served the above-named document(s) by the following means to the persons as listed below (*check all that apply*):

☒     **a.     ECF System** (*You must attach the "Notice of Electronic Filing," or list all persons and addresses and attach additional paper if necessary.*)

SETH J. ADAMS on behalf of Creditor Deutsche Bank National Trust Company, as Trustee of the IndyMac INDX Mortgage Trust 2007-AR1, Mortgage Pass-Through Certificates, Series 2007-AR1 under the Pooling and Servicing Agreement dated Februa
bknotice@mccarthyholthus.com, NVBKCOURT@mccarthyholthus.com

PHILLIP S. AURBACH on behalf of Trustee JAMES F. LISOWSKI, SR.
paurbach@maclaw.com, sboggs@maclaw.com

JAMES B. BALL on behalf of Creditor Citizens Bank
bkecf@poliball.com

MICHAEL W. CHEN on behalf of Creditor JPMORGAN CHASE BANK, N.A., ITS ASSIGNEES AND/OR SUCCESSORS IN INTEREST
bknotice@mccarthyholthus.com, mchen@mccarthyholthus.com

KEVIN B. CHRISTENSEN on behalf of Interpleader SUNSET II, LLC
kbc@cjmlv.com

DAVID A. COLVIN on behalf of Creditor 65% of the Owners of Sunset V, LLC
dcolvin@maclaw.com, mwalters@maclaw.com

DAVID A. COLVIN on behalf of Creditor Investors Commercial Capital, LLC
dcolvin@maclaw.com, mwalters@maclaw.com

DAVID A. COLVIN on behalf of Creditor Cynthia E. Brown
dcolvin@maclaw.com, mwalters@maclaw.com

DAVID A. COLVIN on behalf of Creditor John O'Brien
dcolvin@maclaw.com, mwalters@maclaw.com

DAVID A. COLVIN on behalf of Creditor Phillip S. Aurbach

dcolvin@maclaw.com, mwalters@maclaw.com

DAVID A. COLVIN on behalf of Creditor Richard Plaut
dcolvin@maclaw.com, mwalters@maclaw.com

DAVID A. COLVIN on behalf of Creditor William Godfrey
dcolvin@maclaw.com, mwalters@maclaw.com

DAVID A. COLVIN on behalf of Petitioning Creditor JOHN D. O'BRIEN PROFIT SHARING PLAN
dcolvin@maclaw.com, mwalters@maclaw.com

DAVID A. COLVIN on behalf of Plaintiff Barry R. Moore and Janie Moore, co-trustees of the BAMM Living Trust Dated July 16, 2003
dcolvin@maclaw.com, mwalters@maclaw.com

DAVID A. COLVIN on behalf of Plaintiff Eroom Holdings, LP
dcolvin@maclaw.com, mwalters@maclaw.com

DAVID A. COLVIN on behalf of Plaintiff Barry Moore
dcolvin@maclaw.com, mwalters@maclaw.com

DAVID A. COLVIN on behalf of Plaintiff COLBY WILLIAMS
dcolvin@maclaw.com, mwalters@maclaw.com

DAVID A. COLVIN on behalf of Plaintiff DONALD CAMPBELL
dcolvin@maclaw.com, mwalters@maclaw.com

DAVID A. COLVIN on behalf of Plaintiff JOHN D. O'BRIEN
dcolvin@maclaw.com, mwalters@maclaw.com

DAVID A. COLVIN on behalf of Plaintiff Janie Moore
dcolvin@maclaw.com, mwalters@maclaw.com

DAVID A. COLVIN on behalf of Plaintiff MARIO BORINI
dcolvin@maclaw.com, mwalters@maclaw.com

DAVID A. COLVIN on behalf of Plaintiff MARIO P BORINI
dcolvin@maclaw.com, mwalters@maclaw.com

DAVID A. COLVIN on behalf of Trustee JAMES F. LISOWSKI, SR.
dcolvin@maclaw.com, mwalters@maclaw.com

EDWARD J. HANIGAN on behalf of Creditor The Eliot A. Alper Revocable Trust
ejh@haniganlaw.com, jas@haniganlaw.com

HOWARD C. KIM on behalf of Plaintiff DAVID A ROSENBERG
howard@hkimlaw.com,

LARSON & ZIRZOW
810 South Casino Center Blvd. #101
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

jackie@hkimlaw.com;sarah@hkimlaw.com;tommie@hkimlaw.com;katherine@hkimlaw.com;diana@hkimlaw.com;rena@hkimlaw.com;adam@hkimlaw.com

MATTHEW T. KNEELAND on behalf of Defendant 23 GOLDEN SUNRAY, L.L.C.
matthew@sylvesterpolednak.com, bridget@sylvesterpolednak.com

MATTHEW T. KNEELAND on behalf of Defendant APAN WINE, LIMITED LIABILITY
COMPANY
matthew@sylvesterpolednak.com, bridget@sylvesterpolednak.com

MATTHEW T. KNEELAND on behalf of Defendant ICON HOLDING COMPANY, LLC
matthew@sylvesterpolednak.com, bridget@sylvesterpolednak.com

MATTHEW T. KNEELAND on behalf of Defendant ICON REAL ESTATE COMPANIES,
INC.
matthew@sylvesterpolednak.com, bridget@sylvesterpolednak.com

MATTHEW T. KNEELAND on behalf of Defendant ICON REAL ESTATE DEVELOPMENT
LIMITED LIABILITY COMPANY
matthew@sylvesterpolednak.com, bridget@sylvesterpolednak.com

MATTHEW T. KNEELAND on behalf of Defendant IPS II, LIMITED LIABILITY
COMPANY
matthew@sylvesterpolednak.com, bridget@sylvesterpolednak.com

MATTHEW T. KNEELAND on behalf of Defendant MERITAGE-GAYLER LIMITED
LIABILITY COMPANY
matthew@sylvesterpolednak.com, bridget@sylvesterpolednak.com

MATTHEW T. KNEELAND on behalf of Defendant MORPHEUS ENTERPIRSES, LLC
matthew@sylvesterpolednak.com, bridget@sylvesterpolednak.com

MATTHEW T. KNEELAND on behalf of Defendant TGF HOLDING LIMITED
PARTNERSHIP
matthew@sylvesterpolednak.com, bridget@sylvesterpolednak.com

MATTHEW T. KNEELAND on behalf of Defendant THE GAYLER 2001 IRREVOCABLE
TRUST
matthew@sylvesterpolednak.com, bridget@sylvesterpolednak.com

MATTHEW T. KNEELAND on behalf of Defendant THE GAYLER FAMILY
EDUCATIONAL, LLC
matthew@sylvesterpolednak.com, bridget@sylvesterpolednak.com

MATTHEW T. KNEELAND on behalf of Defendant THE JAYDEN KRISTOPHER GAYLER
IRREVOCABLE TRUST
matthew@sylvesterpolednak.com, bridget@sylvesterpolednak.com

LARSON & ZIRZOW
810 South Casino Center Blvd. #101
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

LARSON & ZIRZOW
810 South Casino Center Blvd. #101
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

1  
2  
MATTHEW T. KNEELAND on behalf of Defendant THE WILLIAM A. GAYLER SEPARATE PROPERTY TRUST
matthew@sylvesterpolednak.com, bridget@sylvesterpolednak.com

3  
4  
MATTHEW T. KNEELAND on behalf of Defendant WILLIAM A. GAYLER D/B/A ICON REAL ESTATE SERVICES
matthew@sylvesterpolednak.com, bridget@sylvesterpolednak.com

5  
6  
MATTHEW T. KNEELAND on behalf of Defendant WILLIAM A. GAYLER, AS GENERAL PARTNER OF TGF HOLDING LIMITED PARTNERSHIP
matthew@sylvesterpolednak.com, bridget@sylvesterpolednak.com

7  
8  
9  
MATTHEW T. KNEELAND on behalf of Defendant WILLIAM A. GAYLER, AS TRUSTEE OF THE GAYLER 2001 IRREVOCABLE TRUST
matthew@sylvesterpolednak.com, bridget@sylvesterpolednak.com

10  
11  
MATTHEW T. KNEELAND on behalf of Defendant WILLIAM A. GAYLER, AS TRUSTEE OF THE JAYDEN KRISTOPHER GAYLER IRREVOCABLE TRUST
matthew@sylvesterpolednak.com, bridget@sylvesterpolednak.com

12  
13  
MATTHEW T. KNEELAND on behalf of Defendant WILLIAM A. GAYLER, AS TRUSTEE OF THE WILLIAM A. GAYLER SEPARATE PROPERTY TRUST
matthew@sylvesterpolednak.com, bridget@sylvesterpolednak.com

14  
15  
MATTHEW T. KNEELAND on behalf of Defendant WILLIAM A. GAYLER
matthew@sylvesterpolednak.com, bridget@sylvesterpolednak.com

16  
17  
ZACHARIAH LARSON on behalf of Interested Party BARRY MOORE AS CO-TRUSTEE OF THE BAMM LIVING TRUST DATED JULY 16, 2003
carey@lzlawnv.com, susan@lzlawnv.com;mzirzow@lzlawnv.com;mary@lzlawnv.com

18  
19  
ZACHARIAH LARSON on behalf of Interested Party CH ANGELUS II, LLC
carey@lzlawnv.com, susan@lzlawnv.com;mzirzow@lzlawnv.com;mary@lzlawnv.com

20  
21  
ZACHARIAH LARSON on behalf of Interested Party CH PICHON, LLC
carey@lzlawnv.com, susan@lzlawnv.com;mzirzow@lzlawnv.com;mary@lzlawnv.com

22  
23  
ZACHARIAH LARSON on behalf of Interested Party GROTH, LLC
carey@lzlawnv.com, susan@lzlawnv.com;mzirzow@lzlawnv.com;mary@lzlawnv.com

24  
ZACHARIAH LARSON on behalf of Interested Party HARLAN, LLC
carey@lzlawnv.com, susan@lzlawnv.com;mzirzow@lzlawnv.com;mary@lzlawnv.com

25  
26  
ZACHARIAH LARSON on behalf of Interested Party JANIE MOORE AS CO-TRUSTEE OF THE BAMM LIVING TRUST DATED JULY 16, 2003
carey@lzlawnv.com, susan@lzlawnv.com;mzirzow@lzlawnv.com;mary@lzlawnv.com

27  
28  
ZACHARIAH LARSON on behalf of Interested Party BARRY R MOORE

carey@lzlawnv.com, susan@lzlawnv.com;mzirzow@lzlawnv.com;mary@lzlawnv.com

ZACHARIAH LARSON on behalf of Interested Party JANIE MOORE
carey@lzlawnv.com, susan@lzlawnv.com;mzirzow@lzlawnv.com;mary@lzlawnv.com

ZACHARIAH LARSON on behalf of Interested Party Janie Moore
carey@lzlawnv.com, susan@lzlawnv.com;mzirzow@lzlawnv.com;mary@lzlawnv.com

ZACHARIAH LARSON on behalf of Special Counsel LARSON & ZIRZOW, LLC
carey@lzlawnv.com, susan@lzlawnv.com;mzirzow@lzlawnv.com;mary@lzlawnv.com

ZACHARIAH LARSON on behalf of Special Counsel ZACHARIAH LARSON
carey@lzlawnv.com, susan@lzlawnv.com;mzirzow@lzlawnv.com;mary@lzlawnv.com

EDWARD M. MCDONALD on behalf of U.S. Trustee U.S. TRUSTEE - LV - 7
edward.m.mcdonald@usdoj.gov

DANIEL R. MCNUTT on behalf of Plaintiff DONALD CAMPBELL
drm@cmlawnv.com,
jv@cmlawnv.com;lah@cmlawnv.com;arb@cmlawnv.com;mcw@cmlawnv.com

SUSAN L. MYERS on behalf of Creditor SPENCER SUNSET, LLC
smyers@lacsn.org, emontes@lacsn.org;bklsclv@lionelsawyer.com

SUSAN L. MYERS on behalf of Interested Party JOHN D. O'BRIEN, TRUSTEE OF THE
JOHN D. O'BRIEN PROFIT SHARING PLAN
smyers@lacsn.org, emontes@lacsn.org;bklsclv@lionelsawyer.com

VICTORIA NELSON
trustee@nelsonhoumand.com,
cjorvig@nelsonhoumand.com;vln@trustesolutions.net;nalcantara@nelsonhoumand.com;nv29@ecfcbis.com

VICTORIA NELSON on behalf of Trustee VICTORIA NELSON
trustee@nelsonhoumand.com,
cjorvig@nelsonhoumand.com;vln@trustesolutions.net;nalcantara@nelsonhoumand.com;nv29@ecfcbis.com

DENNIS M. PRINCE on behalf of Creditor Old Landing Trust
dprince@princekeating.com, aebinger@princekeating.com

DENNIS M. PRINCE on behalf of Defendant MARTIN BARRETT
dprince@princekeating.com, aebinger@princekeating.com

DENNIS M. PRINCE on behalf of Defendant WALTER LOERWALD
dprince@princekeating.com, aebinger@princekeating.com

DENNIS M. PRINCE on behalf of Interested Party WALTER LOERWALD

LARSON & ZIRZOW
810 South Casino Center Blvd. #101
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

dprince@princekeating.com, aebinger@princekeating.com

DAVID A ROSENBERG on behalf of Trustee DAVID A ROSENBERG
darosenberg@7trustee.net, nv23@ecfcbis.com

KRISTIN A. SCHULER-HINTZ on behalf of Creditor Deutsche Bank National Trust Company,
as Trustee of the IndyMac INDX Mortgage Trust 2007-AR1, Mortgage Pass-Through
Certificates, Series 2007-AR1 under the Pooling and Servicing Agreement dated Februa
bknotice@mccarthyholthus.com

ROBERT E. SCHUMACHER on behalf of Defendant EDWARD BROWN
rschumacher@gordonrees.com,
mogella@gordonrees.com;eescobar@gordonrees.com;bwalters@gordonrees.com

ROBERT E. SCHUMACHER on behalf of Defendant MARYELLEN BROWN
rschumacher@gordonrees.com,
mogella@gordonrees.com;eescobar@gordonrees.com;bwalters@gordonrees.com

LENARD E. SCHWARTZER on behalf of Petitioning Creditor ADDISON GLASS, INC.
bkfilings@s-mlaw.com

LENARD E. SCHWARTZER on behalf of Petitioning Creditor JOHN D. O'BRIEN PROFIT
SHARING PLAN
bkfilings@s-mlaw.com

LENARD E. SCHWARTZER on behalf of Petitioning Creditor THE PIUS REIGER FAMILY
LTD. PARTNERSHIP
bkfilings@s-mlaw.com

EDGAR C. SMITH on behalf of Creditor Old Landing Trust
ed.smith@buckleymadole.com,
candice.watkins@buckleymadole.com;Susana.Hernandez@BuckleyMadole.com

EDGAR C. SMITH on behalf of Defendant MARTIN BARRETT
ed.smith@buckleymadole.com,
candice.watkins@buckleymadole.com;Susana.Hernandez@BuckleyMadole.com

EDGAR C. SMITH on behalf of Defendant WALTER LOERWALD
ed.smith@buckleymadole.com,
candice.watkins@buckleymadole.com;Susana.Hernandez@BuckleyMadole.com

JEFFREY R. SYLVESTER on behalf of Debtor WILLIAM A GAYLER
jeff@sylvesterpolednak.com, tina@sylvesterpolednak.com;bridget@sylvesterpolednak.com

JEFFREY R. SYLVESTER on behalf of Defendant 23 GOLDEN SUNRAY, L.L.C.
jeff@sylvesterpolednak.com, tina@sylvesterpolednak.com;bridget@sylvesterpolednak.com

JEFFREY R. SYLVESTER on behalf of Defendant ALTRA VIDA, L.L.C.

LARSON & ZIRZOW
810 South Casino Center Blvd. #101
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

7

1

jeff@sylvesterpolednak.com, tina@sylvesterpolednak.com;bridget@sylvesterpolednak.com

2

JEFFREY R. SYLVESTER on behalf of Defendant APAN WINE, LIMITED LIABILITY
COMPANY

3

jeff@sylvesterpolednak.com, tina@sylvesterpolednak.com;bridget@sylvesterpolednak.com

4

JEFFREY R. SYLVESTER on behalf of Defendant AXIOS-TC LIMITED LIABILITY
COMPANY

5

jeff@sylvesterpolednak.com, tina@sylvesterpolednak.com;bridget@sylvesterpolednak.com

6

JEFFREY R. SYLVESTER on behalf of Defendant CH. ANGELUS II LLC

7

jeff@sylvesterpolednak.com, tina@sylvesterpolednak.com;bridget@sylvesterpolednak.com

8

JEFFREY R. SYLVESTER on behalf of Defendant CH. ANGELUS III, LIMITED LIABILITY
COMPANY

9

jeff@sylvesterpolednak.com, tina@sylvesterpolednak.com;bridget@sylvesterpolednak.com

10

JEFFREY R. SYLVESTER on behalf of Defendant CH. ANGELUS LLC

11

jeff@sylvesterpolednak.com, tina@sylvesterpolednak.com;bridget@sylvesterpolednak.com

12

JEFFREY R. SYLVESTER on behalf of Defendant CH. PICHON I, LLC

13

jeff@sylvesterpolednak.com, tina@sylvesterpolednak.com;bridget@sylvesterpolednak.com

14

JEFFREY R. SYLVESTER on behalf of Defendant DOMINUS M-B, L.L.C.

15

jeff@sylvesterpolednak.com, tina@sylvesterpolednak.com;bridget@sylvesterpolednak.com

16

JEFFREY R. SYLVESTER on behalf of Defendant GROTH LIMITED LIABILITY
COMPANY

17

jeff@sylvesterpolednak.com, tina@sylvesterpolednak.com;bridget@sylvesterpolednak.com

18

JEFFREY R. SYLVESTER on behalf of Defendant HARLAN, LLC

19

jeff@sylvesterpolednak.com, tina@sylvesterpolednak.com;bridget@sylvesterpolednak.com

20

JEFFREY R. SYLVESTER on behalf of Defendant ICON HOLDING COMPANY, LLC

jeff@sylvesterpolednak.com, tina@sylvesterpolednak.com;bridget@sylvesterpolednak.com

21

JEFFREY R. SYLVESTER on behalf of Defendant ICON REAL ESTATE COMPANIES, INC.

22

jeff@sylvesterpolednak.com, tina@sylvesterpolednak.com;bridget@sylvesterpolednak.com

23

JEFFREY R. SYLVESTER on behalf of Defendant ICON REAL ESTATE DEVELOPMENT
LIMITED LIABILITY COMPANY

24

jeff@sylvesterpolednak.com, tina@sylvesterpolednak.com;bridget@sylvesterpolednak.com

25

JEFFREY R. SYLVESTER on behalf of Defendant IPS II, LIMITED LIABILITY COMPANY

26

jeff@sylvesterpolednak.com, tina@sylvesterpolednak.com;bridget@sylvesterpolednak.com

27

JEFFREY R. SYLVESTER on behalf of Defendant MERITAGE-GAYLER LIMITED
LIABILITY COMPANY

28

LARSON & ZIRZOW
810 South Casino Center Blvd. #101
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

LARSON & ZIRZOW
810 South Casino Center Blvd. #101
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

1

jeff@sylvesterpolednak.com, tina@sylvesterpolednak.com;bridget@sylvesterpolednak.com

2

JEFFREY R. SYLVESTER on behalf of Defendant MORPHEUS ENTERPIRSES, LLC
jeff@sylvesterpolednak.com, tina@sylvesterpolednak.com;bridget@sylvesterpolednak.com

3

4

JEFFREY R. SYLVESTER on behalf of Defendant POLYRUS LIMITED LIABILITY
COMPANY
jeff@sylvesterpolednak.com, tina@sylvesterpolednak.com;bridget@sylvesterpolednak.com

5

6

JEFFREY R. SYLVESTER on behalf of Defendant TGF HOLDING LIMITED PARTNERSHIP
jeff@sylvesterpolednak.com, tina@sylvesterpolednak.com;bridget@sylvesterpolednak.com

7

8

JEFFREY R. SYLVESTER on behalf of Defendant THE GAYLER 2001 IRREVOCABLE
TRUST
jeff@sylvesterpolednak.com, tina@sylvesterpolednak.com;bridget@sylvesterpolednak.com

9

10

JEFFREY R. SYLVESTER on behalf of Defendant THE GAYLER FAMILY EDUCATIONAL,
LLC
jeff@sylvesterpolednak.com, tina@sylvesterpolednak.com;bridget@sylvesterpolednak.com

11

12

JEFFREY R. SYLVESTER on behalf of Defendant THE JAYDEN KRISTOPHER GAYLER
IRREVOCABLE TRUST
jeff@sylvesterpolednak.com, tina@sylvesterpolednak.com;bridget@sylvesterpolednak.com

13

14

JEFFREY R. SYLVESTER on behalf of Defendant THE WILLIAM A. GAYLER SEPARATE
PROPERTY TRUST
jeff@sylvesterpolednak.com, tina@sylvesterpolednak.com;bridget@sylvesterpolednak.com

15

16

JEFFREY R. SYLVESTER on behalf of Defendant WILLIAM A. GAYLER D/B/A ICON
REAL ESTATE SERVICES
jeff@sylvesterpolednak.com, tina@sylvesterpolednak.com;bridget@sylvesterpolednak.com

17

18

JEFFREY R. SYLVESTER on behalf of Defendant WILLIAM A. GAYLER, AS GENERAL
PARTNER OF TGF HOLDING LIMITED PARTNERSHIP
jeff@sylvesterpolednak.com, tina@sylvesterpolednak.com;bridget@sylvesterpolednak.com

19

20

JEFFREY R. SYLVESTER on behalf of Defendant WILLIAM A. GAYLER, AS TRUSTEE OF
THE GAYLER 2001 IRREVOCABLE TRUST
jeff@sylvesterpolednak.com, tina@sylvesterpolednak.com;bridget@sylvesterpolednak.com

21

22

JEFFREY R. SYLVESTER on behalf of Defendant WILLIAM A. GAYLER, AS TRUSTEE OF
THE JAYDEN KRISTOPHER GAYLER IRREVOCABLE TRUST
jeff@sylvesterpolednak.com, tina@sylvesterpolednak.com;bridget@sylvesterpolednak.com

23

24

JEFFREY R. SYLVESTER on behalf of Defendant WILLIAM A. GAYLER, AS TRUSTEE OF
THE WILLIAM A. GAYLER SEPARATE PROPERTY TRUST
jeff@sylvesterpolednak.com, tina@sylvesterpolednak.com;bridget@sylvesterpolednak.com

25

26

27

28

JEFFREY R. SYLVESTER on behalf of Defendant WILLIAM GAYLER
jeff@sylvesterpolednak.com, tina@sylvesterpolednak.com;bridget@sylvesterpolednak.com

JEFFREY R. SYLVESTER on behalf of Defendant WILLIAM A. GAYLER
jeff@sylvesterpolednak.com, tina@sylvesterpolednak.com;bridget@sylvesterpolednak.com

ROLLIN G. THORLEY on behalf of Creditor IRS
rollin.g.thorley@irscounsel.treas.gov

U.S. TRUSTEE - LV - 7
USTPRegion17.LV.ECF@usdoj.gov

LIANE K. WAKAYAMA on behalf of Creditor BARRY R MOORE
lwakayama@maclaw.com, nknilans@maclaw.com

LIANE K. WAKAYAMA on behalf of Interested Party BARRY MOORE AS CO-TRUSTEE
OF THE BAMM LIVING TRUST DATED JULY 16, 2003
lwakayama@maclaw.com, nknilans@maclaw.com

LIANE K. WAKAYAMA on behalf of Interested Party DONALD CAMPBELL, TRUSTEE OF
THE DONALD J. CAMPBELL PROFESSIONAL CORPORATION PROFIT SHARING
PLAN
lwakayama@maclaw.com, nknilans@maclaw.com

LIANE K. WAKAYAMA on behalf of Interested Party JANIE MOORE AS CO-TRUSTEE OF
THE BAMM LIVING TRUST DATED JULY 16, 2003
lwakayama@maclaw.com, nknilans@maclaw.com

LIANE K. WAKAYAMA on behalf of Interested Party JOHN D. O'BRIEN, TRUSTEE OF
THE JOHN D. O'BRIEN PROFIT SHARING PLAN
lwakayama@maclaw.com, nknilans@maclaw.com

LIANE K. WAKAYAMA on behalf of Interested Party Barry Moore
lwakayama@maclaw.com, nknilans@maclaw.com

LIANE K. WAKAYAMA on behalf of Interested Party DONALD J CAMPBELL
lwakayama@maclaw.com, nknilans@maclaw.com

LIANE K. WAKAYAMA on behalf of Interested Party JOHN ESPOSITO
lwakayama@maclaw.com, nknilans@maclaw.com

LIANE K. WAKAYAMA on behalf of Interested Party JOHN O'BRIEN
lwakayama@maclaw.com, nknilans@maclaw.com

LIANE K. WAKAYAMA on behalf of Interested Party Janie Moore
lwakayama@maclaw.com, nknilans@maclaw.com

LIANE K. WAKAYAMA on behalf of Interested Party LORRAINE ESPOSITO

LARSON & ZIRZOW
810 South Casino Center Blvd. #101
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

lwakayama@maclaw.com, nknilans@maclaw.com

LIANE K. WAKAYAMA on behalf of Plaintiff Barry R. Moore and Janie Moore, co-trustees of the BAMM Living Trust Dated July 16, 2003
lwakayama@maclaw.com, nknilans@maclaw.com

LIANE K. WAKAYAMA on behalf of Plaintiff Eroom Holdings, LP
lwakayama@maclaw.com, nknilans@maclaw.com

LIANE K. WAKAYAMA on behalf of Plaintiff Barry Moore
lwakayama@maclaw.com, nknilans@maclaw.com

LIANE K. WAKAYAMA on behalf of Plaintiff COLBY WILLIAMS
lwakayama@maclaw.com, nknilans@maclaw.com

LIANE K. WAKAYAMA on behalf of Plaintiff DONALD CAMPBELL
lwakayama@maclaw.com, nknilans@maclaw.com

LIANE K. WAKAYAMA on behalf of Plaintiff JOHN D. O'BRIEN
lwakayama@maclaw.com, nknilans@maclaw.com

LIANE K. WAKAYAMA on behalf of Plaintiff Janie Moore
lwakayama@maclaw.com, nknilans@maclaw.com

LIANE K. WAKAYAMA on behalf of Plaintiff MARIO BORINI
lwakayama@maclaw.com, nknilans@maclaw.com

LIANE K. WAKAYAMA on behalf of Plaintiff MARIO P BORINI
lwakayama@maclaw.com, nknilans@maclaw.com

BRIAN K WALTERS on behalf of Defendant EDWARD BROWN
bwalters@gordonrees.com, eescobar@gordonrees.com;mogella@gordonrees.com

BRIAN K WALTERS on behalf of Defendant MARYELLEN BROWN
bwalters@gordonrees.com, eescobar@gordonrees.com;mogella@gordonrees.com

BRIAN C. WHITAKER on behalf of Creditor BYRON LEBOW
bwhitaker@woodserickson.com, cpellerin@woodserickson.com

BRIAN C. WHITAKER on behalf of Defendant BYRON LEBOW REVOCABLE FAMILY TRUST
bwhitaker@woodserickson.com, cpellerin@woodserickson.com

BRIAN C. WHITAKER on behalf of Defendant BYRON LEBOW, AS TRUSTEE OF THE BYRON LEBOW REVOCABLE FAMILY TRUST
bwhitaker@woodserickson.com, cpellerin@woodserickson.com

BRIAN C. WHITAKER on behalf of Defendant BRYON LEBOW

LARSON & ZIRZOW
810 South Casino Center Blvd. #101
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

bwhitaker@woodserickson.com, cpellerin@woodserickson.com

ERIKA M. WRIGHT on behalf of Creditor CITY NATIONAL BANK
cmiller@millerwrightlaw.com;randerson@millerwrightlaw.com

☒    **b.**    **United States mail, postage fully prepaid** (*List persons and addresses.*
*Attach additional paper if necessary.*)

> Howard Kim & Associates, LLC
> c/o Howard C. Kim, Esq., Resident Agent
> 1055 Whitney Ranch Drive, Suite 110
> Henderson, NV 89014

☐    **c.**    **Personal Service** (*List persons and addresses.  Attach additional paper if*
*necessary.*)

I personally delivered the document(s) to the persons at these addresses:

☐    For a party represented by an attorney, delivery was made by handing the
document(s) at the attorney's office with a clerk or other person in charge, or if no one is
in charge by leaving the document(s) in a conspicuous place in the office.

☐    For a party, delivery was made by handling the document(s) to the party or by
leaving the document(s) at the person's dwelling house or usual place of abode with
someone of suitable age and discretion residing there.

☐    **d.**    **By direct email (as opposed to through the ECF System)** (*List persons*
*and email addresses.  Attach additional paper if necessary.*)

Based upon the written agreement of the parties to accept service by email or a court
order, I caused the document(s) to be sent to the persons at the email addresses listed
below.  I did not receive, within a reasonable time after the transmission, any electronic
message or other indication that the transmission was unsuccessful.

LARSON & ZIRZOW
810 South Casino Center Blvd. #101
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

1    ☐    **e.**    **By fax transmission** (*List persons and fax numbers. Attach additional*

2    *paper if necessary.*)

3    Based upon the written agreement of the parties to accept service by fax transmission or a

4    court order, I faxed the document(s) to the persons at the fax numbers listed below. No

5    error was reported by the fax machine that I used. A copy of the record of the fax

6    transmission is attached.

7

8

9    ☐    **f.**    **By messenger** (*List persons and addresses. Attach additional paper if*

10    *necessary.*)

11    I served the document(s) by placing them in an envelope or package addressed to the

12    persons at the addresses listed below and providing them to a messenger for service. (*A*

13    *declaration by the messenger must be attached to this Certificate of Service.*)

14

15

16    **I declare under penalty of perjury that the foregoing is true and correct.**

17    Dated this 22nd day of May, 2014.

18

19    _____              _____

20    Susan Stanton                          Signature of Declarant
      Name of Declarant

21

22

23

24

25

26

27

28

LARSON & ZIRZOW
810 South Casino Center Blvd. #101
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

EXHIBIT A

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LARSON & ZIRZOW
810 South Casino Center Blvd. #101
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

EXHIBIT A

# UNITED STATES BANKRUPTCY COURT
### District of Nevada

In re:   William Gayler _____
                    Debtor

Case No.  BK-S-09-31603-MKN _____

Chapter   7 _____

## SUBPOENA TO PRODUCE DOCUMENTS AND
## TO TESTIFY AT A DEPOSITION IN A BANKRUPTCY CASE

To:   **HOWARD KIM & ASSOCIATES, LLC**
      **c/o Howard C. Kim, Esq., Resident Agent**
      **1055 Whitney Ranch Drive, Suite 110**
      **Henderson, Nevada 89014**

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE | DATE AND TIME |
|---|---|
| **Larson & Zirzow, LLC**<br>**810 S. Casino Center Blvd. #101**<br>**Las Vegas, Nevada 89101** | **June 9, 2014**<br>**10:30 a.m.** |

The deposition will be recorded by this method:  **Stenographic Reporting**

☒ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: **See Exhibit "A." NOTE: In lieu of personal appearance, counsel will accept a *fully completed and executed* Exhibit "B" attached hereto to accompany the documents. *If a fully completed and executed Exhibit B does not accompany the production, then personal attendance is still required.***

| PLACE | DATE AND TIME |
|---|---|
| **Larson & Zirzow, LLC**<br>**810 S. Casino Center Blvd. #101**<br>**Las Vegas, Nevada 89101** | **June 5, 2014**<br>**10:00 a.m.** |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

| ATTORNEY'S SIGNATURE | DATE |
|---|---|
| *[signature]* | 5-21-14 |

The name, address, e-mail address and telephone number of the attorney representing **Barry R. Moore and Janie Moore as Co-Trustees of the BAMM Living Trust Dated July 16, 2003, Groth, LLC, CH Pichon, LLC and Harlan, LLC through their managing member John O'Brien**, who issues or requests this subpoena, are: **Matthew C. Zirzow, Esq., Larson & Zirzow, LLC, 810 S. Casino Center Blvd. #101, Las Vegas, Nevada 89101, E-mail:  mzirzow@lzlawnv.com, Telephone:  (702) 382-1170**

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)*_____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____on *(date)*        _____; or

☐ I returned the subpoena unexecuted because:        _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $_____.

My fees are $_____ for travel and $_____ for services, for a total of $_____.

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) hese acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) ) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) serves that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) ) expressly make the claim; and
(ii) scribe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required — and also, after a motion is transferred, the issuing court — may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

## EXHIBIT A

## DEFINITIONS AND INSTRUCTIONS

### General Definitions

1. **Document**. The term **"Document"** means all written, electronic, digital or graphic mater of every kind or description, however produced or reproduced, whether in draft, final original or reproduction, signed or unsigned, and regardless of ether approved, sent, received redrafted or executed, including but not limited to, written communications, letters, correspondence, electronic mail ("e-mail"), memoranda, notes, records, business records, photographs, tape or sound recordings, video or visual recordings, contracts, agreements, telephone records, facsimile records, logs and/or notations of telephone conversations or personal conversations, diaries, desk calendars, statements, summaries, affidavits, declarations, witness statements, reports, computer records, data compilations of any kind and in any form, and material similar to any of the foregoing, however denominated and to whomever addressed. "Document" shall not include exact duplicates where originals are available, but shall include all copies different from originals in any way by virtue of any writings, notations, symbols, characters, impressions or any marks thereon in any form.

2. **Communication**. The term **"Communication"** shall mean any document or notice, oral or written, formal or informal, at any time or place and under any circumstances whatsoever, whereby information of any nature was transmitted or transferred.

3. **Date**. The term **"Date"** shall mean the exact day, month, and year, if known, or, if not known, your best approximation thereof. If the exact date is not known, but your answer includes your best approximation of the date, please indicate that it is an approximation.

4. **Person**. The term **"Person"** shall mean, without limiting the generality of its meaning, every natural person, corporate entity, partnership, association, governmental body or agency.

5. **You and Your**. The terms "you" and "your" shall include you and your affiliates, counsel, and all agents, servants, employees, representatives, investigators and other who are under the control of you and are in possession, custody or control of any documents within the scope of this request.

### Specific Definitions

6. **CH Angelus II**. The term **"CH Angelus II"** means **CH. Angelus II, LLC**, a Nevada limited liability company, as debtor in Case No. BK-S-12-22209-MKN, and all of its counsel, agents, servants, employees, and representatives.

7. **Debtor.** The term **"Debtor"** means William Gayler, as debtor in Case No. BK-S-09-31603-MKN, and all of his counsel, agents, servants, employees, and representatives.

8. **Rosenberg.** The term **"Rosenberg"** means David A. Rosenberg, and all of his agents, servants, employees, and representatives.

9. **Trustee Handbook.** The term **"Trustee Handbook"** means the Handbook for Chapter 7 Trustees as published by the United States Department of Justice, Executive Office for United States Trustees.

10. **U.S. Trustee.** The term **"U.S. Trustee"** means the United States Department of Justice, the U.S. Trustee Program, the Office of the United States Trustee, and all of their agents, servants, employees, and representatives.

## Instructions

1.   Unless otherwise requested, you are requested to produce the original of each document described below, or if the original is not in your custody, then a copy of the original in any event, you are requested to produce all copies which differ from the original or from the other copies produced for any reason, including the making of notes on the document.

2.   This request relates to all documents in your possession, custody or control, including documents in your possession or the possession of your present and former attorneys, partners, employees, representatives and agents, or other persons acting on your behalf.

3.   In the event you are able to produce only some of the documents called for in a particular request, produce all the documents you are able to produce.

4.   If you object to a portion of a request, produce all documents called for by that portion of the request to which you do not object.

5.   If any of the documents requested are withheld under a claim of privilege, identify each such document and state the date of the document; identify its author and addressee and each person to whom copies of the document were furnished or to whom the contents were communicated; provide a summary of the subject matter of the document, its present location and custodian, the basis upon which the asserted privilege is claimed, and the requests to which the document is responsive.

6.   If any of the documents requested have been destroyed, furnish a list identifying each such document, its author and addressee, and each person to whom copies of the document were furnished or to whom the contents were communicated; a summary of the substance of the document; the date upon which it was destroyed; and the reason it was destroyed.

7.   This request is deemed to be continuing in nature; in the event you become aware of or acquire in your possession, custody, or control of additional responsive documents, you are requested promptly to produce such additional documents for inspection and copying.

8.   Original Documents shall be produced as they are kept in the regular course of business, and each Original Document produced **must** designate the particular request to which it responds.  Original Documents **must** be specifically identified, through a signed statement, as responsive to this request.

9.   Copies of original Documents shall be organized by particular request and shall be produced as so organized, and each copy produced **must** designate the request to which it responds.

10. Copies of original Documents **must** be identified, through Bates Numbering or other sufficient method, as responsive to this request.

## DOCUMENTS TO BE PRODUCED

1.  All Communications and Documents involving the U.S. Trustee concerning or relating to any asserted or alleged <u>conflict of interest</u> of Rosenberg or you or your representation of him in his capacity as Chapter 7 trustee of the Debtor's bankruptcy case, the CH Angelus II bankruptcy case, or any adversary proceeding related to the foregoing cases.

2.  All Communications and Documents involving the U.S. Trustee concerning or relating to any asserted or alleged <u>violation of the Trustee Handbook</u> by Rosenberg or you in your representation of him in his capacity as Chapter 7 trustee of the Debtor's bankruptcy case, the CH Angelus II bankruptcy case, or any adversary proceeding related to the foregoing cases.

3.  All Communications and Documents involving the U.S. Trustee concerning or relating to any asserted or alleged <u>violation of the Nevada Rules of Professional Conduct</u> by Rosenberg or you in your representation of him in his capacity as Chapter 7 trustee of the Debtor's bankruptcy case, the CH Angelus II bankruptcy case, or any adversary proceeding related to the foregoing cases.

4.  All Communications and Documents involving the U.S. Trustee concerning or relating to any <u>request for resignation, disqualification, or recusal</u> of Rosenberg or you in your representation of him in his capacity as Chapter 7 trustee of the Debtor's bankruptcy case, the CH Angelus II bankruptcy case, or any adversary proceeding related to the foregoing cases.

5.  All Communications and Documents involving the U.S. Trustee concerning or relating to <u>Rosenberg's ability to continue serving</u> in his capacity as Chapter 7 trustee of the Debtor's bankruptcy case, the CH Angelus II bankruptcy case, or any adversary proceeding related to the foregoing cases from and after January 1, 2014 to the present.

6.  All Communications and Documents involving the U.S. Trustee concerning or relating to <u>your ability to serve as Rosenberg's counsel</u> in his capacity as Chapter 7 trustee of the Debtor's bankruptcy case, the CH Angelus II bankruptcy case, or any adversary proceeding related to the foregoing cases from and after January 1, 2014 to the present.

7.  All Communications and Documents involving the U.S. Trustee concerning or relating to your <u>motion to withdraw</u> as counsel for Rosenberg in his capacity as Chapter 7 trustee of the Debtor's bankruptcy case, the CH Angelus II bankruptcy case, or any adversary proceeding related to the foregoing cases.

8.  All Communications and Documents involving the U.S. Trustee concerning or relating to <u>the appointment of a successor trustee</u> in the Debtor's bankruptcy case, the CH Angelus II bankruptcy case, or any adversary proceeding related to the foregoing cases in place and stead of Rosenberg.

9.  All Communications and Documents concerning or relating to the <u>discovery of a conflict of interest</u> involving Rosenberg or you as his counsel in his capacity as Chapter 7 trustee in the Debtor's bankruptcy case, the CH Angelus II bankruptcy case, or any adversary proceeding related to the foregoing cases.

10. All Communications and Documents concerning or relating to the <u>resignation</u> of Rosenberg as Chapter 7 trustee of the Debtor's bankruptcy case, the CH Angelus II bankruptcy case, or any adversary proceeding related to the foregoing cases.

11. All Communications and Documents concerning or relating to your <u>motion to withdraw</u> as counsel of record for Rosenberg in his capacity as Chapter 7 trustee of the Debtor's bankruptcy case, the CH Angelus II bankruptcy case, or any adversary proceeding related to the foregoing cases.

12. All Communications and Documents referring, relating or concerning why, if the resignation of Rosenberg as Chapter 7 trustee of the Debtor's bankruptcy case and the CH Angelus II bankruptcy case is based on information

contained in Debtor's bankruptcy schedules filed on June 28, 2010 as ECF No. 105 as asserted in your motion to withdraw as counsel filed on April 16, 2014 as ECF No. 648, why you and/or Rosenberg did not take any action to withdrawn or resign as a result of any conflict of interest prior to April 16, 2014.

13. All Communications involving Rosenberg or you, on the one hand, and the Debtor or Debtor's counsel with Sylvester & Polednak, on the other hand, from and after January 1, 2014 concerning or related to the Debtor's bankruptcy case, the CH Angelus II bankruptcy case, or any adversary proceeding related to the foregoing cases.

**EXHIBIT B**

**CERTIFICATE OF DEPONENT**
**TO ACCOMPANY COPIES OF RECORDS**

STATE OF _____          )
                                                       ) SS:
COUNTY OF _____          )

The undersigned, being first duly sworn, on oath, deposes and says as follows:

1.  I am the _____ (state position) of Howard Kim & Associates, LLC (the "Subpoenaed Party") and have personal knowledge of the facts as set forth in this Certificate, and if called upon to testify in a court of law, would do so consistent herewith.

2.  The copies of the documents attached to this Certificate are true and correct copies of all such matters within the possession, custody or control of the Subpoenaed Party that are requested in the Subpoena to Produce Documents in a Bankruptcy Case.

3.  The original of those documents was made at or near the time of the act, event, condition, or opinion recited therein by or from information transmitted by a person with knowledge, in the course of a regularly conducted activity of the above-referenced entity.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this ___ day of _____, 2014.

Custodian of Records:

By (Signature): _____

Name (Print): _____

SUBSCRIBED and SWORN to before me
this _____ day of _____, 2014.

_____
NOTARY PUBLIC in and for said
County of State