# UNITED STATES BANKRUPTCY COURT
## District of Nevada

In re: __William Gayler_____
        Debtor

Case No. __BK-S-09-31603-MKN_____

Chapter __7_____

## SUBPOENA TO PRODUCE DOCUMENTS AND TO TESTIFY AT A DEPOSITION IN A BANKRUPTCY CASE

To: **DAVID ROSENBERG**
    **5030 S. Paradise Rd. #215**
    **Las Vegas, Nevada 89119**

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE | DATE AND TIME |
|---|---|
| **Larson & Zirzow, LLC**<br>**810 S. Casino Center Blvd. #101**<br>**Las Vegas, Nevada 89101** | **June 9, 2014**<br>**9:30 a.m.** |

The deposition will be recorded by this method: **Stenographic Reporting**

☒ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: **See Exhibit "A." NOTE: In lieu of personal appearance, counsel will accept a *fully completed and executed* Exhibit "B" attached hereto to accompany the documents. *If a fully completed and executed Exhibit B does not accompany the production, then personal attendance is still required.***

| PLACE | DATE AND TIME |
|---|---|
| **Larson & Zirzow, LLC**<br>**810 S. Casino Center Blvd. #101**<br>**Las Vegas, Nevada 89101** | **June 5, 2014**<br>**10:00 a.m.** |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

| ATTORNEY'S SIGNATURE | DATE |
|---|---|
| /s/ signature | 5-21-14 |

The name, address, e-mail address and telephone number of the attorney representing **Barry R. Moore and Janie Moore as Co-Trustees of the BAMM Living Trust Dated July 16, 2003, Groth, LLC, CH Pichon, LLC and Harlan, LLC through their managing member John O'Brien**, who issues or requests this subpoena, are: **Matthew C. Zirzow, Esq., Larson & Zirzow, LLC, 810 S. Casino Center Blvd. #101, Las Vegas, Nevada 89101, E-mail: mzirzow@lzlawnv.com, Telephone: (702) 382-1170**

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)*  _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____ .

My fees are $_____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
 (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) hese acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) ) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) serves that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) ) expressly make the claim; and
  (ii) scribe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

<u>**EXHIBIT A**</u>

<u>**DEFINITIONS AND INSTRUCTIONS**</u>

<u>General Definitions</u>

1. **Document.** The term "**Document**" means all written, electronic, digital or graphic mater of every kind or description, however produced or reproduced, whether in draft, final original or reproduction, signed or unsigned, and regardless of ether approved, sent, received redrafted or executed, including but not limited to, written communications, letters, correspondence, electronic mail ("e-mail"), memoranda, notes, records, business records, photographs, tape or sound recordings, video or visual recordings, contracts, agreements, telephone records, facsimile records, logs and/or notations of telephone conversations or personal conversations, diaries, desk calendars, statements, summaries, affidavits, declarations, witness statements, reports, computer records, data compilations of any kind and in any form, and material similar to any of the foregoing, however denominated and to whomever addressed. "Document" shall not include exact duplicates where originals are available, but shall include all copies different from originals in any way by virtue of any writings, notations, symbols, characters, impressions or any marks thereon in any form.

2. **Communication.** The term "**Communication**" shall mean any document or notice, oral or written, formal or informal, at any time or place and under any circumstances whatsoever, whereby information of any nature was transmitted or transferred.

3. **Date.** The term "**Date**" shall mean the exact day, month, and year, if known, or, if not known, your best approximation thereof. If the exact date is not known, but your answer includes your best approximation of the date, please indicate that it is an approximation.

4. **Person.** The term "**Person**" shall mean, without limiting the generality of its meaning, every natural person, corporate entity, partnership, association, governmental body or agency.

5. **You and Your.** The terms "**you**" and "**your**" shall include you and your affiliates, counsel, and all agents, servants, employees, representatives, investigators and other who are under the control of you and are in possession, custody or control of any documents within the scope of this request.

<u>Specific Definitions</u>

6. **CH Angelus II.** The term "**CH Angelus II**" shall include **CH. Angelus II, LLC**, a Nevada limited liability company, as debtor in Case No. BK-S-12-22209-MKN, and all agents, servants, employees, and representatives.

7. **Debtor.** The term "**Debtor**" means William Gayler, as debtor in Case No. BK-S-09-31603-MKN, and all his counsel, agents, servants, employees, and representatives.

8. **Trustee Handbook.** The term "**Trustee Handbook**" means the Handbook for Chapter 7 Trustees as published by the United States Department of Justice, Executive Office for United States Trustees.

9. **U.S. Trustee.** The term "**U.S. Trustee**" means the United States Department of Justice, the U.S. Trustee Program, the Office of the United States Trustee, and all their agents, servants, employees, and representatives.

## Instructions

1. Unless otherwise requested, you are requested to produce the original of each document described below, or if the original is not in your custody, then a copy of the original in any event, you are requested to produce all copies which differ from the original or from the other copies produced for any reason, including the making of notes on the document.

2. This request relates to all documents in your possession, custody or control, including documents in your possession or the possession of your present and former attorneys, partners, employees, representatives and agents, or other persons acting on your behalf.

3. In the event you are able to produce only some of the documents called for in a particular request, produce all the documents you are able to produce.

4. If you object to a portion of a request, produce all documents called for by that portion of the request to which you do not object.

5. If any of the documents requested are withheld under a claim of privilege, identify each such document and state the date of the document; identify its author and addressee and each person to whom copies of the document were furnished or to whom the contents were communicated; provide a summary of the subject matter of the document, its present location and custodian, the basis upon which the asserted privilege is claimed, and the requests to which the document is responsive.

6. If any of the documents requested have been destroyed, furnish a list identifying each such document, its author and addressee, and each person to whom copies of the document were furnished or to whom the contents were communicated; a summary of the substance of the document; the date upon which it was destroyed; and the reason it was destroyed.

7. This request is deemed to be continuing in nature; in the event you become aware of or acquire in your possession, custody, or control of additional responsive documents, you are requested promptly to produce such additional documents for inspection and copying.

8. Original Documents shall be produced as they are kept in the regular course of business, and each Original Document produced **must** designate the particular request to which it responds. Original Documents **must** be specifically identified, through a signed statement, as responsive to this request.

9. Copies of original Documents shall be organized by particular request and shall be produced as so organized, and each copy produced **must** designate the request to which it responds.

10. Copies of original Documents **must** be identified, through Bates Numbering or other sufficient method, as responsive to this request.

## DOCUMENTS TO BE PRODUCED

1. All Communications and Documents involving the U.S. Trustee concerning or relating to any asserted or alleged <u>conflict of interest</u> of you in your capacity as Chapter 7 trustee of the Debtor's bankruptcy case, the CH Angelus II bankruptcy case, or any adversary proceeding related to the foregoing cases.

2. All Communications and Documents involving the U.S. Trustee concerning or relating to any asserted or alleged <u>violation of the Trustee Handbook</u> by you or your counsel in your capacity as Chapter 7 trustee of the Debtor's bankruptcy case, the CH Angelus II bankruptcy case, or any adversary proceeding related to the foregoing cases.

3. All Communications and Documents involving the U.S. Trustee concerning or relating to any asserted or alleged <u>violation of the Nevada Rules of Professional Conduct</u> by you or your counsel in your capacity as Chapter 7 trustee of the Debtor's bankruptcy case, the CH Angelus II bankruptcy case, or any adversary proceeding related to the foregoing cases.

4. All Communications and Documents involving the U.S. Trustee concerning or relating to any <u>request for resignation, disqualification, or recusal</u> involving you or your counsel in your capacity as Chapter 7 trustee of the Debtor's bankruptcy case, the CH Angelus II bankruptcy case, or any adversary proceeding related to the foregoing cases.

5. All Communications and Documents involving the U.S. Trustee concerning or relating to your <u>ability to continue serving</u> as Chapter 7 trustee of the Debtor's bankruptcy case, the CH Angelus II bankruptcy case, or any adversary proceeding related to the foregoing cases from and after January 1, 2014 to the present.

6. All Communications and Documents involving the U.S. Trustee concerning or relating to the <u>motion to withdraw</u> filed by your counsel in the Debtor's bankruptcy case, the CH Angelus II bankruptcy case, or any adversary proceeding related to the foregoing cases.

7. All Communications and Documents involving the U.S. Trustee concerning or relating to <u>the appointment of a successor trustee</u> in the Debtor's bankruptcy case, the CH Angelus II bankruptcy case, or any adversary proceeding related to the foregoing cases.

8. All Communications and Documents concerning or relating to the <u>discovery of a conflict of interest</u> involving you or your counsel in your capacity as Chapter 7 trustee in the Debtor's bankruptcy case, the CH Angelus II bankruptcy case, or any adversary proceeding related to the foregoing cases.

9. All Communications and Documents concerning or relating to your <u>resignation</u> as Chapter 7 trustee of the Debtor's bankruptcy case, the CH Angelus II bankruptcy case, or any adversary proceeding related to the foregoing cases.

10. All Communications and Documents concerning or relating to the <u>motion to withdraw</u> filed by your counsel in representing you in your capacity as Chapter 7 trustee of the Debtor's bankruptcy case, the CH Angelus II bankruptcy case, or any adversary proceeding related to the foregoing cases.

11. All Communications and Documents referring, relating or concerning why, if your resignation as Chapter 7 trustee of the Debtor's bankruptcy case and the CH Angelus II bankruptcy case is based on information contained in Debtor's bankruptcy schedules filed on June 28, 2010 as ECF No. 105 as asserted in your counsel's motion to withdraw as counsel filed on April 16, 2014 as ECF No. 648, you and/or your counsel did not take any action to withdrawn or resign as a result of any conflict of interest prior to April 16, 2014.

12. All Communications involving you or your counsel, on the one hand, and Debtor or Debtor's counsel with Sylvester & Polednak, on the other hand, from and after January 1, 2014 concerning or related to the Debtor's bankruptcy case, the CH Angelus II bankruptcy case, or any adversary proceeding related to the foregoing cases.

**EXHIBIT B**

## CERTIFICATE OF DEPONENT
## TO ACCOMPANY COPIES OF RECORDS

STATE OF _____  )
                                ) SS:
COUNTY OF _____  )

The undersigned, being first duly sworn, on oath, deposes and says as follows:

1. I, David Rosenberg, have personal knowledge of the facts as set forth in this Certificate, and if called upon to testify in a court of law, I would do so consistent herewith.

2. The copies of the documents attached to this Certificate are true and correct copies of all such matters within my possession, custody or control that are requested in the Subpoena to Produce Documents in a Bankruptcy Case.

3. The original of those records was made at or near the time of the act, event, condition, or opinion by or from information transmitted by a person with knowledge, in the course of a regularly conducted activity.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this \_\_ day of _____, 2014.

                                                    Custodian of Records:

                                                  By (Signature): _____

                                                  Name (Print): _____

SUBSCRIBED and SWORN to before me
this \_\_\_\_\_ day of _____, 2014.

_____
NOTARY PUBLIC in and for said
County of State

# AFFIDAVIT OF SERVICE

STATE OF NEVADA    )
                   )
COUNTY OF CLARK    )

KEVIN R. SMITH, being duly sworn deposes and says: that at all times herein affiant was and is a citizen of the United States, over 18 years of age, licensed to serve civil process in the state of Nevada under license #389, and not a party to or interested in the proceeding in which this affidavit is made. The affiant received on Thursday May 22 2014; 1 copy(ies) of the:

**SUBPOENA TO PRODUCE DOCUMENTS AND TO TESTIFY AT A DEPOSITION IN A BANKRUPTCY CASE; FEDERAL RULE OF CIVIL PROCEDURE 45; CERTIFICATE OF DEPONENT TO ACCOMPANY COPIES OF RECORDS; $33.00 WITNESS FEE CHECK**

**I served the same on Thursday May 22 2014 at 02:34PM by:**

**Serving Witness DAVID ROSENBERG**

by serving: DAVID ROSENBERG    at the Witness's Business located at 5030 S PARADISE RD, #215, Las Vegas, NV 89119.

SUBSCRIBED AND SWORN to before me on this
Friday May 23 2014 By the Affiant.

_____
Notary Public

Affiant: KEVIN R. SMITH #R-038414
LEGAL WINGS, INC. - NV LIC #389
1118 FREMONT STREET
Las Vegas, NV 89101
(702) 384-0305, FAX (702) 384-8638

ws0014913.3821170.428452  v

1389



RENA AUSTIN-BROWN
NOTARY PUBLIC
STATE OF NEVADA
Appt. No. 04-91718-1
My Appt. Expires Oct. 10, 2017