|   |   |
|---|---|
| Victoria L. Nelson, Chapter 7 Trustee<br>Email: trustee@nelsonhoumand.com<br>3900 Paradise Road; Suite U<br>Las Vegas, Nevada 89169-0903<br>Telephone:   702/720-3370<br>Facsimile:    702/720-3371<br><br>*Chapter 7 Trustee* | *Electronically Filed On: May 28, 2014* |

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>WILLIAM A. GAYLER,<br><br>          Debtor. | Case No. BK-S-09-31603-MKN<br>Chapter 7<br><br>**CHAPTER 7 TRUSTEE'S APPLICATION TO EMPLOY ANDERSEN LAW FIRM, LTD., *NUNC PRO TUNC*, AS GENERAL BANKRUPTCY COUNSEL PURSUANT TO 11 U.S.C. §§ 327(a) AND 328(a) FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014**<br><br>Date of Hearing:    July 24, 2014<br>Time of Hearing:    11:00 a.m.<br>Place: Courtroom No. 2, Third Floor<br>              Foley Federal Building<br>              300 Las Vegas Blvd., S.<br>              Las Vegas, NV 89101<br><br>Judge:  Honorable Mike K. Nakagawa |

Victoria L. Nelson, the court appointed Chapter 7 Trustee in the above-referenced bankruptcy case (the "Trustee"), submits this Application to Employ Andersen Law Firm, Ltd. *nunc pro tunc*, as General Bankruptcy Counsel Pursuant to 11 U.S.C. §§ 327(a) and 328(a) and

-1-

Federal Rule of Bankruptcy Procedure 2014 (the "Application").[1]

This Application is filed pursuant to 11 U.S.C. §§ 327 and 328 and Federal Rule of Bankruptcy Procedure 2014. The Application is based on the following Memorandum of Points and Authorities, the Declaration of Victoria L. Nelson In Support of Application to Employ Andersen Law Firm, Ltd. *nunc pro tunc*, as General Bankruptcy Counsel Pursuant to 11 U.S.C. §§ 327(a) and 328(a) and Federal Rule of Bankruptcy Procedure 2014 (the "Nelson Declaration"), and the Declaration of Ryan Andersen, Esq. In Support of the Application to Employ Andersen Law Firm, Ltd. *nunc pro tunc*, as General Bankruptcy Counsel Pursuant to 11 U.S.C. §§ 327(a) and 328(a) and Federal Rule of Bankruptcy Procedure 2014 (the "Andersen Declaration"), both of which are filed separately and concurrently with this Court pursuant to Local Rule 9014(c)(2). The Application is also based on the pleadings and papers on file herein, and any argument that may be entertained at the hearing on the Motion.[2]

Dated this 28th day of May, 2014.

**CHAPTER 7 TRUSTEE**

*/s/ Victoria L. Nelson*
Victoria L. Nelson, Esq. (NV Bar No. 5436)
3900 Paradise Road; Suite U
Las Vegas, Nevada 89169-0903
Telephone:   702/720-3370
Facsimile:    702/720-3371

*Chapter 7 Trustee*

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. The Federal Rules of Civil Procedure will be referred to as "FRCP" and the Federal Rules of Bankruptcy Procedure will be referred to as "FRBP."

[2] The Trustee also requests that the Court take judicial notice of all pleadings filed in the above-referenced bankruptcy case, including adversary proceedings, pursuant to Rule of Evidence 201, incorporated by reference by Federal Rule of Bankruptcy Procedure 9017.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    STATEMENT OF FACTS**

1. On November 16, 2009, an involuntary petition was filed against William A. Gayler (the "Debtor") under Chapter 7 of Title 11 of the United States Code [Docket No. 1]. *See* Nelson Declaration.

2. On March 29, 2010, the Court entered an Order for Relief In Involuntary Case that placed the Debtor in a bankruptcy case under Chapter 7 of Title 11 of the United States Code [Docket No. 85]. *See* Nelson Declaration.

3. On March 29, 2010, James F. Lisowski was appointed as the Chapter 7 Trustee in the Debtor's bankruptcy case [Docket No. 86]. *See* Nelson Declaration.

4. On December 13, 2012, David A. Rosenberg was appointed as the successor Chapter 7 Trustee in the Debtor's bankruptcy case. *See* Nelson Declaration.

5. On April 21, 2014, Victoria L. Nelson was appointed as the successor Chapter 7 Trustee in the Debtor's bankruptcy case. *See* Nelson Declaration.

6. In order to permit the Trustee to fulfill her statutory obligations under Section 704, she now desires to employ the law firm of Andersen Law, Ltd. (the "Firm"), *nunc, pro tunc*, as general bankruptcy counsel in the Debtor's bankruptcy case.[3] *See* Nelson Declaration.

**II.    JURISDICTION AND VENUE**

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1134. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). The statutory basis for the relief sought is Section 327, 1104 and 1106 of the Bankruptcy Code and FRBP 2014. Venue of Debtor's Chapter 7 case in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**III.    THE FIRM**

8. The Firm is well suited for the type of representation required by the Trustee. The Firm specializes in insolvency and reorganization matters, particularly the representation of Chapter 7 Trustees in bankruptcy cases. Attorneys associated with the Firm have represented

---

[3] This Application seeks authority to employ the Firm effective as of May 15, 2014, in order to account for time expended analyzing the issues in the Debtor's bankruptcy case.

debtors, Chapter 7 Trustees, various committees and other parties-in-interest, and is qualified to act as attorneys for the Trustee. Accordingly, the Trustee has determined that the Firm has the resources and experience necessary to represent it in this case.

9. The attorneys of the Firm that will render services in relation to the above-referenced bankruptcy case are familiar with the United States Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, and the Local Rules and will comply with them, as well as the procedures set forth in the "Guide to Applications for Professional Compensation," promulgated by the Office of the United States Trustee (the "U.S. Trustee") with regard to compensation of professionals.

10. The attorneys employed by the Firm are duly admitted to practice before this Court.

11. The Trustee desires to employ the Firm as her general counsel in this bankruptcy case to render the following professional services:

(a) To investigate the financial affairs of the Debtor and determine if there are any preferential transfers, fraudulent conveyances, or turnover actions that may be filed on behalf of the bankruptcy estate pursuant to 11 U.S.C. §§ 542, 544, 547, and 548.

(b) To prosecute any and all preferential transfers, fraudulent conveyances, or turnover actions that may be filed on behalf of the bankruptcy estate pursuant to 11 U.S.C. §§ 542, 544, 547, and 548.

(c) To advise the Trustee of her rights and obligations and performance of her duties during the administration of this bankruptcy case;

(d) To represent the Trustee in all proceedings before this Court and any other court which assumes jurisdiction of a matter related to or arising in this bankruptcy case;

(e) To assist the Trustee in the performance of her duties as set forth in 11 U.S.C. §§ 1104 and 1106;

(f) To assist the Trustee in developing legal positions and strategies with respect to all facets of these proceedings; and

(g) To provide such other counsel and advice as the Trustee may require in connection with this bankruptcy case.

12. The Trustee has selected the Firm because its attorneys have experience in matters of this character, are familiar with bankruptcy practice and are qualified to represent the Trustee in this case.

13. Following the Trustee's request that the Firm represent her in this case as general bankruptcy counsel, a conflicts check was undertaken, utilizing the Firm's client list. Based upon the conflicts check the Firm and its associates are "disinterested persons" as defined by 11 U.S.C. § 101 and do not hold or represent any interest adverse to the bankruptcy estate.

14. The conclusion that the Firm is a "disinterested" person within the meaning of 11 U.S.C. § 101(14) for purposes of 11 U.S.C. § 327(a) is based upon the fact neither the Firm nor any of its attorneys:

    (a) Are or were a creditor, equity security holder, or insider of the Debtor;

    (b) Are or were, within two (2) years before the date of the filing the bankruptcy petition, a director, officer or employee of Debtor as specified in subparagraph (c) of Section 101(14);

    (c) Hold, or have ever held, an interest materially adverse to the interest of the estate or of any class of creditors, equity holders, or parties in interest, by reason of any direct or indirect relationship to, or interest in, the Debtor or for any other reason except as stated herein;

    (d) Represent, or have ever represented, the Debtor, insiders of the Debtor, creditors of the Debtor, any other party in interest, or their respective attorneys and accountants except as set forth herein; and

    (d) Is a relative or employee of the U.S. Trustee or a Bankruptcy Judge except as stated herein.

15. The Firm represents no interest that is adverse to the Trustee, to the Debtor's estate, any creditor, any party in interest, the U.S. Trustee, or any attorney or accountant employed by the foregoing, in matters upon which it will be engaged as counsel.

. . .

16. The Trustee submits that the Firm is a disinterested person within the meaning of 11 U.S.C. § 101(14) for purposes of 11 U.S.C. § 327(a), as it pertains to representing the Trustee as general bankruptcy counsel in the Debtor's Bankruptcy.

### IV. COMPENSATION

17. Subject to Court approval, in accordance with 11 U.S.C. § 330, the Trustee seeks to retain the Firm on an hourly basis at the customary and standard rates that the Firm charges for similar representation, plus reimbursement of actual and necessary expenses incurred by the Firm in performing its duties.

18. The Firm proposes the compensation of said attorneys be at varying rates currently ranging from $200 per hour to $300 per hour for the services of attorneys, subject to change from time to time, and all subject to application to, and approval by, this Court pursuant to Sections 330 and 331 of the Bankruptcy Code.

19. The Firm proposes the compensation of said paraprofessionals be at varying rates currently ranging from $150 per hour for paraprofessionals, subject to change from time to time, and all subject to application to, and approval by, this Court pursuant to Sections 330 and 331 of the Bankruptcy Code.

20. The Firm contemplates that it may seek interim compensation during this case as permitted by 11 U.S.C. § 331 and Federal Rule of Bankruptcy Procedure 2016. The Firm understands that its compensation is subject to prior Court approval.

21. No promises have been received by the Firm or any attorney of the Firm, as to payment or compensation in connection with the above-referenced bankruptcy case in accordance with the provisions of the Bankruptcy Code, FRBP and the Local Rules (the "Local Rules") and orders of the Court. The Firm has no agreement with any other entity to share with such entity any compensation received by the Firm, except as permitted under Section 504(b)(1).

22. This Application will be submitted to the United States Trustee upon the filing of the same.

. . .

. . .

-6-

## V. <u>CONCLUSION</u>

WHEREFORE, the Trustee respectfully requests that she be authorized to employ the law firm of Andersen Law, Ltd., *nunc pro tunc*, as General Counsel, to represent the Trustee in this bankruptcy proceeding upon the terms set forth in this Application with payment of all fees and costs by the estate subject to notice and hearing and approval of this Court and for such other and further relief as is just and proper.

Dated this 28th day of May, 2014.

**CHAPTER 7 TRUSTEE**

*/s/ Victoria L. Nelson*
Victoria L. Nelson, Esq. (NV Bar No. 5436)
3900 Paradise Road; Suite U
Las Vegas, Nevada 89169-0903
Telephone:    702/720-3370
Facsimile:    702/720-3371

*Chapter 7 Trustee*