| | |
|---|---|
| Victoria L. Nelson, Chapter 7 Trustee<br>Email: trustee@nelsonhoumand.com<br>3900 Paradise Road; Suite U<br>Las Vegas, Nevada 89169-0903<br>Telephone:    702/720-3370<br>Facsimile:     702/720-3371<br><br>Chapter 7 Trustee | *Electronically Filed On: May 28, 2014* |

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>WILLIAM A. GAYLER,<br><br>        Debtor. | Case No. BK-S-09-31603-MKN<br>Chapter 7<br><br>**DECLARATION OF RYAN A. ANDERSEN, ESQ. IN SUPPORT OF CHAPTER 7 TRUSTEE'S APPLICATION TO EMPLOY ANDERSEN LAW FIRM, LTD., *NUNC PRO TUNC*, AS GENERAL BANKRUPTCY COUNSEL PURSUANT TO 11 U.S.C. §§ 327(a) AND 328(a) FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014**<br><br>Date of Hearing:     July 24, 2014<br>Time of Hearing:    11:00 a.m.<br>Place: Courtroom No. 2, Third Floor<br>            Foley Federal Building<br>            300 Las Vegas Blvd., S.<br>            Las Vegas, NV 89101<br><br>Judge: Honorable Mike K. Nakagawa |

   I, Ryan A. Andersen, Esq., hereby declare as follows:

   1.   I am over the age of 18 and mentally competent. Except where stated on information and belief, I have personal knowledge of the facts in this matter and if called upon to testify, could and would do so. I make this declaration in support of the Application to Employ

-1-

Andersen Law Firm, Ltd., *nunc pro tunc*, as General Bankruptcy Counsel for Victoria L. Nelson, Chapter 7 Trustee Pursuant to 11 U.S.C. §§ 327(a) and 328(a) and Federal Rule of Bankruptcy Procedure 2014 (the "Application").[1]

2. I am an attorney licensed to practice law in the State of Nevada and admitted to practice before this Court. I am a shareholder with the law firm of Andersen Law Firm, Ltd. (the "Firm"). The Firm maintains offices at 415 South Sixth Street, Second Floor, Suite 203-B, Las Vegas, Nevada 89101.

3. This Declaration is made pursuant to 11 U.S.C. § 329 and Federal Rule of Bankruptcy Procedure 2014(b) and is in support of the Application.

4. The Firm is well suited for the type of representation required by Victoria L. Nelson, the Chapter 7 Trustee (the "Trustee"). The Firm specializes in insolvency and reorganization matters and the representation of Chapter 7 Trustees in bankruptcy cases. Attorneys associated with the Firm have represented debtors, Chapter 7 Trustees, and other parties-in-interest, and is qualified to act as attorneys for the Trustee. Accordingly, the Trustee has determined that the Firm has the resources and experience necessary to represent her in this case.

5. The attorneys of the Firm that will render services in relation to the above-referenced bankruptcy case are familiar with the United States Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, and the Local Rules of Practice for the United States Bankruptcy Court for the District of Nevada (the "Local Rules") and will comply with them, as well as the procedures set forth in the "Guide to Applications for Professional Compensation," promulgated by the Office of the United States Trustee (the "U.S. Trustee") with regard to compensation of professionals.

. . .

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. The Federal Rules of Civil Procedure will be referred to as "FRCP" and the Federal Rules of Bankruptcy Procedure will be referred to as "FRBP." Unless otherwise expressly stated herein, all undefined, capitalized terms shall have the meaning ascribed to them in the Application.

6. Following the Trustee's request that the Firm represent her in this case as general bankruptcy counsel, a conflicts check was undertaken, utilizing the Firm's client list. Based upon the conflicts check and my information and belief, I believe that the Firm and its attorneys are "disinterested persons" as defined by 11 U.S.C. § 101 and do not hold or represent any interest adverse to the bankruptcy estate.

7. The conclusion that the Firm is a "disinterested" person within the meaning of 11 U.S.C. § 101(14) for purposes of 11 U.S.C. § 327(a) is based upon the fact neither the Firm nor any of its attorneys:

    (a) Are or were a creditor, equity security holder, or insider of the Debtor;

    (b) Are or were, within two (2) years before the date of the filing the bankruptcy petition, a director, officer or employee of Debtor as specified in subparagraph (c) of Section 101(14);

    (c) Hold, or have ever held, an interest materially adverse to the interest of the estate or of any class of creditors, equity holders, or parties in interest, by reason of any direct or indirect relationship to, or interest in, the Debtor or for any other reason except as stated herein;

    (d) Represent, or have ever represented, the Debtor, insiders of the Debtor, creditors of the Debtor, any other party in interest, or their respective attorneys and accountants except as set forth herein; and

    (d) Is a relative or employee of the U.S. Trustee or a Bankruptcy Judge except as stated herein.

8. To the best of my knowledge and belief, the Firm represents no interest that is adverse to the Trustee, to the Debtor's estate, any creditor, any party in interest, the U.S. Trustee, or any attorney or accountant employed by the foregoing, in matters upon which it will be engaged as counsel.

9. Except as set forth herein, to the best of my information and belief, neither the Firm nor any of its attorneys has any connection with the Debtor, the creditors, any other parties in interest, their respective attorneys and accountants, the Office of the United States Trustee, or

-3-

any person employed in the Office of the United States Trustee and that the Firm and each of its attorneys are all disinterested persons pursuant to 11 U.S.C. § 101(14).

10. The Trustee desires to employ the Firm as her general counsel in the above-referenced case to render the following professional services:

(a) To investigate the financial affairs of the Debtor and determine if there are any preferential transfers, fraudulent conveyances, or turnover actions that may be filed on behalf of the bankruptcy estate pursuant to 11 U.S.C. §§ 542, 544, 547, and 548.

(b) To prosecute any and all preferential transfers, fraudulent conveyances, or turnover actions that may be filed on behalf of the bankruptcy estate pursuant to 11 U.S.C. §§ 542, 544, 547, and 548.

(c) To advise the Trustee of her rights and obligations and performance of his duties during the administration of this bankruptcy case;

(d) To represent the Trustee in all proceedings before this Court and any other court which assumes jurisdiction of a matter related to or arising in this bankruptcy case;

(e) To assist the Trustee in the performance of her duties as set forth in 11 U.S.C. §§ 1104 and 1106;

(f) To assist the Trustee in developing legal positions and strategies with respect to all facets of these proceedings; and

(g) To provide such other counsel and advice as the Trustee may require in connection with this bankruptcy case.

11. Subject to Court approval, in accordance with 11 U.S.C. § 330, the Trustee seeks to retain the Firm on an hourly basis at the customary and standard rates that the Firm charges for similar representation, plus reimbursement of actual and necessary expenses incurred by the Firm in performing its duties.

12. The Firm proposes the compensation of said attorneys be at varying rates currently ranging from $200 per hour to $300 per hour for the services of attorneys, subject to change from time to time, and all subject to application to, and approval by, this Court pursuant to Sections

330 and 331 of the Bankruptcy Code. These rates are the standard billing rates generally charged to other Firm clients.

13. The Firm proposes the compensation of said paraprofessionals be at varying rates currently ranging from $150 per hour for paraprofessionals, subject to change from time to time, and all subject to application to, and approval by, this Court pursuant to Sections 330 and 331 of the Bankruptcy Code.

14. The Firm contemplates that it may seek interim compensation during this case as permitted by 11 U.S.C. § 331 and Federal Rule of Bankruptcy Procedure 2016. The Firm understands that its compensation is subject to prior Court approval.

15. No promises have been received by the Firm or any attorney of the Firm, as to payment or compensation in connection with the above-referenced bankruptcy case in accordance with the provisions of the Bankruptcy Code, FRBP and the Local Rules (the "Local Rules") and orders of the Court. The Firm has no agreement with any other entity to share with such entity any compensation received by the Firm, except as permitted under Section 504(b)(1).

16. The Firm has not shared, or agreed to share, with any other individual or entity, other than with members of the Firm, any compensation paid or to be paid.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated this 16th day of May, 2014.

_____
Ryan A. Andersen, Esq.